**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------x
: 
In re:                                                          :    Chapter 11
                                                                :
THE WEINSTEIN COMPANY HOLDINGS                                  :    Case No. 18-10601 (MFW)
LLC, *et al.*,                                                  :
                                                                :    Jointly Administered
                              Debtors.[1]                       :
                                                                :    **Re: Docket No. 8**
                                                                :
---------------------------------------------------------------x

**ORDER (I) (A) APPROVING BIDDING PROCEDURES FOR SALE OF
SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (B) APPROVING STALKING
HORSE BID PROTECTIONS, (C) SCHEDULING AUCTION FOR, AND HEARING TO
APPROVE, SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS,
(D) APPROVING FORM AND MANNER OF NOTICES OF SALE, AUCTION AND
SALE HEARING, (E) APPROVING ASSUMPTION AND ASSIGNMENT
PROCEDURES AND (F) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors (collectively, the

"**Debtors**"), for entry of an order (this "**Order**"), pursuant to sections 105, 363, 365, 503 and

507 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 6006, and Local Rule 6004-1,

(i) approving the bidding procedures (the "**Bidding Procedures**"), attached hereto as <u>Exhibit 1</u>,

pursuant to which the Debtors will solicit and select the highest and otherwise best offer for the

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(c), 363(e), 364(c), 364(d)(1) and 364(e) and (B) Utilize Cash Collateral of Pre-Petition Secured Entities, (II) Granting Adequate Protection to Pre-Petition Secured Entities, (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and 4001(c), and (IV) Granting Related Relief* [Docket No. 76] (the "**DIP Order**").

sale (the "**Sale**") of all or substantially all or a portion of the Assets; (ii) approving the Break-Up Fee and Expense Reimbursement (together, the "**Stalking Horse Protections**") provided by the Debtors to the Stalking Horse Bidder; (iii) scheduling an auction (the "**Auction**"); (iv) establishing procedures (the "**Assumption and Assignment Procedures**") for the assumption and assignment of executory contracts and unexpired leases in connection with the Sale, including notice of the proposed amount necessary to cure any monetary defaults thereunder (the "**Cure Amounts**") as of the deadline to object to the Potential Assumption and Assignment Notice or the Supplemental Assumption and Assignment Notice (each as defined below), as applicable (the "**Assumption Objection Date**"); (v) scheduling a hearing (the "**Sale Hearing**") to approve the Sale; and (vi) granting related relief, all as more fully described in the Motion; and the Court having reviewed and considered the Motion; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS FOUND AND DETERMINED THAT:**

A.       The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, and to the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.       This Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of the Debtors' chapter 11 cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2

C.     The Debtors' proposed notice of the Motion, the Bidding Procedures, the Bidding Procedures Hearing and the proposed entry of this Order is (i) appropriate and reasonably calculated to provide all interested parties with timely and proper notice, (ii) in compliance with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and (iii) adequate and sufficient under the circumstances of these chapter 11 cases, and no other or further notice is required.  A reasonable opportunity to object or be heard regarding the relief requested in the Motion (including, without limitation, with respect to the Bidding Procedures and payment of the Break-Up Fee and Expense Reimbursement) has been afforded to all interested persons and entities, including, but not limited to, the Notice Parties.

D.     The Bidding Procedures in the form attached hereto as <u>Exhibit 1</u> are fair, reasonable and appropriate and are designed to maximize creditor recoveries from a sale of the Assets, either in bulk or by asset or Segment.

E.     The Bidding Procedures and the Stalking Horse Agreement were each negotiated in good faith and at arm's-length among the Debtors and the Stalking Horse Bidder.  The Debtors, in the exercise of their business judgment, have determined that the Stalking Horse Agreement represents the highest or otherwise best offer that the Debtors have received to date for the Purchased Assets.  The process for selecting the Stalking Horse Bidder was fair and appropriate under the circumstances and in the best interests of the Debtors' estates.

