**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>THE WEINSTEIN COMPANY<br>HOLDINGS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-10601 (MFW)<br><br>(Jointly Administered)<br><br>**Hrg. Date: T.B.D.**<br>**Obj. Deadline: Apr. 27, 2018 @ 5:00 p.m. (ET)** |

**HARVEY WEINSTEIN'S MOTION FOR ENTRY OF AN ORDER
COMPELLING LIMITED DISCOVERY UNDER RULE 2004
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Harvey Weinstein, by and through his undersigned counsel, hereby moves (the "**Motion**") this Court, pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing and directing discovery from the above-captioned debtors (the "**Debtors**") pursuant to the information and discovery requests attached hereto as **Exhibit B**. In support of this Motion, Mr. Weinstein respectfully represents as follows:

**PRELIMINARY STATEMENT**

By this Motion, Mr. Weinstein is requesting authority to pursue limited discovery regarding several pending matters arising from his tenure as Co-Chairman of The Weinstein

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

{BAY:03257387v6}

Company ("**TWC**").  Specifically, it is critical that Mr. Weinstein be granted access to e-mails relevant to the certain civil proceedings and criminal investigations and that are in the Debtors' possession, as they were sent or received by his TWC e-mail accounts.  The Debtors' continued refusal to permit Mr. Weinstein to access these emails has significantly impinged his ability to effectively defend himself from these allegations and is a continuing deprivation of his due-process rights.  In addition, Mr. Weinstein's inability to defend himself could result in additional liability for the Debtors.

Accordingly, the narrowly-tailored discovery requested herein is designed to allow Mr. Weinstein to exonerate himself and protect the Debtors, while minimizing the burden on the Debtors both in regard to providing the requested discovery and in regard to the Debtors' own potential liability in those actions.  Moreover, Mr. Weinstein is a creditor, shareholder and former director, officer and employee of TWC.  Accordingly, he has a vested interest in ensuring that the value of these estates is maximized and that all potential estate liability is minimized.  Accordingly, Mr. Weinstein brings this Motion for an order compelling the Debtors to grant him access to or otherwise turnover to him his e-mails and personal files and effects that are in the Debtors' possession, as set forth in the Proposed Order.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 2004, and Local Rule 2004-1.

3. Mr. Weinstein consents to the entry of a final order on this Motion to the extent it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments on the relief requested consistent with Article III of the United States Constitution.

**RELEVANT BACKGROUND**

4. On March 21, 2018 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5. Prior to the Petition Date, from the founding of the company until his purported termination[2] in October, 2017, Mr. Weinstein was TWC's co-founder and then-Co-Chairman. *See generally* D.I. 7 (First Day Dec.) at ¶¶ 7 and 31-36.

6. As the Court may be aware, Mr. Weinstein is currently under criminal investigation with respect to certain conduct allegedly committed while he was employed by TWC. Likewise, he is a defendant—and, in some instances, a co-defendant with TWC or other Debtors—in already pending or threatened civil litigation, also with respect to those allegations.

7. Specifically, there are active and ongoing federal and state criminal investigations identifying Mr. Weinstein as a target of those investigations in at least four different jurisdictions, including New York, Los Angeles, and London. Each jurisdiction has contacted Mr. Weinstein's criminal counsel, requesting to meet and for Mr. Weinstein and his counsel to provide any supporting documentation relating to their investigations.

8. Mr. Weinstein's criminal attorneys in each of the jurisdictions have been in regular communication with the investigating authorities in each of those jurisdictions and have undertaken efforts in each of the pending investigations to present exculpatory evidence on Mr. Weinstein's behalf to the authorities, specifically including exculpatory communications known

---

[2] Mr. Weinstein disputes the validity of his purported termination, which is the subject of a currently pending arbitration captioned *Harvey Weinstein v. The Weinstein Company Holdings LLC, et al.*, Ref. No. 1425024989.

to be contained in TWC emails both authored by Mr. Weinstein and/or specifically addressed to and received by Mr. Weinstein.

9. Mr. Weinstein has, as to each of the pending criminal investigations, consistently denied any criminal wrongdoing. Through cooperation with the authorities in sharing the exculpatory evidence, including Mr. Weinstein's TWC emails sent and received, Mr. Weinstein's attorneys are confident that any and all investigations can and will be brought to a favorable conclusion.

10. To that end, Mr. Weinstein has repeatedly sought the TWC emails authored and received by him from the Debtors in order to present the authorities with exculpatory documentary evidence.

11. Although The Debtors initially provided a handful of TWC emails authored and received by Mr. Weinstein as to one of the pending criminal investigations, of which Mr. Weinstein's criminal defense counsel immediately presented to the investigative authorities as exculpatory evidence, the Debtors have refused further production to Mr. Weinstein of any more of the exculpatory TWC emails authored by or sent to Mr. Weinstein.

12. Without any basis, the Debtors have refused to continue to provide Mr. Weinstein's e-mails and personal files or to grant him access to them. Without these exculpatory e-mails, Mr. Weinstein's ability to refute the charges being levied against him is significantly inhibited and he is deprived of due process, in that he cannot properly defend himself against these investigations. As a result of TWC's refusal, Mr. Weinstein and his counsel cannot even properly prepare for potential meetings with investigators. There is no justifiable reason for TWC to withhold communications that would assist in his defense.

