**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------x

In re:                                          :

                                                :        Chapter 11

THE WEINSTEIN COMPANY HOLDINGS       :

LLC, *et al.*,                                  :        Case No. 18-10601(MFW)

                                                :

                        Debtors.[1]             :        (Jointly Administered)

                                                :

---------------------------------------------------------------x

## GLOBAL NOTES REGARDING DEBTORS' SCHEDULES OF
## ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The Weinstein Company Holdings LLC (Case No. 18-10601) ("**TWCH**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**" or the "**Company**") submit their Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**" and, together with the Schedules, the "**Schedules and Statements**") pursuant to section 521 of the Bankruptcy Code (as defined below) and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

On March 19, 2018 (the "**Petition Date**"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly under case number 18-10601. The Debtors are authorized to operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The Schedules and Statements are unaudited and were prepared by the Debtors' management and the Debtors' professionals. The Debtors have made reasonable efforts to ensure that the Schedules and Statements are accurate and complete based on information known to them at the time of preparation after reasonable inquiries; however, inadvertent errors or omissions may exist and/or the subsequent receipt of information may result in material changes in financial and other data contained in the Schedules and Statements. Accordingly, the Debtors reserve their right to amend and/or supplement their Schedules and Statements from time to time as may be necessary or appropriate and they will do so as information becomes available.

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

These Global Notes Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

## General Comments

**Reservation of Rights.** The Debtors reserve the right to dispute, or to assert setoff or other defenses to, any claim reflected in the Schedules and Statements as to amount, liability and classification. The Debtors also reserve all rights with respect to the values, amounts and characterizations of the assets and liabilities listed in their Schedules and Statements.

**Basis of Presentation.** For financial reporting purposes, the Company has historically prepared consolidated financial statements, which included financial information for all of TWCH's subsidiaries and which have historically been audited annually. The Company does not prepare individual financial statements for its subsidiaries and the Debtors do not maintain full, separate, stand-alone accounting records for each Debtor in its general ledger. Additionally, The Weinstein Company LLC ("TWC") is the Debtors' principal operating entity, and the overwhelming majority of the revenues received and disbursements paid by the Company flow through bank accounts held in the name of TWC. Accordingly, revenues and expenses, as well as assets and unsecured liabilities, have generally been allocated solely to TWC. The Debtors, however, historically have recorded secured liabilities on an entity by entity basis where, by way of example, an individual Debtor has incurred secured debt to facilitate certain projects.

The Schedules and Statements reflect the assets and liabilities of certain individual Debtors based on such Debtor's unaudited book and tax records, where consistent with prepetition accounting practices. As such, audited financial statements and supporting schedules have not been prepared for each Debtor. These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to reconcile to any financial statements that may have been previously distributed to lenders, major creditors, equityholders or others.

The Schedules and Statements have been signed by Robert Del Genio, the Chief Restructuring Officer of the Debtors ("CRO"). In reviewing and signing the Schedules and Statements, Mr. Del Genio has necessarily relied upon the efforts, statements and representations of, among others, other individuals employed by FTI Consulting, Inc. that are staffed on the engagement and the accounting and other personnel and professionals employed by the Debtors. Mr. Del Genio has not, and could not have, personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

**Date of Valuations.** Except as otherwise noted in the Schedules and Statements, all secured or purportedly secured liabilities listed on Schedule D are valued as of February 28, 2018, and unsecured liabilities listed on Schedule E/F are valued as of the Petition Date. The assets of the Debtors are valued as of December 31, 2017, with the exception of the Debtors' bank account balances, which are valued as of the Petition Date. Where applicable and if consistent with a particular Debtor's prepetition accounting practices, the Schedules and Statements reflect the Debtors' best effort to allocate the assets, liabilities, receipts and expenses to the appropriate

2

Debtor entity "as of" such dates.  In some instances, the Debtors have used estimates or pro-rated amounts where actual data as of the aforementioned dates was not available.  The Debtors have made a reasonable effort to allocate liabilities between the pre- and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the Debtors may amend the Schedules and Statements to modify the allocation of liabilities between the pre- and postpetition periods.

**Book Value.**  Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting and/or tax books and records as of (i) December 31, 2017 for all asset values, except bank account balances, which are valued as of the Petition Date, (ii) February 28, 2018 for secured or purportedly secured liabilities, and (iii) the Petition Date for unsecured liabilities.  Therefore, unless otherwise noted, the Schedules are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values.  The amounts represented in the Schedules and Statements are totals of all known amounts.  When necessary, the Debtors have indicated that the value of certain assets is "Unknown" or "Undetermined."  To the extent that any assets have an "Unknown" or "Undetermined" value, the actual total may be different from the total listed in the Schedules and Statements.

**Confidentiality.** There may be instances where certain information is not included or redacted due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or to protect the privacy of an individual. The omissions and redactions are limited to only what is necessary to protect the Debtor or a relevant third party and will provide interested parties with sufficient information to discern the nature of the listing.

**Property and Equipment – Owned.**  Owned property and equipment are recorded at net book value.  Property, plant and equipment comprise only a minor portion of the Debtors' assets.  The majority of the Debtors' assets are comprised of intellectual property, distribution rights, box office receipts and cash flows related to the Debtors' film library, television productions, and portfolio of unreleased films.

