**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------x
In re:                                            :    Chapter 11
                                                  :
THE WEINSTEIN COMPANY HOLDINGS,   :
LLC, *et al.*                                     :    Case No. 18-10601 (MFW)
                                                  :    (Jointly Administered)
---------------------------------------------------------X    **Re: D.I. 8 & 216**

### OBJECTION TO: (A) PROPOSED CURE AMOUNTS AND (B) ASSUMPTION OF EXECUTORY CONTRACTS; AND RESERVATION OF RIGHTS OF TIMUR BEKMAMBETOV, BAZELEVS U.S., INC., TENGRI, INC. AND MIRSAND LIMITED

Timur Bekmambetov ("Timur"), Bazelevs U.S., Inc. ("Bazelevs"), Tengri, Inc. ("Tengri") and Mirsand Limited ("Mirsand" and collectively with Timur, Bazelevs and Tengri, "Bekmambetov"), hereby object to and reserve all rights and remedies (the "Objection") with respect to the proposed assumption of various agreements between or among any of Bekmambetov, one the one hand, and The Weinstein Company Holdings LLC, Weinstein Global Film Corp., The Weinstein Company, LLC and the related debtors (hereinafter "Debtors") for the motion pictures "Current War" and "Apollo 18" pursuant to (a) the *Debtors' Motion for Entry of Orders (I)(A)Approving Bidding Procedures for Sale of Substantially All of the Debtors' Assets, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Substantially All of the Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief and (II)(A) Approving Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (B) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related Relief* (the "Sale Motion")[Docket No. 8] and (b) Debtors' *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* (the "Assumption

and Assignment Notice")[Docket No. 216].    In support of this Objection, Bekmambetov

respectfully states as follows:

## INTRODUCTION

1.        Timur is a successful Russian-Kazakh director, producer and screenwriter who has

worked on numerous feature films, music videos and commercials.  He is best known for the film

Night Watch (2004) and its sequel Day Watch (2006), and the American films Wanted (2008) and

Abraham Lincoln: Vampire Hunter (2012).

2.        Bazelevs, Timur's affiliated California corporation, bought and developed the

original screenplay for the motion picture "Current War."  Bazelevs then optioned the "Current

War" screenplay to The Weinstein Company LLC, a debtor herein, which, pursuant to an

Option/Purchase Agreement, dated as of August 5, 2013, as amended by a "First Amendment"

dated as of February 2, 2016 (which is not identified on the Assumption and Assignment Notice)

("Current War Option Agreement")[1], exercised the option and paid all sums due under the Current

War Option Agreement.  The Current War Option Agreement is attached hereto as Exhibit "A."

3.        Tengri is Timur's loanout company.  By a "letter agreement" dated as of August 5,

2013, between The Weinstein Company, a debtor herein, one the one hand, and Tengri and Timur,

on the other hand, it was agreed, among other things, that Timur would provide producing services

in connection with "Current War" ("Original Current War Producer Agreement").[2]  By a "First

Amendment" (dated as of February 2, 2016) to both the Option/Purchase Agreement, dated as of

August 5, 2013, and the Original Current War Producer Agreement, The Weinstein Company,

---

[1] This Option/Purchase Agreement, dated as of August 5, 2013, is identified in triplicate in the Assumption and Assignment Notice's Exhibit 1 as item numbers 633, 634 and 635.

[2] The Original Current War Producer Agreement is identified in the Assumption and Assignment Notice's Exhibit 1 as item numbers 4259, 7522 and 7523.

11139505 v1

Bazelevs, Tengri and Timur amended the Option/Purchase Agreement, dated as of August 5, 2013, and the Original Current War Producer Agreement. The Original Current War Producer Agreement and the First Amendment are collectively referred to as the "Current War Producer Agreement." The "First Amendment" is not identified in the Assumption and Assignment Notice's Exhibit 1 as a contract to be assumed, although the Original Current War Producer Agreement is identified on such document (see footnote 2). The Current War Producer Agreement is attached hereto as Exhibit "B."

4.      In 2017, Mirsand, an entity affiliated with Timur, pursuant to an International Distribution License Agreement with Weinstein Global Film Corp., purchased and obtained the distribution rights to "Current War" in the Russian language territories (the "Mirsand Current War License Agreement")[3].

