**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re ) | |
| ) | Chapter 11 |
| THE WEINSTEIN COMPANY HOLDINGS ) | |
| LLC, *et al.,* ) | Case No. 18-10601 (MFW) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | |
| ) | **Re: Docket Nos. 8, 216, & 282** |
| ) | |

**LIMITED OBJECTION TO PROPOSED: (A) CURE AMOUNT AND (B) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS; AND RESERVATION OF RIGHTS OF JENNIFER LAWRENCE AND FLOFFIN, INC. CONCERNING THE FILM SILVER LININGS PLAYBOOK**

Jennifer Lawrence and Floffin, Inc. (collectively, "Lawrence"), hereby object to and reserve all rights and remedies (the "Objection") with respect to the proposed assumption and assignment of various agreements between or among any of Lawrence, on the one hand, and The Weinstein Company Holdings LLC, The Weinstein Company, LLC and related debtors (hereinafter "Debtors") for the motion picture "Silver Linings Playbook" (the "Film") pursuant to (a) the *Debtors' Motion for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Substantially All of the Debtors' Assets, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Substantially All of the Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief and (II)(A) Approving Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (B) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related Relief* (the "Sale Motion")[Docket No. 8]; (b)

Debtors' *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* (the "Assumption and Assignment Notice")[Docket No. 216]; and Debtors' *Notice of Supplemental Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* (the "Supplemental Assumption and Assignment Notice" [Docket No. 282] and collectively with the Assumption and Assignment Notice (the "Assumption Schedule").  In support of this Objection, Lawrence respectfully represents as follows:

## INTRODUCTION

1.     Lawrence is a prominent actress starring in major motion pictures whose pictures are well known throughout the World.  Floffin is Lawrence's loan out company.

2.     Lawrence and one or more of the Debtors are parties to that certain *Confirmation Deal Memo* dated as of September 22, 2011 and that certain *Certificate of Engagement* dated as of September 22, 2011 (the "Agreements")[1] for the Film, the financial terms of which Agreements are confidential.  If the Court determines that it is necessary for a disposition of this matter that the parties disclose to the Court the financial terms of the Agreements, Lawrence will request that the parties stipulate (and the Court order) that the Agreements be filed with the Court under seal.

---

[1]  The Confirmation Deal Memo is not specifically listed on the Assumption Schedule, but the Certificate of Engagement which is listed on the Assumption Schedule, does not exist independent of the Confirmation Deal Memo.  The Certificate of Engagement is an exhibit to the Confirmation Deal Memo.  The Confirmation Deal Memo and the Certificate of Engagement are fully integrated.  An executory contract must be assumed or rejected *in toto. Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp.,* 872 F.2d 36, 41 (3d Cir. 1989); *In re Philip Services (Delaware), Inc.,* 284 B.R. 541 (Bankr. Del. 2002).  Lawrence has requested that the Debtors clarify that the entire fully integrated agreement will be assumed, failing which, Lawrence objects to assumption of the Certificate of Engagement as that document is fully integrated with the Confirmation Deal Memo.

## THE DEBTORS MUST CURE ALL DEFAULTS BEFORE ANY ASSUMPTION OF THE <u>LAWRENCE AGREEMENTS</u>

3. Pursuant to the Agreements, the Debtors are required to, among other things, exploit the Film, and, at such time as the Debtors have recouped their properly chargeable out of pockets costs, the Debtors are required to remit to Lawrence a percentage of the revenues received by the Debtors based upon the Debtors' exploitation of the Film.

4. Regarding Lawrence and the Film, the Assumption Schedule sets forth a cure amount of $102,623.00 (the "<u>Proposed Cure Amount</u>").

5. Lawrence believes that the Proposed Cure Amount may be inaccurate, and prior to assumption of any of the Agreements related to the Film, Lawrence must be given a full and fair opportunity to examine the Debtors' books and records concerning a reconciliation of the revenues generated by the Film and the expenses claimed by the Debtors as credits/offsets to the payment of applicable revenues to Lawrence.

6. As of the date of this Objection, while Lawrence has been provided with some financial information concerning the revenues generated by the Debtors from the Film, Lawrence has not been provided with all of the necessary information, has not been able to fully analyze the information received to date, and has not had the opportunity to fully discuss the information with Debtors' representatives.[2]

7. In sum, based upon the information provided to Lawrence to date and the record before the Court, it is simply impossible for the parties or the Court to determine the actual cure amount at this time. In addition, the most current financial information provided by the Debtors

---

[2] Lawrence does not have independent access to the information needed to evaluate the proper cure amount. This information must be provided by the Debtors, subject to independent review, analysis and audit if necessary.

is only through December 31, 2017. Additional monies are owed on the Film based upon Debtors' exploitation of the Film for revenue generated between that date and the closing date of any sale and the cure amount will likely increase every day prior to any assumption and/or assignment of the Agreements related to the Film.

