**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>THE WEINSTEIN COMPANY HOLDINGS LLC, *et al.*,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 18-10601 (MFW)<br><br>(Jointly Administered)<br><br>**Hearing Date: May 8, 2018 at 11:30 a.m. (Eastern Daylight Time)**<br><br>**Related Docket Nos. 216 and 282** |

**OBJECTION AND RESERVATION OF RIGHTS OF JOHN FUSCO, GIOVANNI FUSCO AND MUD CITY MOVING PICTURE CO. F/S/O JOHN FUSCO TO (I) NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNTS, AND (II) NOTICE OF SUPPLEMENTAL POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNTS**

John Fusco, Giovanni Fusco and Mud City Moving Picture Co. f/s/o John Fusco (together "**Movants**"), by and through their undersigned counsel, hereby file this objection and reservation of rights (the "**Objection**") with respect to the above-captioned Debtors' (the "**Debtors**") (a) *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* (the "**Initial Assumption Notice**") [Docket No. 216], and (b) *Notice of Supplemental Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* (the "**Supplemental Notice**", and together, the "**Assumption Notices**") [Docket No. 282] respectfully state as follows:

**BACKGROUND**

1. On March 19, 2018 (the "**Petition Date**"), the Debtors commenced voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the Bankruptcy Code. 11 U.S.C. § 101

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

*et seq.* (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

2. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of this date, no trustee or examiner has been appointed in these Chapter 11 Cases.

3. On March 20, 2018, the Debtors' filed the *Debtors' Motion for Entry of Orders (i)(a) Approving Bidding Procedures for Sale of Substantially All of the Debtors' Assets, (b) Approving Stalking Horse Bid Protections, (c) Scheduling Auction for, and Hearing to Approve, Sale of Substantially All of the Debtors' Assets, (d) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (e) Approving Assumption and Assignment Procedures and (f) Granting Related Relief and (ii)(a) Approving Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (b) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases and (c) Granting Related Relief* [Docket No. 8] (the "**Bidding Procedures Motion**").

4. On April 6, 2018, the Court entered the *Order (i)(a) Approving Bidding Procedures for Sale of Substantially All of the Debtors' Assets, (b) Approving Stalking Horse Bid Protections, (c) Scheduling Auction for, and Hearing to Approve, Sale of Substantially All of the Debtors' Assets, (d) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (e) Approving Assumption and Assignment Procedures and (f) Granting Related Relief* [Docket No. 190] (the "**Bidding Procedures Order**").

5. Pursuant to the Bidding Procedures Order, the Debtors filed the Initial Assumption Notice on April 13, 2018. The Initial Assumption Notice identifies twenty-one (21) separate documents, agreements, certificates and/or drafts (generally, "**Agreements**") between one or more of the Movants and one or more of the Debtors. These Agreements are identified on **Schedule 1** attached hereto.

6.     Subsequently, on April 20, 2018, the Debtors filed the Supplemental Notice, which identifies an additional thirty-seven (37) separate Agreements between one or more of the Movants, and one or more of the Debtors. These Agreements are identified on **Schedule 2** attached hereto.

## OBJECTION

A.    **THE AGREEMENTS ARE NOT EXECUTORY AND MAY NOT BE ASSUMED AND ASSIGNED.**

7.     Pursuant to section 365 of the Bankruptcy Code, a debtor, with court approval, may assume or reject any executory contract or unexpired lease of a debtor. This statute deals exclusively with contracts that are executory in nature and provides no option for the assumption of non-executory contracts. *See Steward Foods, Inc. v. Broecker (In re Stewart Foods, Inc.)*, 64 F.3d 141, 145 (4th Cir. 1995) (noting that a debtor has no right to assume or reject a non-executory contract and instead remains bound by the contracts after filing); *In re Exide Tech.*, 378 B.R. 762 (Bankr. D. Del. 2007) (stating court must undertake analysis of whether contract is executory, as section 365 of the Bankruptcy Code does not allow the assumption of non-executory contracts).

