## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

------------------------------------------------------- x

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| THE WEINSTEIN COMPANY HOLDINGS, | : |
| LLC, *et al.* | : Case No. 18-10601 (MFW) |
| | : (Jointly Administered) |

------------------------------------------------------- x   **Re: D.I. 1115 and 1129**

### JOINDER OF TIMUR BEKMAMBETOV, BAZELEVS U.S., INC., TENGRI, INC., MIRSAND LIMITED, JENNIFER LAWRENCE, FLOFFIN, INC., COMPANY MEN PRODUCTIONS, INC., KATE McKINNON, LEONARDO DiCAPRIO, AND BIRKEN PRODUCTIONS, INC. TO *OPPOSITION OF EXECUTORY CONTRACT COUNTERPARTIES TO THE DEBTORS' MOTION FOR ORDER APPROVING AMENDMENT TO ASSET PURCHASE AGREEMENT WITH LANTERN ENTERTAINMENT LLC; AND RESERVATION OF RIGHTS*

Timur Bekmambetov, Bazelevs U.S., Inc., Tengri, Inc., Mirsand Limited, Jennifer Lawrence, Floffin, Inc., Company Men Productions, Inc., Kate McKinnon, Leonardo DiCaprio, and Birken Productions, Inc. (collectively, "Joinder Parties"), by and through their counsel of record, hereby collectively file this joinder (the "Joinder") to the *Opposition of Executory Contract Counterparties to the Debtors' Motion For Order Approving Amendment to Asset Purchase Agreement With Lantern Entertainment LLC; and Reservation Of Rights* (the "Opposition") filed by Bill Murray, Willie Lump Enterprises, Inc., Brad Pitt, Potter, Inc., Bruce Cohen, Bruce Cohen Productions, David O. Russell, Kanzeon Corp., David Zucker, Jerry's Brother, Inc., Donna Gigliotti, George Clooney, Dynamic '88 Productions, Inc., Grant Heslov, Good Lie, Inc., Jake Gyllenhaal, Cykel Corp., John Cusack, JPC Enterprises, LLC, Cusack Enterprises, LLC, New Crime Productions, LLC, Julia Roberts, Sabajka Productions II, Inc., Lorenzo di Bonaventura, di Bonaventura Pictures, Inc., Meryl Streep, Rachel McAdams, Pink Fox, Inc., Robert De Niro, Canal Productions, Inc., The Estate of Wes Craven, Theodore Melfi and Goldenlight Films, Inc. in opposition to *Debtors' Motion for an Order Approving Amendment to Asset Purchase Agreement*

11348918

*Entered Into By and Between The Debtors and Lantern Entertainment LLC* (the "Motion").  In support thereof the Joinder Parties state:

1.      On March 19, 2018 (the "Petition Date"), The Weinstein Company LLC ("TWC") and its affiliated debtors and debtors in possession (collectively, the "Debtors") filed their respective voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2.      On March 20, 2018, the Debtors filed *Debtors' Motion for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Substantially all of the Debtors' Assets, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Substantially All of the Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief and Approving Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (B) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related Relief* [Docket No. 8] (the "Sale Motion").

3.      Attached to the Sale Motion as Exhibit B was a form of Asset Purchase Agreement ("APA") with Lantern Entertainment LLC ("Lantern").  The APA provides that Lantern will acquire certain "Purchased Assets" in connection with the sale, including certain film titles listed in Annex 1 to the APA.  The Joinder Parties are actors, producers and distribution companies of certain of the films listed in Annex 1 to the APA and are counterparties to various related executory contracts.

11348918

4.     The APA provides that Lantern will perform all of the Debtors' obligations which may arise following the Closing and in connection with the operation of the Purchased Assets. Section 2.3 of the APA, entitled "Assumption of Liabilities," provides, among other things, that Lantern "shall (a) assume from the Seller Parties and thereafter pay, perform or discharge when due those Liabilities of the Seller Parties arising out of the operation of the Purchased Assets (including the Assumed Contracts) for periods following the Closing Date, (b) pay the Cure Amounts associated with Assumed Contracts . . . ." APA, § 2.3.  The Debtors confirmed to counsel for the parties that filed the Opposition that, regardless of whether a particular contract is assumed and assigned to Lantern, "obligations arising from the operation of the business post-closing (i.e., back end rights) would be obligations of [Lantern]."  See, Opposition, Declaration of Roye Zur, ¶ 2, Exhibit 1.

