# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE WEINSTEIN COMPANY HOLDINGS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-10601 MFW<br><br>Jointly Administered<br><br>**Related to Dkt. No. 1115** |

### RESPONSE OF OWN LLC TO DEBTORS' MOTION FOR AN ORDER APPROVING AMENDMENT TO ASSET PURCHASE AGREEMENT ENTERED INTO BY AND BETWEEN THE DEBTORS AND LANTERN ENTERTAINMENT LLC AND RESERVATION OF RIGHTS

OWN LLC ("OWN"), by and through its undersigned counsel, hereby submits this response and reservation of rights (the "Response") to the *Debtors' Motion for an Order Approving Amendment to Asset Purchase Agreement Entered into by and between the Debtors and Lantern Entertainment LLC* (the "Motion") [D.I. 1115] filed by the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned, jointly administered bankruptcy cases (collectively, the "Chapter 11 Cases"). In support thereof, OWN states as follows:

### PRELIMINARY STATEMENT

1. On May 9, 2018, the Court entered an order (the "Sale Order") approving the sale (the "Sale") of substantially all of the Debtors' assets (collectively, the "Assets") to Lantern Entertainment LLC ("Lantern") pursuant to an Asset Purchase Agreement dated March 19, 2018 (as amended, supplemented or otherwise modified, the "APA" or "Agreement"). [D.I. 846] By

---

[1] The last four (4) digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, NY 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four (4) digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

- 2 -

and through the Motion, the Debtors seek approval of a purported settlement with Lantern pertaining to the parties' respective obligations under the APA to pay cure amounts and participations, which the Debtors and Lantern propose effectuating via a series of amendments to the APA (collectively, the "Amendments")—most notably, a $23,000,000 reduction of the purchase price for the Assets (the "Purchase Price"). [D.I. 1115] In addition to the Purchase Price reduction, the Amendments seek to establish new procedures for the assumption and assignment of executory contracts and unexpired leases. [*Id.*]

2. OWN hereby objects to these newly-proposed assumption and assignment procedures on several grounds. First, the proposed procedures violate section 365 of title 11 of the United State Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") by seeking authority to (a) close the Sale without curing existing defaults under the License Agreements and (b) transfer the authority to assume and assign or reject executory contracts to Lantern. Second, the Amendments to the APA are highly prejudicial to OWN. Under the newly-proposed assumption and assignment procedures, the Debtors intend to vest Lantern with the right to determine if, and when, to comply with the requirements of section 365 of the Bankruptcy Code, which places a substantial burden on OWN due to the uncertainty of the future exploitation of the rights under the License Agreements.

3. Accordingly, OWN respectfully requests that the Court deny the Motion in its entirety or, in the alternative, require the Debtors or Lantern to satisfy the requirements of section 365 of the Bankruptcy Code and definitively assume or reject the License Agreements no later than thirty (30) calendar days following the Closing Date (as defined in the APA).

**BACKGROUND**

4. Prior to the commencement of the Chapter 11 Cases, OWN entered into three (3) Program License Agreements (collectively, the "License Agreements") with The Weinstein Company LLC ("TWC"), under which TWC granted OWN a license to exhibit three (3) feature films titled *Lee Daniels' The Butler*, *Mandela: Long Walk to Freedom*, and *20 Feet From Stardom* (collectively, the "Programs").

5. On or about March 19, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code—thereby commencing the Chapter 11 Cases. Shortly thereafter, the Debtors filed the *Debtors' Motion for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Substantially all of the Debtors' Assets, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Substantially All of the Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief and (II)(A) Approving Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (B) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related Relief* (the "Sale Motion"). [D.I. 8] By and through the Sale Motion, the Debtors sought authority to assume and assign certain executory contracts and to sell substantially all of their assets (i.e., the Assets), including, without limitation, the Debtors' rights under the assumed executory contracts, to Lantern. [*Id.*]

6. In association with the Sale, the Debtors filed three (3) notices of potential assumption and assignment of executory contracts and unexpired leases (collectively, the "Assumption Notices"). [D.I. 216, 282, 860]. The Assumption Notices identified the License Agreements as executory contracts subject to assumption and assignment under section 365 of

the Bankruptcy Code. OWN filed timely responses and reservations of rights to each of the Assumption Notices (collectively, the "Assumption Notice Responses"), which are incorporated herein by reference. [D.I. 523, 703, 934] By and through the Assumption Notice Responses, OWN objected to the assumption and assignment of the License Agreements on the grounds that the Debtors were in default and must cure the defaults prior to assuming or assigning the License Agreements to Lantern. [D.I. 523, 703, 934]

