**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------x
In re:                                          :    Chapter 11
                                                :
THE WEINSTEN COMPANY HOLDINGS    :    Case No. 18-10601 (MFW)
LLC, *et al.*,                                  :
                                                :    (Jointly Administered)
                Debtors.[1]                     :
                                                :    **Re: Docket No. 1115**
                                                :    **Hr'g Date: July 11, 2018 at 10:00 a.m. (ET)**
---------------------------------------------------------x

**RESERVATION OF RIGHTS AND LIMITED OBJECTION OF SP JGAG, LLC AND JANE GOT A GUN PRODUCTION CO. LLC TO DEBTORS' MOTION FOR AN ORDER APPROVING AMENDMENT TO ASSET PURCHASE AGREEMENT ENTERED INTO BY AND BETWEEN THE DEBTORS AND LANTERN ENTERTAINMENT LLC**

SP JGAG, LLC ("**SPJGAG**") and Jane Got a Gun Production Co. LLC ("**JGG Production Co.**" and together with SPJGAG, "**JGAG**") hereby submit this reservation of rights and limited objection to the *Debtors' Motion for an Order Approving Amendment to Asset Purchase Agreement Entered Into by and Between the Debtors and Lantern Entertainment LLC*, dated June 27, 2018 [Docket No. 1115] (the "**Motion**"),[2] filed by the debtors and debtors in possession in the above-captioned cases (the "**Debtors**"). In support hereof, JGAG, by and through its undersigned counsel, respectfully represents:

**RESERVATION OF RIGHTS AND PROTECTIVE OBJECTION**

1.   On May 9, 2018, the Court entered an order [Docket No. 846] (the "**Sale Order**") approving the asset purchase agreement (the "**APA**") between the Debtors and Lantern

---

[1]   The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

[2]   Capitalized terms not defined herein shall have the meaning given to such terms in the Motion.

Entertainment LLC (the "**Buyer**").  The Sale Order authorized the Debtors to transfer to the Buyer all of the Debtors' right, title and interest to the "Purchased Assets."  Schedule 2.1 of the APA identifies the "Purchased Assets" to be transferred to the Buyer, and includes the "Covered Titles" identified on Annex 1 to Schedule 2.1.  SPJGAG and JGG Production Co. produced and own all rights relating to the film "Jane Got a Gun" (the "**Film**"), which is identified in Annex 1 as one of the "Other Titles" that may be transferred to the Buyer.

        2.      As part of the sale process, the Debtors designated certain executory contracts and unexpired leases that the Debtors may assume and assign to the Buyer.  See Docket Nos. 216, 282, 860 (collectively, the "**Cure Schedules**").  Included on the Cure Schedules were several agreements relating to the Film (collectively, the "**Film Agreements**").  As explained below, the Debtors have no rights or interests in the Film to transfer to the Buyer, whether under the Film Agreements or otherwise.  Accordingly, while the Sale Order purports to authorize the transfer to the Buyer of only those rights that the Debtors have in the assets to be transferred (see, e.g., paragraph 13 thereof), to forestall the need for any objection to the sale, JGAG sought clarification from the Debtors regarding the intended treatment of the Film Agreements.

        3.      Such clarification and request were made in a letter to Debtors' counsel on May 16, 2018, a copy of which is annexed hereto as Exhibit A (the "**JGAG Letter**").  As explained in detail in the JGAG Letter, among other things:  (i) the Film Agreements are not assignable by the Debtors because no contract exists with SPJGAG and JGG Production Co. that provides any Debtor with the right to use or exploit any aspect of the Film; and (ii) the Debtors have no rights or interests in the Film to transfer to the Buyer.

        4.      Following submission of the letter, counsel to JGAG contacted Debtors' counsel numerous times.  To date, the Debtors have failed to respond to JGAG's repeated

attempts to resolve this issue. Instead, the Debtors have adjourned the hearing on contract objections four times (in a span of 34 days) without indicating whether they still intend to seek to assign the Film Agreements. See Docket Nos. 907 (adjourning hearing on contract objections, including JGAG's "informal response"), 962 (same), 999 (same), 1089 (same); see also Sale Order at ¶¶ OO and 31 (providing that all rights of non-debtor parties objecting to the proposed assumption, assignment or cure amount are preserved and will be addressed at a later hearing).

5.      Accordingly, while JGAG does not object to the specific amendments set forth in the Motion, in light of the Debtors' failure to engage and consensually resolve JGAG's concerns, JGAG objects to the Motion and the amended APA to the extent the Debtors intend to attempt to assign the Film Agreements to the Buyer. For the reasons set forth in the JGAG Letter, the Debtors have no remaining rights to the Film and thus a purported assignment of the Film Agreements is impermissible. See also 11 U.S.C. § 365(f) (debtor "may assign an executory contract or unexpired lease *of the debtor*") (emphasis added); In re Atl. Gulf Communities Corp., 326 B.R. 294, 298-299 (Bankr. D. Del. 2005) ("Implicit within the statutory grant of authority to sell property under section 363, however, is the requirement that the estate actually have an interest in the property to be sold."); In re Whitehall Jewelers Holdings, Inc., No. 08-11261 (KG), 2008 WL 2951974, at *4 (Bankr. D. Del. July 28, 2008) ("A bankruptcy court may not allow the sale of property as 'property of the estate' without first determining whether the property is property of the estate.");[3] Darby v. Zimmerman (In re Popp), 323 B.R. 260, 266 (B.A.P. 9th Cir. 2005) (section 363(b) of the Bankruptcy Code "requires that the estate demonstrate that the property it proposes to sell is 'property of the estate'").

---

[3]   The Court in Whitehall added that a debtor's burden of proof to demonstrate that the property in question constitutes property of the estate is a "heavy one" and must be raised in an adversary proceeding. See Id. at *6-7.

6. JGAG expressly reserves all of its rights, including, without limitation, the right to object to (i) the Motion on any grounds prior to or during the hearing on the Motion, (ii) any additional relief sought by the Debtors in connection with the Film Agreements (including at the Contract Assumption Hearing (as defined in the Sale Order)), and (iii) whether the Debtors have properly raised before the Court any attempt to sell the Film Agreements.

Dated: July 9, 2018
       Wilmington, Delaware

Respectfully submitted,

/s/ *Robert J. Dehney*
Robert J. Dehney (No. 3578)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
rdehney@mnat.com

-and-

Marc Abrams
Paul V. Shalhoub
Andrew S. Mordkoff
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Counsel for SP JGAG, LLC and Jane Got a Gun Production Co. LLC*