UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE WEINSTEIN COMPANY HOLDINGS, LLC, *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 18-10601 (MFW)<br>(Jointly Administered)<br><br>**Re: Docket No. 1115** |

**FRANK MILLER INC.'S AND FRANK MILLER'S LIMITED OBJECTION TO DEBTORS' MOTION FOR AN ORDER APPROVING AMENDMENT TO ASSET PURCHASE AGREEMENT ENTERED INTO BY AND BETWEEN THE DEBTORS AND LANTERN ENTERTAINMENT LLC**

Frank Miller Inc. and Frank Miller (collectively, "Miller"), hereby submit this limited objection and reservation of rights and remedies (the "Limited Objection") to the *Debtors' Motion For An Order Approving Amendment to Asset Purchase Agreement Entered Into By and Between the Debtors and Lantern Entertainment LLC* (the "Motion") [Dkt. No. 1115]. In support of this Limited Objection, Miller respectfully states as follows:

**BACKGROUND**

1. Miller is the author of the books that ultimately became the *Sin City* ("Sin City 1") and *Sin City: A Dame to Kill For* ("Sin City 2", and together with Sin City 1, the "Sin City Films") films released in the United States and elsewhere.

2. In April 2018, the Debtors filed assignment notices which included references to certain contracts between Miller and one or more of the Debtors. On May 2, 2018, Miller objected to the Assignment Notices (the "Original Objection"). See Dkt. No. 683.

3. By order dated May 9, 2018 (the "Sale Order"), the Debtors sold all of the their assets to Lantern Entertainment LLC ("Lantern"), provided however that the Original Objection and all other objections to the proposed assumption and assignment of contracts would be

adjourned from time to time until a later date. As such, the rights of parties to contracts between the Debtors and counterparties have been reserved until a later hearing, which is now scheduled for July 18, 2018. Upon information and belief, the sale to Lantern has not yet closed.

4. On June 8, 2018, the Debtors filed the *Debtors' Statement Regarding Contracts To Be Transferred Pursuant to the Asset Purchase Agreement with Lantern Entertainment LLC* dated June 8, 2018 (the "Statement") claiming that certain contracts between the Debtors and Miller regarding Sin City 1 are not executory contracts. On June 18, 2018, Miller filed an objection to the Statement (the "Second Objection"). Thereafter, the Debtors contacted counsel to Miller to advise it was now the Debtors' position that it maintains no rights to Sin City 1 and as a result, it cannot assume and assign contracts to which they are not parties. Respective counsel to the Debtors and Miller have communicated regarding this issue. Miller accepts the Debtors' position that to the extent that the rights to Sin City 1 were not transferred from Miramax's Dimension Films label to the Debtors, the Debtors are not able to transfer any rights in Sin City 1.

5. Prior to and after entry of the Sale Order, Miller attempted on numerous occasions to obtain information from the Debtors and Lantern in furtherance of the Original Objection and Second Objection. One of Miller's primary arguments in the Original Objection is that the Debtors' rights in the Sin City television series reverted to Miller due to the passage of time such that the Debtors no longer retained any interest in a potential Sin City television series. The Debtors had not taken a position on this issue but essentially deputized Lantern to get back to Miller on this issue. After numerous requests, on Saturday, July 7, 2018, Miller was pleased to have finally received a response from Lantern that it agrees that the rights under the Sin City television rights agreement have reverted to Miller. Counsel to Miller intends to coordinate with

Debtors' counsel and Lantern's counsel on a proposed order or stipulation and order regarding this issue in advance of the July 18, 2018 hearing.

6. Notwithstanding the foregoing, Miller continues to wait for accounting statements relating to participation income that Miller is owed in connection with the proposed assumption and assignment of executory contracts governing the Sin City 2 movie rights.

## **OBJECTION TO DEBTOR'S MOTION**

7. Miller does not take a position regarding the Debtors' business judgment and other findings relevant to the Motion. However, Miller respectfully submits that any order approving the Motion make clear that the relief requested in the Motion does not impact the rights of contract counterparties (including Miller), pending the July 18, 2018 hearing.

8. Further, because the Court has scheduled a further hearing regarding executory contract issues for July 18, 2018, it remains unclear whether Lantern will request that the Debtors assume and assign a large majority of contracts to it at a later date, or whether Lantern intends to refuse to take on many of the Debtors' contracts. In that instance, if Lantern decides not to accept the assignment of many contracts in this case, Miller (and other contract parties) have a right to assert administrative claims for all contract participation income that has accrued from March 19, 2018 through the ultimate rejection date. In such circumstances, this case may very well be administratively insolvent, in large part, due to the significant delays from the Sale Order date through the date of the hearing to consider the Motion. Thus, if the Court is inclined to grant the Motion, to ensure that the case is not administratively insolvent, Miller respectfully requests a provision be added to the order which establishes a fund for all contract parties (including Miller) that is equal to the participation income accruing from the Petition Date through the date of rejection of such contracts.

9. Finally, the Motion describes a procedure in Section 2.8 of the agreement that if there are missing contracts that are later discovered for potential assumption and assignment that contract counterparties be given 14 business days' notice. Miller is concerned that while the Sale Order indicates that the Final Contract List filed with the Court on May 10, 2018 [Docket No. 860] must list all potential contracts capable of assumption and assignment, the proposed amendment in section 2.8 may undercut a prior finding of the Court. Miller reserves all rights regarding this proposed procedure to the extent that it impacts any of Miller's rights in connection with the Debtors' proposed assumption and assignment of the identified contracts that are executory contracts which appear on the Assignment Notices and the Final Contract List.

## RESERVATION OF RIGHTS

10. Miller reserves the right to supplement this Limited Objection and make additional arguments at the hearing to consider the Motion. Miller also joins in any other objection to the Motion that is not otherwise inconsistent with the relief requested in this Limited Objection.

11. Miller also reserves the right to request discovery of any factual issues that may be deemed relevant to a full record of these issues.

WHEREFORE, for the foregoing reasons, Miller respectfully requests that the Court (i) deny the Motion consistent with this Limited Objection and (ii) grant such other and further relief as may be just and proper.

Dated: July 9, 2018

        ARCHER & GREINER P.C.

*/s/ David W. Carickhoff*
David W. Carickhoff (DE 3715)
Alan M. Root (DE 5427)
300 Delaware Avenue, Suite 1100
Wilmington, DE 19801
Telephone: (302) 777-4350
Facsimile: (302) 777-4352
dcarickhoff@archerlaw.com

-and-

Rocco A. Cavaliere
TARTER KRINSKY & DROGIN LLP
1350 Broadway, 11th Floor
New York, New York 10018
Tel: (212) 216-8000
Fax: (212) 216-8001
rcavaliere@tarterkrinsky.com

*Co-Counsel for Frank Miller Inc. and Frank Miller*

214774984v1