IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| THE WEINSTEIN COMPANY HOLDINGS, LLC, *et al.*,[1] | Case No. 18-10601 (MFW) (Jointly Administered) |
| Debtors. | **Hearing Date:** July 11, 2018 at 10:00 a.m. (ET) |
| | **Objection Deadline**: July 9, 2018 |
| | Re: D.I. 1115 |

------------------------------------------------------------x

## JOINDER AND RESERVATION OF RIGHTS BY JEFF ABBOTT

Jeff Abbott ("**Abbott**"), hereby submits the following joinder and reservation of rights (the "**Abbott Objection**") and adopts as his own the legal and factual arguments made in the objections of various parties (collectively, the "**Objections**") to the *Motion for Order Approving Amendment to Asset Purchase Agreement with Lantern Entertainment LLC* (the "**Motion**") (ECF Doc. No. 1115), and raises certain other additional objections set forth below. In support of his Abbott Objection, Abbott respectfully sets forth as follows:

1.     On May 10, 2018, the Debtors filed the *Notice of Filing of Final List of Potentially Assumed Contracts and Leases* (ECF Doc. No. 860) (the "**Final List**"), which identified the "Assumed Contracts and Leases" subject to assumption and assignment by the Debtors.

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dmepiq11.com/twc.

{00023613. }

2.  On May 16, 2018, Abbott filed the *Limited Statement and Reservation of Rights by Jeff Abbott in Response to Notice of Filing of Final List of Potentially Assumed Contracts and Leases* (ECF Doc. No. 892) (the "**Abbott Limited Statement**")[2], setting forth the Corrected Cure Amount.

3.  As of the date of this Abbott Objection, the Debtors still have not filed any statement (a) confirming the Corrected Cure Amount, or (b) confirming that the 2016 Agreement will be assumed and assigned by the Debtors.

4.  Further, although Abbott understands that the Debtors agree with the $54,439.06 amount of the Corrected Cure Amount, it is not yet confirmed that the Debtors (a) agree that Abbott is entitled to prepetition interest under the 2016 Agreement and MBA, or applicable Pension Plan and Health Fund contributions, plus prepetition interest thereon, and (b) hope to resolve the Abbott Arbitration through negotiations of the cure amount due to Abbott.

5.  The "Form of Amendment Order" annexed as Exhibit B to the Motion reflects certain proposed amendments which do not resolve the issues which are raised in the Objections. First, although there is now a "Contract Designation Outside Date," it is still not clear when cure amounts will be paid to contract counterparties. Second, even if Abbott assumes that his cure amount will be paid upon assumption and assignment (as required by Bankruptcy Code §365), it is not clear how much will be paid, and how that is determined. The Debtors use and define the term "Cure Face Amount," but there does not appear to be a mechanism to fairly determine the amount, and the definition of "Cure Face Amount" does not clarify the issue.

---

[2] All capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Abbott Limited Statement.

6.      Last, Abbott is in a unique position because his Corrected Cure Amount is, at least in part, a priority claim under Bankruptcy Code §507(a)(4),[3] and he is entitled to be paid (up to the statutory limit) *pari passu* with other priority claimholders.  To the extent that the Buyer waits until the Contract Designation Outside Date to decide to take assumption of (or reject) Abbott's 2016 Agreement, or disagree with Abbott as to the amount of the Corrected Cure Claim, other priority creditors may already have been paid their allowed claims, leaving insufficient funds for Abbott.  Thus, the Debtors should be required to identify a date by which cure claims will be agreed to (or resolved by the Court) so that counterparties such as Abbott with priority wage claims are not prejudiced.

7.      Abbott reserves the right to assert other and further objections to the Motion at the hearing.

8.      Pursuant to Rule 9013-1(h) of the Local Bankruptcy Rules of this Court, Abbott does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent the consent of other parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**WHEREFORE,** it is respectfully requested that the Court enter an order consistent with the Abbott Objection and the Objections, together with such other and further relief which the Court finds just, proper and equitable.

---

[3] Abbott reserves the right to file a proof of claim against the Debtors' estates asserting a priority claim, in whole or in part.

Dated: July 9, 2018

**THE ROSNER LAW GROUP LLC**

By: */s/ Scott J. Leonhardt*
      Scott J. Leonhardt (DE 4885)
824 Market Street
Suite 810
Wilmington, DE 19801
Tel.: (302) 777-1111
*leonhardt@teamrosner.com*

**DIAMOND McCARTHY LLP**
      Sheryl P. Giugliano
      Adam L. Rosen
489 Fifth Avenue, 21st Floor
New York, New York 10017
Tel.: (212) 430-5400
Fax: (212) 430-5499
*sgiugliano@diamondmccarthy.com*
*arosen@diamondmccarthy.com*