**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x

In re:

THE WEINSTEIN COMPANY HOLDINGS
LLC, *et al.*,

Debtors.[1]

---------------------------------------------------------x

Chapter 11

Case No. 18-10601 (MFW)

(Jointly Administered)

Re: Docket No. 1115

## ORDER APPROVING AMENDMENT TO ASSET PURCHASE AGREEMENT ENTERED INTO BY AND BETWEEN THE DEBTORS AND LANTERN ENTERTAINMENT LLC

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**"), pursuant to sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 6004 and 9019, (i) approving and authorizing the Debtors' entry into the Second Amendment; (ii) authorizing the Debtors to consummate the transactions contemplated under the Amended APA; (iii) approving the settlement embodied by the Second Amendment made by and between the Parties; and (iv) granting related relief, all as more fully described in the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

RLF1 19630927v.2

this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing (if any) (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing (if any) establish just cause for the relief granted herein; and upon all of the proceedings had before this Court, and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, the Second Amendment, annexed hereto as **Exhibit 1**, and the Amended APA, including the terms and conditions thereof and the transactions contemplated thereby, are hereby approved and authorized in all respects.

3. Except as may be set forth in this Order or the Second Amendment, nothing in this Order or the Second Amendment shall be deemed to amend any of the provisions of the Asset Purchase Agreement or any other order of this Court.

4. The rights of counterparties objecting to the Motion (the "**Objecting Parties**") are reserved as provided by the Sale Order, and nothing in the Second Amendment and the APA amended pursuant thereto will prejudice, affect in any manner, or act as a waiver of any Objecting Parties' rights, arguments, and remedies, including any rights pursuant to Section 365 of the Bankruptcy Code, in any proceeding, contested matter or future ongoing litigation with respect to the agreements of the Objecting Parties (including but not limited to issues regarding

whether the agreements are executory, whether prior orders of the Court already have determined the issue of whether the agreements are executory, whether the Objecting Parties are entitled to post-closing payments in connection with Purchased Assets regardless of whether the agreements are assumed, and any issues with respect to cure and assumption pursuant to Section 365 of the Bankruptcy Code).

5. Notwithstanding any applicability of Bankruptcy Rule 6004(h) or any other applicable of provision of the Bankruptcy Code or the Bankruptcy Rules which may provide for a stay of the effectiveness of this Order, the terms and conditions of this Order are immediately effective and enforceable upon its entry. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: July 11, 2018
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
CHIEF UNITED STATES BANKRUPTCY JUDGE