**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| THE WEINSTEIN COMPANY HOLDINGS LLC, *et al.*, | : | Case No. 18-10601 (MFW) |
| | : | (Jointly Administered) |
| Debtors.[1] | : | **Obj. Deadline: August 6, 2018 at 4:00 p.m. (ET)**<br>**Hr'g Date: August 14, 2018 at 10:30 a.m. (ET)** |

**DEBTORS' APPLICATION TO RETAIN AND EMPLOY WITHUMSMITH+BROWN, PC AS TAX SERVICES PROVIDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014(a) AND 2016 AND LOCAL RULE 2014-1, *NUNC PRO TUNC* TO JUNE 18, 2018**

The Weinstein Company Holdings LLC and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), hereby submit this application (the "**Application**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the Debtors to retain and employ WithumSmith+Brown, PC ("**Withum**") as their tax services provider. In support of this Application, the Debtors respectfully represent as follows:

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On March 19, 2018 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code sections 1107(a) and 1108. On March 28, 2018, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors in these Chapter 11 cases (the "**Committee**"). As of this date, no trustee or examiner has been appointed in these Chapter 11 cases. The Debtors' Chapter 11 cases have been jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

3. Additional information on the Debtors' business and capital structure, as well as a description of the events precipitating the filing of these cases, is set forth in the *Declaration of Robert Del Genio in Support of First Day Relief* [Docket No. 7] (the "**First Day Declaration**").[2]

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the First Day Declaration.

## RELIEF REQUESTED

4. By this Application, the Debtors request authority to retain and employ Withum as their tax services provider *nunc pro tunc* to June 18, 2018, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, pursuant to the terms of that certain engagement letter, dated June 15, 2018 (the "**Engagement Letter**"),[3] as modified by the Proposed Order. In support of this Application, the Debtors submit the Declaration of Kenneth DeGraw, a partner of Withum, which is attached hereto as **Exhibit C** (the "**DeGraw Declaration**").

## WITHUM'S QUALIFICATIONS

5. Withum is a nationally recognized certified public accounting firm. Since its founding in 1974, Withum has provided auditing, tax, accounting and other related services to companies in a range of business sectors. Withum employs approximately 1,000 staff and professionals and is consistently rated one of the top certified public accounting and advisory firms in the United States.

## SERVICES TO BE PROVIDED

6. The Debtors propose to retain and employ Withum to prepare the state and federal income tax returns identified on Attachment A to the Engagement Letter for the year ended December 31, 2017 (the "**Tax Services**"). The Tax Services are necessary to assist the Debtors in complying with federal and state law, and to administer the Debtors' Chapter 11 cases.

## PROFESSIONAL COMPENSATION

7. As set forth in the Engagement Letter, Withum has estimated that the aggregate amount of fees that Withum will incur to provide the Tax Services will be between $300,000 and $350,000. However, in accordance with the terms of the Engagement Letter, the fees for the Tax

[3] A copy of the Engagement Letter is attached hereto as **Exhibit B**.

Services will be based on the time expended by Withum personnel and based on Withum's hourly fee rates, as are in effect at the time the services are performed. As of the date of this Application, Withum's hourly rates for the Tax Services are anticipated to be in the following ranges:

| Title | Rates |
|---|---|
| Partners | $450 - $595 |
| Senior Managers | $280 - $440 |
| Managers/Supervisors | $210 - $275 |
| Seniors/Staff | $145 - $195 |
| Administrative/Paraprofessional | $75 - $110 |

8. The Debtors and Withum have agreed that the Debtors will reimburse Withum for any direct expenses incurred in connection with Withum's retention in these Chapter 11 cases and the performance of its obligations under the Engagement Letter. Withum's direct expenses typically include, but are not limited to, travel, working meals, and courier services.

9. The Debtors respectfully submit that Withum's rates are competitive and comparable to the rates its competitors charge for similar services. The Debtors believe that Withum's rates are reasonable given the quality of Withum's services, experience and expertise, and resources.

10. In addition, the Debtors have agreed to indemnify Withum on the terms set forth in the Engagement Letter (as modified by the Proposed Order). The Debtors believe that such indemnification is customary for similar engagements and, therefore, is reasonable under the circumstances.

