# Exhibit A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| THE WEINSTEIN COMPANY HOLDINGS LLC, *et al.*, | : | Case No. 18-10601 (MFW) |
| | : | (Jointly Administered) |
| Debtors.[1] | : | **Re: Docket No. ____** |

**ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY WITHUMSMITH+BROWN, PC AS TAX SERVICES PROVIDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014(a) AND 2016 AND LOCAL RULE 2014-1, *NUNC PRO TUNC* TO JUNE 18, 2018**

Upon the application (the "**Application**"),[2] of the above-captioned debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to, among other things, sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, for entry of an order authorizing the Debtors to retain and employ WithumSmith+Brown, PC ("**Withum**") as tax services provider for the Debtors, on the terms and conditions set forth in the Engagement Letter, *nunc pro tunc* to June 18, 2018, all as further described in the Application; and upon consideration of the Application and the DeGraw Declaration; and the Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing, if any (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, to retain and employ Withum as tax services provider to the Debtors on the terms and conditions set forth in the Application and the Engagement Letter, *nunc pro tunc* to June 18, 2018.

3. The terms and conditions of the Engagement Letter, as modified by this Order, are approved.

4. Withum shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules and Local Rules, and any other applicable procedures and orders of the Court.

5. Withum shall draw on the Retainer to satisfy its allowed fees and expenses until the Retainer is exhausted before seeking further payment from the Debtors in satisfaction of such allowed fees and expenses.

6. The indemnification, contribution and reimbursement obligations of the Debtors set forth in the Engagement Letter are approved, subject during the pendency of these Chapter 11 cases to the following:

(a) Withum shall not be entitled to payment of any amount of indemnification, contribution or reimbursement pursuant to the Engagement Letter for services under the Engagement Letter or otherwise, unless such services and the amount of such indemnification, contribution or reimbursement therefor are approved by the Court;

(b) Notwithstanding any provision of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify or provide contribution or reimbursement to Withum for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from Withum's gross negligence, fraud, breach of fiduciary duty (if any), bad faith, self-dealing, or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of Withum's contractual obligations, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Company*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Withum should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by this Order;

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 cases, Withum believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation any advancement of defense costs, Withum must file an application therefor in this Court, and the Debtors may not pay any such amounts to Withum before the entry of an order by this Court

approving any such payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request by Withum for indemnification, contribution or reimbursement, and is not intended to limit the duration of the Debtors' obligations to indemnify or reimburse expenses of Withum;

(d) Any provision of the Engagement Letter that purports to release Withum from liability or otherwise limits the amount of Withum's liability or any amounts to be contributed by Withum shall be eliminated; and

(e) Paragraph 16 of Attachment B to the Engagement Letter shall be eliminated.

7. Notwithstanding anything to the contrary in the Engagement Letter or the Application, Withum shall not seek reimbursement for any allocated expenses and shall only seek reimbursement for actual and necessary expenses.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

10. In the event of any inconsistency between the Engagement Letter and the Application, on the one hand, and the Order, on the other hand, the Order shall govern.

11. Notwithstanding anything to the contrary in the Engagement Letter, the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: ______________, 2018
Wilmington, Delaware

________________________________________
THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE