## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE WEINSTEIN COMPANY HOLDINGS LLC, *et al.*, [1] | Case No. 18-10601 (MFW) |
| Debtors. | Jointly Administered<br>**Objection Deadline: August 7, 2018 at 4:00 p.m. (ET)**<br>**Hearing Date: August 14, 2018 at 10:30 a.m. (ET)** |

### THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 DIRECTING PRODUCTION OF DOCUMENTS AND MATERIALS AND APPEARANCE FOR ORAL EXAMINATION

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (the "Debtors"), by and through its counsel, respectfully moves this Court, pursuant to Sections 105 and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District Court of Delaware (the "Local Rules") for the entry of an order compelling David Glasser ("Mr. Glasser") to (i) produce the documents set forth in Exhibit A hereto to the extent such materials are not timely produced by Mr. Glasser on a voluntary basis or to the extent that Mr. Glasser believes that confidentiality provisions in favor of third parties require a court order as a condition to making such a production, and (ii) to appear for examination by the Committee in connection with the Deposition Topics that are also

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

set forth in Exhibit A.  In support of this motion (the "Motion"), the Committee respectfully

states as follows:

## PRELIMINARY STATEMENT

1.      The Committee is turning its attention to an analysis of the estates' potential

claims against third parties (*e.g.*, Harvey Weinstein, the Debtors' other directors and officers,

recipients of avoidable transfers and third parties named in pending litigation), the insurance that

may cover such claims and the claims that are or will be asserted against the estates, including

claims for indemnification and contribution.  This analysis of potential liability will include

discovery of facts that date back several years, and will involve a detailed review and assessment

of both economic loss claims and personal injury claims of individuals allegedly harmed by

Harvey Weinstein, the Debtors and their agents.

2.      With the Debtors closing the sale of their assets, the Committee represents the

"fulcrum security" in the case, *i.e.,* that every dollar recovered on account of the estates' claims

inures to general unsecured creditors and the cost of the analysis of the claims is borne by

general unsecured creditors.  Thus, it is the Committee, appointed to represent the interests of

unsecured claimants in these Chapter 11 cases, which should lead the investigation of the estates'

claims and review the data, documents, materials and other information relating to the estates'

claims.

3.      As part of its investigation and in cooperation with the Debtors, the Committee

requests the examination of Mr. Glasser, who held senior management positions at The

Weinstein Company (the "Company") for nearly a decade prior to his termination for cause on

February 16, 2018, and who is uniquely situated to provide information relevant to the

Committee's investigation of potential claims.  Discovery of Mr. Glasser is necessary because of

his central role in the operations of the Company and his close relationship with Harvey Weinstein.

4.      Mr. Glasser began his employment with the Company in September 2008, as President, International Distribution.  He became Chief Operating Officer ("COO") in June 2011, and then assumed the title of COO and President in September 2015, a role which he held until he was fired by the Board of Representatives of The Weinstein Company Holdings LLC (the "Board") on February 16, 2018—one month before the Company filed for bankruptcy on March 19, 2018.

5.      In order to fulfill its duty to investigate potential claims, the Committee needs Mr. Glasser to provide documents and testimony concerning the Company's business and its handling of allegations against Harvey Weinstein.  In his role as COO for the seven years prior to the Petition Date, Mr. Glasser oversaw the day-to-day operations of the Company, including its finances and human resources department.  Moreover, Mr. Glasser's employment agreements provided that he report directly to Harvey Weinstein, and as a result, the two men were in close contact for a decade.

6.      Broad discovery of Mr. Glasser is justified further by the allegations that Mr. Glasser himself has damaged the estates.  The Committee understands that in addition to purportedly facilitating Harvey Weinstein's misconduct, Mr. Glasser is alleged to have breached his employment agreement as well as his fiduciary duties to the Company as COO.  The Committee understands that once the allegations against Harvey Weinstein were first reported in October 2017, and the Company's survival was cast in doubt, Mr. Glasser took steps to enrich himself with Company funds and to protect his own future in the industry—contrary to the Company's best interests.  For example, the Committee understands that Mr. Glasser allegedly

authorized payments from the Company to himself and others without Board approval, and

sought to deprive the Company of rights in development projects to gain favor with prospective

employers (*e.g.*, by purportedly allowing counterparties to terminate contracts with the

Company).  The Company also understands that Mr. Glasser may have encouraged certain of the

Company's employees to terminate their employment and solicited such employees to instead

work for entities associated with Mr. Glasser.  Moreover, after he was fired, Mr. Glasser

allegedly damaged the Debtors' efforts to close the sale to Lantern Entertainment LLC

("Lantern") by falsely asserting ownership interests in the Debtors' assets and interfering in

Lantern's negotiations with key business partners, such as Viacom International, Inc.

("Viacom").  Upon information and belief, Mr. Glasser is now employed by Viacom, and has

been given a producer credit for the television series *Yellowstone*, one of the Debtors' titles sold

to Lantern pursuant to the sale.

