**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------------x
                                          :
In re:                                    :   Chapter 11
                                          :
The Weinstein Company Holdings LLC, et al., :   Case No. 18-10601 (MFW)
                                          :
        Debtors.¹                         :   (Jointly Administered)
                                          :
                                          :   Re: Docket No. _____
-------------------------------------------------------------x
```

**ORDER PURSUANT TO FED. R. BANKR. P. 9019 APPROVING
SETTLEMENT STIPULATION REGARDING THE ASSUMPTION AND
ASSIGNMENT OF NETFLIX CONTRACTS**

Upon the motion, dated August 13, 2018 (the "<u>Motion</u>"),[2] of The Weinstein Company Holdings LLC and its affiliated debtors, as debtors and debtors in possession and defendants in the above-captioned adversary proceeding (collectively, the "<u>Debtors</u>") and Lantern Entertainment, LLC (together with its affiliates, "<u>Lantern</u>"), pursuant to sections 105(a) and 363 of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure, for approval of the settlement stipulation, a version of which is attached hereto as **<u>Exhibit 1</u>** (the "<u>Stipulation</u>"), by and between the Debtors, Lantern and Netflix Global LLC, Netflix International B.V., Netflix Studios LLC, and Netflix, Inc. (collectively, "<u>Netflix</u>"), all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order*

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837).  The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013.  Due to the large number of Debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein.  A complete list of this information may be obtained on the website of the Debtors' noticing and claims agent at http://dm.epiq11.com/twc.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

*of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interests; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted.

2.      Pursuant to Bankruptcy Code sections 105(a) and 363 and Bankruptcy Rule 9019, the Stipulation is approved in its entirety and is incorporated by reference herein.

3.      The Debtors are authorized to take any and all actions reasonably necessary to effectuate the terms of this Order and the Stipulation.

4.      The assumption and assignment of the Netflix Contracts pursuant to and as defined in the Stipulation is made pursuant to the terms of the Sale Order, and the Netflix Contracts are and shall be treated as Purchased Assets under the Terms of the Sale Order.

5.      Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

RLF1 19856624v.1

6.      This Court retains jurisdiction over any and all matters arising from or related to the implementation or interpretation of the Stipulation and this Order.

Dated: _____, 2018
        Wilmington, Delaware

_____
THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT 1</u>**

**STIPULATION**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------------x
                                      :
In re:                                :   Chapter 11
                                      :
The Weinstein Company Holdings LLC, et al.,    :   Case No. 18-10601 (MFW)
                                      :
              Debtors.¹               :   (Jointly Administered)
                                      :
                                      :
------------------------------------------------------------ x
```

**STIPULATION REGARDING ASSUMPTION**
**AND ASSIGNMENT OF NETFLIX CONTRACTS**

The Weinstein Company Holdings LLC and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), Lantern Entertainment LLC (together with its affiliates, "Lantern"), and Netflix Global LLC, Netflix International B.V., Netflix Studios LLC, and Netflix, Inc. (collectively, "Netflix" and, together with the Debtors and Lantern, the "Parties"), by and through their respective counsel, hereby enter into this stipulation (the "Stipulation") and stipulate and agree as follows:

WHEREAS, on March 19, 2018 (the "Petition Date"), the Debtors commenced these voluntary Chapter 11 Cases in the United States Bankruptcy Court for the District of Delaware (the "Court").

WHEREAS, on March 20, 2018, the Debtors filed the *Debtors' Motion for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Substantially All of the Debtors' Assets, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to*

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of Debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of this information may be obtained on the website of the Debtors' noticing and claims agent at http://dm.epiq11.com/twc.

1

*Approve, Sale of Substantially All of the Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief and (II)(A) Approving Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (B) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related Relief* [Docket No. 8].

WHEREAS, on April 6, 2018, the Court entered the *Order (I) (A) Approving Bidding Procedures for Sale of Substantially All of the Debtors' Assets, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Substantially All of the Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief* (the "Bid Procedures Order") [Docket No. 190].

WHEREAS, on April 13, 2018, the Debtors filed the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* (the "April 13 Notice") [Docket No. 216], which attached an exhibit listing certain contracts and leases that the Debtors may potentially assume and assign as part of the sale contemplated by the Bid Procedures Order (the "Sale"), together with associated asserted cure amounts. The April 13 Notice included certain contracts to which Netflix is a counter-party.

