## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE WEINSTEIN COMPANY HOLDINGS LLC, *et al.*,[1] | Case No. 18-10601 (MFW) |
| Debtors. | Jointly Administered |
| | **Hearing Date:  September 25, 2018 at 3:00p.m. (ET)** **Response Deadline:  August 31, 2018 at 4:00p.m. (ET)** |

## MOTION OF AI INTERNATIONAL HOLDINGS (BVI) LTD.
## FOR RELIEF FROM AUTOMATIC STAY AND RELATED RELIEF

AI International Holdings (BVI) Ltd. ("AI International"), by and through its undersigned counsel, hereby files this motion (the "Motion") under Bankruptcy Code Section 362(d)(1) and Bankruptcy Rule 4001 for an Order granting relief from the automatic stay to allow AI International to proceed with its action against Harvey Weinstein ("Weinstein"), a non-debtor, currently pending in the Supreme Court for the State of New York (the "State Court").  Although the protections of the automatic stay do not apply to Weinstein, this Motion is being filed out of an abundance of caution because Weinstein's co-defendants in the State Court Action (as hereinafter defined) are debtors in these cases.

## INTRODUCTION

1. AI International is a secured creditor of certain of the Debtors, holding a claim of at least $46 million arising under a certain Loan (as defined below) to TWC Borrower 2016,

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

LLC, a subsidiary of The Weinstein Company (the "Borrower").  Prior to the petition date,

Weinstein and Weinstein Company Holdings LLC, a debtor in these cases ("Weinstein Holdco")

guaranteed the Loan.

2.      Shocking accounts of  sexual harassment and other sexual misconduct by

Weinstein came to light in early October, 2017.  On October 10, 2017, AI International gave

notice of default under the Loan to the Borrower, Weinstein, and Weinstein Holdco, citing

Weinstein's misconduct and his consequent dismissal as co-chairman of Weinstein Holdco.  On

October 20, 2017, AI International demanded immediate payment of all obligations under the

Loan (the "Loan Obligations") from Weinstein and Weinstein Holdco.  On October 31, 2018, AI

International demanded immediate payment of the Loan Obligations from the Borrower.

3.      The Borrower, Weinstein, and Weinstein Holdco failed to pay the Loan

Obligations, and AI International moved to enforce its rights.  On November 10, 2018, AI

International filed an action against the Borrower, Weinstein and Weinstein Holdco for

repayment of the Loan Obligations and related relief (the "State Court Action").[2]

4.      Weinstein Holdco and various of its affiliates, including the Borrower, filed

petitions for relief under chapter 11 of the Bankruptcy Code on March 19, 2018 (the "Petition

Date").  As a result, the State Court Action was automatically stayed as to the Borrower and

Weinstein Holdco.[3]

5.      AI International now seeks relief from the automatic stay for cause pursuant to

Bankruptcy Code section 362(d)(1) to permit the State Court Action to proceed as to Weinstein,

---

[2]    *AI International v. TWC Borrower 2016, LLC, et al.*, Index No. 656864/2017 (N.Y. Sup. Ct.) (Hon. Salian Scarpulla).

[3]    As described in more detail below, AI International stipulated to a temporary stay of the State Court Action as to Weinstein shortly after the petition date, which it may terminate at any time, and will terminate if the Motion is granted, by filing a notice with the State Court.

so that the State Court may adjudicate AI International's claims against Weinstein and enter judgment as appropriate, and so that AI International may enforce any judgment entered against Weinstein by all available means.

6.      It is axiomatic that the automatic stay does not stay actions against non-debtors, including guarantors of claims against a debtor.  Nonetheless, AI International seeks relief from this Court out of an abundance of caution, in order to preclude Weinstein or any parties from asserting in the State Court, or otherwise, that prosecution of the State Court Action through judgment and enforcement of remedies against Weinstein are subject to the stay in these cases. AI International submits that sufficient cause exists to grant the Motion because Weinstein is not a debtor in these cases, has not sought bankruptcy protection, and is not entitled to the protection of the automatic stay.  AI International further submits that the relief sought in this Motion will not prejudice the Debtors or their estates, and that the hardship to the plaintiff outweighs any hardship to the Debtors.  As will be demonstrated below, there is ample authority for granting the requested relief.

7.      In support of its Motion, AI International respectfully submits as follows:

**JURISDICTION AND VENUE**

8.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. § 1408 and 1409. This Motion for stay relief is a core proceeding within the meaning of 28 U.S.C. 157(b)(2)(G). The authority for the relief requested herein includes Bankruptcy Code Section 362(d)(1), Bankruptcy Rule 4001 and Local Rule 4001-1.

