**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

----------------------------------------------------------------- x
                                                                  :
In re                                                             :   Chapter 11
                                                                  :
THE WEINSTEIN COMPANY HOLDINGS                                    :   Case No. 18-10601 (MFW)
LLC, *et al.*,                                                    :
                                                                  :
                    Debtors.[1]                                   :   Jointly Administered
                                                                  :
                                                                  :   **Hearing Date: September 5, 2018 at 11:30 a.m. (ET)**
                                                                  :   **Objection Deadline: At or before the Hearing**
                                                                  :   **Related Doc. Nos. 1246, 1350, 1415 & 1416**
----------------------------------------------------------------- x

**MOTION TO FILE UNDER SEAL PORTIONS OF OBJECTION OF**
**VIACOM INTERNATIONAL INC. TO SETTLEMENT AGREEMENT**
**AMONG THE DEBTORS, LANTERN AND NETFLIX**

Viacom International Inc. and its controlled affiliates (collectively, "Viacom"), by and through their undersigned counsel, hereby move (the "Motion") for entry of an order, pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9018-1(d) and 9018-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing Viacom to file under seal certain confidential commercial information in the *Objection of Viacom International Inc. to Settlement Agreement Among the Debtors, Lantern and Netflix* (the "Objection"). In support of this Motion, Viacom respectfully states as follows:

---

[1]   The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

## BACKGROUND

1. On August 13, 2018, the above-captioned debtors and debtors in possession (the "Debtors") and Lantern Entertainment, LLC ("Lantern"), as purchaser of the Debtors' assets, filed the *Motion of the Debtors and Lantern Entertainment, LLC Pursuant to Fed. R. Bankr. P. 9019 for Approval of Stipulation Regarding the Assumption and Assignment of Netflix Contracts* (D.I. 1350) (the "Settlement Motion"). By the Settlement Motion, the Debtors and Lantern seek Court approval of a settlement stipulation (the "Stipulation") by and among the Debtors, Lantern, Netflix Global LLC, Netflix International B.V., Netflix Studios LLC and Netflix, Inc. (collectively, "Netflix").

2. As described in more detail in the Objection, an integral part of the Stipulation is the abandonment by the Debtors for no consideration of their rights under a contract with Netflix pursuant to which Netflix agreed to pay for certain rights to Season 3 of the television show Scream. As also described in more detail in the Objection, Viacom has a valid perfected security interest in the Debtors' rights under the Scream contract that secures in excess of $9 million of claims held by Viacom. Since Viacom would be entitled to receive the proceeds of the Scream contract, Viacom opposes the Settlement Motion and approval of the Stipulation through the Objection.

3. In order to evaluate the Settlement Motion and the Stipulation, Viacom requested copies of that certain Amendment No. 2 ("Amendment No. 2") to the License Agreement for Internet Transmission No. 4 (as amended, "Output Agreement No. 4") with Netflix for the international distribution of Season 3 of Scream. The parties agreed to provide Viacom with copies of Amendment No. 2 and Output Agreement No. 4 subject to Viacom's agreement not to

publicly disclose the terms of such agreements and, to the extent filed with the Court, to file such agreements or their terms under seal.

4. The Objection refers to certain pricing and payment terms of Amendment No. 2 to Output Agreement No. 4, which Netflix treats as confidential. Accordingly, consistent with Viacom's agreement to file any such references under seal, Viacom files this Motion to seal such information.

## RELIEF REQUESTED

5. By this Motion, Viacom requests the entry of an order (i) permitting Viacom to file under seal the unredacted Objection containing references to the confidential commercial terms of Amendment No. 2 to Output Agreement No. 4 and (ii) directing that the unredacted Objection shall remain under seal and confidential and not be made available to anyone except for (a) the Court, (b) counsel to the Debtors, (c) the U.S. Trustee (if requested), (d) counsel for the official committee of unsecured creditors (the "Committee") on a "professional eyes only" basis, (e) counsel to Lantern, and (f) counsel to Netflix.

