## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>THE WEINSTEIN COMPANY<br>HOLDINGS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-10601 (MFW)<br><br>(Jointly Administered)<br><br>Re D.I. 1280<br><br>**Hrg. Date: Sept. 5, 2018 at 11:30 a.m. (ET)**<br>**Obj. Deadline: Aug. 30, 2018 at 4:00 p.m. (ET)** |

### HARVEY WEINSTEIN'S RESPONSE TO AND RESERVATION OF RIGHTS REGARDING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 DIRECTING PRODUCTION OF DOCUMENTS AND MATERIALS AND APPEARANCE FOR ORAL EXAMINATION

Harvey Weinstein, by and through his undersigned counsel, hereby responds (the "**Response**") to *The Official Committee of Unsecured Creditors' Motion for an Order Pursuant to Bankruptcy Rule 2004 Directing Production of Documents and Materials and Appearance for Oral Examination* [D.I. 1280] (the "**Committee 2004 Motion**"),[2] filed on July 31, 2018.  In support of this Response, Mr. Weinstein respectfully represents as follows:

### RELEVANT BACKGROUND

1.      On March 21, 2018 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On March 28, 2018, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "**Committee**").

---

[1]      The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

[2]      Capitalized terms used but not defined in this Response have the meaning given in the Committee 2004 Motion.

2.      Prior to the Petition Date, from the founding of the company until his purported termination[3] in October, 2017, Mr. Weinstein was TWC's co-founder and then-Co-Chairman. *See generally* D.I. 7 (First Day Dec.) at ¶¶ 7 and 31-36.

3.      On April 20, 2018, Mr. Weinstein filed his *Motion for Entry of an Order Compelling Limited Discovery Under Rule 2004 of the Federal Rules of Bankruptcy Procedure* [D.I. 275] (the "**2004 Motion**").

4.      On May 8, 2018, this Court held a hearing (the "**May 8 Hearing**") on, among other things, the Debtors' proposed sale to Lantern, Mr. Weinstein's Sale Objection, and the 2004 Motion.  At the May 8 Hearing—and in light of the Debtors' representations regarding the assets subject to the sale and the agreed-upon modifications to the order approving the sale to Lantern—Mr.  Weinstein agreed not to press his objection to the sale.  As the Court is aware, certain of the e-mails produced under the 2004 Order have already proven to be instrumental in the ongoing investigations related to Mr. Weinstein's time with the Debtors.

5.      Notably, the Court's ruling at the May 8 Hearing[4] did not provide for production of documents related to the second request in the in 2004 Motion, namely that the Debtors produce "All Documents representing the personal papers, files, letters, messages and effects belonging to Mr. Weinstein that are in the Debtors' possession, custody or control." 2004 Motion, at Ex. B.  As described above, this request was omitted from the 2004 Order as a result of Mr. Weinstein's understanding that the Debtors would voluntarily produce such documents, especially in light of the fact that they are relevant to Mr. Weinstein's understanding of his claims against the Debtors and the scope of his rights and interests *vis a vis* the assets proposed

---

[3]      Mr. Weinstein disputes the validity of his purported termination, which is the subject of a currently pending arbitration captioned *Harvey Weinstein v. The Weinstein Company Holdings LLC, et al.*, Ref. No. 1425024989.

[4]      Copies of relevant excerpts of the May 8 hearing are attached as Exhibit 1 and cited as "May 8 Tr., at [_]:[_]".

to be sold under the Sale Motion.  Indeed, at the May 8 Hearing, Debtors' counsel represented that Mr. Weinstein's personal effect had already been returned to him.  *See* May 8 Tr., at 84:5-7 ("As you know, we did return or send our papers. We did return the personal effects at Mr. Weinstein's counsel's request. We did that back in November and December.").  Nevertheless, upon information and belief, Mr. Weinstein still has not received a complete copy of his files.

6.      Based on the understanding reached prior to the May 8 Hearing, Mr. Weinstein and the Debtors had an ongoing dialogue regarding Mr. Weinstein's informational requests. Despite this dialogue, Mr. Weinstein has received incomplete discovery related to the second request in the 2004 Motion.

7.      On July 31, 2018, the Committee filed the Committee 2004 Motion, by which it seeks discovery related to its "analysis of the estates' potential claims against third parties (e.g., Harvey Weinstein, the Debtors' other directors and officers, recipients of avoidable transfers and third parties named in pending litigation), the insurance that may cover such claims and the claims that are or will be asserted against the estates, including claims for indemnification and contribution."  Committee 2004 Motion, ¶ 1.

