**IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE DISTRICT OF DELAWARE**

--------------------------------------------------------------x  
:  
THE WEINSTEIN COMPANY HOLDINGS  :  
LLC, *et al.*,  :  
:  
             Debtors.[1]  :  
:  
:  
:  
--------------------------------------------------------------x  

Chapter 11  

Case No. 18-10601 (MFW)  

(Jointly Administered)  

**Re: Docket Nos. 8, 846, 860 & 1220**  

**Obj. Deadline: September 17, 2018 at 4:00 p.m. (ET)**

**NOTICE OF FILING OF LIST OF ASSUMED  
CONTRACTS PURSUANT TO SALE ORDER [DOCKET NO. 846]**

PLEASE TAKE NOTICE THAT:

1. On March 20, 2018, The Weinstein Company Holdings LLC and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), filed the *Debtors' Motion for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Substantially All of the Debtors' Assets, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Substantially All of the Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief and (II)(A) Approving Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (B) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related Relief* [Docket No. 8] (the "**Motion**")[2] with the United States Bankruptcy Court for the District of Delaware (the "**Court**") seeking, among other things, approval of the Sale of the Purchased Assets to Lantern Entertainment LLC (the "**Purchaser**") pursuant to that certain Asset Purchase Agreement, dated as of March 19, 2018 (the "**Initial APA**"), by and among the Debtors and the Purchaser.

2. On May 8, 2018, the Court held a hearing (the "**Sale Hearing**") to consider approval of the Sale. At the conclusion of the Sale Hearing, the Court approved the Sale and, on

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion or the Sale Order (defined herein), as applicable.

May 9, 2018, the Court entered the *Order (I) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests, Encumbrances and Other Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and (III) Granting Related Relief* [Docket No. 846] (the "**Sale Order**"), authorizing the Debtors to consummate the Sale to the Purchaser pursuant to the terms of the Initial APA.

3. Pursuant to paragraph 29 of the Sale Order, on May 10, 2018, the Debtors filed with the Court the *Notice of Filing of Final List of Potentially Assumed Contracts and Leases* [Docket No. 860] (the "**Contract Notice**"). The Contract Notice (i) identified the potential Assumed Contracts and Leases that may subject to assumption and assignment by the Debtors and (ii) amended and superseded the respective Contracts Schedules attached to the Initial Assumption Notice, the First Supplemental Notice and the Second Supplemental Notice.

4. On July 11, 2018, the Court entered the *Order Approving Amendment to Asset Purchase Agreement Entered into By and Between the Debtors and Lantern Entertainment LLC* [Docket No. 1220], which, among other things, authorized the Debtors to enter into the Second Amendment to the Initial APA (as amended to date, the "**Amended APA**") and consummate the Sale to the Purchaser pursuant to the Amended APA. The closing of the transactions contemplated by the Amended APA occurred on July 13, 2018 (the "**Closing Date**") [Docket No. 1247].

5. Pursuant to paragraph 32 of the Sale Order, on or after the Closing Date, the Debtors must file with the Court a notice that identifies which potentially Assumed Contracts and Leases are Assumed Contracts and the Cure Amount, if any (the "**Assumed Contracts Schedule**"), which amount includes the Cure Amount listed on the Contract Notice (the "**Original Cure Amount**") plus any cure amounts that may have become due and payable from the applicable Assumption Objection Date through and including the Closing Date (the "**Additional Cure Amount**").

6. **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY BE A COUNTERPARTY TO AN ASSUMED CONTRACT. PLEASE NOTE THAT THE ASSUMED CONTRACTS SCHEDULE IS NOT ATTACHED TO THE VERSION OF THIS NOTICE THAT YOU MAY HAVE RECEIVED VIA FIRST CLASS MAIL BUT IS ATTACHED TO THE VERSION OF THIS NOTICE THAT WAS PUBLICALLY FILED ON THE COURT'S DOCKET.**

7. You may review or obtain a copy of the Assumed Contracts Schedule by (a) visiting the Court's website at www.pacer.psc.uscourts.gov, (b) visiting the website of the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC ("**Epiq**"), at http://dm.epiq11.com/twc, or (c) emailing Epiq at twc@epiqglobal.com.

