## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE WEINSTEIN COMPANY HOLDINGS LLC, *et al.*,[1]<br><br>       Debtors. | Chapter 11<br><br>Case No. 18-10601 (MFW)<br><br>Jointly Administered<br><br>**Hearing Date: September 25, 2018 at 3:00 p.m. (ET)**<br>**Opposition Date: August 31, 2018 at 4:00 p.m. (ET)** |

**REPLY IN SUPPORT OF MOTION OF AI INTERNATIONAL HOLDINGS (BVI) LTD.**
**FOR RELIEF FROM AUTOMATIC STAY AND RELATED RELIEF**

AI International Holdings (BVI) Ltd. ("AI International"), by and through its undersigned counsel, hereby files this reply (the "Reply") to *Harvey Weinstein's Objection to Motion of AI International Holdings (BVI) LTD. For Relief from Automatic Stay and Related Relief* (the "Objection") filed by Harvey Weinstein ("Weinstein") [Docket No. 1425] and in further support of its *Motion of AI International Holdings (BVI) LTD. for Relief from the Automatic Stay and Related Relief* ("Motion")[2] [Docket No. 1372] respectfully responds as follows:

## INTRODUCTION

1.      There is no dispute that non-debtors, including guarantors of claims against the debtors, do not enjoy the protections afforded by the automatic stay. Yet, without any factual or legal bases, or even a properly-framed request, Weinstein is attempting to have this Court utilize

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

[2]  Capitalized terms not defined herein have the meaning ascribed to them in the Motion.

its powers under Section 105 of the Bankruptcy Code to extend the automatic stay to block AI International from enforcing its rights in the State Court Action.  In doing so, Weinstein has ignored the clear language of the Guarantee (which does not require AI International to proceed against its borrower in the first instance) and used the Objection as a pretext to shield himself from liability.  It is only Weinstein's self-interest, not the interest of the estate, that motivates the Objection – it is particularly telling that neither the Debtors nor the Official Committee of Unsecured Creditors ("Committee") has opposed the relief sought in the Motion.

2.      AI International filed the Motion out of an abundance of caution to preclude Weinstein or other parties from claiming in the State Court, or otherwise, that prosecution of the State Court Action through judgment and enforcement of remedies is somehow subject to the stay in these cases.  Weinstein should not be surprised that AI International is moving forward in the State Court.  Immediately after the petition date, he, and the other parties to the State Court Action executed a Stipulation which *expressly authorized* AI International to resume litigation against Weinstein *without* relief from the automatic stay.  AI International now seeks to do exactly what was contemplated by the Stipulation, openly and on notice to all interested parties.

3.      As set forth below, the Objection raises matters that either are wholly irrelevant to the question whether there is cause to grant relief from stay or go to Weinstein's discovery disputes with the Debtors.  What Weinstein fails to show – and cannot outside a Rule 7001 adversary proceeding – is that he is entitled to the protection of the automatic stay as a non-debtor guarantor under the strict standards applied this district.

4.      First, the Objection argues that it is premature and unnecessary to proceed against Weinstein's alleged guaranty of the Loan while AI International's litigation with Union Bank over allocation of the sale proceeds is in its infancy.  *See* Objection, ¶11.  This argument can be

easily rejected for two reasons.  As stated in the Motion, it is unrealistic to expect, even under the best circumstances, that AI International will recover its claim from proceeds of the Lantern Sale.  Given the purchase price reduction, escalating administrative claims against these estates, and the unknown liability related to the sexual harassment litigation, AI International will struggle to receive sufficient value from the sale proceeds to pay its claims.  Weinstein's suggestion that proceeds from the Lantern Sale are likely to have a "significant impact" on the eventual amount of Weinstein's liability is specious, at best. *See* Objection ¶14.

5.      In addition, the express language of the Guarantee provides that AI International has no obligation whatsoever to proceed first against the Borrowers before enforcing its rights against the Guarantor.  AI International is not required to wait until the conclusion of these cases to proceed on the Guarantee.