F.     The Debtors have demonstrated a compelling and sound business justification for the Bankruptcy Court to enter this Order and, thereby: (i) approve the Bidding Procedures as contemplated by the Stalking Horse Agreement and the Motion; (ii) authorize the Break-Up Fee and Expense Reimbursement, under the terms and conditions set forth in the Stalking Horse Agreement and the Bidding Procedures; (iii) set the dates of the Bid Deadline, Auction (if

3

needed), Sale Hearing and other deadlines set forth in the Motion and the Bidding Procedures; (iv) approve the Noticing Procedures and the forms of notice; and (v) approve the Assumption and Assignment Procedures and the forms of relevant notice.  Such compelling and sound business justification, as set forth in the Motion and on the record at the Bidding Procedures Hearing, if any, are incorporated herein by reference and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

G.    The Stalking Horse Protections, as approved by this Order, are fair and reasonable and provide a benefit to the Debtors' estates and stakeholders.

H.    If triggered in accordance with the terms of the Stalking Horse Agreement, the payment of the Stalking Horse Protections, under this Order and upon the conditions set forth in the Stalking Horse Agreement and the Bidding Procedures, is (i) an actual and necessary cost of preserving the Debtors' estates, within the meaning of sections 503(b) and 507(a) of the Bankruptcy Code, (ii) reasonably tailored to encourage, rather than hamper, bidding for the Assets, by providing a baseline of value, increasing the likelihood of competitive bidding at the Auction, and facilitating participation of other bidders in the sale process, thereby increasing the likelihood that the Debtors will receive the best possible price and terms for the Assets under the circumstances of these cases, (iii) of substantial benefit to the Debtors' estates and stakeholders and all parties in interest herein, (iv) reasonable and appropriate, (v) a material inducement for, and condition necessary to, ensure that the Stalking Horse Bidder will continue to pursue its proposed agreement to purchase the Purchased Assets and (vi) reasonable in relation to the Stalking Horse Bidder's efforts and to the magnitude of the Sale and the Stalking Horse Bidder's lost opportunities resulting from the time spent pursuing such transaction.

4

I.      The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.  Entry of this Order is in the best interests of the Debtors and their estates, creditors, interest holders and all other parties in interest.

J.      The form and manner of notice to be delivered pursuant to the Noticing Procedures and the Assumption and Assignment Procedures (including the Sale Notice attached hereto as Exhibit 2 and the Potential Assumption and Assignment Notice attached hereto as Exhibit 3) are reasonably calculated to provide each Counterparty to the Contracts and Leases with proper notice of the potential assumption and assignment of such Contracts and Leases by the Successful Bidder(s) or any of their known proposed assignees (if different from the Successful Bidder) and the requirement that each such Counterparty assert any objection to the proposed Cure Amount or otherwise be barred from asserting claims arising out of or related to the Contract or Lease following the assumption and assignment thereof.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      Any objections to the Motion or the relief requested therein that have not been adjourned, withdrawn or resolved are overruled in all respects on the merits.

3.      The Bidding Procedures, in substantially the form attached hereto as Exhibit 1, are approved and fully incorporated into this Order and the Debtors are authorized, but not directed, to act in accordance therewith.  The failure to specifically include a reference to any particular provision of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such provision.

4.      Subject to final Court approval at the Sale Hearing, the Debtors are authorized to enter into the Stalking Horse Agreement with the Stalking Horse Bidder.

5.     <u>Bid Deadline</u>. As further described in the Bidding Procedures, the Bid Deadline shall be at **5:00 p.m. (Eastern Daylight Time) on April 30, 2018.**  The Bid Deadline may be extended by the Debtors in consultation with the Consultation Parties subject to the Stalking Horse Agreement.  The Debtors shall notify Potential Bidders of their status as Qualified Bidders no later than **5:00 p.m. (Eastern Daylight Time) on May 1, 2018.**  If the Debtors, in consultation with the Consultation Parties, extend the Bid Deadline, then the Debtors shall notify Potential Bidders of their status as Qualified Bidders as soon as practicable after the expiration of such extended deadline.