13. To put it bluntly, TWC, and its counsel, may be knowingly withholding e-mails that may exonerate Mr. Weinstein and, importantly, that would aid in the efficient conclusion of multiple pending criminal investigations and civil litigations, thereby limiting significant potential liability to the Debtors and their estates.

14. This request is no surprise to TWC or its counsel. It should be noted that prior to this application being made, Mr. Weinstein's counsel made multiple requests (pre- and post-petition), both informal and formal, for these e-mails and for Mr. Weinstein's personal files and effects. In response to each request, TWC's counsel refused to provide the e-mails without any justifiable basis and was only willing to provide Mr. Weinstein his e-mails pursuant to incredulous conditions relating to Mr. Weinstein waiving inalienable rights. TWC prefers that Mr. Weinstein be unable to defend himself. TWC's withholding of exculpatory e-mails is a manifest injustice to an individual's due process and should not be tolerated.

## RELIEF REQUESTED

15. By this Motion, Mr. Weinstein respectfully requests entry of an order, under Bankruptcy Rule 2004, compelling the Debtors to produce information and documents responsive to the requests attached hereto as **Exhibit B**.

## BASIS FOR RELIEF

**A.    Applicable Legal Standard**

16. Under Bankruptcy Rule 2004, "[o]n motion of any party in interest, the Court may order the examination of any entity" which may include the production of documents. FED. R. BANKR. P. 2004(a). A "party in interest" includes a creditor. *See* 11 U.S.C. § 1109(b) (expressly including "creditor" as a "party interest"); *see also In re Valley Forge Plaza Assocs.*,

109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) (noting that while a debtor may invoke Rule 2004, the rule is "creditor and trustee oriented").

17. Bankruptcy Rule 2004 permits a party in interest to seek both document and oral discovery related to, among other things, "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." FED. R. BANKR. P. 2004(b); *see also In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016); *In re E.W. Resort Dev. V, L.P., L.L.L.P.*, No. 10–10452 (BLS), 2014 WL 4537500, at *7 (Bankr. D. Del. Sept. 12, 2014); *Air Line Pilots Ass'n., Int'l v. Am. Nat'l Bank & Trust Co. (In re Ionosphere Clubs, Inc.)*, 156 B.R. 414 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

18. In addition, "the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan." FED. R. BANKR. P. 2004(b).

19. A Bankruptcy Rule 2004 examination process thus "allows parties with an interest in the bankruptcy estate to conduct discovery into matters affecting the estate." *Teleglobe USA Inc. v. BCE Inc. (In re Teleglobe Commc'ns Corp.)*, 493 F.3d 345, 354 n.6 (3d Cir. 2007). "Legitimate goals of Rule 2004 examinations include discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009) (internal citations omitted); *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008) (inquiry into liability of a debtor and into any matter that may affect the administrative of the estate "comfortably falls within the allowed

limits under Rule 2004"); *In re Lufkin*, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000) (purpose of Bankruptcy Rule 2004 is to "determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors").

20. The scope of a Bankruptcy Rule 2004 examination in Delaware is broader than the wide-ranging discovery permitted under the Federal Rules of Civil Procedure (the "**Federal Rules**"). *See In re Millennium Lab Holdings II*, 562 B.R. at 626 ("Rule 2004 . . . has been likened to a fishing expedition and an inquisition" (internal quotation marks omitted)); *In re Countrywide Home Loans*, 384 B.R. at 400 (same); *Jacobson v. Jacobson (In re Lev)*, 2008 WL 207523, at *3 (Bankr. D.N.J. 2008); *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996); *In re Valley Forge*, 109 B.R. at 674.

21. Bankruptcy Rule 2004 discovery is subject to fewer objections on grounds of relevance than discovery issued in connection with a contested matter or adversary proceeding. *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004). Unlike discovery under the Federal Rules, discovery under Bankruptcy Rule 2004 can be used as a "pre-litigation discovery device" and permits examination of any party without the requirement of an adversary proceeding or contested matter. *See In re Wilson*, 413 B.R. 330, 336 (Bankr. E.D. La. 2009); *In re Symington*, 209 B.R. 678, 683 (Bankr. D. Md. 1997) (Bankruptcy Rule 2004 permits "examination of any party without the requirement of a pending adversary proceeding or contested matter").

**B.     The Requested Discovery is Required, Among Other Reasons, to Protect Mr. Weinstein's Due Process Rights and to Minimize Potential Liability to the Debtors and their Estates**

22. As discussed above, Mr. Weinstein is currently under criminal investigation or is the subject of pending and threatened civil litigation with respect to certain conduct allegedly committed while he was employed by TWC.

23. Indeed, cooperating with the applicable authorities and providing materials that demonstrate the allegations against him are meritless, has allowed Mr. Weinstein to make favorable progress in certain of these investigations. Turning over e-mails authored and received by Mr. Weinstein during his employment with TWC that refute the allegations will continue to be vital to his exoneration in multiple cases.