**Recharacterization.** Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize or designate certain claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated or omitted certain items.  Accordingly, the Debtors reserve all of their rights to amend the Schedules and Statements to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary and appropriate, as additional information becomes available.

**Liabilities.** The Debtors sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may

change. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary and appropriate.

Although there may be multiple lenders under certain of the Debtors' prepetition debt facilities, only the administrative agent has been listed on Schedules, where applicable.

The liabilities listed on the Schedules do not reflect an assessment, preliminary or otherwise, of claims under Bankruptcy Code Section 503(b)(9) and the Debtors are in the process of evaluating such claims, if any, in more detail. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under Section 503(b)(9) or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

**Excluded Assets and Liabilities.**  As of the date hereof, the Debtors have not sought to reject any executory contracts or unexpired leases, with the exception of that certain lease for the premises commonly known as 375 Greenwich Street, Unit 3, New York, New York 10013 (the "**Greenwich Lease**"), which was rejected by order of the Court on April 18, 2018.  The Debtors have not yet calculated the amount of rejection damages arising from the rejection of the Greenwich Lease.  Therefore, the Debtors have excluded rejection damage claims, if any, of counterparties to executory contracts and unexpired leases, including the Greenwich Lease, that may be rejected after the Petition Date.

**Intellectual Property Rights.** Exclusion, inadvertent or otherwise, of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

**Executory Contracts and Unexpired Leases.**  Although the Debtors made diligent attempts to attribute each executory contract or unexpired lease to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so.  Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts and unexpired leases, including the right to amend Schedule G.

**Classifications**. Listing (i) a claim on (a) Schedule D as "secured," (b) Schedule E as "priority," or (c) Schedule F as "unsecured" or (ii) a contract or lease on Schedule G as "executory" or "unexpired," does not constitute a waiver of the Debtors' rights to amend the Schedules and Statements to change any such classification.  Additionally, in certain instances, certain contracts or leases listed in Schedule G may not qualify as an "executory" contract or "unexpired" lease.

**Claims Description**. Schedules D, E, and F permit each of the Debtors to designate a claim as "contingent," "unliquidated," and/or "disputed." The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds. Additionally, the Debtors expressly reserve all of their rights to amend the Schedules and Statements to subsequently designate any claims as "contingent," "unliquidated," and/or "disputed."

**Claims.**  Certain of the Debtors' Schedules list creditors and set forth the Debtors' estimate of the claims of creditors as of the Petition Date.  The claim amounts reflected on the Schedules may include the Debtors' accruals for vendor charges not yet invoiced.  By estimating certain invoices, the Debtors are not representing that they have sought to identify and estimate all un-invoiced vendor charges.  In addition, to the extent that a claim of a particular vendor is an aggregate of multiple invoices, the Debtors have reflected the claim with a date of "various."

The Bankruptcy Court has authorized the Debtors to, among other matters, pay certain priority claims in the ordinary course of business.  While the Debtors have made their best efforts to reflect the claims, by creditor, the actual unpaid claims of creditors that may be allowed in these cases may differ from the amounts set forth in the Schedules and Statements.

**Setoffs**. The Debtors incur certain offsets and other similar rights in the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, overpayments, returns, and other disputes between the Debtors and their customers, vendors and contract counter-parties. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules.

**Intercompany Payables and Receivables.**  Certain intercompany accounts are set forth on Schedule E/F or Schedule A/B, as applicable.  Certain intercompany transfers, including intercompany claims among Debtors and non-Debtor affiliates, are set forth in Item 77 of each respective Debtor's Schedule A/B.  The Debtors are continuing to review the accounting treatment for intercompany receivables and reserve all rights with respect to the treatment or characterization of such items.

## Schedules

**Schedules Summary.** Except as otherwise noted herein and in the Schedules and Statements, the asset information provided herein represents the Debtors' data regarding their assets as of December 31, 2017, except bank account balances, which are valued as of the Petition Date. Secured or purportedly secured liabilities are valued as of February 28, 2018 and unsecured liabilities are valued as of the close of business on the Petition Date.

For financial reporting purposes, the Debtors ordinarily prepare consolidated financial statements. Unlike the consolidated financial statements, the Schedules reflect the assets and liabilities of each Debtor, if consistent with such Debtor's prepetition accounting practices, except where otherwise indicated. Accordingly, the totals listed in the Schedules may differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise.

The Schedules do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statements of the Debtors. Additionally, the Schedules contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable efforts to report the assets and liabilities of certain Debtors on an unconsolidated basis, if such accounting practice is consistent with such

Debtor's prepetition accounting practices. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent as of the Petition Date or at any time before the Petition Date.

**Schedule A/B:**

Items 1 through 5 –  Cash and Cash Equivalents. The balances of the financials accounts are listed as of the Petition Date.  Debtor TWC holds an HSBC Bank account ending in 7074 ("**Account 7074**") that contains Robert Weinstein's personal funds (the "**Personal Funds**"). The Personal Funds were used to co-invest in certain projects of the Debtors.  The Personal Funds in Account 7074 have not been commingled with any of the Debtors' funds and belong solely to Robert Weinstein.