5.      Concerning the motion picture "Apollo 18," Mirsand, as owner, and Dimension Films, a division of The Weinstein Company LLC, as distributor, entered into an "Agreement" dated as of November 5, 2010[4], whereby Mirsand licensed distribution rights to Dimension Films for a term of twenty years from the initial theatrical release date (i.e., September 2, 2011) of "Apollo 18." This "Agreement" required The Weinstein Company LLC to pay Mirsand a percentage of certain proceeds from the exploitation of "Apollo 18" and provide regular accountings related thereto.

---

[3] The Mirsand Current War License Agreement is identified the Assumption and Assignment Notice's Exhibit 1 as item number 4917.

[4] The Agreement is identified, in duplicate, in the Assumption and Assignment Notice's Exhibit 1 as item numbers 4913 and 4915. An amendment to the Agreement is identified in the Assumption and Assignment Notice's Exhibit 1 as item number 4914.

11139505 v1

6.      As set forth in the Sale Motion and Assumption and Assignment Notice, the Debtors propose to assume numerous executory contracts and unexpired leases.  The Agreements referenced above, and below, relating to "Current War" and "Apollo 18" are among the executory contracts that the Debtors, pursuant to the Assumption and Assignment Notice, propose to assume and assign to the Buyer.

## THE AGREEMENTS TO BE ASSUMED AND ASSIGNED

7.      Pursuant to the Assumption and Assignment Notice[5], Debtors seek to assume and assign the following contracts with respect to "Current War" ("Current War Contracts"):

a.      Item 632: "Affidavit of Chain of Title DTD 5/16/2016" between Weinstein Global Film Corp. and Bazelevs, with a proposed cure amount of $0.  This "Affidavit of Chain of Title DTD 5/16/2016" is incomplete as it fails to account for the "First Amendment" dated as of February 2, 2016 referenced above (which is not identified on the Assumption and Assignment Notice);

b.      Item 633: "Assignment DTD" between The Weinstein Company LLC and Bazelevs, with a proposed cure amount of $0.  However, Item 633 sent to Bekmambetov by Debtors is the "Option/Purchase Agreement," i.e., the Current War Option Agreement without the "First Amendment" – it was not an "assignment";

c.      Item 634: "Deal Memo" between The Weinstein Company LLC and Bazelevs, with a proposed cure amount of $0.  However, Item 634 sent to Bekmambetov by Debtors is the "Option/Purchase Agreement," i.e., the Current War Option Agreement without the "First Amendment" – it was not a "Deal Memo."

---

[5] All contracts to be assumed and assigned were provided to Bekmambetov by Debtors' counsel and Debtors' administrator, Epiq.

11139505 v1

    d.  Item 635: "Option/Purchase Agreement DTD 8/5/2013" between The Weinstein Company LLC and Bazelevs, with a proposed cure amount of $0. This is the Current War Option Agreement, without the "First Amendment." The Assumption and Assignment Notice fails to include the "First Amendment" (dated as of February 2, 2016). Any assumption and assignment concerning the Current War Option Agreement must include the "First Amendment." The assumption and assignment must be of the entire Current War Option Agreement (Exhibit "A"), i.e., the Original Current War Option Agreement and the "First Amendment";

    e.  Item 4259: "Producing Service Agreement DTD 8/5/2013 for the service of Timur Bekmambetov" between The Weinstein Company LLC and Law Offices of Chase Mellen, with a proposed cure amount of $0. However, the document sent by Debtors to Bekmambetov as Item 4259 is a letter "notice" concerning "first negotiation" rights with respect to the Current War Producer Agreement. Any assumption and assignment of Item 4259 must include the assumption of the Original Current War Producer Agreement and the "First Amendment." The assumption and assignment must be of the entire Current War Producer Agreement (Exhibit "B"), i.e., the Original Current War Producer Agreement and the "First Amendment";

    f.  Item 7522: "RE: 'Current War' – Producing Services Agreement[;] Letter Agreement Confirming Agreement Reached On 8-5-13 Effective Date 8/5/2013" between The Weinstein Company LLC and Tengri, with a proposed cure amount of $0. This is the Original Current War Producer Agreement. The Assumption and Assignment Notice fails to include the "First Amendment" (dated as of February 2, 2016). Any assumption and assignment concerning the Original Current War Producer Agreement must include the "First Amendment." The assumption and assignment must be of the entire Current War Producer Agreement (Exhibit "B"), i.e., the Original Current War Producer Agreement and the "First Amendment";