### THE DEBTORS MUST CURE ALL DEFAULTS BEFORE ANY ASSUMPTION OF THE LAWRENCE AGREEMENTS

8. As a matter of law, the Debtors cannot assume the Agreements and other agreements related to the Film unless and until the Debtors (a) cure any and all existing defaults under such contracts and (b) provide adequate assurance of future performance of their obligations (or those of any assignee) under such contracts. 11 U.S.C. § 365(b)(1). The Debtors have the burden to show that a contract is assumable and that the requirements of Bankruptcy Code § 365 are met. 11 U.S.C. § 365(a); *In re Diamond Mfg. Co., Inc.*, 164 B.R. 198, 199 (Bankr. S.D. Ga. 1994). As noted by the Seventh Circuit, "[t]he language and intent behind § 365 is decisive …[and it] was clearly intended to ensure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance." *In re Superior Toy & Mfg. Co., Inc.*, 78 F.3d 1169, 1174 (7th Cir. 1996). If the Debtors are "to assume a contract or lease, the court will have to ensure that the [Debtors'] performance under the contract or lease gives the other contracting party the full benefit of his bargain." *Id*.

**THE COURT SHOULD DENY ASSUMPTION OF THE LAWRENCE AGREEMENTS ABSENT A MECHANISM IN PLACE TO PROMPTLY LIQUIDATE THE CURE AMOUNT AND AN ORDER DIRECTING THE DEBTORS TO PAY SUCH AMOUNT AS A PRECONDITION TO ANY ASSUMPTION**

9. By this Objection, Lawrence seeks an order of this Court denying the assumption of the Agreements unless and until the cure amounts due under such Agreements are fully liquidated as agreed to by the parties or as otherwise determined by the Court on due and adequate notice to Lawrence if the parties are ultimately unable to agree.

10. Lawrence will work with the Debtors and their financial advisors to establish a mechanism to liquidate the cure amounts as quickly and economically as possible. In the event the parties are unable to agree on a procedure to efficiently liquidate the cure amounts, Lawrence requests that the Court set forth a schedule and procedure to accomplish the prompt liquidation of the cure amounts.

**LAWRENCE IS ENTITLED TO ADEQUATE ASSURANCE OF FUTURE PERFORMANCE FROM ANY ASSIGNEE**

11. Sections 365(b)(1)(C) and (f)(2)(B) set forth the requirements concerning adequate assurance of future performance by any (as yet undetermined) assignee. Adequate assurance of future performance is not limited to financial performance, but includes the future ability to perform under the Agreements in a manner similar or superior to that of the assignor/predecessor in interest. *See, e.g., In re Bygraph, Inc.,* 56 B.R. 596 (Bankr. S.D.N.Y. 1986)(finding adequate assurance based on, among other things, assignee's "experience as an owner and operator of a successful" business venture); *In re Barnhill's Buffet, Inc.,* No. 07-08948, 2008 WL 4489687 at *3-4 (Bankr. M.D. Tenn. 2008)(holding that adequate assurance was not shown for entity without operating experience). The Debtors bear the burden to show "adequate assurance of future performance." *E.g., In re M. Fine Lumber Co.,* 383 B.R. 565, 573

5

(Bankr. E.D.N.Y. 2008); *Richmond Leasing Co. v. Capital Bank, N.A.,* 762 F.2d 1303, 1309-10 (5th Cir. 1985).

12.     The Sale Motion does not provide any information concerning adequate assurance of future performance by the Stalking Horse or any to-be-determined Successful Bidder.  The showing thus far of adequate assurance of future performance (or more specifically the lack thereof) imposes an unfair burden on contract counterparties when, under the law, the burden to prove adequate assurance of future performance rests solely with the Debtors.

## **RESERVATION OF RIGHTS**

13.     In order to reserve their rights, Lawrence hereby objects to the assumption of the Agreements, unless and until Lawrence is provided with an adequate opportunity to: (i) accurately establish the Code mandated cure amount and (ii) evaluate the requisite financial and operational information applicable, to establish the Successful Bidder's future ability to perform under the Agreements.

14.     In addition to the reservations of rights stated above, Lawrence reserves the right to amend and/or supplement this Objection and to assert any other rights, objections and remedies under and relating to the Agreements, the Bankruptcy Code or other applicable law, including, without limitation, the rights to raise additional arguments or objections concerning the proposed assumption and assignment of the Agreements, to inspect and analyze Debtors' books and records concerning the proper cure amount due to Lawrence at this time pursuant to the Agreements and applicable law, and to interpose amended or further objections at a later date as may be warranted by attendant the facts and circumstances.

**WHEREFORE,** Lawrence respectfully requests that the Court enter an Order: (a) denying assumption of the Agreements unless and until the cure amount is fully and properly liquidated and Lawrence is provided with adequate assurance of future performance (both in terms of payment of the cure amount and ability to properly exploit the Film); and (b) granting Lawrence such other and further relief that the Court may deem just and proper.

Respectfully submitted,

Dated: April 30, 2018
      Wilmington, Delaware

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

By:  /s/ Jennifer R. Hoover
    Jennifer R. Hoover (DE No. 5111)
222 Delaware Avenue, Suite 801
Wilmington, Delaware 19801-1611
Telephone:   (302) 442-7010
Facsimile:    (302) 442-7012
Email:        jhoover@beneschlaw.com

- and –

JEFFER MANGELS BUTLER & MITCHELL LLP
David M. Poitras
Thomas M. Geher (*Admitted Pro Hac Vice*)
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone:   (310) 203-8080
Facsimile:    (310) 203-0567
Email:        dpoitras@jmbm.com
               tgeher@jmbm.com

*Attorneys for Jennifer Lawrence and Floffin, Inc.*

11144919