8.     In determining whether a contract is executory and, hence, subject to assumption or rejection, courts in the Third Circuit have relied on the Countryman Test, which provides that a contract is executory when "'the obligations of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other,'" *Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp.*, 872 F.2d 36, 39 (3rd Cir. 1989) (quoting Vern Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 Minn.L.Rev. 439, 460 (1973)). "Thus, unless both parties have unperformed obligations that would constitute a material breach if not performed, the contract is not executory under § 365." *In re Columbia Gas Sys., Inc.*, 50 F.3d 233, 239 (3rd Cir. 1995).

9.     The Agreements identified on the Assumption Notices (to the extent such Agreement was finalized between any of the Movants and the Debtors) were subsequently fully

performed by Movants, and do not contain outstanding material obligations on behalf of both the Debtors and the Movants. As set forth below, the only outstanding obligation that remains is the payment of $142,500.00 owed by the Debtors to Movants in connection with the services performed by Movants under the Attila Agreements (*as defined below*). However, where the payment of money is the only remaining obligation, such a contract is not executory. *Pirinate Consulting Grp. LLC v. Avoca Bement Corp. (In re NewPage Corp.)*, 517 B.R. 508 (Bankr. D. Del. 2014) (quoting *In re Supermedia, Inc.*, 2014 WL 5567838, *3 (Bankr. D. Del. Oct. 9, 2013)); *In re Waste Sys. Int'l, Inc.*, 208 B.R. 824, 827 (Bankr. D. Del. 2002). Accordingly, the Debtors are prohibited from assuming and/or assigning the Agreements.

**B.    CURE OBJECTION**

10.    Although the Agreements are each non-executory and thus cannot be assumed and assigned, to the extent that the Court determines otherwise, Movants object to the proposed cure amount with respect to Agreement Nos. 6180, 6181, 6185 and 11054 (the "**Attila Agreements**") identified in the Supplemental Notice, and on **Schedule 2** attached hereto.

11.    Under section 365(b)(1)(A) of the Bankruptcy Code, a debtor cannot assume an executory contract or unexpired lease, under which the debtor has defaulted, unless at the time of assumption the debtor "cures or provides adequate assurance that it will promptly cure such default." 11 U.S.C. § 365(b)(1)(A); *L.R.S.C. Co. v. Rickel Home Ctrs., Inc. (In re Rickel Home Ctrs., Inc.)*, 209 F.3d 291, 298 (3rd Cir. 2000). Section 365(b)(1)(B) of the Bankruptcy Code requires a debtor to provide "adequate assurance that [it] will promptly compensate, a party other than the debtor to such contract or lease, for any actual or pecuniary loss to such party resulting from such default". 11 U.S.C. § 365(b)(1)(B). In addition to the requirements of Section 365(b)(1)(A) and (B), Section 365(b)(1)(C) requires that the debtor must provide "adequate assurance of future performance" under the contract or lease before being permitted to assume such contract or lease. 11 U.S.C. § 365(b)(1)(C); *In re Rickel Home Ctrs., Inc*, 209 at 298.

12. Prior to the Petition Date, Movants are owed $142,500.00 in connection with the Attila Agreements, for which Movants have not yet been paid. Because a default exists under the Attila Agreements, the Debtors may not assume and assigned the Attila Agreement without first curing all pre-petition and post-petition defaults and providing adequate assurance of future performance.

### C. RESERVATION OF RIGHTS

13. Movants reserve the right to amend, supplement, or otherwise modify this Objection, and to raise further objections to the assumption and assignment or cure amount with respect to their Agreements or any additional executory contract that the Debtors may designate for assumption and assignment.

**WHEREFORE**, Movants request entry of an Order consistent with this Objection and such other and further relief as is just under the circumstances.

Dated: April 30, 2018
Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ William E. Chipman, Jr.*
William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:    (302) 295-0193
Facsimile:    (302) 295-0199
Email:    chipman@chipmanbrown.com
    olivere@chipmanbrown.com

*Counsel for John Fusco, Giovanni Fusco and Mud City Moving Picture Co. f/s/o John Fusco*