5.     On April 6, 2018, the Court entered the *Order (I) (A) Approving Bidding Procedures for Sale of Substantially All of The Debtors' Assets, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction For, And Hearing to Approve, Sale of Substantially All of The Debtors' Assets, (D) Approving Form and Manner of Notices Of Sale, Auction And Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief* (the "Bidding Procedures Order") [Docket No. 190].

6.     The Bidding Procedures Order established a procedure for the potential assumption of certain executory contracts by the Debtors and the assignment of those contracts to the successful purchaser.  Among other things, the Debtors were obligated to file a notice, the "Potential Assumption and Assignment Notice and Contracts Schedule," which "specifies (i) each of the Contracts and Leases that may be assumed and assigned in connection with the Sale,

11348918

including the name of each Counterparty and (ii) the proposed Cure Amount with respect to each Contract and Lease." Bidding Procedures Order, ¶ 24.

7.      The Debtors have filed multiple notices addressing the potential assumption of executory contracts and the assignment of those assumed contracts to Lantern. [*See* Docket Nos. 216, 282, 482, 860.]

8.      On May 9, 2018, the Court entered its *Order (I) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests, Encumbrances and Other Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and (III) Granting Related Relief* (the "Sale Order") [Docket No. 846].

9.      Paragraph 29 of the Sale Order provides that the Debtors will assume "each of the Assumed Contracts and Leases identified on a notice that the Debtors will file with the Court within (1) Business Day after entry of [the Sale] Order . . . and assign the Assumed Contracts and Leases" to Lantern. Sale Order, ¶ 29. Paragraph 35 of the Sale Order further provides that "[e]ach Assumed Contract and Lease constitutes an executory contract or unexpired lease under Bankruptcy Code section 365, and all requirements and conditions under Bankruptcy Code sections 363 and 365 for the assumption by the Debtors and assignment to [Lantern] of the Assumed Contracts and Leases have been, or will be, satisfied. . . ." *Id.*, ¶ 35.

10.     On May 10, 2018, the Debtors filed their *Notice of Filing of Final List of Potentially Assumed Contracts and Leases* (the "Final Contract List") [Docket No. 860]. The Final Contract List contains numerous contracts with the Joinder Parties which, by their inclusion in the Final Contract List and pursuant to Paragraph 35 of the Sale Order, have been determined to be executory contracts.

11348918

11.     On June 8, 2018, the Debtors filed *Debtors' Statement Regarding Contracts to Be Transferred Pursuant to the Asset Purchase Agreement with Lantern Entertainment LLC* (the "Statement").  Attached as Exhibit A to the Statement is a list of contracts, including contracts with the Joinder Parties, that the Debtors allegedly have determined are not executory.  Statement, ¶ 6.  The Debtors also allege, without authority or specificity, that "[n]otwithstanding that the contracts . . . are not executory contracts and are not being assumed and assigned pursuant to Section 365 of the Bankruptcy Code, the Asset Purchase Agreement provides for the purchase, by Lantern, of any rights or assets transferred to the Debtors pursuant to such contracts."  *Id.*, ¶ 7.

12.     On June 18, 2018, certain of the Joinder Parties, whose contracts were listed in the Statement, filed objections, and joinders to other oppositions, to the Statement.  Among other things, their objections and joinder argued that (1) the Sale Order already determined that the contracts listed in the Final Contract List are executory, and that the "dispute" belatedly created by the Statement was barred by the Sale Order; (2) the Debtors failed to meet their burden of proving that the relevant contracts are not executory; and (3) regardless of whether or not the contracts are executory, Section 2.3 of the APA provides that Lantern will assume all post-Closing obligations arising out of the operation of the Purchased Assets.

13.     Although a hearing on the objections was scheduled for June 22, 2018, the Debtors adjourned the hearing to July 18, 2018, which is the date set for the hearing on the Joinder Parties' objections relating to assumption and assignment of their contracts.

14.     On June 27, 2018, the Debtors filed the Motion.  In the Motion, the Debtors seek, among other things, to reduce the purchase price for the Purchased Assets by $23 million.  (Based upon reports from various news agencies, the Debtors reached an agreement with the Official Committee of Unsecured Creditors to adjust the price reduction to $21 million.)  The Debtors'

11348918

alleged justification for the price reduction is that it will ensure that Lantern will pay all cure amounts, an unidentified portion of which consists of participation payments owed to various parties, including the Joinder Parties.  *See* Motion, ¶ 8.