7. On May 9, 2018, the Court entered an order granting the Sale Motion and approving the Sale to Lantern per the terms of the APA (the "Sale Order") [D.I. 846]. The Sale Order, however, did not finally determine the assumption or assignment of certain executory contracts, including the License Agreements. Indeed, paragraphs OO and 61 of the Sale Order expressly provide that the entry of the Sale Order shall not affect the rights of any party that filed a timely objection or response to the Assumption Notices (e.g., OWN), which are preserved and shall be addressed at a final hearing (the "Assumption Hearing") regarding the assumption and assignment of executory contracts and unexpired leases. [D.I. 846, pp. 17, 47] The Debtors have unilaterally adjourned the Assumption Hearing on multiple occasions. The Assumption Hearing is presently scheduled for July 18, 2018, at 11:30 a.m. (ET)—five (5) days after the proposed Closing Date for the Sale. [D.I. 1089 and 1115-2, at p. 7]

8. On June 27, 2018, the Debtors filed the Motion. By and through the Motion, the Debtors seek approval of a purported settlement with Lantern pertaining to the parties' respective obligations under the APA to pay cure amounts and pre-closing participations, which the Debtors and Lantern propose effectuating via a series of Amendments to the APA—most notably, a $23,000,000 reduction of the Purchase Price for the Assets. [*see, generally*, D.I. 1115] In addition to the Purchase Price reduction, the Amendments seek to establish a procedure for post-

closing assumption and assignment of executory contracts and unexpired leases. The Amendments provide that the Sale shall close on or about July 13, 2018—two (2) days after the scheduled hearing on the Motion. [*Id.*]

9.      As of the filing of this Response, the Debtors have not assumed the License Agreements, or any of them; although, the License Agreements continue to be identified as executory contracts on the Assumption Notices.

**ARGUMENT**

**A.      The Amendments Violate Section 365 of the Bankruptcy Code**

10.     Pursuant to sections 365(b)(1) and (f) of the Bankruptcy Code, a debtor in possession cannot assume or assign an executory contract or unexpired lease "unless, ***at the time of assumption of such contact or lease***, the trustee—(A) cures, or provides adequate assurance that the trustee will promptly cure, [any existing] default . . . ." 11 U.S.C. §§ 365(b)(1) & (f) (emphasis added). The proposed Amendments violate these provisions of section 365 of the Bankruptcy Code.

11.     First and foremost, the proposed Amendments violate the provisions of section 365 of the Bankruptcy Code. Under section 365 of the Bankruptcy Code, the Debtors may not assume or assign the QT/TWC Agreements unless and until the Debtors cure all defaults. 11 U.S.C. §§ 365(b) & (f). As set forth in the Assumption Notice Responses, the Debtors have defaulted under the QT/TWC Agreements in numerous ways. While the Debtors have cured certain defaults, the Debtors have yet to fully address the issues raised in the Assumption Notice Responses. Notwithstanding, under the APA, as amended, the Debtors seek to close the Sale on the Closing Date (i.e., July 13, 2018) and assume and assign all "Assumed Contracts" to Lantern, including the License Agreements. Unless and until these objections and defaults are resolved, the Debtors may not assume or assign the License Agreements to Lantern.

12. Additionally, pursuant to the proposed Amendments, the Debtors improperly abdicate their duties and responsibilities in the context of assuming and assigning executory contracts. 11 U.S.C. § 365(a) (a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."); *see In re Network Access Solutions, Corp.*, 330 B.R. 67, 75 (Bankr. D. Del. 2005) (the decision to assume or assign an executory contract must be supported by the <u>*debtor's*</u> sound business judgment); *In re Exide Techs.*, 340 B.R. 222, 239 (Bankr. D. Del. 2006) (same). Indeed, under the procedures proposed in the Amendments, the Debtors purport to vest <u>*Lantern*</u> with the authority to make any determinations regarding the assumption and assignment of executory contracts <u>*at any time*</u>, even following the closing of the Sale. The Debtors owe fiduciary duties to creditors of the estates, including counterparties to executory contracts and unexpired leases. The Debtors may not simply abandon these duties through the substitution of Lantern's business judgment. *Id.*; *see In re Cochise College Park*, 703 F.2d 1339, 1357 (9th Cir. 1983) ("A bankruptcy or reorganization trustee is a fiduciary of each creditor of the estate, including anyone who is a party to an executory contract with the bankrupt." (*citing Wolf v. Weinstein*, 372 U.S. 633, 650, 10 L. Ed. 2d 33, 83 S. Ct. 969 (1963))).