## NO DUPLICATION OF SERVICES

11. The Debtors believe that the limited scope of the services to be rendered by Withum will not be duplicative of the services rendered by any other professional retained in these Chapter 11 cases. Nevertheless, Withum will carefully coordinate its efforts with the

Debtors and the Debtors' other professionals to ensure that its actions are not duplicative of the actions undertaken by the Debtors' other professionals.

**PREPETITION PAYMENTS**

12. Prior to entering into the Engagement Letter, Withum was not previously engaged by the Debtors to provide the Tax Services or otherwise. As such, other than the payment of the Retainer (as defined below), Withum has not previously received any compensation from the Debtors and Withum does not hold a prepetition claim against the Debtors for prepetition services rendered or otherwise.

13. On June 12, 2018, Withum received a retainer payment in the amount of $75,000.00 (the "**Retainer**") from the Debtors. Withum is currently holding the Retainer in trust and, upon the anticipated approval of this Application, Withum will draw on the Retainer to satisfy its allowed fees and expenses until the Retainer is exhausted prior to seeking further payment from the Debtors in satisfaction of such allowed fees and expenses.

**WITHUM'S DISINTERESTEDNESS**

14. To the best of the Debtors' knowledge, based on the DeGraw Declaration, the Debtors submit that: (a) Withum has no connection with the Debtors, the Debtors' creditors, or any other party with an actual or potential interest in these Chapter 11 cases or their respective attorneys or accountants, except as may be set forth in the DeGraw Declaration; (b) Withum is not a creditor, equity security holder, or insider of the Debtors; (c) neither Withum nor any of its principals is or was, within two years of the Petition Date, a director, officer, or employee of the Debtors; and (d) Withum does not have an interest materially adverse to the Debtors, their estates, any class of creditors, or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason. Accordingly,

Withum is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code.

15. Further, to the best of the Debtors' knowledge, based on the DeGraw Declaration, no professional of Withum who will work on this engagement has any connection with any United States Bankruptcy Judge for the District of Delaware, any District Judge for the District of Delaware, the U.S. Trustee or any employee of the U.S. Trustee that would render Withum's retention in these cases improper pursuant to Bankruptcy Rule 5002.

16. Withum will conduct continuing reviews of its potential conflicts. To the extent that any new, relevant facts or relationships bearing on the matters described herein during the period of Withum's retention are discovered or arise, Withum will use reasonable efforts to file promptly a supplemental declaration, as required by Bankruptcy Rule 2014(a).

**BASIS FOR RELIEF REQUESTED**

17. The Debtors seek to retain Withum to provide the Tax Services pursuant to the Engagement Letter under section 327(a) of the Bankruptcy Code. Under section 327(a) of the Bankruptcy Code, a debtor in possession "with the court's approval, may employ one or more attorneys [or] accountants . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title." 11 U.S.C. § 327(a).

18. As discussed above and in the DeGraw Declaration, the Debtors believe that Withum satisfies the disinterestedness standard in Bankruptcy Code section 327(a).

19. In addition, the Debtors also seek approval of the Engagement Letter pursuant to section 328(a) of the Bankruptcy Code, which provides, in relevant part, that the Debtors, "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer,

on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis . . . " 11 U.S.C. § 328(a). Section 328(a) of the Bankruptcy Code permits the compensation of professionals, including accounting advisors, on more flexible terms that reflect the nature of their services and market conditions.

20. The Debtors submit that the terms and conditions of Withum's retention as described herein, including the proposed compensation and indemnification terms, are reasonable and in keeping with the terms and conditions typical for engagements of this size and character. Accordingly, the Debtors submit that Withum's retention is in the best interests of the Debtors, their estates, and all parties in interest, and should be approved.

## NOTICE

21. The Debtors will provide notice of this Application to: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the DIP Agent and the Pre-Petition Agent; (iv) counsel to Lantern; (v) the New York Attorney General and the California Attorney General; (vi) the Office of the United States Attorney for the District of Delaware; and (vii) all parties that have requested service of notices pursuant to Bankruptcy Rule 2002. A copy of the Application is also available on the Debtors' case website at http://dm.epiq11.com/twc.

## NO PRIOR REQUEST

22. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court enter the Proposed Order granting the relief requested herein and such other and further relief as it deems just and proper.

Dated: July 23, 2018
New York, New York

The Weinstein Company Holdings LLC (for itself and on behalf of its subsidiaries)

*/s/ Robert Del Genio*
Robert Del Genio
Chief Restructuring Officer