7.      The examination of Mr. Glasser is essential to the Committee's investigation of

potential claims against third parties because of (i) his central role at the Company, (ii) his

relationship with Harvey Weinstein and (iii) the allegations that he damaged the Company in the

months before and after his termination.

8.      For these reasons, and the reasons below, the Committee respectfully requests that

the Court grant the Motion.

## **JURISDICTION AND VENUE**

9.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding under 28 U.S.C. § 157(b).  Venue of the Debtors'

Chapter 11 cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The

statutory predicates for the relief sought herein are sections 105 and 1103 of the Bankruptcy

Code, Bankruptcy Rule 2004, and Rule 2004-1 of the Local Rules.

## BACKGROUND

10.     On March 19, 2018 (the "Petition Date"), the Debtors filed voluntary petitions

under chapter 11 of "the Bankruptcy Code" commencing these cases.  The Debtors continue to

operate their businesses and manage their assets as "debtors in possession" pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

11.     On March 28, 2018, the Office of the United States Trustee appointed the

Committee in these cases.

## RELIEF REQUESTED

12.     The Committee seeks entry of the Proposed Order annexed hereto as Exhibit C

(the "Proposed Order"), which would compel Mr. Glasser (i) to produce the documents and

materials requested in Exhibit A, and (ii) to conduct an examination of Mr. Glasser with respect

to the topics listed in Exhibit A.

## BASIS FOR RELIEF

13.     Pursuant to Section 1103(c)(2) of the Bankruptcy Code, the Committee is charged

with the duty to:

> investigate the acts, conduct, assets, liabilities, and financial
> condition of the debtor, the operation of the debtor's business and
> the desirability of the continuance of such business, and any other
> matter relevant to the case or to the formulation of a plan.

Accordingly, in its watchdog function, the Committee seeks the production of documents from

Mr. Glasser, and an examination of Mr. Glasser, in order to ascertain the Debtors' assets,

liabilities and affairs, investigate the allegations against Mr. Glasser, and otherwise discharge its

fiduciary duties to the unsecured creditors.

14.     An examination pursuant to Bankruptcy Rule 2004 "can be ordered 'on motion of any party in interest.'" In re Lifeco Inv. Group, Inc., 173 B.R. 478, 480 (Bankr. D. Del. 1994) (quoting Fed. R. Bankr. P. 2004(a)).  Rule 2004 further provides that the Court may order the examination and the production of documentary evidence concerning any matter that relates "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or . . . any matter relevant to the case or the formulation of a plan." Fed. R. Bankr. P.  2004(b); see also Harrow v. Street (In re Fruehauf Trailer Corp.), 369 B.R. 817, 827-28 (Bankr. D. Del. 2007) (noting the "extensive document discovery" that occurred pursuant to a subpoena issued under Fed. R. Bankr. P. 2004). To that end, "[t]hird parties having knowledge of the debtor's affairs, as well as a debtor itself, are subject to examination." In re Valley Forge Plaza Assoc., 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990).

15.     The scope of a Rule 2004 examination is "unfettered and broad," as the plain language of the rule indicates. See 9 Collier on Bankruptcy ¶ 2004.02[1] at 2004-6 (15th ed. Rev. 1997) (quoting In re Table Talk, Inc., 51 B.R. 143, 145 (Bankr. D. Mass. 1985). Courts have repeatedly recognized that the scope of Bankruptcy Rule 2004 examinations "as broad, unfettered and in the nature of a 'fishing expedition.'" In re Countrywide Home Loans, Inc., 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008) (citing In re Lev, No. 05-35847, 2008 WL 207523, at *3 (Bankr. D.N.J. Jan. 23, 2008); In re Silverman, 36 B.R. 254 (Bankr. S.D.N.Y. 1984); In re Vantage Petroleum Corp., 34 B.R. 650 (Bankr. E.D.N.Y. 1983)).  Indeed, Bankruptcy Rule 2004 affords parties-in-interest an extremely broad right of discovery and "is even broader than that of discovery permitted under [the Federal Rules of Civil Procedure], which themselves contemplate

broad, easy access to discovery." In re Valley Forge Plaza Assocs., 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) (citations omitted).

16.     Rule 2004 relief is necessary and applicable here.  The requested discovery will provide the Committee with information highly relevant to its analysis of potential claims, including against Mr. Glasser and Harvey Weinstein.  Mr. Glasser was part of the Company's senior management and oversaw the Company's day-to-day operations—including its finances and human resources department—during the Company's efforts to negotiate a pre-petition sale and during the time Harvey Weinstein allegedly assaulted and harassed numerous women.

17.     As set forth above in paragraphs 4 and 5, as an employee of the Company for close to a decade, as the COO of the Company for the seven years leading up to the Company's filing for bankruptcy, and as an executive who reported directly to and communicated constantly with Harvey Weinstein, Mr. Glasser is uniquely situated to offer facts and insight into the Company's operations and its handling of allegations against Harvey Weinstein.  For these reasons, broad discovery of Mr. Glasser is necessary for the Committee to fulfill its duties to investigate all claims of the estates.