WHEREAS, on April 20, 2018, the Debtors filed the *Notice of Supplemental Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* (the "April 20 Notice") [Docket No. 282], which attached an exhibit listing certain additional contracts and leases that the Debtors may potentially assume and assign as part of the Sale,

2

together with associated asserted cure amounts.  The April 20 Notice included certain contracts to which Netflix is a counter-party.

WHEREAS, on April 27, 2018, the Debtors filed the *Notice of Second Supplemental Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* (the "April 27 Notice") [Docket No. 482], which attached an exhibit listing certain additional contracts and leases that the Debtors may potentially assume and assign as part of the Sale, together with associated asserted cure amounts.  The April 27 Notice included certain contracts to which Netflix is a counter-party.

WHEREAS, on April 30, 2018, Netflix filed its *Limited Objection and Reservation of Rights of Netflix Global LLC, Netflix International B.V., Netflix Studios LLC, and Netflix, Inc. to Assumption and Assignment of Certain Contracts to the Stalking Horse Bidder* (the "Limited Objection") [Docket No. 517].

WHEREAS, on May 7, 2018, Netflix filed its *Supplemental Limited Objection and Reservation of Rights of Netflix Global LLC, Netflix International B.V., Netflix Studios LLC, and Netflix, Inc. to Assumption and Assignment of Certain Contracts to the Stalking Horse Bidder* (the "Supplemental Objection") [Docket No. 819].

WHEREAS, on May 9, 2018, the Court entered its *Order (I) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests, Encumbrances and Other Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and (III) Granting Related Relief* (the "Sale Order") [Docket No. 846], which *inter alia* approved the sale of substantially all of the Debtors' assets to Lantern.

3

WHEREAS, on May 10, 2018, the Debtors filed the *Notice of Final List of Potentially Assumed Contracts and Leases* (the "May 10 Notice") [Docket No. 860], which attached an exhibit listing certain contracts and leases that the Debtors may potentially assume and assign as part of the Sale, together with associated asserted cure amounts.  The May 10 Notice included certain contracts to which Netflix is a counter-party.

WHEREAS, on July 11, 2018, the Court entered its *Order Approving Amendment to Asset Purchase Agreement Entered Into By and Between the Debtors and Lantern Entertainment LLC* [Docket No. 1220].

WHEREAS, the Debtors, Lantern, and Netflix desire to enter into this Stipulation to provide for the terms and conditions pursuant to which Netflix will consent to the assumption and assignment of certain of its contracts with the Debtors in connection with the Sale.

**NOW, THEREFORE**, it is hereby stipulated and agreed to by and among the Parties:

1.      The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation.

2.      This Stipulation shall be effective upon its execution by the Parties hereto, the Closing of the Sale to Lantern, and the entry by the Court of an Order approving this Stipulation (such date, the "Effective Date").

3.      Netflix consents to the assumption by the Debtors and assignment to Lantern of the contracts to which Netflix is a party that are set forth in the April 13 Notice, the April 20 Notice, the April 27 Notice, and the May 10 Notice (collectively, the "Netflix Contracts") in connection with the Sale and subject in all respects to the terms and conditions set forth in the Netflix Contracts and this Stipulation.

4.      The Debtors and Lantern acknowledge and agree that all output periods and similar production or development periods under the Netflix Contracts have expired or are terminated as of no later than July 11, 2018, including, but not limited to, (a) the "Output Period" as defined in that certain License Agreement for Internet Transmission No. 4, dated as of August 12, 2013, by and between Netflix, Inc. and The Weinstein Company LLC, as amended from time to time ("Output Agreement No. 4"); and (b) the "Output Period" as defined in that certain License Agreement for Internet Transmission, dated as of July 24, 2014, by and between Netflix, Inc. and The Weinstein Company LLC, as amended from time to time.  Netflix shall have no obligation to accept delivery or pay any amount under any Netflix Contract with respect to motion pictures, television shows, or any other content that as of July 11, 2018 had not been delivered by the Debtors and accepted by Netflix, including, without limitation, Season 3 of the "Scream" television series; *provided that*, Netflix shall accept delivery of (a) Season 2 of the "Spy Kids" animated children's television series in accordance with the terms and conditions set forth in that certain License Agreement, dated as of April 11, 2016, by and between Netflix, Inc. and Weinstein Television LLC and (b) "Chronicles of an Escape" in accordance with the terms and conditions set forth in Amendment #2, dated as of October 3, 2012, and Amendment #9, dated as of ___, 2018, to that certain License Agreement for Internet Transmission No. 1, dated as of January 23, 2012.