**REQUESTED RELIEF**

9.      By this Motion, AI International seeks entry of an Order, substantially in the form attached hereto, pursuant to Bankruptcy Code Sections 362(d)(1), terminating the automatic stay

for cause, to the extent it may apply, in order to permit AI International to prosecute the State

Court Action against Weinstein, including in any appellate courts of appropriate jurisdiction, for

the State Court to fully adjudicate AI International's claims, and enter judgment against

Weinstein, and for AI International to exercise any and all rights and remedies against Weinstein

and in connection therewith, including, without limitation, enforcement of any judgment entered

against Weinstein by the State Court.

## **BACKGROUND**

### I.    **AI International $45 Million Loan to TWC Borrower, LLC**

10.     In September 2016, AI International loaned $45 million to the Borrower.  The

loan (the "Loan") was documented by a certain Loan Agreement dated as of September 29, 2016

(the "Loan Agreement") and a Secured Full Recourse Promissory Note, dated September 29,

2016 (the "Note").  A copy of the Note is attached as **Exhibit 1** to the Declaration of Bennett J

Murphy (the "Murphy Declaration"), filed in support of this Motion. Weinstein Holdco and

Weinstein each provided a guaranty of the Loan Obligations of even date with the Loan

Agreement.  A copy of the Guaranty provided by Weinstein is attached as **Exhibit 2** to the

Murphy Declaration.

11.     The Loan is secured by certain collateral as set forth in that certain Pledge and

Security Agreement dated September 29, 2016 (the "PSA").  Pursuant to the PSA:

a.  The Weinstein Company pledged all of its rights, title, and interest in all issued and
    outstanding capital stock of Weinstein Global Film Corp.;

b.  Weinstein Holdco pledged all of its rights, title and interest in all issued and
    outstanding membership interests in Weinstein Television LLC; and

c.  Weinstein Global Film Corp. pledged its right, title and interest in the foreign
    distribution and exploitation rights of certain films.

4

12.     Following the public disclosure of accounts of sexual harassment and other sexual misconduct, Weinstein was dismissed as co-chairman of Weinstein Holdco on October 7, 2017, effective immediately.   On October 10, 2017, AI International gave notice of default under Section 2(e)(vii) of the Note, based on the occurrence of a Material Adverse Change (as defined in the Note), by reason of the accounts of Weinstein's gross misconduct and his dismissal as co-chairman of Weinstein Holdco.

13.     AI International filed its complaint (the "Complaint") commencing the State Court Action on November 10, 2017, seeking repayment of the Loan Obligations from the Borrowers, Weinstein, and Weinstein Holdco.  A copy of the Complaint is attached as **Exhibit 3** to the Murphy Declaration.  The current outstanding amount of the Loan Obligations, including accrued and unpaid interest, is in excess of $46 million.

14.     AI International, the Borrower and Weinstein Holdco entered a forbearance agreement dated as of December 21, 2017 (the "Forbearance Agreement"), providing for a temporary stay of the State Court Action.  Under the Forbearance Agreement, the Borrower and its applicable affiliates had until January 31, 2018 to sign a definitive stock or asset purchase agreement providing for proceeds sufficient to repay the Loan Obligations.  The Borrower failed to meet that deadline, the temporary stay terminated, and litigation in the State Court Action resumed.

15.     The State Court Action was automatically stayed as to the Borrower and Weinstein Holdco on the Petition Date.  On April 3, 2018, the State Court entered an order approving a *Stipulation Regarding Stay Of Proceedings* (the "Stipulation").  The Stipulation, attached as **Exhibit 4** to the Murphy Declaration, provided for the temporary stay of the State Court Action as to Weinstein.  The Stipulation gave AI International the right to terminate the

temporary stay at any time by filing a notice with the State Court.  The Stipulation also provided for the stay to terminate as to Weinstein automatically if the Court modified or terminated the stay as to the Borrower and Weinstein Holdco.

16.     On April 30, 2018, AI International filed proofs of claim for the outstanding Loan Obligations in the amount of not less than $46,336,790.99.

## ARGUMENT

## I.     The Court May Terminate Or Modify The Automatic Stay For Cause.

17.     Courts may grant relief from the automatic stay in appropriate circumstances. *See Wedgewood Inv. Fund, Ltd. v. Wedgewood Reality Grp., Ltd. (In re Wedgewood Realty Grp., Ltd.)*, 878 F.2d 693, 697 (3rd Cir. 1989). Specifically, Bankruptcy Code Section 362(d)(1) provides, in relevant part, as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or condition such stay -
>
> (1) For cause . . . .