## BASIS FOR RELIEF REQUESTED

6. Section 107(b) requires the Court to protect confidential commercial information from public disclosure. 11 U.S.C. § 107(b) ("On request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ."). Once the Court determines that an entity is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, such as confidential commercial information, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

7. Courts have held that protection under section 107(b) of the Bankruptcy Code must be granted if the information sought to be protected is commercial information, and significantly, that commercial information need not rise to the level of a trade secret to be entitled to protection. *Id.* at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Further, in contrast with Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *Orion Pictures Corp.*, 21 F.3d at 28. Nor does it require a finding of "extraordinary circumstances or compelling need." *Id.* at 27.

8. Rather, a party seeking the protection of section 107(b) of the Bankruptcy Code need only demonstrate that the information is "confidential" and "commercial" in nature. *Id.* at 27; *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Once it is established that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure. *See Global Crossing*, 295 B.R. at 725.

9. Sufficient cause exists for the Court to grant the relief requested in this Motion because the references to Amendment No. 2 to Output Agreement No. 4 contain confidential "commercial information" as used in section 107(b)(1). Specifically, the references contain the pricing and payment terms Netflix pays for Season 3 of Scream, which Netflix treats as confidential commercial information. Netflix has represented to this Court that "[p]ermitting disclosure of such information could impair Netflix's ability to negotiate similar agreements in

the future, provide an unfair advantage to its competitors, and cause commercial harm." *See* D.I. 820 at ¶ 17. Furthermore, this Court has recognized that pricing, payment and distribution terms often constitute sensitive, confidential, and/or proprietary commercial information in the film and television industry that can be used for competitive purposes, and, as such, has permitted such information to be filed under seal in these cases. *See, e.g.*, *Order Granting the Motion of the In The Heights Owners to File Under Seal the Objection of the In The Heights Owners to the Debtors' Proposed Assumption and Assignment of the Option/Purchase Agreement and the Producer Agreement and the Exhibits to the Objection* (D.I. 884; entered May 16, 2018) (approving filing under seal of unredacted objection containing sensitive information concerning financial arrangements, revenues, and expenses for films); *Order Pursuant to Sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1 for Authorization to File Under Seal Certain Information Set Forth in the Limited Objection and Reservation of Rights of Miramax Film NY, LLC* (D.I. 837; entered May 9, 2018) (similar); *Order Pursuant to Bankruptcy Code Section 107(b), Bankruptcy Rule 9018 and Local Rule 9018-1(b) Authorizing Interested Parties Studiocanal S.A.S., Gaumont S.A., Wild Bunch, S.A., Delta Last Legion Ltd., Quinta Communications S.A., and Orange Studio (formerly Studio 37) to File Under Seal Certain Exhibits Submitted in Support Of Limited Objections To: (1) (A) Proposed Cure Amounts and (B) Assumption of Executory Contracts; and (2) Sale of Assets* (D.I. 835; entered May 9, 2018) (similar).

10. For these reasons, Viacom submits that good cause exists for the Court to grant the relief requested in this Motion.

**NOTICE**

11.     Notice of this Motion will be provided to the following parties or their counsel (if known): (i) the Debtors; (ii) the U.S. Trustee; (iii) the Committee; (iv) Lantern; and (v) Netflix. Viacom submits that no other or further notice is required under the circumstances.

**CONCLUSION**

WHEREFORE, Viacom respectfully requests that the Court enter the proposed order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and such other and further relief as is just and proper.

Dated:  Wilmington, Delaware
         August 29, 2018

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Matthew B. Harvey*
Derek C. Abbott (No. 3376)
Matthew B. Harvey (No. 5186)
1201 North Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 65 b8-3989
Email: dabbott@mnat.com
            mharvey@mnat.com

-and-

LUSKIN, STERN & EISLER LLP
Michael Luskin*
Richard Stern*
Stephan E. Hornung*
Eleven Times Square
New York, New York 10036
Telephone:  (212) 597-8200
Facsimile:  (212) 974-3205
Email:  luskin@lsellp.com
            stern@lsellp.com
            hornung@lsellp.com

*admitted *pro hac vice*

*Counsel for Viacom International Inc. and its Affiliates*