8.      At this time, the Committee 2004 Motion purports to focus its attention on David Glasser, the Debtors' former COO.  *See generally Id.*, ¶¶ 3-7, 16-18.  However, the actual thrust of the Committee 2004 Motion is much broader than simply an investigation of Mr. Glasser. The Committee 2004 Motion seeks documents related to its "analysis of potential claims, including against Mr. Glasser **and Harvey Weinstein.**"  Committee 2004 Motion, ¶ 16 (emphasis added).

9.      Moreover, the documents now sought by the Committee include, among other relevant categories:

- "All documents and communications concerning any transfers from Debtors to Harvey Weinstein, including expense reimbursements, advances, loans, and bonuses."

- "All documents and communications concerning the personal use of proceeds from any of the Debtors' loans, lines of credit, revolvers, or other similar instrument by David Glasser, Harvey Weinstein, and Robert Weinstein not otherwise identified in requests (m), (n), (p), and (q) above."

- "All documents and communications concerning any of the Debtors' monies that were used by and for the personal benefit of David Glasser, Harvey Weinstein, and Robert Weinstein that were subsequently repaid to the Debtors."

- "All documents related to or detailing participation rights (or other interests) held or owed to David Glasser, Harvey Weinstein, and Robert Weinstein"

- "All documents of the Debtors in David Glasser's possession, custody or control, including any documents (originals or copies) constituting all or an [sic] portion of Harvey Weinstein's personnel or employee file."

- "All documents and communications concerning the Debtors' books and records relating to Harvey Weinstein, including Harvey Weinstein's employment and personnel files."

Committee 2004 Motion, at EX A, Document/Material Requests and Deposition Topics (r), (t), (v), (w), (cc) and (hh).

10.     Much of the information sought in these requests is directly related to Mr. Weinstein's personal finances and claims against the Debtors, Lantern and others.  This is the exact information he has sought from the Debtors for months.

11.     Additionally, the Committee 2004 Motion seeks discovery from Mr. Glasser related to a number of pending or threatened actions and internal and external investigations related to the allegations against Mr. Weinstein.  *See* Committee 2004 Motion, at EX A, Document/Material Requests and Deposition Topics (mm)-(ss).

**RESPONSE**

12.     Mr. Weinstein does not object to the Committee taking broad discovery from Mr. Glasser.  Indeed, the allegations regarding Mr. Glasser's post-petition conduct are deeply

troubling to Mr. Weinstein.  As a significant creditor of these estates, any actions taken by Mr. Glasser to reduce the Debtors' sale price directly and negatively impacts Mr. Weinstein.

13.    Mr. Weinstein will eventually be required to file a proof of claim against the Debtors, and the documents he sought by the 2004 Motion are essential to his ability to investigate and analyze the acts of the Debtors and his rights *vis a vis* property that he owns to which the Debtors are denying him access and claims that he may have against the Debtors' estates.

14.    Additionally, as the Court is well aware from the 2004 Motion and from the record of the hearing at which it granted that motion, Mr. Weinstein requires access to his personal files from his time at TWC in order to defend himself from the numerous criminal and civil allegations currently asserted against him.

15.    A significant tranche of the documents now requested by the Committee 2004 Motion directly inform Mr. Weinstein's claims against the Debtors or relate to actions (both pending and threated) where Mr. Weinstein is or will be a co-defendant with the Debtors.  If the Court grants the Committee's 2004 Motion, Mr. Weinstein requests that any documents produced to the Committee by Mr. Glasser also be made available to Mr. Weinstein to evaluate his claims against the estates and defenses to claims the Debtors or others may bring against him.

16.    Furthermore, Mr. Weinstein's counsel should also be permitted to participate in any deposition of Mr. Glasser.

## RESERVATION OF RIGHTS

17.    Mr. Weinstein reserves the right to apply to this Court for further relief, as warranted, seeking additional discovery in connection with the matters described herein or matters relating thereto pursuant to Bankruptcy Rule 2004, Bankruptcy Rule 9016, or other applicable law.

## CONCLUSION

WHEREFORE, Mr. Weinstein respectfully requests that this Court grant the Committee 2004 Motion, on the condition that a copy of all materials produced thereunder be provided to Mr. Weinstein.

Dated: August 30, 2018
      Wilmington, Delaware

                                      **BAYARD, P.A.**

                                      */s/ Scott D. Cousins*
                                      Scott D. Cousins (No. 3079)
                                      Justin R. Alberto (No. 5126)
                                      Daniel N. Brogan (No. 5723)
                                      600 N. King Street, Suite 400
                                      Wilmington, DE 19801
                                      Telephone: (302) 655-5000
                                      Facsimile: (302) 658-6395
                                      scousins@bayardlaw.com
                                      jalberto@bayardlaw.com
                                      dbrogan@bayardlaw.com

                                      *Counsel for Harvey Weinstein*