**IF YOU HAVE ANY QUESTIONS REGARDING THE ASSUMED CONTRACTS SCHEDULE, INCLUDING WHETHER YOUR CONTRACT OR LEASE IS ON THE ASSUMED CONTRACTS SCHEDULE, PLEASE CONTACT COUNSEL TO THE PURCHASER VIA EMAIL (KEIDE@AKINGUMP.COM AND EMCGRADY@AKINGUMP.COM).**

8. To the extent a Counterparty to an Assumed Contract listed on the Assumed Contracts Schedule disagrees with such proposed Additional Cure Amount, such Counterparty must file an objection (each, a "**Final Cure Objection**") with the Court and serve such objection upon the undersigned counsel to the Debtors and the Purchaser **so as to be received by such parties by no later than September 17, 2018 at 4:00 p.m. (ET)** (the "**Final Cure Objection Deadline**").

9. Consistent with paragraph 32 of the Sale Order, all Final Cure Objections must (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules and Local Rules, and (c) state, with specificity, the legal and factual bases thereof, including, if applicable, the Additional Cure Amounts the Counterparty believes is required to cure defaults under the relevant Contract or Lease that arose between the applicable Assumption Objection Date and the Closing Date.

## **CONSEQUENCES OF FAILING TO TIMELY ASSERT A FINAL CURE OBJECTION**

*ANY COUNTERPARTY WHOSE CONTRACT OR LEASE IS IDENTIFIED ON THE ASSUMED CONTRACTS SCHEDULE THAT FAILS TO FILE A FINAL CURE OBJECTION BY THE FINAL CURE OBJECTION DEADLINE SHALL BE ESTOPPED FROM ASSERTING OR CLAIMING ANY ADDITIONAL CURE AMOUNTS AGAINST THE DEBTORS OR THE PURCHASER THAT IS GREATER THAN THE ADDITIONAL CURE AMOUNT SET FORTH ON THE ASSUMED CONTRACTS SCHEDULE.*

*NOTWITHSTANDING THE FOREGOING, STARTING ONE (1) BUSINESS DAY AFTER THE FINAL CURE OBJECTION DEADLINE, THE DEBTORS MAY ASSUME ANY DISPUTED CONTRACT AND ASSIGN SUCH DISPUTED CONTRACT TO THE PURCHASER FREE AND CLEAR OF ALL CLAIMS IF, PRIOR TO SUCH ASSUMPTION AND ASSIGNMENT, THE PURCHASER DEPOSITS INTO A SEGREGATED ACCOUNT CASH EQUAL TO THE LESSER OF (I) THE CURE AMOUNT AND, IF APPLICABLE, ANY ADDITIONAL CURE AMOUNT THAT THE COUNTERPARTY ASSERTS IS DUE AND OWING AND (II) SUCH OTHER AMOUNT AS IS AGREED TO BETWEEN THE PURCHASER AND SUCH COUNTERPARTY.*

## **PURCHASER'S RESERVATION OF RIGHTS**

*THE PURCHASER RESERVES THE RIGHT TO DETERMINE THAT ANY CONTRACT OR LEASE NOT LISTED ON THE ASSUMED CONTRACTS SCHEDULE SHALL BE AN ASSUMED CONTRACT, SUBJECT TO SATISFACTION OF THE CURE AND ADEQUATE ASSURANCE OF FUTURE PERFORMANCE REQUIREMENTS FOR ASSUMPTION AND ASSIGNMENT.*

Dated: September 5, 2018
      Wilmington, Delaware

*/s/ David T. Queroli*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Brett M. Haywood (No. 6166)
David T. Queroli (No. 6318)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700

- and -

**CRAVATH, SWAINE & MOORE LLP**
Paul H. Zumbro (admitted *pro hac vice*)
George E. Zobitz (admitted *pro hac vice*)
Karin A. DeMasi (admitted *pro hac vice*)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for the Debtors and Debtors in Possession*