6.      Second, Weinstein argues that the Debtors have a vested interest in the outcome of the State Court Action and permitting the State Court Action to proceed as to Weinstein will necessarily require the Debtors to be heavily involved.  *See* Objection, ¶11.  This dubious contention is belied by the fact that none of the Debtors nor the Committee opposed the Motion.

7.      As will be demonstrated below, Weinstein fails to make any persuasive argument - or even cite a single case on point - warranting denial of relief from the automatic stay so that AI International can enforce the Guarantee against Weinstein in the State Court Action.

## ARGUMENT

### I.      AI International Should Not Be Forced to First Seek Collection from the Debtors Prior to Proceeding with the State Court Action against Weinstein

8.      Weinstein argues that he should be shielded from liability in the State Court Action indefinitely while AI International's claims are resolved in these cases. Objection ¶13. This argument is misplaced.

9.      There is no requirement in the Loan Documents that AI International exhaust its remedies against the Borrower Debtors before seeking to enforce its rights under the Guarantee. To the contrary, the Guarantee expressly provides, in no less than two separate provisions, that AI International as the "Guaranteed Party" has the right to proceed against Weinstein in any manner and at any time it so chooses upon default, without proceeding against the Borrower or the Guarantors in the first instance. *See* Guarantee, <u>Preamble</u>; §3. The preamble states,

> "….*the Guarantor acknowledges that the Guaranteed Party may, in its sole discretion, bring and prosecute a separate action or actions against the Guarantor in respect of the Obligations regardless of whether any such action is brought against the Borrower or any other guarantor of the Obligations or whether the Borrower or any other Guarantor is joined as a party in such action or actions." See* Guarantee, <u>Preamble</u>.

10.     In addition, section 3 of the Guarantee provides,

> "…*the Guaranteed Party shall not have any obligation to proceed at any time or in any manner against or exhaust any or all of Guaranteed Party's rights against, the Borrower or any other person prior to proceeding against the Guarantor hereunder." See* Guarantee, §3 <u>No Waiver; Cumulative Rights.</u>

11.     These provisions establish that AI International is not required to exhaust its remedies against the Debtors prior to seeking to enforce the Weinstein Guarantee.

## II.     <u>Permitting AI International to Proceed in the State Court Action against Weinstein will not Prejudice the Debtors' Estates</u>

12.     Weinstein erroneously contends that overlapping defenses to the State Court Action and his potential indemnity claims against the Debtor for any fraud associated with the Loan are grounds to deny the Motion.

13.     In the Objection, Weinstein is improperly seeking an injunction under Bankruptcy Code Section 105(a) outside the context of an adversary proceeding under Bankruptcy Rule 7001. *See  In re SS Body Armor I, Inc.,* 527 B.R. 597, 607 (Bankr. D. Del. 2015) (granting a motion for relief from stay to proceed in a state court action, stating that opposition to the motion

effectively sought an injunction, which can be sought only in an adversary proceeding).[3]  This alone is fatal to the Objection.

14.      Weinstein speculates that "it is very likely that several of the defenses that Mr. Weinstein might assert in the State Court Action would also be substantive defenses of the Debtors' against their alleged obligation under the loan."  *See* Objection, ¶16.

15.      Weinstein gives no hint as to what these "substantive defenses" might be.  As set forth in the Motion, the State Court Action is a straightforward collection case.  *See* Motion, ¶ 29.  There is no dispute that AI International loaned $45 million to the Borrower and the Loan remains in default.  *Id.*  In the Forbearance Agreement, Weinstein and the Debtor parties to the Loan Documents acknowledged as much and that the Loan Obligations were due and payable and that the Loan Documents were valid and enforceable.  *Id.*  Plain and simple, Weinstein's speculation that he would assert *unnamed and entirely hypothetical* defenses in the State Court Action contrary to the terms of the Forbearance Agreement does not constitute sufficient grounds to deny the Motion.