6.     <u>Auction</u>. In the event the Debtors receive, on or before the Bid Deadline, one or more Qualified Bids in addition to the Stalking Horse Bid, an Auction shall be conducted at the office of Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 at **10:00 a.m. (Eastern Daylight Time) on May 4, 2018,** or such later date, time or location as the Debtors shall notify all Qualified Bidders (including the Stalking Horse Bidder).  The Debtors are authorized to conduct the Auction in accordance with the Bidding Procedures.

7.     If no Qualified Bids with respect to the Assets other than the Stalking Horse Bid are received on or before the Bid Deadline, the Debtors shall not conduct the Auction with respect to the Assets, and instead shall seek approval of the sale of the Purchased Assets pursuant to the Stalking Horse Agreement at the Sale Hearing.

8.     The form of Sale Notice attached hereto as <u>Exhibit 2</u> is hereby approved.

9.     Within two (2) Business Days after entry of the Bidding Procedures Order, or as soon as reasonably practicable thereafter, the Debtors shall serve the Sale Notice by first-class mail upon:  (i) the Office of the United States Trustee for the District of Delaware (the "**U.S.**

**Trustee**"); (ii) proposed counsel for the official committee of unsecured creditors (the "**Committee**"), Pachulski Stang Ziehl & Jones LLP; (iii) all known creditors of the Debtors; (iv) counsel to the Stalking Horse Bidder, Akin Gump Strauss Hauer & Feld LLP and Pepper Hamilton LLP; (v) Counterparties to the Contracts, Leases and Excluded Contracts; (vi) counsel to the Pre-Petition Agent and DIP Agent, Sidley Austin LLP and Young Conaway Stargatt & Taylor LLP; (vii) the New York Attorney General; (viii) the Internal Revenue Service; (ix) all applicable state and local taxing authorities; (x) the Federal Trade Commission; (xi) the Securities & Exchange Commission; (xii) the Office of the United States Attorney for the District of Delaware; (xiii) the United States Attorney General/Antitrust Division of the Department of Justice; (xiv) the other offices of the attorneys general for the states in which the Debtors operate; (xv) all potential buyers previously identified or solicited by the Debtors and any additional parties who have previously expressed an interest to the Debtors or their advisors in potentially acquiring the Debtors' assets; (xvi) the Debtors' insurance carrier; (xvii) to the extent not already included above, all known potential creditors, including all parties-in-interest listed on the Debtors' creditor matrix; and (xviii) all such other entities as may be required by applicable Bankruptcy Rules or applicable Local Rules or as may be reasonably requested by the Stalking Horse Bidder (collectively, the "**Sale Notice Parties**").  By April 11, 2018, or as soon as practicable thereafter, the Debtors shall publish the Sale Notice, with such modifications as may be appropriate for purposes of publication, once in the National Edition of *The Wall Street Journal* or *USA Today* and, to the extent the Debtors deem appropriate, in any other local or regional publications.

10.     Service of the Sale Notice on the Sale Notice Parties in the manner described in this Order constitutes good and sufficient notice of the Auction and the Sale Hearing.  No other or further notice is required.

11.     Promptly following the selection of the Successful Bid(s) and Back-up Bid(s), if any, and no later than one (1) Business Day after conclusion of the Auction, the Debtors shall file a notice of the Successful Bid(s) and Back-up Bid(s), if any (the "**Notice of Auction Results**"), with the Court and cause the Notice of Auction Results to be published on the Case Information Website.

12.     <u>Sale Objections</u>. Objections to the Sale Order, the Stalking Horse Bidder, or the Sale with the Stalking Horse Bidder must (a) be in writing, (b) state, with specificity, the legal and factual bases thereof, (c) be filed with the Court by no later than **4:00 p.m. (Eastern Daylight Time) on April 30, 2018** (the "**Sale Objection Deadline**"), and (d) be served on (1) proposed co-counsel to the Debtors, Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019, Attn: Paul H. Zumbro, pzumbro@cravath.com, George E. Zobitz, jzobitz@cravath.com, and Andrew Elken, aelken@cravath.com; (2) proposed co-counsel for the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins, collins@rlf.com, and Paul N. Heath, heath@rlf.com; (3) co-counsel to the Stalking Horse Bidder, Akin Gump Strauss Hauer & Feld LLP, 1 Bryant Park, New York, New York 10036, Attn: Stephen B. Kuhn, skuhn@akingump.com, and Meredith A. Lahaie, mlahaie@akingump.com; (4) co-counsel to the Stalking Horse Bidder, Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, Delaware 19899, Attn: Davis Stratton, strattod@pepperlaw.com and David Fournier, fournierd@pepperlaw.com, (5) co-counsel to the Pre-Petition Agent and DIP Agent,