24. Unfortunately, the bulk of Mr. Weinstein's e-mails relevant to the criminal investigations and civil litigations are in the Debtors' possession as they were sent or received by his TWC e-mail accounts (to which he no longer is permitted access).

25. Without these e-mails, as discussed above, Mr. Weinstein's ability to defend the charges being levied against him is significantly impinged—this is a direct violation of his right to due process of law.  Put simply, by denying him access to potentially exculpatory e-mails, the Debtors are depriving Mr. Weinstein of his due process rights and preventing him from properly defending against these allegations.

26. Moreover, the risk created by the Debtors' denial of access to the emails is not Mr. Weinstein's alone, as the Debtors and their estates also bear a significant risk with respect to those civil actions where the Debtors are or may be co-defendants (along with Mr. Weinstein). Among other things, the Debtors bear the risk that courts might permit parties to proceed against Mr. Weinstein personally (notwithstanding the application of the automatic stay to any Debtor

defendants). In those cases, the Debtors would be collaterally estopped by any factual findings made against Mr. Weinstein and the Debtors do themselves, their estates, and their creditors active harm by hamstringing Mr. Weinstein's right to defend himself.

27. Thus, as in the criminal investigations, the Debtors' refusal to produce potentially exculpatory emails significantly impinges Mr. Weinstein's ability to defend himself from the allegations made in those actions. But, importantly, in the case of the civil actions, the Debtors' refusal also impinges Mr. Weinstein's ability to refute factual allegations that may eventually be found binding against the Debtors, to the detriment of their estates and creditors.

28. In contrast to the harm inflicted upon Mr. Weinstein—and potentially, by extension, to the Debtors themselves—the requested discovery will not be unduly burdensome on the Debtors or their estates. Rather, the discovery is narrowly tailored and requests only e-mails relevant to the certain civil proceedings and criminal investigations and that are in the Debtors' possession, as they were sent or received by Mr. Weinstein's TWC e-mail accounts, and certain other limited, related documents and communications. The request for Mr. Weinstein's personal papers, files and effects is similarly un-burdensome. Simply imaging the emails and personal files of a single custodian (or a small handful of custodians, to extent Mr. Weinstein had multiple accounts with the Debtors) is no prejudice to the Debtors.

29. Therefore, in light of the significant issues that would arise if the Debtors are permitted to continue to deprive Mr. Weinstein of his ability to defend against these accusations and the limited burden imposed upon the Debtor by responding to the requested discovery, Mr. Weinstein submits that the relief requested be granted.

## LOCAL RULE 2004-1 CERTIFICATION

30. The undersigned counsel certifies that pursuant to Local Rule 2004-1(b), on April 16, 2018, counsel for Mr. Weinstein provided Debtors' counsel a written request for the discovery that is the subject of this motion and requested to confer with such counsel in an effort to agree on the date, time, place, and scope of the proposed production. A copy of the April 16, 2018 letter is attached as **Exhibit C**. Debtors' counsel did not respond to that letter, and, subsequently, on April 18, 2018, counsel for Mr. Weinstein again requested in writing that the Debtors provide the requested discovery. A copy of the April 18, 2018 letter is attached as **Exhibit D**. Unfortunately, by email dated April 19, 2018, Debtors' counsel advised that the Debtors would not be producing any documents in response to Mr. Weinstein's requests. A copy of the April 19, 2018 e-mail is attached as **Exhibit E**. In that email, Debtors' counsel further stated that "it is [the Debtor's] position that further action with respect to these documents is an end-run around Mr. Weinstein's already pending lawsuits and serve no legitimate purpose in this bankruptcy matter." Ex. E. Consequently, Mr. Weinstein is now compelled to seek this Court's permission to proceed with discovery pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 to compel the Debtors to produce the requested narrow discovery.

## NOTICE

31. Notice of this Motion has been provided to (a) counsel to the Debtors, (b) the Office of the United States Trustee for the District of Delaware, (c) counsel to the official committee of unsecured creditors, and (d) parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, Mr. Weinstein respectfully submits that no other or further notice is required.

## NO PRIOR REQUEST

32. No prior request for the relief sought herein has been made to this or any other court.

## RESERVATION OF RIGHTS

33. Mr. Weinstein reserves the right to apply to this Court for further relief, as warranted, seeking additional discovery in connection with the matters described herein or matters relating thereto pursuant to Bankruptcy Rule 2004, Bankruptcy Rule 9016, or other applicable law.

## CONCLUSION

WHEREFORE, Mr. Weinstein respectfully requests that this Court enter an order, substantially in the form of the Proposed Order, granting the relief requested herein and granting such other and further relief as it deems just and proper.

Dated: April 20, 2018
Wilmington, Delaware

**BAYARD, P.A.**

*/s/ Scott D. Cousins*
Scott D. Cousins (No. 3079)
Justin R. Alberto (No. 5126)
Daniel N. Brogan (No. 5723)
600 N. King Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
scousins@bayardlaw.com
jalberto@bayardlaw.com
dbrogan@bayardlaw.com

*Counsel for Harvey Weinstein*