Item 6 through 9 – Prepayments. Prepayments for such items as insurance, bank charges, obligations owing in connection with certain trade agreements, and rent have been attributed to Debtor TWC.

Item 11 - Accounts Receivable. Accounts receivable are reflected as of December 31, 2017. Intercompany receivables are not reflected in Item 11 and are instead reflected in Item 77.

Item 15 through 16 – Investments. Certain of the Debtors own equity interests in other Debtors and non-Debtor affiliates.  Except as set forth on the *Periodic Report Regarding Value, Operations and Profitability of Entities in Which the Debtors Hold a Substantial or Controlling Interest* [Docket No. 250], the value of such equity interests is unknown.

Item 38 through 45 - Office Furniture, Fixtures, and Equipment; and Collectibles.  Debtor TWC owns certain computer equipment and software, as well as certain furniture and fixtures, necessary to operate its business in the ordinary course.

Items 59-69 – Intangible and Intellectual Property. The Debtors own voluminous amounts of intellectual property, including numerous domestic and international copyrights, and various internet domain names and websites related to certain of their films and television assets. The Debtors have made reasonable efforts to identify all of their ownership interests and rights in intellectual property; however, the failure to include any intellectual property rights shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Accordingly, the Debtors reserve all rights with respect to such intellectual property rights and to amend this Schedule to the extent they become aware of additional rights.  Additionally, although the Debtors do not actively collect personally identifiable information (as such term is defined in section 101(41)(A) of the Bankruptcy Code), the Debtors have recorded and stored certain personally identifiable information related to their film and television businesses.

6

Item 73 – Interests in Insurance Policies or Annuities.  Each of the Debtors shares an interest in the insurance policies owned by TWCH as an insured party thereunder.

Item 74 – Causes of Action Filed Against Third Parties.  The Debtors have only listed those claims and causes of action that have been filed by the Debtors and where a Debtor is a named plaintiff.  As a result, the Debtors may not have listed all of their causes of action against third parties as assets in the Schedules and Statements.  Accordingly, the Debtors reserve all of their rights with respect to any claims or causes of action they may have and to amend Item 74 of Schedule A/B to the extent they become aware of any additional claims or causes of action.

Item 75– Other Contingent or Unliquidated Claims or Causes of Action.  The Debtors are still in the process of analyzing any contingent and/or unliquidated claims and causes of action that they may have against third parties and, as a result, no such claims and causes of action are identified on the Schedules.  In addition, the Debtors are party to numerous actions and other proceedings in which they have asserted, or may assert, counterclaims.  The Debtors have not identified any counterclaims in such actions and other proceedings in the Schedules because it would be unduly burdensome to do so.  Accordingly, the Debtors reserve all of their rights with respect to any counterclaims or other claims or causes of action that they may have of any nature and to amend Item 75 of Schedule A/B to the extent they become aware of any such counterclaims or other claims or causes of action.

Item 77 - Other Property of any Kind Not Already Listed. Item 77 denotes intercompany receivables and other forms of payments not yet received by certain of the Debtors.

**Schedule D – Creditors Holding Secured Claims**

The businesses of the Debtors are complex and, while reasonable efforts have been made to ensure the accuracy of Schedule D, inadvertent errors or omissions may have occurred.  Except as otherwise provided in the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing Pursuant to §§ 105, 361, 362, 363(c), 363(e), 364(c), 364(d)(1) and 364(e) and (B) Utilize Cash Collateral of Pre-Petition Secured Entities, (II) Granting Adequate Protection to Pre-Petition Secured Entities, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and 4001(c)* [Docket No. 267] or ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.

In certain instances, a Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of other Debtors.  No claim set forth on the Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged.

The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the

collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Where an administrative agent or trustee serves with respect to any prepetition secured debt, only the administrative agent or trustee, as applicable, is listed as the creditor on Schedule D and not any other party that may hold a portion of debt.

Where a Debtor may be a guarantor with respect to a scheduled claim of other Debtors, the Company has not identified other persons or entities, including other Debtors, that may be liable thereon.

The claim amounts listed reflect approximate values as of February 28, 2018.

### Schedule E/F – Creditors Holding Unsecured Claims

Certain of the claims of state and local taxing authorities related to various taxes are set forth in Schedule E. Certain of the claims owing to various taxing authorities to which the Debtors may be liable may be subject to ongoing audits. Accordingly, the Debtors reserve their right to amend the Schedules and Statements with respect to any such claims.

To the best of the Debtors' ability, each Debtor's Schedule F reflects only the unsecured creditors that have a claim, if any, against such Debtor. However, it is possible that inadvertent omissions or inclusions may have occurred. Accordingly, the Debtors reserve their right to amend the Schedules and Statements with respect to any such claims.

The Bankruptcy Court has entered various first day orders authorizing the Debtors to pay, in their discretion, certain prepetition claims. Each Debtor's Schedule E/F may reflect its payment of certain claims pursuant to these first day orders, and, to the extent an unsecured claim has been paid or may be paid it is possible such claim is not included on Schedule E/F. The Debtors may pay additional claims listed on Schedule F during these chapter 11 cases pursuant to these and other orders of the Bankruptcy Court and reserve all of their rights to amend or supplement Schedule E/F.