g.      Item 7523: "Producing Service Agreement DTD 8/5/2013 for the service of Timur Bekmambetov" between The Weinstein Company LLC and Tengri f/s/o Timur Bekmambetov, with a proposed cure amount of $0.  However, the document sent by Debtors to Bekmambetov as Item 7523 was a duplicate of Item No. 4259, i.e., a letter "notice" concerning "first negotiation" rights with respect to the Current War Producer Agreement.  Any assumption and assignment of Item 7523 must include the assumption of the Original Current War Producer Agreement and the "First Amendment."  The assumption and assignment must be of the entire Current War Producer Agreement (Exhibit "B"), i.e., the Original Current War Producer Agreement and the "First Amendment";

h.      Item 4916: "Notice of Assignment RE International Distribution License Agreement DTD 7-7-17 Effective Date: 7/10/2017" between Weinstein Global Film Corp, Film Finances, Inc., MUFG Union Bank, N.A. and Mirsand Limited, with a proposed cure amount of $0.  This Notice concerns and relates to Item No. 4917 described below and Mirsand's acquisition of distribution rights to "Current War" in the Russian language territories.

i.      Item 4917: "Weinstein Global Film Corp. International Distribution License Agreement Effective Date: 7/7/2017" between Weinstein Global Film Corp and Mirsand, with a proposed cure amount of $0.  This agreement concerns Mirsand's acquisition of distribution rights to "Current War" in the Russian language territories, i.e., the Mirsand Current War License Agreement.

8.      Pursuant to the Assumption and Assignment Notice, Debtors seek to assume and assign the following contracts with respect to "Apollo 18" ("Apollo 18 Contracts") as follows:

a.      Item 701: "Option-Purchase Agreement Effective Date: 11/4/2010" allegedly between The Weinstein Company LLC and Bekmambetov Projects Limited, with a

11139505 v1

proposed cure amount of $0. Item 701 sent to Bekmambetov by Debtors is a letter agreement related to an "option purchase agreement"; none of the Debtors are a counterparty to Item 701. Item 701 is attached as Exhibit "C."

b.      Item 702: "Second Amendment to Agreement Dated 10/15/2010 Effective Date: 11/4/2010" allegedly between The Weinstein Company LLC and Bekmambetov Projects Limited, with a proposed cure amount of $0. Item 702 sent to Bekmambetov by Debtors is a "second amendment" to the "option purchase agreement" referred to in Item 701; none of the Debtors are not a counterparty to Item 702. Item 702 is attached as Exhibit "D."

c.      Item 4913: "Agreement Effective Date: 11/5/2010" between The Weinstein Company LLC and Mirsand Limited, with a proposed cure amount of $0. By this Agreement, Debtor The Weinstein Company LLC obtained from Mirsand a license to distribute "Apollo 18."

d.      Item 4914: "Apollo 18-Amendment #1 Effective Date: 4/2/2012" between The Weinstein Company LLC and Mirsand Limited, with a proposed cure amount of $0. This is "Amendment #1" to Item 4913.

e.      Item 4915: "Exclusive License" between The Weinstein Company LLC and Mirsand Limited, with a proposed cure amount of $0. This is a duplicate of Item 4913.

## THE DEBTORS MUST CURE ALL DEFAULTS BEFORE ANY ASSUMPTION OF THE CURRENT WAR CONTRACTS AND THE APOLLO 18 CONTRACTS

9.      As a matter of law, the Debtors cannot assume the Current War Contracts and Apollo 18 Contracts unless and until the Debtors (a) cure any and all existing defaults under such contracts and (b) provide adequate assurance of future performance of their obligations (or those of any assignee) under such contracts. 11 U.S.C. § 365(b)(1). The Debtors have the burden to show that a contract is assumable and that the requirements of Bankruptcy Code § 365 are met. 11 U.S.C. § 365(a); *In re Diamond Mfg. Co., Inc.*, 164 B.R. 198, 199 (Bankr. S.D. Ga. 1994). As

7

noted by the Seventh Circuit, "[t]he language and intent behind § 365 is decisive …[and it] was clearly intended to ensure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance." *In re Superior Toy & Mfg. Co., Inc.*, 78 F.3d 1169, 1174 (7th Cir. 1996).  If the Debtors are "to assume a contract or lease, the court will have to ensure that the [Debtors'] performance under the contract or lease gives the other contracting party the full benefit of his bargain." *Id.*