15.      The Motion also seeks approval of various other material changes to the APA, which are not explained, highlighted, or described in the Motion.  Nor do the Debtors include a black-line of the APA to creditors or the Court.  Significantly, the Debtors and Lantern seek approval of the following amendment to Section 2.3 of the APA (emphasis added):

> "On the terms and subject to the conditions set forth in this Agreement, at the Closing, Buyer shall (a) assume from the Seller Parties and thereafter pay, perform or discharge when due those Liabilities of the Seller Parties arising out of the operation of the Purchased Assets (including the Assumed Contracts) for periods following the Closing Date, **except for those Liabilities that are Excluded Liabilities** and (b) subject to the following sentence, assume the Liabilities set forth on Schedule 2.3 (collectively, the Liabilities to be assumed pursuant to the foregoing clauses (a) and (b), the "Assumed Liabilities")."  [Emphasis supplied.]

16.      Because the term "Excluded Liabilities" is defined to include, among other things, liabilities arising under contracts that are not assumed and assigned to Lantern, the proposed amendment seeks to relieve Lantern from any post-Closing obligations arising under contracts purchased by Lantern (*i.e.*, included in "Purchased Assets") but not "Assumed."  Because the APA approved by this Court presently provides that Lantern will assume from Debtors all post-Closing obligations arising out of the operation of the Purchased Assets regardless of whether any contracts are assumed and assigned to Lantern, the proposed amendment to Section 2.3 seeks to eliminate the Joinder Parties' argument that Lantern is obligated to perform all post-Closing obligations arising out of the operation of the Purchased Assets regardless of whether any contracts are assumed and assigned.

11348918

17.     The Motion also seeks – without any description or discussion in the Motion – approval of an amendment to Section 2.8 of the APA that represents a significant change to the Sale Order.  As explained above, the Sale Order provides that all contracts listed in the Debtors' Final Contract List constitute "Assumed Contracts and Leases."  *See* Sale Order, ¶¶ 29, 35. The Debtors seek to undo the Court's finding by amending Section 2.8(a) of the APA to provide that "All executory Contracts of the Seller Parties that are listed on Section 2.8(a) of the Disclosure Schedule as of the Closing Date and which Buyer does not designate in writing for assumption shall not be considered Assumed Contracts or Purchased Assets and shall automatically be deemed 'Excluded Contracts' (and for the avoidance of doubt, Buyer shall not be responsible for any related Cure Amounts related to any Excluded Contracts)."  Effectively, the Debtors and Lantern seek to undercut the effect of this Court's finding that the contracts listed in the Debtors' Final Contract List constitute executory contracts assumed and assigned to Lantern.

18.     For all of the reasons and arguments set forth in the Opposition, which the Joinder Parties hereby adopt as their own opposition to the Motion and incorporate herein by this reference, the Joinder Parties oppose the Motion.


## CONCLUSION

19.     For all of the reasons set forth herein, the Joinder Parties request that this Court enter an Order: (a) conditioning the approval of the reduction in the purchase price on the resolution of the Joinder Parties' objections relating to the cure amounts; (b) denying the requested amendments to Section 2.3 and Section 2.8(a); and (c) granting such other and further relief that the Court may deem just and proper.

11348918

Respectfully submitted,

Dated: July 9, 2018
        Wilmington, Delaware

BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP

By:      /s/ Jennifer R. Hoover
        Jennifer R. Hoover  (DE Bar No. 5111)
        222 Delaware Avenue, Suite 801
        Wilmington, Delaware 19801-1611
        Telephone:    (302) 442-7010
        Facsimile:    (302) 442-7012
        Email:       jhoover@beneschlaw.com

- and -

JEFFER MANGELS BUTLER & MITCHELL LLP
Thomas M. Geher (CA Bar No. 130588)
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone:    (310) 203-8080
Facsimile:    (310) 203-0567
Email:       tgeher@jmbm.com

*Attorneys for Timur Bekmambetov, Bazelevs U.S.,
Inc., Tengri, Inc., Mirsand Limited, Jennifer
Lawrence, Floffin, Inc., Company Men Productions,
Inc., Kate McKinnon, Leonardo DiCaprio, and
Birken Productions, Inc.*

8

11348918