B.  **The Amendments are Highly Prejudicial to OWN**

13. Under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the Court may not approve a compromise unless the proposed "compromise is fair, reasonable, and in the interest of the estate." *See In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998). The Amendments do not constitute a fair or reasonable settlement with respect to OWN. More precisely, for the past four (4) months, OWN has been involuntarily subjected to the Chapter 11 Cases while its interests under the License Agreements remained in

- 6 -

jeopardy.  Now, by and through the Amendments, the Debtors seek to establish a procedure by which the Debtors and Lantern could indefinitely delay the finality to which OWN is entitled.

14.     Such a procedure not only violates section 365 of the Bankruptcy Code, it would be highly prejudicial to OWN.  OWN is entitled to a prompt and unambiguous determination regarding the treatment of the License Agreements under section 365 of the Bankruptcy Code. The Amendments, however, seek to eviscerate this entitlement by authorizing Lantern to designate any executory contract as an "Assumed Contract" and thereby assume and assign (to itself) the subject contract at any time following the close of the Sale.  Saddling involuntary participants in these Chapter 11 Cases with onerous procedures that contravene the unambiguous provisions of the Bankruptcy Code is unreasonable—especially given than these Amendments only serve to ameliorate the implications of Lantern's dereliction and delay in consummating the Sale.  Based on the foregoing, the Tarantino Parties respectfully submit that the Court must deny approval of the Amendments as proposed.

## RESERVATION OF RIGHTS

15.     OWN expressly reserves the right to amend or supplement this Response and to assert any other rights, objections, and remedies under and relating to any agreements by and between OWN, and/or its affiliates, and the Debtors, the Bankruptcy Code or other applicable law, including, without limitation, the rights to raise additional arguments or objections concerning the proposed treatment or disposition of any agreements by and between OWN, and/or its affiliates, and the Debtors and any resulting or related claims, and to interpose amended or further responses at a later date, as may be warranted by attendant facts and circumstances.  OWN expressly reserves any and all arguments, objections, reservations of rights, or remedies asserted or sought through the Assumption Notice Responses, or any of them,

and further asserts that the Amendments have no bearing on and do not resolve the objections raised in the Assumption Notice Responses and, moreover, do not relieve or release the Debtors of their obligations in association with the assumption or assignment of the License Agreements, or any of them; all rights and protections provided under section 365 of the Bankruptcy Code and any and all applicable rules or law being expressly reserved.

## CONCLUSION

16. WHEREFORE, OWN respectfully requests that the Court enter an order (a) sustaining the objections contained herein in their entirety, (b)(1) denying the Motion with respect to any proposed Amendments purporting to authorize the Debtors or Lantern to fail to comply with the provisions of section 365 of the Bankruptcy Code, including, without limitation, Paragraph 2(f) of the Amendments, after the Closing Date or, (2) if the Court is inclined to grant the Debtors or Lantern some amount of time following the Closing Date in which to comply with the provisions of section 365 of the Bankruptcy Code, fixing such time period to a term of no more than thirty (30) calendar days following the Closing Date, and (c) granting any further or additional relief the Court deems just and proper.

Dated: July 9, 2018  
Wilmington, Delaware

*/s/ Laurel D. Roglen*  
Matthew G. Summers (No. 5533)  
Laurel D. Roglen (No. 5759)  
BALLARD SPAHR LLP  
919 N. Market Street, 11th Floor  
Wilmington, DE 19801  
Telephone:  (302) 252-4428  
Facsimile:   (302) 252-4466  
Email: summersm@ballardspahr.com  
           roglenl@ballardspahr.com

**-**and-

Howard J. Weg*  
Michael T. Delaney*

        ROBINS KAPLAN LLP
        2049 Century Park East
        Suite 3400
        Los Angeles, CA  90067
        Telephone:     310 552 0130
        Facsimile:      310 229 5800
        Email: hweg@robinskaplan.com
                mdelaney@robinskaplan.com
        (*Admitted *pro hac vice*)

        *Attorneys for OWN, LLC*