18.     Broad discovery of Mr. Glasser is also needed to investigate the claims that Mr. Glasser has damaged the estates by, among other things, as set forth in paragraph 6 above, self-dealing, converting and/or attempting to convert Company assets, misappropriating and/or attempting to misappropriate valuable Company development rights and assets, and poaching and/or attempting to poach company employees.

19.     In consultation with the Debtors, the Committee devised the below list of topics to elicit information relevant to the estates' potential claims.  The topics fall into four categories that are central to the Committee's investigation:  (i) the Debtors' assets and contracts; (ii)

transfers (monetary and otherwise) from the Debtors to Mr. Glasser, Harvey Weinstein and third parties; (iii) Mr. Glasser's employment at the Company and his oversight of the Company's day-to-day operations; and (iv) the allegations of sexual misconduct against Harvey Weinstein.  Each topic concerns information relevant "to the acts, conduct, or property or to the liabilities and financial condition of the debtor."  Fed. R. Bankr. P. 2004(b).  The specific document requests and deposition topics are listed in Exhibit A.

20.     These topics are reasonable under Rule 2004 because of Mr. Glasser's key role at the Company for the past ten years, his close relationship with Harvey Weinstein and the allegations that Mr. Glasser damaged the estates both before and after his termination.

21.     As reflected in Exhibit A, the Committee's document requests are the same as their topics for examination, and are likewise reasonable in scope.  The document requests seek materials plainly relevant to the Committee's investigation and the discharge of its fiduciary duties to creditors.  To ensure the timely production of these documents, the Court should grant this Motion in its entirety.

22.     The Committee anticipates that the initial request for production set forth in Exhibit A hereto will need to be supplemented as more facts are discovered, and, therefore, requests that the Court impose a continuing obligation on Mr. Glasser to respond to subsequent reasonable discovery requests made by the Committee, and to be subject to additional examination, as necessary.

## RESERVATION OF RIGHTS

23.     The Committee reserves all of its rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this Rule 2004 Motion.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 2004-1

24.     Attached hereto as Exhibit B is a certification of Colin R. Robinson (the "Certification"), counsel to the Committee, demonstrating compliance with Local Rule 2004-1, and stating that prior to the filing of this Motion, counsel to the Committee attempted to confer with counsel for Mr. Glasser with respect to the voluntary production of documents and examination consistent with this Motion and no agreement was reached.

25.     As set forth in the Certification, throughout the thirteen day attempted meet and confer process, counsel to the Committee repeatedly requested information from Mr. Glasser's counsel, including whether Mr. Glasser had any responsive documents, if so, the approximate volume of responsive documents, and a proposed timetable for production.  Mr. Glasser's counsel did not respond to any of these requests.  Mr. Glasser's counsel, Lewis Landau, has during telephone conversation and in an exchange of email with Committee counsel repeatedly stated that his client believes that the Committee has failed to comply with Local Rule 2004-1. The Committee disagrees with Mr. Landau's position.  As set forth in detail in the Certification, the Committee first reached out to Mr. Glasser's counsel, Eve Wagner, nearly two weeks ago and first spoke with Mr. Landau a week ago.  After that conversation with Mr. Landau, the Committee invited further discussion, but Mr. Landau did not reach back out to counsel to the Committee until *after* counsel to the Committee sent an email five days later seeking further discussion.  Accordingly, as set forth in the Certification, the Committee complied with Local Rule 2004-1.

## NOTICE

26.     In accordance with Local Rule 2004-1(c), notice of this Motion is being given to (a) known counsel to Mr. Glasser, (b) the Debtors, (c) the United States Trustee, and (d) those parties that have requested notice in these cases.

## NO PRIOR REQUEST

27.     No prior request for the relief requested herein has been presented to this or any other court.

**WHEREFORE**, for the reasons discussed herein, the Committee respectfully requests entry of an order substantially in the form annexed hereto as Exhibit C: (i) granting the Motion in its entirety; (ii) compelling Mr. Glasser to produce documents and materials set forth in Exhibit A to the extent such materials are not timely produced on a voluntary basis, or to the extent that Mr. Glasser requires a Court order to produce such documents, without prejudice to the Committee's rights to seek further and other forms of discovery from Mr. Glasser; (iii) authorizing the Committee to request and conduct examinations of Mr. Glasser in connection with the topics listed in Exhibit A on an expedited basis; and (iv) granting such other and further relief as this Court deems just and proper under the circumstances.

Dated:  July 31, 2018          PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Robert J. Feinstein (NY Bar No. 1767805)
Alan J. Kornfeld (CA Bar No. 130063)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P O Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone:  302-652-4100
Facsimile:  302-652-4400
E-mail:    rfeinstein@pszjlaw.com
         akornfeld@pszjlaw.com
         crobinson@pszjlaw.com

*Counsel for the Official Committee of Unsecured Creditors*