5.      Netflix agrees to waive that certain $326,000 audit claim in respect of that certain "Confidential Crouching Tiger Hidden Dragon:  The Green Legend Term Sheet," dated as of August 22, 2014, by and between Netflix Studios, LLC and CTHD2 LLC, as amended from time to time (the "CTHD2 Term Sheet").  For the avoidance of doubt, except as set forth in the immediately-preceding sentence, nothing in this Stipulation, the Sale Order, the Asset Purchase

Agreement governing the Sale, the April 13 Notice, the April 20 Notice, April 27 Notice, May 10 Notice, or any other order, document, or agreement relating to the assumption and assignment of the Netflix Contracts shall in any way affect (a) any payment obligations of Netflix or the Debtors/Lantern pursuant to the Netflix Contracts that may come due after the July 11, 2018 (including any obligations relating to prepetition time periods), which obligations shall be assumed and paid by Lantern or paid by Netflix, as applicable, including, but not limited to, any amount due under paragraph 8(d) of that certain Amendment No. 2 to Term Sheet, dated as of April 25, 2016, which amends the CTHD2 Term Sheet or (b) any audit or similar rights and obligations under the Netflix Contracts and any associated payment, set off, or recoupment rights and obligations, including with respect to audits for time periods that occurred prior to July 11, 2018.

6.    The Netflix Contracts shall be assumed and assigned together to a single entity, LE Film Distribution LLC.  Netflix agrees to execute a Notice of Assignment and Irrevocable Instructions substantially in the form attached hereto (the "NOA"); provided, that notwithstanding anything to the contrary in the NOA, the NOA shall remain valid if this Stipulation is approved by the Court by not later than September 6, 2018.

7.    With respect to each Netflix Contract assumed and assigned in connection with the Sale pursuant to this Stipulation, such assumption and assignment shall be deemed to include all amendments, license and other agreements, and other ancillary documents related to each such assumed and assigned Netflix Contract.

8.    As set forth in it the Supplemental Objection, Netflix withheld approximately $1,600,000 (the "Withheld Funds") from license fees otherwise due to the Debtors under Output Agreement No. 4 on account of the Peaky Blinders Dispute (as defined therein).  Upon (i) receipt

by Netflix of a joint instruction from Lantern and Endemol Shine (as defined in the Supplemental Objection) or (ii) a final non-appealable unstayed order being entered by a Court of competent jurisdiction resolving the Peaky Blinders Dispute in favor of the Debtors and/or Lantern, such that the agreement between the Debtors and Endemol Shine that Endemol Shine contends was terminated is assumed and assigned to Lantern and Endemol Shine receives all the license fees owed to it on account of Peaky Blinders, then Netflix shall remit the Withheld Funds to Lantern or pursuant to the terms of the joint instruction, as applicable, in each case, at the same time the next-scheduled payment of license fees otherwise due under the Netflix Contracts to Lantern and Lantern shall perform its obligations with respect to Peaky Blinders under the assumed and assigned Output Agreement No. 4, including without limitation Amendment #1. In the event the Peaky Blinders Dispute is not resolved favorably to the Debtors and/or Lantern, as applicable, then Netflix will cooperate in good faith with Lantern and Endemol Shine to determine the correct recipient of the Withheld Funds, it being understood that the purpose of the withholding was to protect Netflix from the risk of either being obligated to pay both Endemol Shine and the Debtors for the same license period or of not receiving the full benefit of the license to which it is entitled in consideration of the license fees it agreed to pay for such license.

9.      Upon the occurrence of the Effective Date, the Limited Objection and the Supplemental Objection shall be deemed to be withdrawn by Netflix.

10.      The Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Stipulation.


*[Signature Page Follows]*

IN WITNESS WHEREOF, the Parties hereby have caused this Stipulation to be duly executed.