11 U.S.C. § 362(d).

18.     The automatic stay does not stay actions taken against non-debtor third parties such as sureties, guarantors, co-obligors, or others with similar legal or factual nexus to the debtor.  *See McCartney v. Integra Nat'l Bank North,* 106 F.3d 506, 509 (3[d] Cir. 1997) ("*McCartney*").  The Third Circuit has recognized that although the automatic stay has a broad scope, the clear language under section 362(a) applies only to actions against a debtor.  *Id.*

19.     The party seeking relief from the automatic stay has the burden of establishing a *prima facie* case that cause exists to grant such relief. *See Save Power Ltd. v. Pursuit Athletic Footwear, Inc. (In re Pursuit Athletic Footwear, Inc.)*, 193 B.R. 713, 718 (Bankr. D. Del. 1996)

(citing *Izzarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.)*, 141 B.R. 574, 576-77 (Bankr. D. Del. 1992)); *cf.* 11 U.S.C. § 362(g). Once the creditor establishes a *prima facie* case of cause, the burden shifts to the debtor to establish the stay should not be lifted. *See Pursuit Athletic Footwear*, 193 B.R. at 718; *In re Scarborough-St. James Corp.*, 535 B.R. 60, 68 (Bankr. D. Del. 2015).

20.     The Bankruptcy Code does not define the term "cause," but it is a flexible concept that should be determined on a case by case basis. *See Rexene Products,* 141 B.R. at 576; *see also Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3rd Cir. 1997) ("Section 362(d)(1) does not define 'cause,' leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case."); *In re SCO Grp., Inc*., 395 B.R. 852, 856 (Bankr. D. Del. 2007) (citing *In re Wilson*). In *in re Texas Optical, Inc.,* 188 B.R. 552, 556 (Bankr. E.D. Tex. 1995), the court found that "cause" for modification of the automatic stay is "an intentionally broad and flexible concept" that permits a bankruptcy court, as a court of equity, to respond to inherently fact-sensitive situation.

21.     According to the legislative history of Bankruptcy Code Section 362, cause may be established by a single factor, such as "a desire to permit an action to proceed . . . in another tribunal." *In re Rexene Prods. Co.*, 141 B.R. at 576 (*citing* H.R. Rep. No. 95-595, 95th Cong. 1st Sess., (1977)); *see also In re Drexel Burnham Lambert Grp., Inc*., 113 B.R. 830, 838 n.8 (Bankr. S.D.N.Y. 1990) (citing various findings of § 362(d)(1) "cause" to permit litigation in another forum to proceed such as liquidation of a personal injury, arbitration, or specialized jurisdiction claim).

22.     Numerous courts have found cause for relief from stay to permit litigation to commence or continue in a non-bankruptcy forum. *See In re Pursuit Athletic Footwear, Inc*., 193

B.R. at 719; *see also In re Wilson*, 116 F.3d at 89-91 (permitting pending state court action to proceed against debtor); Agreed Order Granting Motion of Arizona Plaintiffs For Limited Relief From The Automatic Stay And For Related Relief, *In re RCS Capital Corp.*, Case No. 16-10223 (Bankr. D. Del. May 2, 2016) (Walrath, J.) (Dkt. 686); *In re Tribune Co.*, 418 B.R. 116, 126-30 (Bankr. D. Del. 2009) (granting stay relief to permit prosecution of litigation against debtor in non-bankruptcy forum based on application of the factors from *In re Rexene Prods. Co.*). This is consistent with the legislative history behind Section 362(d)(1), which recognizes that "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." S.Rep. No. 95-989 at 50 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5836.

## II.    Cause Exists To Grant Relief From The Stay

23.    Movants submit that sufficient cause for relief is shown merely from the fact that AI International seeks to pursue the State Court Action against Weinstein only, not against the Debtor defendants.  Under *McCartney*, the stay does not protect Weinstein, who is not a debtor in these cases.

24.    Even where relief from stay is sought with respect to litigation against a debtor, Courts in this district will grant relief under a three-part balancing test.  To determine whether there is cause to grant relief from stay to continue litigation against a debtor in a non-bankruptcy forum:

(1)    Whether any great prejudice to either the estate or the debtor will result from continuation of the civil suit;

(2)      Whether the hardship to the creditor plaintiff by maintaining the stay considerably outweighs the hardship to the debtor; and

(3)      Whether the creditor has a probability of prevailing on the merits.