16.      Furthermore, Weinstein's assertion that he would require discovery from the Debtors as the State Court Action proceeds puts the cart before the horse.  If the time comes when Weinstein can articulate a specific basis to seek discovery of the Debtors – which AI

---

[3]   The proper way to move to have this Court extend the automatic stay to a non-debtor is to seek a preliminary injunction either through initiation of an adversary proceeding or contested matter.  The Objection does not come close to containing enough factual or legal support for a preliminary injunction. In deciding whether to grant a preliminary injunction, the court must consider: (1) the likelihood the plaintiff will prevail on the merits at a final hearing; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent defendant will suffer irreparable harm if the preliminary injunction is granted; and (4) the public interest.  *In re American Film Technologies, Inc.,* 175 B.R. 847, 849 (Bankr. D. Del. 1994) (internal citations omitted).  In the bankruptcy context, the public interest element means "promoting of a successful reorganization."  *Id.*

International doubts will ever happen – nothing prevents him from coming before the Court with whatever arguments for discovery he may want to make at that time.

17.     Weinstein seeks to block the State Court Action from moving forward on the basis that he "may have indemnity and contribution claims against the Debtors for any fraud associated with the Loan."  Objection, ¶17.  First, it is important to note that the State Court Action truly is a collections action.  It involves one count of breach of contract against the Borrower and one count of breach of contract against Weinstein as guarantor.  There are no allegations of fraud or other complex factual issues to untangle.  Second, Weinstein cites no authority to support the breathtaking contention that a guarantor's potential indemnity or contribution claims should handcuff a creditor from enforcing a personal guaranty.  Weinstein is free to assert a claim for contribution or indemnity, which is subject to allowance or disallowance under Section 502(e) of the Bankruptcy Code.

18.     Finally, Weinstein argues that if the State Court Action proceeds without the Debtors' involvement, they run the risk of being collaterally estopped by factual findings of the State Court to the potential detriment of the Debtors and their estates.  *See* Objection, ¶18.  Again, Weinstein does not put forward any description of what those findings might be.  As before, Weinstein's claim to avoid prejudice to the estate rings hollow, when the estate's representatives have no objection to AI International's request for relief.

19.     Weinstein miscites to *In re American Film Technologies Inc.,* 175 B.R. 847, 855 (Bankr. D. Del. 1994) for the proposition that it is appropriate to extend the automatic stay when the debtor may be exposed to collateral estoppel  *Id.*  In *American Film,* the debtor plaintiff had brought a motion for a preliminary injunction to enjoin the defendant from prosecuting a California state court action for fraud against former directors and officers of the debtor.  175

B.R. at 848.  Unlike the case here, the state court action in *American Film* involved allegations of a complex fraudulent scheme by the former directors and officers.  *Id.* at 849.  Furthermore, in extending the automatic stay to the former directors and officers, the court found that unusual circumstances existed warranting the granting of the injunction under the legal standard set forth in *A.H. Robins, Co. v. Piccinin,* 788 F.2d 994, 999 (4th Cir. 1986), *cert denied,* 479 U.S. 876 (1986).  The *A.H. Robins* court extended the application of the automatic stay provisions of the Bankruptcy Code to non-debtor parties because *"there is such identity of interest between the debtor and third party defendant that the debtor may be said to be the real party in interest"* and a judgment against the defendant would really be a judgment against the debtor.  *Id.* (emphasis added).

20.     Here, Weinstein has independent obligations to AI International as guarantor.  Weinstein  expressly acknowledged his obligations as guarantor, and the amount and validity of the underlying debt, in the Forbearance Agreement.  There is no apparent risk of prejudice to the Debtors, let alone the irreparable harm required to be found in the case law.

21.     *In re Adelphia Communications, Corp.,* 302 B.R. 439, 451 (Bankr. S.D.N.Y. 2003) is similarly distinguishable.  In *Adelphia,* the bankruptcy court refused to grant stay relief to the debtors' former directors and officers who were seeking to pursue D&O insurance policies for their defense costs in connection with criminal and civil allegations made against them for fraud.  *Id.* at 441.  The court based its decision, among other things, on the fact that allowing certain litigation to go forward in connection with the D&O policies could impair the ability of the debtors to reorganize given the potential loss of entity coverage as a funding source.  *Id.* at 450.   In addition, the court recognized the potential threat of the debtor being collaterally estopped from asserting defenses if an adverse judgment is entered against the non-debtors.  *Id.*

at 451.   The overriding principal in the *Adelphia* decision was the possibility that any reorganization effort by the debtor would be significantly compromised.   Nothing of the sort is apparent here.