8

Sidley Austin LLP, 555 West Fifth Street, Los Angeles, California 90013, Attn: Jennifer C. Hagle, jhagle@sidley.com, (6) co-counsel to the Pre-Petition Agent and DIP Agent, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Robert S. Brady, rbrady@ycst.com, (7) proposed counsel to the Committee, (a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067, Attn: James I. Stang, jstang@pszjlaw.com, and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899, Attn: Bradford J. Sandler, bsandler@pszjlaw.com, and (8) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801, Attn: Jane M. Leamy, Jane.M.Leamy@usdoj.gov, and Hannah Mufson McCollum, Hannah.McCollum@usdoj.gov (the "**Objection Notice Parties**").

13. <u>Post-Auction Objections</u>. Objections to the conduct of the Auction, the Successful Bidder, or the Sale with the Successful Bidder (other than the Stalking Horse Bidder) must (a) be in writing, (b) state, with specificity, the legal and factual bases thereof, (c) be filed with the Court no later than **4:00 p.m. (Eastern Daylight Time) on May 7, 2018**, and (d) be served on (i) the Objection Notice Parties and (ii) counsel to the Successful Bidder.

14. <u>Sale Hearing</u>. The Sale Hearing shall be held in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom 4, Wilmington, Delaware 19801, on **May 8, 2018 at 11:30 a.m. (Eastern Daylight Time)** or such other date and time that the Court may later direct; *provided, however,* that the Sale Hearing may be adjourned, from time to time, without further notice to creditors or parties in interest other than by announcement of the adjournment in open Court or on the Court's docket.

15.      As soon as practicable after conclusion of the Auction, if any, but no later than two (2) Business Days prior to the Sale Hearing, the Debtors shall file a form of order approving the Sale as agreed upon between the Debtors and the Successful Bidder.

16.      The Committee's rights to seek to extend for cause any of the dates and deadlines herein or otherwise related to the Sale process are expressly reserved and the rights of all other parties to object to any such request are also expressly reserved.

17.      <u>Stalking Horse Protections</u>. Pursuant to sections 105, 363, 364, 503 and 507 of the Bankruptcy Code, the Debtors are hereby authorized and directed, subject to the satisfaction of the Stalking Horse Protections' Conditions (as defined below), to pay the Break-Up Fee (in an amount of three percent (3%) of the Cash Purchase Price) and reimbursement in an amount up to one and one half percent (1.5%) of the Cash Purchase Price for actual, reasonable and documented out-of-pocket costs, fees and expenses of the Stalking Horse Bidder (including actual, reasonable and documented out-of-pocket costs, fees and expenses of legal, financial advisory, accounting and other similar costs, fees and expenses and all filing fees under the HSR Act) related to the transactions contemplated by the Stalking Horse Agreement (the "<u>Expense Reimbursement</u>") to the Stalking Horse Bidder in accordance with the terms of the Stalking Horse Agreement without further order of this Court; *provided*, *however*, that the Stalking Horse Bidder reserves the right to seek to increase the maximum amount of the Expense Reimbursement in an amount up to two percent (2%) of the Cash Purchase Price in the event that the Sale Hearing does not commence on May 8, 2018; *provided*, *further*, *however*, that the rights of all parties regarding any such request are expressly reserved.  The Break-Up Fee and Expense Reimbursement shall only be payable if the conditions to payment of such amounts set forth in the Stalking Horse Agreement, including section 12.4 thereof, have been satisfied (collectively,

10

the "**Stalking Horse Protections' Conditions**").  In the event the Expense Reimbursement is payable to the Stalking Horse Bidder, the Stalking Horse Bidder shall provide documentation of the expenses for which it seeks reimbursement to (a) counsel for the Debtors and (b) counsel to the Consultation Parties.  The obligations of Debtors to pay the Stalking Horse Protections (i) shall constitute an administrative expense of the Debtors' estates and (ii) shall survive the termination of the Stalking Horse Agreement.