The Debtors have used reasonable efforts to report all prepetition unsecured claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records as of the Petition Date, except as otherwise noted herein. The claims of individual creditors for, among other things, various services may not reflect credits or allowances due from such creditors to the applicable Debtor. Schedule E/F may not reflect invoices received by the Debtors after the Petition Date on account of prepetition services. The Debtors reserve all of their rights with respect to any credits and allowances, including the right to assert objections and/or setoffs with respect to the same.

The Claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim on Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a specific date for each claim listed on Schedule E/F.

RLF1 19117611v.1

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. While not listed on Schedule E/F, such amounts are, reflected on the Debtors' books and records to the extent required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

To the extent they are known, Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption or the assumption and assignment of an executory contract or unexpired lease.  Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected, including the Greenwich Lease.

## Schedule G – Executory Contracts and Unexpired Leases

The businesses of the Debtors are complex and, while reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  The Debtors hereby reserve all of their rights to (i) dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and (ii) amend or supplement such Schedule as necessary.  Furthermore, the Debtors reserve all of their rights, claims and causes of action with respect to the contracts, agreements or leases listed on these Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument.  The presence of a contract, agreement or lease on Schedule G does not constitute an admission that such contract, agreement or lease is an executory contract or unexpired lease.

The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed therein.  Certain of the agreements may not have been memorialized and could be subject to dispute.  The Debtors reserve their rights to dispute whether any executory contracts or unexpired leases have been appropriately terminated prior to the Petition Date.

## Schedule H – Codebtors

The Debtors reserve all of the rights to amend Schedule H to the extent that certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements are identified.

Where an administrative agent serves with respect to any debt as to which there are Co-Debtors, only the administrative agent is listed as the creditor on Schedule H, where applicable, and not any other parties who may hold a portion of such debt.

Where a Debtor may be a guarantor with respect to a scheduled claim of other Debtors, the Company has not identified other persons or entities, including other Debtors, that may be liable thereon.

## Statements

Question 1 – Income from Employment or Operation of Business.  The income included in response to Question 1 reflects revenue generated from normal business operations. Revenue from normal business operations generally consists of revenue generated by the Company's intellectual property, distribution rights, box office receipts and cash flows related to its film library, television productions, and portfolio of unreleased films.  Debtor TWC is the Debtors' main operating entity. For Debtor TWC, Question 1 reflects revenue for the period from January 1, 2018 through the Petition Date and the two prior calendar years.  While Debtors Weinstein Books, LLC and Weinstein Global Film Corp. have historically generated revenue for the Debtors, such Debtor's Statements do not reflect revenue for the period from January 1, 2018 through the Petition Date.

Question 4 – Payments or Other Transfers of Property Made within 1 Year Before Filing this Case that Benefited Any Insider / Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders.  The Debtors' responses to Questions 4 and 30, as reflected in Exhibit 4, reference certain refunds of advances to Robert Weinstein.  Such refunds were derived solely from Personal Funds deposited by Robert Weinstein in bank account number ending 7074.  For the avoidance of doubt, any payments identified as "Refund of Advances" are distinct from payments identified as "Repayment of Loans".

Question 6 – Setoffs.  The Debtors' response to Question 6 includes setoffs effected by creditors within the 90 days prior to the Petition Date.  In addition, the Debtors routinely incur setoffs during the ordinary course of business.  Setoffs in the ordinary course can result from various items including intercompany transactions, counterparty settlements, pricing discrepancies, and other transaction true-ups.  These setoffs are consistent with the ordinary course of business in the Debtors' industry and are particularly voluminous, making it unduly burdensome and costly for the Debtors to list all setoffs.

Question 7 – Legal Actions, Administrative Proceedings, Court Actions, Executions, Attachments, or Governmental Audits.  Information provided in Question 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum. While the Debtors believe they were diligent in their efforts, it is possible that certain suits and proceedings may have been inadvertently excluded in the Debtors' response to Question 7.  The Debtors reserve all of their rights to amend or supplement their response to Question 7.

Question 9 – Gifts and Charitable Contributions.  Information regarding gifts and charitable contributions for the Debtors is included in the response to Question 9 for Debtor TWC.

Question 16 – Personal Identifiable Information. Although the Debtors do not actively collect personally identifiable information (as such term is defined in section 101(41)(A) of the Bankruptcy Code), the Debtors have recorded and stored certain personally identifiable information related to their film and television businesses.

Question 25 – Other business in which the Debtor has an interest. Certain of the Debtors own equity interests in other Debtors and non-Debtor affiliates.  Except as set forth on the *Periodic Report Regarding Value, Operations and Profitability of Entities in Which the Debtors Hold a*

10

*Substantial or Controlling Interest* [Docket No. 250], the value of such equity interests is unknown.

Question 26a-c – Books, Records, and Financial Statements.   The Debtors have listed those individuals and/or firms that have been identified as having the primary responsibility to maintain or supervise the keeping of the Debtors' books and records. Notwithstanding this listing, additional parties not listed may have had access to the Debtors' books and records.

Question 26d – Books, Records, and Financial Statements:   From time to time, the Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons.   Recipients have included, among others, certain financial institutions, investment banks, customers, vendors, rating agencies, debtholders and their legal and financial advisors.   Additionally, financial statements have been provided to other parties as requested.   The list of those entities receiving financial statements is extensive, making it unduly burdensome and costly for the Debtors to list each entity.