10.     Sections 365(b)(1)(C) and (f)(2)(B) set forth the requirements concerning adequate assurance of future performance by the proposed assignee.   Adequate assurance of future performance is not limited to financial performance, but includes the future ability to perform under the relevant agreements in a manner similar or superior to that of the assignor/predecessor in interest.  *See, e.g., In re Bygraph, Inc.,* 56 B.R. 596 (Bankr. S.D.N.Y. 1986)(finding adequate assurance based on, among other things, assignee's "experience as an owner and operator of a successful" business venture); *In re Barnhill's Buffet, Inc.,* No. 07-08948, 2008 WL 4489687 at *3-4 (Bankr. M.D. Tenn. 2008)(holding that adequate assurance was not shown for entity without operating experience).  A counterparty is entitled to the nature of the proposed adequate assurance of future performance.  *See In re Golden Books Family Entertainment, Inc.,* 269 B.R. 300, 305-306 (Bankr. D. Del. 2001).  The Debtors bear the burden to show "adequate assurance of future performance."  *E.g., In re M. Fine Lumber Co.,* 383 B.R. 565, 573 (Bankr. E.D.N.Y. 2008); *Richmond Leasing Co. v. Capital Bank, N.A.,* 762 F.2d 1303, 1309-10 (5th Cir. 1985).  Debtors have not introduced into the record any evidence of adequate assurance of future performance and Bekmambetov should not have to run around, while dealing with cure issues and Debtors'

11139505 v1

supplemental assumption and assignment notices, to find and obtain information concerning "adequate assurance."

## THE MONETARY CURE AMOUNT FOR THE ASSUMPTION OF THE CURRENT WAR CONTRACTS IS $800,000

11.     Paragraph 3 of the Current War Producer Agreement (Exhibit "B"), which is not affected by the First Amendment, provides that Tengri is entitled to payment of "fixed compensation" of $1,000,000 "if [Harvey Weinstein] elects not to produce ["Current War"] and be accorded "Produced By" credit in connection with ["Current War"]." As of the commencement date of these bankruptcy cases (the "Petition Date"), Tengri was entitled to payment of, and Debtors were obligated to pay Tengri, the sum of $1,000,000 as Harvey Weinstein is not a "producer" of "Current War." As of the Petition Date, Tengri has only been paid the sum of $250,000 on account of the $1,000,000 owed to it pursuant to paragraph 3 of the Current War Producer Agreement.[6] Thus, in order to cure the monetary default under paragraph 3 of the Current War Producer Agreement, Tengri must be immediately be paid the sum of **$750,000**.

12.     In addition to the sums owed to Tengri under paragraph 3 of the Current War Producer Agreement, Tengri, pursuant to paragraphs 4 and 5 of the Current War Producer Agreement, is also entitled to "Contingent Box Office Bonus(es)" and "Contingent Compensation." As "Current War has not yet been released, no sums are believed due for "Contingent Box Office Bonus(es)" and "Contingent Compensation," but, of course, these obligations must be assumed (and assigned). A review of Debtor's books and records are required to determine if any contingent money is due to Tengri.

---

[6] If Harvey Weinstein is a "producer" of "Current War," Tengri is entitled to be paid the total sum of $500,000 and, thus, is owed the sum of $250,000 in this instance.

11139505 v1

13.     In addition to the sums and obligations owed to Tengri under paragraphs 3, 4 and 5 of the Current War Producer Agreement, Timur and Tengri (or Tengri's designee), pursuant to paragraph 6 of the Current War Producer Agreement, are also entitled to a "Produced By" credit, in first position, and a "production company credit," above the title, on screen and in the billing block in paid ads with respect to "Current War."  It is unclear whether the screen and paid advertising credits have now been "locked" with respect to the final version of the "Current War" photoplay and the creation of advertising materials, such as "one sheets," by Debtors or sub-distributors.  As "Current War" has not yet been released, these obligations, as well as all other obligations described herein and in the relevant agreements, must be assumed (and assigned) and performed.

14.     Paragraph 3 of the "First Amendment"[7] provides that "[i]n the event that [The Weinstein Company LLC] produces ["Current War"], [The Weinstein Company LLC] agrees that it shall assume the obligation to pay Michele Wolkoff ("Wolkoff") fixed compensation in the amount of Fifty Thousand Dollars ($50,000) and accord Wolkoff an executive producer credit in connection with ["Current War"] in accordance with the terms of that certain agreement ("Wolkoff Agreement") dated as of January 4, 2013, between [Bazelevs] and Wolkoff (receipt of relevant excerpts of which [The Weinstein Company LLC] acknowledges).  [The Weinstein Company LLC] shall not be responsible for any other obligations to, and expenses and perquisites of, Wolkoff in connection with ["Current War"]."  The Weinstein Company LLC (not Harvey Weinstein) has produced "Current War" and its obligation to pay Michele Wolkoff ("Wolkoff") the sum of $50,000 came due but it has failed to pay Wolkoff such sum of $50,000.  Thus, to cure

---

[7] Bekmambetov contends that Paragraph 3 of the "First Amendment" amends and supplements the Original Current War Producer Agreement.  However, if it is determined that Paragraph 3 of the "First Amendment" amends and supplements the Current War Option Agreement, then the cure amount set forth in this paragraph 14 must be paid in order for Debtors to assume (and assign) the Current War Option Agreement.