Date:   August 13, 2018

     Wilmington, Delaware

| LAW OFFICE OF CURTIS A. HEHN | RICHARDS, LAYTON & FINGER, P.A. |
|---|---|
| */s/ Thomas E. Patterson* | */s/ Zachary I. Shapiro* |
| Curtis A. Hehn (DE Bar No. 4264) | Mark D. Collins (No. 2981) |
| 1007 N. Orange Street, 4th Floor | Paul N. Heath (No. 3704) |
| Wilmington, DE 19801 | Zachary I. Shapiro (No. 5103) |
| Telephone: (302) 294-2591 | Brett M. Haywood (No. 6166) |
| Cell: (302) 757-3491 | David T. Queroli (No. 6318) |
| Facscimile: (302) 351-7214 | One Rodney Square |
| Email: curtishehn@comcast.net | 920 North King Street |
|  | Wilmington, Delaware 19801 |
|  | Telephone: (302) 651-7700 |
|  | Facsimile: (302) 651-7701 |
| and |  |
|  | and |
| KLEE, TUCHIN, BOGDANOFF & STERN LLP |  |
| Thomas E. Patterson (admitted *pro hac vice*) | CRAVATH , SWAINE & MOORE LLP |
| Julian I. Gurule (admitted *pro hac vice*) | Paul H. Zumbro (admitted *pro hac vice*) |
| 1999 Avenue of the Stars | George E. Zobitz (admitted *pro hac vice*) |
| Thirty-Ninth Floor | Karin A. DeMasi (admitted *pro hac vice*) |
| Los Angeles, CA 90067-6049 | Worldwide Plaza |
| Telephone: (310) 407-4000 | 825 Eighth Plaza |
| Facsimile: (310) 407-9090 | New York, New York 10019 |
| Email: tpatterson@ktbslaw.com | Telephone: (212) 474-1000 |
| Email: jgurule@ktbslaw.com | Facsimile: (212) 474-3700 |
| *Attorneys for Netflix* | *Attorneys for the Debtors and Debtors in Possession* |


*[Signature Pages Continue on Following Page]*

PEPPER HAMILTON LLP

*/s/ Meredith A. Lahaie*
David B. Stratton, Esq.
David M. Fournier, Esq.
Evelyn J. Meltzer, Esq.
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19801
Email: stratton@pepperlaw.com;
Email:  fournierd@pepperlaw.com;
Email:  meltzere@pepperlaw.com


and

AKIN GUMP STRAUSS HAUER & FELD LLP
Abid Qureshi, Esq.
Stephen B. Kuhn, Esq.
Meredith A. Lahaie, Esq.
Michael S. Stamer, Esq.
One Bryant Park
Bank Of America Tower
New York, NY 10036
Email: aqureshi@akingump.com
        mstamer@akingump.com
        skuhn@akingump.com
        mlahaie@akingump.com

*Attorneys for Lantern Entertainment, LLC*

**Exhibit A**
**Notice of Assignment and Irrevocable Instructions**

NOTICE OF ASSIGNMENT
AND IRREVOCABLE INSTRUCTIONS

LE FILM DISTRIBUTION LLC
300 Crescent Court, Suite 1100
Dallas, TX 75201

As of July 13, 2018

**NETFLIX, INC.**
5808 W. Sunset Blvd., 6th Floor
Los Angeles, California 90028
Attention: Amy Reinhard and Stephen Zager
E-mail: areinhard@netflix.com/szager@netflix.com

Re:    **(i) License Agreements between The Weinstein Company LLC (the "Company") and Netflix, Inc. as listed in Exhibit A, hereto (each, an "Agreement", and collectively, the "Agreements") and (ii) the Assignment and Assumption Agreements as listed in Exhibit B, hereto**

Dear Sir or Madam:

The Company has, for security purposes, assigned its rights and benefits to receive payments under the Agreements to SunTrust Bank, as Administrative Agent for the Lenders referred to below (in such capacity, the "Agent").

Pursuant to that certain Credit, Security, Guaranty and Pledge Agreement, dated as of July [___], 2018 (as may be amended, supplemented or otherwise modified, renewed, restated or replaced from time to time, the "Credit Agreement"), among (ii) LE Film Distribution LLC, as Borrower, (ii) Lantern Entertainment LLC, as Parent, (iii) any Guarantors (as defined therein) party thereto from time to time, (iv) the Lenders (as defined therein) party thereto from time to time, and (v) the Agent, the Lenders have agreed, subject to the terms and conditions set forth in the Credit Agreement, to make loans and extend other financial accommodations to the Borrower.

Until receipt of the Bank Facility Termination Notice (as defined below), the Company hereby irrevocably instructs and authorizes Distributor to pay all monies that hereafter from time to time become owing or due from Distributor to the Company (collectively, the "Assigned Receipts"), as, when and if such Assigned Receipts are due pursuant to any Agreement as follows:

If by wire transfer, to (the "Collection Account"):

**SunTrust Bank**
**Account No. 1000216492412**
**ABA # 061000104**

If by mail or hand delivery, to:

**SunTrust Bank**
**3300 Northside Pkwy NW**
**Atlanta, GA 30327**
**Attn: Sarah McAfee / Maria Goodwin**
**Reference: Lantern Entertainment Collection Account**

Until receipt by Distributor of written notice from the Agent that its rights under the Credit Agreement have been terminated (the "Bank Facility Termination Notice"), the Company hereby irrevocably instructs and authorizes Distributor to pay all Assigned Receipts to such account as the Agent shall designate in writing.