*In re Rexene Prods. Co.*, 141 B.R. at 576 (citations omitted).   Movant's request is amply supported under each part of the *Rexene* test.

### A.      Allowing the State Court Litigation to Proceed will not prejudice these Debtors or the Estates

25.      No prejudice to the debtors would result from granting the Motion.   AI International is not seeking relief from stay to pursue the Borrower, Weinstein Holdco or any other Debtor.   AI International does not need the participation or presence of either the Borrower or Weinstein Holdco in order to prosecute its claims against Weinstein.   AI International does not anticipate the need for discovery or depositions from any Debtor, and in any event would seek further relief by separate motion if such a need arose.   Accordingly, no estate resources will be expended in order for AI International to proceed against Weinstein in the State Court Action. Under the Stipulation, the Borrower and Weinstein Holdco expressly agreed that AI International could resume litigation of the State Court Action against Weinstein without leave of this Court or the State Court.   AI International seeks relief only to do exactly what was anticipated by the parties when the Stipulation was executed.

26.      For these reasons, the first factor weighs in favor of granting relief from the automatic stay.

### B.      Any Hardship to the Debtors is Outweighed by the Hardship to AI International

27.      AI International holds a secured claim against these estates in excess of $46 million.   AI International will seek to recover whatever it can in these cases, but cannot

realistically expect full recovery, or recovery of even a substantial portion of its claim.[4] Pursuing Weinstein is a critically important opportunity for AI International to recover on its claim. AI International will suffer great prejudice if it cannot proceed against Weinstein in the State Court Action.

28.     For these reasons, the second factor weighs in favor of granting relief from the automatic stay.

### C.     AI International has a Strong Likelihood of Success on the Merits

29.     The State Court Action is a straightforward collection case.  There is no dispute that AI International loaned $45 million to Borrower and that the Loan remains in default. Indeed, the Borrower and Weinstein Holdco each acknowledged in the Forbearance Agreement that the Loan Obligations were due and payable and that the Loan Agreement, the Note, and the other loan agreements were valid and enforceable.

30.     Accordingly, the third factor weights in favor of granting relief from the stay.

### WAIVER OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(a)(3)

31.     Pursuant to Bankruptcy Rule 4001(a)(3), "an order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 4001(a)(3). AI International respectfully submits that this 14-day stay be waived in light of the prejudice AI International will suffer it cannot resume the State Court Action against Weinstein immediately.

---

[4]     On June 2, 2018, AI International commenced an adversary proceeding against Union Bank and its affiliate seeking, among other things, a determination by this Court as to the appropriate allocation of the proceeds from the Lantern Sale.  *See Adversary Case No.* 18-50486 (MFW)*, AI International Holdings, BVI, LTD v. MUFG Union Bank, N.A., as administrative and collateral agent, Union Bancal Equities, Inc.*

## NOTICE

32.    Notice of this Motion has been provided to: (i) the Debtors; (ii) counsel for the Debtors; (iii) the United States Trustee; (iv) counsel for Weinstein; and (v) counsel for the Official Committee of Unsecured Creditors.

## CONCLUSION

WHEREFORE, AI International respectfully requests that the Court enter an Order, substantially in the form attached hereto, granting: (i) relief from the stay under Bankruptcy Code Section 362(d)(1), *inter alia*, to allow AI International to prosecute the State Court Action against Weinstein, and enforce any judgment against him; and (ii) such other and further relief as it deems just and proper.

Dated: August 16, 2018
        Wilmington, Delaware

**MONTGOMERY McCRACKEN WALKER & RHOADS, LLP**

By:  */s/ Natalie D. Ramsey*
     Natalie D. Ramsey (DE Bar No. 5378)
     Davis Lee Wright (DE Bar No. 4324)
     1105 North Market Street, 15th Floor
     Wilmington, DE  19801
     Telephone:(302) 504-7800
     Facsimile: (302) 504 -7820
     Email:      nramsey@mmwr.com
                 dwright@mmwr.com

          - and -

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani, Esq. (admitted *pro hac vice*)
Scott Shelley, Esq. (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:(212) 849-7000
Facsimile: (212) 849-7100
Email:      susheelkirpalani@quinnemanuel.com
            scottshelley@quinnemanuel.com

- and -

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Bennett Murphy, Esq. (admitted *pro hac vice*)
Jennifer Nassiri, Esq. (admitted *pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone:(213) 443-3000
Facsimile: (213) 443-3100
Email:    bennettmurphy@quinnemanuel.com
          jennifernassiri@quinnemanuel.com

*Counsel to AI International Holdings (BVI) Ltd.*