22.     Both cases cited by Weinstein are instances of the Chapter 11 debtor, not the creditor, seeking to extend the protections of the automatic stay to non-debtor third parties for the Debtors' own benefit.   At bottom, Weinstein has failed to articulate any legitimate impact that proceeding with the State Court Action on a straightforward collections action could have on these cases.   Weinstein's assertion that there may be a need for the Debtors to be "actively involved" in the day to day litigation of the State Court Action in order for it to proceed against Weinstein is just not credible – nor an argument the Debtors or the Committee care to make.

23.     Contrary to what Weinstein would have this Court believe, the standard to extend the automatic stay to enjoin third parties from suing non-debtors is extremely rigorous. *McCartney v. Integra Nat. Bank. N.A.* 106, F.3d 506, 510 (3rd Cir. 1997).   A primary rationale for refusing to extend the automatic stay to non-debtor third parties is to insure that creditors obtain the protection they sought and received when they required the third party to guaranty the debt.   *Id. (citations omitted).*   On the other hand, courts have extended the stay to non-debtor third parties where stay protection is essential to the debtors reorganization efforts.   *Id., citing In re Lazarus Burman Assoc.,* 161 B.R. 891, 899-900 (Bankr. E.D.N.Y. 1993) (enjoining guaranty actions against non-debtor principals of debtor partnerships because principals were only persons who could effectively formulate, fund and carry out debtor's plan of reorganization).   Again, there can be no argument that granting the relief requested in the Motion will have any impact on the Debtors' efforts to formulate a plan or otherwise accomplish its Chapter 11 goals.

24.     Nothing in the Objection supports an extension of the stay to protect Weinstein. As set forth in the Motion, sufficient cause exists to grant the relief requested in the Motion. Accordingly, AI International respectfully requests that the Court overrule the Objection and grant the Motion.

## CONCLUSION

WHEREFORE, AI International respectfully requests that the Court enter an order, substantially in the form attached to the Motion, overruling the Objection and granting: (i) relief from stay under Bankruptcy Code Section 362(d)(1), *inter alia¸* to allow AI International to prosecute the State Court Action against Weinstein, and enforce any judgment against him; and (ii) such other and further relief as it deems just and proper.

Dated: Wilmington, Delaware
        September 20, 2018

                                        **MONTGOMERY McCRACKEN WALKER &
                                        RHOADS, LLP**

                                         */s/ Davis Lee Wright*
                                        Natalie D. Ramsey (DE Bar No. 5378)
                                        Davis Lee Wright (DE Bar No. 4324)
                                        1105 North Market Street, 15th Floor
                                        Wilmington, DE  19801
                                        Telephone:(302) 504-7800
                                        Facsimile: (302) 504 -7820
                                        Email:     nramsey@mmwr.com
                                                   dwright@mmwr.com

                                             - and -

                                        **QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP**
                                        Susheel Kirpalani, Esq. (admitted *pro hac vice*)
                                        Scott Shelley, Esq. (admitted *pro hac vice*)
                                        51 Madison Avenue, 22nd Floor
                                        New York, NY 10010
                                        Telephone:(212) 849-7000
                                        Facsimile: (212) 849-7100
                                        Email:     susheelkirpalani@quinnemanuel.com

scottsshelley@quinnemanuel.com

- and -

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
Bennett Murphy, Esq. (admitted *pro hac vice*)
Jennifer Nassiri, Esq. (admitted *pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone:(213) 443-3000
Facsimile: (213) 443-3100
Email:     bennettmurphy@quinnemanuel.com
           jennifernassiri@quinnemanuel.com

*Counsel to AI International Holdings (BVI) Ltd.*