18.    Subject to paragraph 22 herein, the DIP Agent and the Pre-Petition Agent, on behalf of the DIP Secured Parties and the Pre-Petition Secured Parties, respectively, shall be entitled to credit bid all or part of the DIP Obligations or the Pre-Petition Obligations in any sale of DIP Collateral or Pre-Petition Collateral, as applicable, at or prior to the Auction, in accordance with section 363(k) of the Bankruptcy Code; *provided*, *however*, that with respect to any credit bid of the Pre-Petition Obligations, such credit bid shall be subject to the satisfaction in full of all DIP Obligations and all obligations secured by Pre-Petition Third-Party Liens (if any) and any Additional Permitted DIP Liens on such assets, or as otherwise permitted by applicable law or consented to by, as applicable, the DIP Lenders and such other holders of Pre-Petition Third-Party Liens (if any) and Additional Permitted DIP Liens; *provided*, *further*, that with respect to any credit bid of the DIP Obligations, such credit bid shall be subject to the satisfaction in full of all obligations secured by the Pre-Petition Third-Party Liens (if any) on such assets, or as otherwise permitted by applicable law or consented to by such other holders of Pre-Petition Third-Party Liens (if any).

19.    Nothing in this Order or the Bidding Procedures shall be deemed to limit any party's right to credit bid in accordance with section 363(k) of the Bankruptcy Code.

RLF1 19105311v.1

20.     The Stalking Horse Bidder is deemed a Qualified Bidder for all purposes, and the Stalking Horse Bid as set forth in the Stalking Horse Agreement is deemed a Qualified Bid. The DIP Agent and Pre-Petition Agent are also deemed Qualified Bidders for all purposes, and entitled to submit Qualified Bid(s) at or prior to the Auction.

21.     Notwithstanding anything to the contrary contained in this Order or otherwise:  (i) the rights of the DIP Agent and the Pre-Petition Agent to consent to the sale of any portion of their respective collateral, including, without limitation, any Assets, on terms and conditions acceptable to the DIP Agent or the Pre-Petition Agent, as applicable, or to withhold such consent, are hereby expressly reserved and not modified, waived or impaired in any way by this Order; and (ii) nothing in these Bidding Procedures shall amend, modify, or impair any provision of the DIP Order or the DIP Facility approved thereby, or the rights of the Debtors, the DIP Agent, or the Pre-Petition Agent thereunder.

22.     Notwithstanding anything to the contrary in the DIP Order, (i) the Committee has agreed that its Investigation Termination Date (as defined in the DIP Order) shall be April 27, 2018 to file any Challenge (as defined in the DIP Order) with respect to the validity, perfection and enforceability of the Pre-Petition Liens and the Pre-Petition Obligations and to assert any claims or causes of action related thereto against the Pre-Petition Secured Parties, unless extended for cause (ii) the Pre-Petition Lenders have agreed that the Committee shall have standing to commence any such Challenge and (iii) any such Challenge may be in the form of an objection to a possible credit bid, provided that such objection asserts the basis for the Challenge with specificity.  The DIP Obligations and the Pre-Petition Obligations are allowed claims for purposes of 363(k) unless the Court for cause orders otherwise prior to the Auction.

23.    <u>Assumption and Assignment Procedures</u>. The Assumption and Assignment Procedures set forth in the Motion and herein are hereby approved.

24.    As soon as reasonably practicable, but in no event later than five (5) Business Days after the Bid Procedures Hearing, the Debtors shall file with the Bankruptcy Court, and cause to be published on the Case Information Website, the Potential Assumption and Assignment Notice and the Contracts Schedule that specifies (i) each of the Contracts and Leases that may be assumed and assigned in connection with the Sale, including the name of each Counterparty and (ii) the proposed Cure Amount with respect to each Contract and Lease.  The Potential Assumption and Assignment Notice and Contracts Schedule shall also be served on each Counterparty listed on the Contracts Schedule via first class mail.