Question 27 – Inventories. The inventories listed in response to Question 27 were conducted by an independent third party on December 31, 2016 and December 31, 2017, respectively.   Each inventory is valued on a last-in-first-out basis.

***END OF GLOBAL NOTES***

**SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE**

RLF1 19117611v.1

**Fill in this information to identify the case:**

Debtor _____ TWC Borrower 2016, LLC _____

United States Bankruptcy Court for the: District of Delaware _____

Case number _____ 18-10625 _____
(if known)

☐ Check if this is an
   amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

**12/15**

| Part 1: | Summary of Assets |
|---|---|

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**
       Copy line 88 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| NA |
|---:|

   1b. **Total personal property:**
       Copy line 91A from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| $1,146.63 |
|---:|

   1c. **Total of all property:**
       Copy line 92 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| $1,146.63 |
|---:|

| Part 2: | Summary of Liabilities |
|---|---|

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* . . . . . . . . .

| $45,528,134.18 |
|---:|

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206EF)

   3a. **Total claim amounts of priority unsecured claims:**
       Copy the total claims from Part 1 from line 6a of Schedule E/F . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| NA |
|---:|

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
       Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F . . . . . . . . . . . . . .

| **+** | UNKNOWN |
|---|---:|

4. **Total liabilities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
   Lines 2 + 3a + 3b

| $45,528,134.18 |
|---:|

| | |
|---|---|
| **Fill in this information to identify the case:** | |

Debtor: TWC Borrower 2016, LLC

United States Bankruptcy Court for the: District of Delaware

Case number (if known): 18-10625

☐ Check if this is an
amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

**12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:   CASH AND CASH EQUIVALENTS

**1.   DOES THE DEBTOR HAVE ANY CASH OR CASH EQUIVALENTS?**

☐ No. Go to Part 2.
☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

**2.   CASH ON HAND**

N/A

**3.   CHECKING, SAVINGS, MONEY MARKET, OR FINANCIAL BROKERAGE ACCOUNTS**
*(IDENTIFY ALL)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1.   BANK OF HOPE | INTEREST RESERVE | 7811 | $1,146.63 |

**4.   OTHER CASH EQUIVALENTS**

N/A

**5   Total of Part 1.**
ADD LINES 2 THROUGH 4 (INCLUDING AMOUNTS ON ANY ADDITIONAL SHEETS). COPY THE TOTAL TO LINE 80.

| | $1,146.63 |
|---|---|

### Part 2:   DEPOSITS AND PREPAYMENTS

**6.   DOES THE DEBTOR HAVE ANY DEPOSITS OR PREPAYMENTS?**

☑ No. Go to Part 3.
☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**7.   DEPOSITS, INCLUDING SECURITY DEPOSITS AND UTILITY DEPOSITS**

DESCRIPTION, INCLUDING NAME OF HOLDER OF DEPOSIT

**8.   PREPAYMENTS, INCLUDING PREPAYMENTS ON EXECUTORY CONTRACTS, LEASES, INSURANCE, TAXES, AND RENT**

DESCRIPTION, INCLUDING NAME OF HOLDER OF PREPAYMENT

| 9 | **Total of Part 2.**<br>ADD LINES 7 THROUGH 8. COPY THE TOTAL TO LINE 81. | |
|---|---|---|

## Part 3:    ACCOUNTS RECEIVABLE

**10.    DOES THE DEBTOR HAVE ANY ACCOUNTS RECEIVABLE?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

**11.    ACCOUNTS RECEIVABLE**

| 12 | **Total of Part 3.**<br>CURRENT VALUE ON LINES 11A + 11B = LINE 12. COPY THE TOTAL TO LINE 82. | |
|---|---|---|

## Part 4:    INVESTMENTS

**13.    DOES THE DEBTOR OWN ANY INVESTMENTS?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14.    MUTUAL FUNDS OR PUBLICLY TRADED STOCKS NOT INCLUDED IN PART 1**

NAME OF FUND OR STOCK:

**15.    NON-PUBLICLY TRADED STOCK AND INTERESTS IN INCORPORATED AND UNINCORPORATED BUSINESSES, INCLUDING ANY INTEREST IN AN LLC, PARTNERSHIP, OR JOINT VENTURE**

**16.    GOVERNMENT BONDS, CORPORATE BONDS, AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS NOT INCLUDED IN PART 1**

DESCRIBE:

| 17 | **Total of Part 4.**<br>ADD LINES 14 THROUGH 16. COPY THE TOTAL TO LINE 83. | |
|---|---|---|

## Part 5:    INVENTORY, EXCLUDING AGRICULTURE ASSETS

**18.    DOES THE DEBTOR OWN ANY INVENTORY (EXCLUDING AGRICULTURE ASSETS)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19.    RAW MATERIALS** | | | | |
| **20.    WORK IN PROGRESS** | | | | |
| **21.    FINISHED GOODS, INCLUDING GOODS HELD FOR RESALE** | | | | |
| **22.    OTHER INVENTORY OR SUPPLIES** | | | | |

| 23 | **Total of Part 5.**<br>ADD LINES 19 THROUGH 22. COPY THE TOTAL TO LINE 84. | |
|---|---|---|