11139505 v1

the monetary defaults under paragraph 3 of the "First Amendment" to Original Current War Producer Agreement (or Current War Option Agreement), Wolkoff must be immediately be paid the sum of **$50,000** (which would otherwise be an obligation of Bazelevs, a party to the "First Amendment"). Additionally, to cure a non-monetary default, Wolkoff must also be accorded an executive producer credit with respect to "Current War."

15.     Further, with respect to "Current War," the Writer's Guild of America ("WGA") has initiated a claim for guild residuals, payable as a percentage of revenues in connection with ancillary rights such as television and various forms of home entertainment, against not only Debtors The Weinstein Company LLC and Team Players, LLC, but also against Timur, individually, and Bazelevs (as guarantor and WGA signatory, respectively, under the original purchase and employment agreement with the writer which was then assigned to Debtors) because Debtors have failed to file WGA-mandated form of distributor's assumption with the WGA, despite Debtors' express assumption of all executory agreements, such as WGA residuals, arising from Debtor's exercise of its option on the underlying screenplay of "Current War." Debtors must be required to cure this default by filing a Literary Materials Assumption Agreement, in accordance with the collective bargaining agreement of the WGA, and thereby including in the obligations being assumed by the buyer, the payment of WGA residuals.

16.     Accordingly, the monetary cure amount required for the assumption (and assignment) of the Current War Contracts is the sum of $800,000. Further, all other non-monetary defaults described above must be cured, as well as the assumption of all future liabilities and obligations set forth in the Current War Contracts. Unless such defaults are immediately cured and all future liabilities and obligations set forth in the Current War Contracts are assumed, the assumption and assignment of the Current War Contracts should be denied.

11139505 v1

## THE MONETARY CURE AMOUNT FOR THE ASSUMPTION OF THE APOLLO 18 CONTRACTS IS UNKNOWN DUE TO DEBTORS' DEFAULT IN PROVIDING ACCOUNTINGS

17.     Pursuant to Items 4913, 4914 and 4915 of the Apollo 18 Contracts, The Weinstein Company LLC was required to, among other things, exploit the picture "Apollo 18" throughout the United States and various foreign countries, and, at such time as the Debtors have recouped their properly chargeable out of pockets costs, the Debtors are required to remit to Mirsand a percentage of the revenues received by the Debtors based upon the exploitation of the picture "Apollo 18." In order to pay Mirsand, and provide verification for such payment, Debtors were required to provide Mirsand periodic accountings for all revenues generated, but Debtors have failed to do so. To date, the only two accountings received by Mirsand/Timur are for the periods ending (a) June 30, 2012, and (b) June 30, 2013. Mirsand is in default on providing accountings and payments since June 30, 2013.

18.     Regarding the Apollo 18 Contracts, the Assumption and Assignment Notice sets forth a proposed cure amount of $0.

19.     Mirsand believes that the proposed cure amount of $0 with respect to the Apollo 18 Contracts is inaccurate, and prior to assumption of any such contracts, Mirsand must be provided with the required accountings and/or given a full and fair opportunity to examine the Debtor's books and records concerning a reconciliation of the revenues generated by "Apollo 18" and the expenses claimed by the Debtors as credits/offsets to the payment of applicable revenues to Mirsand in order to determine the correct cure amount respecting the Apollo 18 Contracts.

20.     In sum, based upon the lack of information provided to Mirsand to date and the record before the Court, it is simply impossible for the parties, Mirsand or the Court to determine the actual cure amount concerning the Apollo 18 Contracts at this time. In addition, the cure

12

11139505 v1

amount may increase every day prior to any assumption and/or assignment of the Apollo 18 Contracts.