This authority and instruction is coupled with an interest and may not be modified, terminated or revoked without the prior written consent of the Agent until the Distributor has received the Bank Facility Termination Notice.

At any time after the Agent has given written notice to Distributor that an Event of Default (as defined in the Credit Agreement) has occurred and is continuing under the Credit Agreement, the Agent shall have the right to modify this authority and instruction by written notice to the parties hereto.

Except as expressly provided herein, nothing contained herein shall be construed to abrogate, limit or restrict or otherwise modify any of Distributor's rights and remedies under any Agreement or otherwise at law or in equity, all of which are hereby expressly reserved. Nothing contained herein shall be deemed to release the Company from any of its obligations or liabilities to the Distributor under any Agreement.

The Company shall indemnify Distributor for any duplicative payments or claims from any third party arising as a result of any payments made to the Agent hereunder. In the event any Assigned Receipts are remitted in error to Company, such Assigned Receipts will be immediately delivered by the Company to the Agent. Solely as between the Agent (on behalf of the Lenders) and the Distributor, and not for the benefit of the Company, the Agent, on behalf of the Lenders, will not exercise its right as a secured party or otherwise act in any manner that would prejudice, disturb, infringe upon, interfere with, prevent or impede the full, complete, free and unencumbered purchase, enjoyment, exploitation and exercise by the Distributor of any of the rights granted to the Distributor pursuant to each Agreement or otherwise at law or in equity ("Quiet Enjoyment Rights"); provided that such Quiet Enjoyments Rights shall be terminated if the Distributor fails to pay the license fee under the applicable Agreement as and when due as set forth in such Agreement to the Collection Account as provided herein and such failure continues for 30-days after written notice of such failure is delivered to the Distributor by the Agent.  Subject to the Quiet Enjoyment Rights, nothing herein shall preclude the Agent, on behalf of the Lenders, from exercising its rights as a secured party as against the Company at any time.

Notwithstanding anything to the contrary in the Agreements or herein, Distributor's obligation to pay the Assigned Receipts in accordance with the terms of the Agreements, as amended herein, shall be subject to such payment not being (a) in contravention of a third party claim that Company is not legally entitled to such payment, which claim, in Distributor's reasonable judgment, is a bona fide, non-frivolous claim, and which claim is outstanding at the time when Distributor would otherwise be obligated to make such payment to the Collection Account ("Adverse Claim"), or (b) in violation of any court order or other binding legal process directing Distributor not to make such payment ("Adverse Court Order"), which Adverse Court Order is outstanding at the time when Distributor would otherwise be obligated to make such payment to the Collection Account. With respect to an Adverse Claim, Distributor shall pay to the Collection Account such amount as is not the subject of such Adverse Claim and the Distributor shall have the right to interplead the amount subject to such Adverse Claim for final determination by a court of competent jurisdiction in the State of California of the proper disposition of such funds. No provision of this paragraph limits the right of the Company or the Agent to challenge the validity of an Adverse Claim or to challenge the merits of an Adverse Court Order.

Notwithstanding anything to the contrary in the Agreements or herein, this Notice of Assignment and Irrevocable Instructions shall be null and void if the *Stipulation Regarding Assumption and Assignment of Netflix Contracts*, dated as of July 13, 2018 (the "Stipulation"), between The Weinstein Company Holdings LLC and certain of its affiliates, Lantern Entertainment LLC, and Netflix Global LLC, Netflix International B.V., Netflix Studios LLC, and Netflix, Inc. is not approved by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") by the date that is thirty-five days after the date of the execution of this Notice.

Please signify your acknowledgment and agreement hereto by signing and returning to the Agent (at the address indicated below) the acknowledgment and confirmation set out below.