25.    <u>Objection Deadlines</u>. Any Counterparty may object to the proposed assumption or assignment of its Contract or Lease, the Debtors' proposed Cure Amounts, if any, or the ability of the Stalking Horse Bidder to provide adequate assurance of future performance (an "**Assumption and Assignment Objection**").  Except in the event that the Stalking Horse Bidder is not the Successful Bidder, all Assumption and Assignment Objections must (A) be in writing, (B) comply with the Bankruptcy Code, Bankruptcy Rules and Local Rules, (C) state, with specificity, the legal and factual bases thereof, including, if applicable, the Cure Amounts the Counterparty believes are required to cure defaults under the relevant Contract or Lease as of the Assumption Objection Date, (D) be filed by no later than **April 30, 2018 at 4:00 p.m. (Eastern Daylight Time)** and (E) be served on (1) proposed co-counsel to the Debtors, Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019, Attn: Paul H. Zumbro, pzumbro@cravath.com, George E. Zobitz, jzobitz@cravath.com, and Andrew Elken, aelken@cravath.com, (2) proposed co-counsel for the Debtors, Richards, Layton & Finger, P.A.,

One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins, collins@rlf.com, and Paul N. Heath, heath@rlf.com, (3) co-counsel to the Stalking Horse Bidder, Akin Gump Strauss Hauer & Feld LLP, 1 Bryant Park, New York, New York 10036, Attn: Stephen B. Kuhn, skuhn@akingump.com, and Meredith A. Lahaie, mlahaie@akingump.com, (4) co-counsel to the Stalking Horse Bidder, Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, Delaware 19899, Attn: Davis Stratton, strattod@pepperlaw.com and David Fournier, fournierd@pepperlaw.com, (5) co-counsel to the Pre-Petition Agent and DIP Agent, Sidley Austin LLP, 555 West Fifth Street, Los Angeles, California 90013, Attn: Jennifer C. Hagle, jhagle@sidley.com, (6) co-counsel to the Pre-Petition Agent and DIP Agent, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Robert S. Brady, rbrady@ycst.com, (7) proposed counsel to the Committee, (a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067, Attn: James I. Stang, jstang@pszjlaw.com, and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899, Attn: Bradford J. Sandler, bsandler@pszjlaw.com, and (8) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801, Attn: Jane M. Leamy, Jane.M.Leamy@usdoj.gov, and Hannah Mufson McCollum, Hannah.McCollum@usdoj.gov (collectively, the "**Assumption and Assignment Objection Notice Parties**").

26.    <u>Resolution of Assumption and Assignment Objections</u>. If a Counterparty files a timely Assumption and Assignment Objection, such objection shall be heard at the Sale Hearing or such later date that the Debtors, in consultation with the Successful Bidder, shall determine in their discretion (subject to the Bankruptcy Court's calendar).

27.      <u>Failure to File Timely Assumption and Assignment Objection</u>. If a Counterparty fails to file with the Court and serve on the Assumption and Assignment Objection Notice Parties a timely Assumption and Assignment Objection, the Counterparty shall be forever barred from asserting any such objection with regard to the assumption or assignment of its Contract or Lease, and notwithstanding anything to the contrary in the Contract or Lease, or any other document, the Cure Amounts set forth in the Potential Assumption and Assignment Notice or the Supplemental Assumption and Assignment Notice shall be controlling and will be the only amount necessary to cure outstanding defaults under the applicable Contract or Lease under section 365(b) of the Bankruptcy Code arising out of or related to the Contract or Lease as of the Assumption Objection Date, and the Counterparty shall be forever barred from asserting any additional cure or other pre-assignment amounts with respect to such Contract or Lease as of the Assumption Objection Date against the Debtors, the Successful Bidder or the property of any of them.