**24.    Is any of the property listed in Part 5 perishable?**

☑ No

☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☒ No
☐ Yes    Book value _____    Valuation method _____    Current value _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☒ No
☐ Yes

**Part 6:    FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)**

27. **DOES THE DEBTOR OWN OR LEASE ANY FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)?**
☒ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **CROPS—EITHER PLANTED OR HARVESTED** | | | |
| 29. **FARM ANIMALS EXAMPLES: LIVESTOCK, POULTRY, FARM-RAISED FISH** *EXAMPLES:* LIVESTOCK, POULTRY, FARM-RAISED FISH | | | |
| 30. **FARM MACHINERY AND EQUIPMENT  (OTHER THAN TITLED MOTOR VEHICLES)** (OTHER THAN TITLED MOTOR VEHICLES) | | | |
| 31. **FARM AND FISHING SUPPLIES, CHEMICALS, AND FEED** | | | |
| 32. **OTHER FARMING AND FISHING-RELATED PROPERTY NOT ALREADY LISTED IN PART 6** | | | |

33 **Total of Part 6.**
ADD LINES 28 THROUGH 32. COPY THE TOTAL TO LINE 85.

34. **Is the debtor a member of an agricultural cooperative?**
☒ No
☐ Yes.  Is any of the debtor's property stored at the cooperative?
    ☒ No
    ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☒ No
☐ Yes

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
☒ No
☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☒ No
☐ Yes

**Part 7:    OFFICE FURNITURE, FIXTURES, AND EQUIPMENT; AND COLLECTIBLES**

38. **DOES THE DEBTOR OWN OR LEASE ANY OFFICE FURNITURE, FIXTURES, EQUIPMENT, OR COLLECTIBLES?**
☒ No. Go to Part 8.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **OFFICE FURNITURE** | | | |
| 40. **OFFICE FIXTURES** | | | |
| 41. **OFFICE EQUIPMENT, INCLUDING ALL COMPUTER EQUIPMENT AND COMMUNICATION SYSTEMS EQUIPMENT AND SOFTWARE** | | | |

Debtor    TWC Borrower 201... _____    Case number (if known) _____
(Name)

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **42. COLLECTIBLES EXAMPLES: ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES** *EXAMPLES:* ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES | | | |

**43  Total of Part 7.**
ADD LINES 39 THROUGH 42. COPY THE TOTAL TO LINE 86.

**44.  Is a depreciation schedule available for any of the property listed in Part 7?**
☒ No
☐ Yes

**45.  Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☒ No
☐ Yes

---

**Part 8:    MACHINERY, EQUIPMENT, AND VEHICLES**

**46.  DOES THE DEBTOR OWN OR LEASE ANY MACHINERY, EQUIPMENT, OR VEHICLES?**
☒ No. Go to Part 9.
☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47.  AUTOMOBILES, VANS, TRUCKS, MOTORCYCLES, TRAILERS, AND TITLED FARM VEHICLES** | | | |
| **48.  WATERCRAFT, TRAILERS, MOTORS, AND RELATED ACCESSORIES EXAMPLES: BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS** EXAMPLES: BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS | | | |
| **49.  AIRCRAFT AND ACCESSORIES** | | | |
| **50.  OTHER MACHINERY, FIXTURES, AND EQUIPMENT (EXCLUDING FARM MACHINERY AND EQUIPMENT)** | | | |

**51  Total of Part 8.**
ADD LINES 47 THROUGH 50. COPY THE TOTAL TO LINE 87.

**52.  Is a depreciation schedule available for any of the property listed in Part 8?**
☒ No
☐ Yes

**53.  Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☒ No
☐ Yes

---

**Part 9:    REAL PROPERTY**

**54.  DOES THE DEBTOR OWN OR LEASE ANY REAL PROPERTY?**
☒ No. Go to Part 10.
☐ Yes. Fill in the information below.

**55.  ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST**

Debtor    TWC Borrower 2016 _____ (Name)    Case number (if known) 18-10601 _____

---

**55. ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| | | | | |

**56  Total of Part 9.**
ADD THE CURRENT VALUE ON LINES 55.1 THROUGH 55.6 AND ENTRIES FROM ANY ADDITIONAL SHEETS. COPY THE TOTAL TO LINE 88.

**57.  Is a depreciation schedule available for any of the property listed in Part 9?**
☒ No
☐ Yes

**58.  Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☒ No
☐ Yes

---

**Part 10:  INTANGIBLES AND INTELLECTUAL PROPERTY**

**59.  DOES THE DEBTOR HAVE ANY INTERESTS IN INTANGIBLES OR INTELLECTUAL PROPERTY?**
☒ No. Go to Part 11.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60.  PATENTS, COPYRIGHTS, TRADEMARKS, AND TRADE SECRETS** | | | |
| **61.  INTERNET DOMAIN NAMES AND WEBSITES** | | | |
| **62.  LICENSES, FRANCHISES, AND ROYALTIES** | | | |
| **63.  CUSTOMER LISTS, MAILING LISTS, OR OTHER COMPILATIONS** | | | |
| **64.  OTHER INTANGIBLES, OR INTELLECTUAL PROPERTY** | | | |
| **65.  GOODWILL** | | | |