### THE COURT SHOULD DENY ASSUMPTION OF THE APOLLO 18 CONTRACTS ABSENT A MECHANISM IN PLACE TO PROMPTLY LIQUIDATE THE CURE AMOUNT AND AN ORDER DIRECTING THE DEBTORS TO PAY SUCH AMOUNT AS A PRECONDITION TO ANY ASSUMPTION

21.    As shown above, the Debtors cannot assume the Apollo 18 Contracts unless and until the Debtors (a) cure any and all existing defaults under the Agreements and (b) provide adequate assurance of future performance of their obligations (or those of any assignee) under the Agreements.  11 U.S.C. § 365(b)(1).

22.    By this Objection, Mirsand seeks an order of this Court denying the assumption of the Apollo 18 Contracts unless and until Debtors provide the required accountings and all back up materials, and the cure amounts due under such contracts are fully liquidated as agreed to by the parties or as otherwise determined by the Court on due and adequate notice to Mirsand if the parties are ultimately unable to agree.

23.    Mirsand will also work with the Debtors and their financial advisors to establish a mechanism to liquidate the cure amounts concerning the Apollo 18 Contracts as quickly and economically as possible.  In the event the parties are unable to agree on a procedure to efficiently liquidate the cure amounts, Mirsand requests that the Court set forth a schedule and procedure to accomplish the prompt liquidation of the cure amounts.

### RESERVATION OF RIGHTS

24.    Bekmambetov reserves the right to amend and/or supplement this Objection and to assert any other rights, objections and remedies under and relating to the Current War Contracts and Apollo 18 Contracts, the Bankruptcy Code or other applicable law, including, without limitation, the rights to raise additional arguments or objections concerning the proposed

13

11139505 v1

assumption and assignment of the such contracts, to inspect and analyze Debtors' books and records concerning the proper cure amount due concerning the Apollo 18 Contracts, and to interpose amended or further objections at a later date as may be warranted by attendant the facts and circumstances.

## **CONCLUSION**

25.     Concerning the Current War Contracts (which must include the "First Amendment"), Bekmambetov objects to their assumption and assignment with a cure amount of $0.  As shown above, the monetary cure amount required for the assumption (and assignment) of the Current War Contracts is the sum of $800,000.  Further, all non-monetary defaults described above must be cured, as well as the assumption of all future liabilities and obligations set forth in the Current War Contracts.  Unless such defaults are immediately cured and all future liabilities and obligations set forth in the Current War Contracts are assumed, the assumption and assignment of the Current War Contracts should be denied.

26.     Concerning the Apollo 18 Contracts, Bekmambetov objects to their assumption and assignment with a cure amount of $0.  As shown above, until Debtors provide the required accountings and all back up materials, the cure amounts cannot be calculated.  Thus, the Apollo 18 Contracts should not be assumed and assigned unless the cure amounts due under such contracts are fully liquidated as agreed to by the parties or as otherwise determined by the Court, if the parties are ultimately unable to agree.  Mirsand will also work with the Debtors and their financial advisors to establish a mechanism to liquidate the cure amounts concerning the Apollo 18 Contracts as quickly and economically as possible.  In the event the parties are unable to agree on a procedure to efficiently liquidate the cure amounts, Mirsand requests that the Court set forth a

11139505 v1

schedule and procedure to accomplish the prompt liquidation of the cure amounts with respect to the Apollo 18 Contracts.

**WHEREFORE,** Bekmambetov respectfully requests that the Court enter an Order: (a) denying assumption of the Current War Contracts and Apollo 18 Contracts unless and until the cure amounts set forth herein are immediately paid or, in the case of the Apollo 18 Contracts, is fully and properly liquidated and paid and Bekmambetov is provided with adequate assurance of future performance (both in terms of payment of the cure amount and ability to perform and properly exploit "Current War" and "Apollo 18"); and (b) granting Bekmambetov such other and further relief that the Court may deem just and proper.

Respectfully submitted,

Dated: April 26, 2018
      Wilmington, Delaware

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

By: */s/ Jennifer R. Hoover*
    Jennifer R. Hoover (DE Bar No. 5111)
    222 Delaware Avenue, Suite 801
    Wilmington, Delaware 19801-1611
    Telephone:    (302) 442-7010
    Facsimile:    (302) 442-7012
    Email:    jhoover@beneschlaw.com

    - and -

JEFFER MANGELS BUTLER & MITCHELL LLP

Thomas M. Geher (CA Bar No. 130588)
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone:    (310) 203-8080
Facsimile:    (310) 203-0567
Email:    tgeher@jmbm.com

*Attorneys for Timur Bekmambetov, Bazelevs U.S., Inc., Tengri, Inc. and Mirsand Limited*

15

11139505 v1