This Notice may be executed in any number of counterparts, each of which together shall constitute one and the same instrument. Delivery of an executed counterpart of this Notice by facsimile or transmitted electronically in a Portable Document Format ("PDF") shall be equally effective as delivery of a manually executed counterpart of this Notice. THIS NOTICE SHALL IN ALL RESPECTS BE CONSTRUED IN ACCORDANCE WITH, AND GOVERNED BY, THE LAWS OF THE STATE OF CALIFORNIA WHICH ARE APPLICABLE TO CONTRACTS MADE AND TO BE PERFORMED WHOLLY WITHIN SUCH STATE. This Notice is binding upon and shall inure to the benefit of Agent, the Lenders, the Company, and the Distributor, and their respective successors and assigns. This Notice is intended by the parties hereto to be the final, complete, and exclusive expression of the agreement between them with respect to the subject matter hereof. This Notice supersedes any and all prior oral or written agreements relating to such subject matter.

[Signature Page follows.]

Very truly yours,

LE FILM DISTRIBUTION LLC

By: _____
    Name:
    Title:

ACKNOWLEDGED AND AGREED:

SUNTRUST BANK, as Agent

By: _____
    Name:    J. Matthew Rowand
    Title:   Director

[Signature Page to Netflix Notice of Assignment / Instructions]

Very truly yours,

LE FILM DISTRIBUTION LLC

By: _____
    Name:       Christopher Halpin
    Title:      Chief Financial Officer

*[Signature Page to Notice of Assignment (Netflix)]*

WE ACKNOWLEDGE RECEIPT of the foregoing Notice of Assignment and Irrevocable Instructions (the "Notice") from LE Film Distribution LLC (the "Company") and undertake to comply with it.  Capitalized terms used and not otherwise defined on this signature page shall have the meanings ascribed thereto in the Notice.

We hereby confirm and agree that all Assigned Receipts that hereafter from time to time become owing or due under any Agreement shall be paid in accordance with the Notice as, when and if such Assigned Receipts are due pursuant to such Agreement, subject to all of our available rights of offset, defense, cross-collateralization or counterclaim as set forth in the Agreement; provided that until such time as we receive the Bank Facility Termination Notice, such rights of offset, defense, cross-collateralization or counterclaim for titles in any Agreement shall not be cross-collateralized with other titles licensed from the Company or any of its affiliates to us pursuant to a separate agreement other than the Agreements without the Administrative Agent's prior written consent.

Dated this 13th day of July, 2018

**NETFLIX, INC.**

By: _____
    Name:    Colin Morawski
    Title:    Director, Content Acquisition

Return To:     SunTrust Bank,
               as Administrative Agent
               c/o Morgan, Lewis & Bockius LLP
               101 Park Avenue
               New York, New York  10178-0060
               Attention:  Terrence L. Dugan

with copies to: LE Film Distribution LLC
               300 Crescent Court, Suite 1100
               Dallas, TX 75201
               Attention: Nicolas Darsa

DocuSign Envelope ID: B357DB4A-780A-4A9B-8811-55AE19C2DED1

## Exhibit A

1. License Agreement for Internet Transmission No. 1 dated January 23, 2012 (as amended)

2. License Agreement for Internet Transmission No. 2 dated April 16, 2012 (as amended)

3. License Agreement for Internet Transmission No. 3 dated February 2, 2012 (as amended)

4. License Agreement for Internet Transmission No. 4 dated August 12, 2013 (as amended)

5. License Agreement in connection with Foreign Animated Films dated July 24, 2014 (as amended)

6. License Agreement in connection with the television series "Spy Kids" (season 1 and 2) dated April 11, 2016

7. Confidential "Crouching Tiger Hidden Dragon:  The Green Legend" Term Sheet entered into as of August 22, 2014 as amended by that certain Amendment to Term Sheet dated as of September 18, 2014, Amendment No. 2 to Term Sheet dated as of April 25, 2016, and Amendment No. 3 to Term Sheet dated as of September 7, 2017.

8. License Agreement in connection with the television series "The Mist" dated November 14, 2016

9. License Agreement in connection with the television series "The Mist" dated November 23, 2016

10. License Agreement in connection with "Time:  the Kalief Browder Story" dated August 4, 2017

DocuSign Envelope ID: B357DB4A-780A-4A9B-8811-55AE19C2DED1

## EXHIBIT B

1. Assignment and Assumption Agreement between The Weinstein Company Holdings LLC on the one hand and LE Television LLC and Lantern Entertainment LLC, on the other hand, dated as of July 13, 2018.

2. Assignment and Assumption Agreement between The Weinstein Company Holdings LLC on the one hand and LE Film Distribution LLC and Lantern Entertainment LLC, on the other hand, dated as of July 13, 2018.