28.      Unless otherwise provided in the Successful Bidder's Asset Purchase Agreement, at any time prior to prior to the Closing Date, the Successful Bidder may elect to amend the Contracts Schedule pursuant to Section 2.8(a) of the Asset Purchase Agreement.  Any Contract or Lease that remains on the Contracts Schedule as of such date and which the Successful Bidder designates in writing for assumption, shall be assumed by the Debtors and assigned to the Successful Bidder as part of the Sale (the "**Assumed Contracts Schedule**"), subject to the resolution of any Assumption and Assignment Objection with respect to such contract or lease. All such Contracts that are not on the Assumed Contracts Schedule shall be deemed "Excluded Contracts" under the Asset Purchase Agreement.

15

29.     In the event that any Contract or Lease is added to the Contracts Schedule or previously-stated Cure Amounts are modified, in accordance with the Stalking Horse Agreement, the Successful Bidder's Asset Purchase Agreement or the Assumption and Assignment Procedures set forth in this Order, the Debtors will reasonably promptly serve a supplemental assumption and assignment notice, by overnight mail and, if known, e-mail, on the applicable Counterparty (each, a "**Supplemental Assumption and Assignment Notice**").  Each Supplemental Assumption and Assignment Notice will include the same information with respect to the applicable Contract or Lease as is required to be included in the Potential Assumption and Assignment Notice.

30.     Any Counterparty listed on a Supplemental Assumption and Assignment Notice whose Contract or Lease is proposed to be assumed and assigned may object to the proposed assumption or assignment of its Contract or Lease, the Debtors' proposed Cure Amounts, if any, or the ability of the Successful Bidder to provide adequate assurance of future performance (a "**Supplemental Assumption and Assignment Objection**").  All Supplemental Assumption and Assignment Objections must (A) be in writing, (B) comply with the Bankruptcy Code, Bankruptcy Rules and Local Rules, (C) state, with specificity, the legal and factual bases thereof, including, if applicable, the Cure Amounts the Counterparty believes is required to cure defaults under the relevant Contract or Lease as of the Assumption Objection Date, (D) be filed by no later than **ten (10) calendar days from the date of service of such Supplemental Assumption and Assignment Notice** and (E) be served on the Assumption and Assignment Objection Notice Parties.  Each Supplemental Assumption and Assignment Objection, if any, shall be resolved in the same manner as an Assumption and Assignment Objection.

31.     Absent consent from Cigna Health and Life Insurance Company ("**Cigna**"), the proposed assumption and assignment of the Cigna Contracts (as defined in the *Objection of Cigna Health and Life Insurance Company to Debtors' Motion for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Substantially All the Debtors' Assets, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Substantially All of the Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief and (II)(A) Approving Sale of Substantially All the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (B) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related Relief* [Docket No. 136]) will not be considered or approved at any hearing unless, at least ten (10) calendar days prior to such hearing, Cigna, through its counsel of record, is provided with (i) a Supplemental Assumption and Assignment Notice for the Cigna Contracts to be assumed and assigned; (ii) the identity of the proposed assignee; and (iii) adequate assurance information for the proposed assignee, including a good faith estimate as to the number of employees of the Debtors who will become employees of the assignee.

32.     If, following the Auction, the Stalking Horse Bidder is not the Successful Bidder, then the Debtors shall serve the Notice of Auction Results on each Counterparty that received a Potential Assumption and Assignment Notice and any Supplemental Assumption and Assignment Notice as soon as practicable following the conclusion of the Auction.  Objections of any Counterparty related solely to the identity of and adequate assurance of future performance provided by the Successful Bidder (other than the Stalking Horse Bidder) may be made at the Sale Hearing.

33.     The Debtors shall not transfer any claims or causes of action against any insiders of the Debtors, including current and former directors and officers, pursuant to the terms of the Stalking Horse Agreement.

34.     This Order shall be binding on the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

35.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

36.     To the extent any provisions of this Order are inconsistent with the Motion, the terms of this Order shall control.  To the extent any provisions of this Order are inconsistent with the Bidding Procedures, the terms of this Order shall control.

37.     Notwithstanding any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h), 6006(d), 7062 or 9014) or Local Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

38.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

18

39.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: April 6th, 2018**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**

RLF1 19105311v.1