**66  Total of Part 10.**
ADD LINES 60 THROUGH 65. COPY THE TOTAL TO LINE 89.

**67.  Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?
☒ No
☐ Yes
..

**68.  Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
☒ No
☐ Yes

**69.  Has any of the property listed in Part 10 been appraised by a professional within the last year?**
☒ No
☐ Yes

---

**Part 11:  ALL OTHER ASSETS**

**70.  DOES THE DEBTOR OWN ANY OTHER ASSETS THAT HAVE NOT YET BEEN REPORTED ON THIS FORM?**
INCLUDE ALL INTERESTS IN EXECUTORY CONTRACTS AND UNEXPIRED LEASES NOT PREVIOUSLY REPORTED ON THIS FORM.
☐ No. Go to Part 12.
☒ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| | |

**71.  NOTES RECEIVABLE**

DESCRIPTION (INCLUDE NAME OF OBLIGOR)

---

| Debtor | TWC Borrower 2015 (Name) | | Current value of debtor's interest |
|---|---|---|---|

**71. NOTES RECEIVABLE**

DESCRIPTION (INCLUDE NAME OF OBLIGOR)

N/A

**72. TAX REFUNDS AND UNUSED NET OPERATING LOSSES (NOLS)**

DESCRIPTION (FOR EXAMPLE, FEDERAL, STATE, LOCAL)

N/A

**73. INTERESTS IN INSURANCE POLICIES OR ANNUITIES**

| | |
|---|---|
| AXIS - ERRORS & OMISSIONS COVERAGE: POLICY # MCN000173641601 | UNKNOWN |
| FEDERAL INSURANCE CO CHUBB - COMMERCIAL AUTO: POLICY # 79967359 | UNKNOWN |
| FEDERAL INSURANCE CO CHUBB - COMMERCIAL GENERAL LIABILITY: POLICY # 79967358 | UNKNOWN |
| FEDERAL INSURANCE CO CHUBB - COMMERCIAL PROPERTY: POLICY # 79967358 | UNKNOWN |
| FEDERAL INSURANCE CO CHUBB - COMMERCIAL UMBRELLA: POLICY # 79967360 | UNKNOWN |
| FEDERAL INSURANCE CO CHUBB - GUILD TRAVEL POLICY: POLICY # 9907-7538 | UNKNOWN |
| FEDERAL INSURANCE CO CHUBB - WORKERS COMPENSATION: POLICY # 7996-80-15 | UNKNOWN |
| GREAT NORTHERN INSURANCE CO. - FOREIGN PACKAGE POLICY: POLICY # 7996-80-16 | UNKNOWN |
| HISCOX - UK COVERAGE: POLICY # HU PI6 1501382 (105) | UNKNOWN |
| NATIONAL UNION FIRE INSURANCE CO. - D&O AND EMPLOYMENT PRACTICES : POLICY # 01-824-40-28 | UNKNOWN |
| WESTCHESTER FIRE INSURANCE COMPANY - EXCESS LAYER 1 FOR D&O AND EMPLOYMENT PRACTICES: POLICY # G27085969005 | UNKNOWN |
| ZURICH-AMERICAN INSURANCE COMPANY - EXCESS LAYER 2 FOR D&O AND EMPLOYMENT PRACTICES: POLICY # MPL0182710-02 | UNKNOWN |

**74. CAUSES OF ACTION AGAINST THIRD PARTIES (WHETHER OR NOT A LAWSUIT HAS BEEN FILED)**

**Nature of claim**

**Amount requested**

VARIOUS - SEE GLOBAL NOTES                                                                UNKNOWN

**75. OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OR CAUSES OF ACTION OF EVERY NATURE, INCLUDING COUNTERCLAIMS OF THE DEBTOR AND RIGHTS TO SET OFF CLAIMS**

**Nature of claim**

**Amount requested**

VARIOUS - SEE GLOBAL NOTES                                                                UNKNOWN

**76. TRUSTS, EQUITABLE OR FUTURE INTERESTS IN PROPERTY**

N/A

**77. OTHER PROPERTY OF ANY KIND NOT ALREADY LISTED  EXAMPLES: SEASON TICKETS, COUNTRY CLUB MEMBERSHIP** *EXAMPLES:* SEASON TICKETS, COUNTRY CLUB MEMBERSHIP

N/A

**78  Total of Part 11.**
ADD LINES 71 THROUGH 77. COPY THE TOTAL TO LINE 90.                      | UNKNOWN |

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☒ No
☐ Yes

**Part 12:  Summary**

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $1,146.63 | |
| **81. Deposits and prepayments.** *Copy line 9, Part 2.* | | |

Debtor    TWC Borrower 2016, LLC _____ Case number (if known) 18-10601

      (Name)

| | | | |
|---|---|---|---|
| 82. | **Accounts receivable.** *Copy line 12, Part 3.* | | |
| 83. | **Investments.** *Copy line 17, Part 4.* | | |
| 84. | **Inventory.** *Copy line 23, Part 5.* | | |
| 85. | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | | |
| 87. | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | | |
| 88. | **Real property.** *Copy line 56, Part 9.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .➔ | | |
| 89. | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | | |
| 90. | **All other assets.** *Copy line 78, Part 11.* | + | UNKNOWN |
| 91. | **Total.** Add lines 80 through 90 for each column. . . . . . . . . 91a. | $1,146.63 | + 91b |
| 92. | **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | $1,146.63 |

| Fill in this information to identify the case: |
|---|

Debtor    TWC Borrower 2016, LLC

United States Bankruptcy Court for the:   District of Delaware

Case number   18-10625
(if known)

☐ Check if this is an
amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

**Be as complete and accurate as possible.**

1.   1. **Do any creditors have claims secured by debtor's property?**

    ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

    ☑ Yes. Fill in all of the information below.

| **Part 1:** | **List All Creditors with Secured Claims** |
|---|---|

2.   **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of claim**<br>*Do not deduct the value of collateral.* | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| 2.1 | **Creditor's name**<br>AI INTERNATIONAL HOLDINGS (BVI) LTD<br><br>**Creditor's mailing address**<br>730 FIFTH AVENUE<br>NEW YORK, NY 10019<br><br>**Creditor's email address**<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Do multiple creditors have an interest in the same property?**<br>☑ No<br>☐ Yes | **Describe debtor's property that is subject to a lien**<br>N/A<br><br>**Describe the lien**<br>SECURED FULL RECOURSE PROMISSORY NOTE<br><br>**Is the creditor an insider or related party?**<br>☑ No<br>☐ Yes<br><br>**Is anyone else liable on this claim?**<br>☐ No<br>☑ Yes<br><br>**As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☐ Disputed | $45,528,134.18 | UNKNOWN |

| 3. | **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** | $45,528,134.18 | |
|---|---|---|---|

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | TWC Borrower 2016, LLC |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (if known) | 18-10625 |

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:    List All Creditors with PRIORITY Unsecured Claims**

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
    ☒ No. Go to Part 2.
    ☐ Yes. Go to line 2.

**Part 2:    List All Creditors with NONPRIORITY Unsecured Claims**

3.  **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|
| 3.1 | **Nonpriority creditor's name and mailing address** | UNKNOWN |

| | |
|---|---|
| **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* |
| AI INTERNATIONAL HOLDINGS (BVI) LIMITED<br>C/O QUINN EMMANUEL<br>51 MADISON AVENUE, 22ND FLOOR<br>NEW YORK, NY  10010 | ☒ Contingent<br>☒ Unliquidated<br>☒ Disputed |
| **Date or dates debt was incurred** | **Basis for the claim:** LITIGATION |
| **Last 4 digits of account number:** | **Is the claim subject to offset?**<br>☒ No<br>☐ Yes |

**Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims**

5.  **Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. | Total claims from Part 1 | 5a. | NA |
| 5b. | Total claims from Part 2 | 5b. + | UNKNOWN |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | UNKNOWN |

**Fill in this information to identify the case:**

Debtor _TWC Borrower 2016, LLC_

United States Bankruptcy Court for the: _District of Delaware_

Case number _18-10625_
(if known)

☐ Check if this is an
amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1.  **Does the debtor have any executory contracts or unexpired leases?**

    ☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

    ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

| | |
|---|---|
| Debtor | TWC Borrower 2016, LLC |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (if known) | 18-10625 |

☐ Check if this is an amended filing

## Official Form 206H

# Schedule H: Codebtors

**12/15**

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

---

**1.** **Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☒ Yes.

**2.** **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.1 | HARVEY WEINSTEIN | C/O CITRIN COOPERMAN<br>529 5TH AVE<br>NEW YORK, NY 10017 | AI INTERNATIONAL HOLDINGS (BVI) LTD | ☒ D<br>☐ E/F<br>☐ G |
| 2.2 | THE WEINSTEIN COMPANY HOLDINGS LLC | 99 HUDSON STREET, 4TH FL<br>NEW YORK, NY 10013 | AI INTERNATIONAL HOLDINGS (BVI) LTD | ☒ D<br>☐ E/F<br>☐ G |
| 2.3 | THE WEINSTEIN COMPANY LLC | 99 HUDSON STREET, 4TH FL<br>NEW YORK, NY 10013 | AI INTERNATIONAL HOLDINGS (BVI) LTD | ☒ D<br>☐ E/F<br>☐ G |
| 2.4 | WEINSTEIN GLOBAL FILM CORP. | 99 HUDSON STREET, 4TH FL<br>NEW YORK, NY 10013 | AI INTERNATIONAL HOLDINGS (BVI) LTD | ☒ D<br>☐ E/F<br>☐ G |
| 2.5 | WEINSTEIN TELEVISION LLC | 99 HUDSON STREET, 4TH FL<br>NEW YORK, NY 10013 | AI INTERNATIONAL HOLDINGS (BVI) LTD | ☒ D<br>☐ E/F<br>☐ G |

<table>
<tr><td colspan="2"><b>Fill in this information to identify the case:</b></td></tr>
<tr><td>Debtor</td><td>TWC Borrower 2016, LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of Delaware</td></tr>
<tr><td>Case number<br>(if known)</td><td>18-10625</td></tr>
</table>

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   4/23/2018
　　　　　　　MM / DD / YYYY

✖ /s/ Robert Del Genio
Signature of individual signing on behalf of debtor

Robert Del Genio
Printed name

Chief Restructuring Officer
Position or relationship to debtor