**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------x
In re:
:
The Weinstein Company Holdings LLC, *et al.*,
:
Debtors.[1]
---------------------------------------------------------------x

: Chapter 11
:
: Case No. 18-10601 (MFW)
:
: (Jointly Administered)
:
: **Re: Docket No. 1430**
: **Obj. Deadline: September 20, 2018 at 4:00 p.m.  (ET)**
: **(Extended by Consent)**
: **Hr'g Date: September 25, 2018 at 3:00 p.m. (ET)**

**LIMITED OBJECTION OF LANTERN
ENTERTAINMENT LLC TO HARVEY WEINSTEIN'S RULE 2004 MOTION**

Lantern Entertainment LLC (together with its affiliates, "Lantern"), by and through its undersigned counsel, hereby files this limited objection (the "Limited Objection") to *Harvey Weinstein's Motion for Entry of an Order Compelling Discovery Under (I) Rule 2004 of the Federal Rules of Bankruptcy Procedures and (II) This Court's Previous 2004 Order* [Docket No. 1430] (the "Motion").[2]  In support of this Limited Objection, Lantern respectfully represents as follows:

**PRELIMINARY STATEMENT**

1.    By the Motion, Mr. Weinstein seeks entry of an order that would require Lantern to provide him with discovery relating to issues that arise from his previous relationship with the Debtors and/or his pending criminal case despite the fact that (i) Mr. Weinstein's employment by the Debtors ended many months before Lantern purchased the Debtors' assets and (ii) Lantern

---

[1]   The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013.  Due to the large number of Debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein.  A complete list of this information may be obtained on the website of the Debtors' noticing and claims agent at http://dm.epiq11.com/twc.

[2]   Capitalized terms that are used herein and not otherwise defined shall have the meanings given to them in the Motion.

has not been involved in the communications between the Debtors and Mr. Weinstein regarding the discovery requests that have occurred over the last few months. For the reasons set forth below, the Motion should be denied to the extent that it seeks discovery from Lantern.

2. First, the Motion fails to show that there is good cause for Mr. Weinstein to obtain the requested discovery from Lantern. It is not necessary for Mr. Weinstein to obtain discovery from Lantern, as opposed to the Debtors. Notwithstanding the closing of the sale of the Debtors' assets, the Debtors continue to possess the documents and information that Mr. Weinstein is seeking by the Motion. Under the terms of the Sale Order, the Debtors provided Lantern with only copies of their books and records (solely to the extent related to the "Purchased Assets" and "Assumed Liabilities" (each as defined in the Sale Order)), and to the extent that electronic data was contained on any physical assets transferred to Lantern, the Debtors have copied such electronic data. As a result, it is unnecessary for Mr. Weinstein to obtain any discovery from Lantern. Moreover, Mr. Weinstein would not suffer any hardship or injustice by continuing to seek discovery from the Debtors rather than Lantern. As reflected in the Motion, Mr. Weinstein and the Debtors have been engaged in discussions relating to his discovery requests for several months. Indeed, Lantern understands that the Debtors have already produced at least some of the materials sought by Mr. Weinstein without any need for Lantern's involvement.

3. Second, the Motion should be denied because the burden that would be imposed on Lantern by the requested discovery outweighs any potential benefit to Mr. Weinstein. If Lantern were required to provide discovery to Mr. Weinstein, Lantern would be forced to incur significant costs and expenses and would be negatively impacted by the diversion of resources away from resolving the remaining issues relating to its purchase of the Debtors' assets and the operation of its business. Given Lantern's lack of specific knowledge relating to many of the

matters of interest to Mr. Weinstein and the scope of his discovery requests, the costs and expenses incurred by Lantern likely would be significant. In addition, notwithstanding the potential costs and expenses that Lantern may be required to incur, it is unclear whether Lantern has certain documents or information that would be responsive to certain of Mr. Weinstein's requests. By comparison, any potential benefits to Mr. Weinstein would be minimal at best. The information Mr. Weinstein is seeking is in the possession of the Debtors and can be more efficiently obtained from the Debtors. Accordingly, there is no basis for requiring Lantern to provide Mr. Weinstein with discovery.

4. Finally, as discussed in further detail below, the Motion should be denied with respect to Lantern on the grounds that Mr. Weinstein's discovery requests are unreasonable, burdensome and/or seek documents or information that may not be in Lantern's possession. Accordingly, the Motion should be to the extent that it seeks to require Lantern to provide discovery to Mr. Weinstein.

## LIMITED OBJECTION

**I.  The Motion Should Be Denied to The Extent that it Would Require Lantern to Produce Discovery to Mr. Weinstein**

    **A.  The Motion Fails to Establish that Good Cause Exists for Obtaining the Requested Discovery from Lantern**

5. Discovery under Bankruptcy Rule 2004 is broad but not without limits. *See In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (noting that "the availability of Rule 2004 as a discovery tool is not unlimited"). The party seeking to conduct a Rule 2004 examination has the burden of showing that good cause exists for the examination. *See In re Millenium Lab Holdings II, LLC*, 562 B.R. 614, 627 (Bankr. D. Del. 2016); *In re Sun Edison, Inc.*, 562 B.R. 243, 249 (Bankr. S.D.N.Y. 2016). In order to establish that good cause exists, the

moving party must show that the "requested documents are necessary to establishment of the moving party's claim or that denial of production cause undue hardship or injustice." *In re Drexel Burnham Lambert Grp., Inc.*, 558 B.R. 98, 109 (Bankr. S.D.N.Y. 1991).

6. Here, the Motion fails to establish that good cause exists for obtaining the requested discovery from Lantern, as opposed to the Debtors. Initially, Mr. Weinstein cannot show that the documents requested from Lantern are necessary for establishing his claim or addressing any other issue in these chapter 11 cases because the documents he is seeking are in the possession of the Debtors and can be obtained from the Debtors. Indeed, the Sale Order specifically provides that (i) the Debtors' books and records, including all data, emails and documents in the Debtors' possession constituted "Excluded Assets" (as defined in the Sale Order), (ii) Lantern obtained copies of such books and records solely to the extent related to the "Purchased Assets" and "Assumed Liabilities" (each as defined in the Sale Order) and (iii) the Debtors would copy all electronic data that resided on physical assets that were transferred to Lantern at closing as part of the Purchased Assets. *See* Sale Order ¶ 20. Thus, any assertion that it is necessary for Mr. Weinstein to obtain the requested documents from Lantern should be rejected because such documents can also be obtained from the Debtors.

7. Similarly, the Motion provides no basis for concluding that Mr. Weinstein would suffer any undue hardship or injustice if he is unable to obtain the requested discovery from Lantern. Denying Mr. Weinstein's attempt to obtain discovery from Lantern will not foreclose his ability to obtain the information that he alleges he requires because such information can be obtained from the Debtors. In fact, as the Motion explains, the Court has already entered a Rule 2004 order authorizing Mr. Weinstein to obtain certain emails from the Debtors, and the Debtors and Mr. Weinstein have been engaged in discussions regarding his other document requests since

at least May 2018.  *See* Motion ¶¶ 11-20.  While the Debtors have recently informed Mr. Weinstein that he should seek discovery from Lantern instead, the Debtors' apparent desire to avoid the cost of responding to discovery requests does not change the fact that they possess the information sought by Mr. Weinstein.  Moreover, there is no substantive reason that the discovery should be sought from Lantern, which never employed Mr. Weinstein and is not involved in any of the disputes relating to Mr. Weinstein's conduct.  Accordingly, the Motion should be denied as it relates to the discovery requested from Lantern because it fails to establish that good cause exists for compelling Lantern to provide discovery to Mr. Weinstein.

        **B.**        **The Burden of the Requested Discovery on Lantern Outweighs Any Benefit to Mr. Weinstein**

        8.        Even if Mr. Weinstein could establish that good cause exists for the requested Rule 2004 discovery, the Motion should be denied with respect to Lantern because the burden that would be imposed on Lantern outweighs any potential benefit to Mr. Weinstein.  In evaluating a request to conduct Rule 2004 discovery, courts are also required to balance the interests of the proposed examinee and the party seeking discovery, "weighing the relevance of and necessity of the information sought by the examination."  *In re Coffee Cupboard*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991); *see also In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 393 (Bankr. W.D. Pa. 2008) (requiring balancing test to ensure that the intrusiveness to the examinee is not greater than the benefit to the party seeking discovery).  "[I]f the cost and disruption to the examinee attendant to a requested examination far outweighs the benefits to the examiner, the request should be denied."  *In re Express One Int'l, Inc.*, 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998).  Discovery that is unduly burdensome or duplicative of information that can be obtained through other means should not be approved.  *See, e.g.*, *In re Buick*, 174

B.R. 299, 305 (Bankr. D. Colo. 1994) (stating that the court "is not approving discovery which is redundant, onerous, unnecessarily costly or unreasonably intrusive").

9. In this case, a balancing of the burdens that would be imposed on Lantern and the potential benefit to Mr. Weinstein supports denying the Motion to the extent that the Motion seeks to require Lantern, as opposed to the Debtors, to produce discovery. If the Motion is granted, Lantern will be required to incur the cost and expense of identifying and gathering any documents covered by Mr. Weinstein's discovery requests and be negatively impacted by the diversion of resources that could otherwise be focused on its efforts to resolve the outstanding issues and objections relating to its purchase of the Debtors' assets and the operation of the business. Moreover, the discovery requests relate to documents and records that have only recently (if at all) been provided to Lantern. Lantern has no historical relationship to Mr. Weinstein or any specific knowledge of many of the matters of interest to Mr. Weinstein, including, among other things, Mr. Weinstein's personal records or the manner in which the Debtors scheduled certain payments to Robert Weinstein and/or David Glasser that were reflected in the Debtors' Statements of Financial Affairs. Indeed, at present, it is unclear whether Lantern has any information to provide with respect to those matters. Thus, requiring Lantern to conduct a search of the records they obtained from the Debtors in connection with closing on their purchase of the Debtors' assets will require Lantern to expend significant time and resources to identify potentially relevant documents and impose a substantial burden on Lantern.

10. In contrast, the potential benefit to Mr. Weinstein that would result from requiring Lantern to produce discovery is negligible at best. As noted above, the information sought by Mr. Weinstein is in the possession of the Debtors, and Mr. Weinstein can more efficiently obtain the requested documents from the Debtors. The Debtors are already well aware of Mr.

Weinstein's discovery requests and have had discussions with Mr. Weinstein regarding such requests over the last few months. In addition, the Debtors are familiar with the documents and personal possessions that have already been produced to Mr. Weinstein either under this Court's previous Rule 2004 order or voluntarily. Accordingly, requiring Lantern to now also produce documents to Mr. Weinstein would be inefficient and potentially duplicative of the efforts already undertaken by the Debtors.

11. Based on the foregoing, the Motion should be denied to the extent that it seeks to require Lantern to provide discovery to Mr. Weinstein. At this juncture in these chapter 11 cases, it would be inequitable for Lantern to be required to produce documents that it did not acquire possession of until the closing in mid-July, given that the requested documents are available from the Debtors, and the Debtors have a far greater relationship to Mr. Weinstein and knowledge of the documents he is requesting.

### C. The Discovery Requests Are Unreasonable and Should Not Be Approved as to Lantern

12. In addition to the foregoing, Lantern objects to Mr. Weinstein's discovery requests on the grounds that such requests are unreasonable, burdensome and/or appear to seek documents and information that may not be in the possession of Lantern. Accordingly, Mr. Weinstein's discovery requests should not be approved with respect to Lantern.

13. Among other things, Mr. Weinstein's discovery requests include the following provisions that are unreasonable, burdensome and/or appear to seek documents and information that may not be in the possession of Lantern:[3]

- <u>Definition of Documents</u>: The discovery requests define the words "Document" and "Documents" to include *all information stored in or originating from*

---

[3] The list of improper discovery requests contained herein is not exhaustive. Lantern reserves all rights to object to Mr. Weinstein's discovery requests on any and all other grounds in the event that Lantern is required to provide discovery to Mr. Weinstein.

7

#50170805 v1

> *personal computers or laptops, Bloomberg Terminals, Palm Pilots, Blackberrys, iPhones, iPads, or other personal digital assistants (PDAs), telephones or tablets used by Lantern's officers, employees or representatives, whether or not such Documents were sent or received through any of Lantern's computer networks.* Imposing a requirement to search all electronic devices of all Lantern employees, officers and representatives (whether or not documents were sent or received through a Lantern computer network) is extremely burdensome and would require extensive efforts to collect potentially relevant documents. It is also unduly intrusive.

- Time Frame: The discovery requests generally request the production of all documents in existence from April 1, 2012 through the current date. The proposed time frame is excessive and underscores the fact that Lantern is not the appropriate party from which Mr. Weinstein should obtain discovery—Lantern did not purchase the Debtors' assets until July 2018, and any records relating to the period before that time were obtained by Lantern only as a result of its purchase of the Debtors' assets from an unknown number of electronic devices.

- Participation Rights: The discovery requests seek all documents or communications related to any "participation rights" or other related obligations to Mr. Weinstein related to any TWC projects. Given the entirely vague nature of the request, ambiguity about what "other related obligations" means, and expansive inclusion of any TWC projects, as well as a time frame of over 6 years, this request could potentially require an extensive document search and it is unclear how relevant projects and obligations could be targeted.

- Payments to Former Executives/Statements of Financial Affairs: The discovery requests seek all documents and communications regarding the basis for and documentation supporting payments to Robert Weinstein and David Glasser, which were reflected in the Debtors' Statements of Financial Affairs. These payments were made solely by the Debtors, and Lantern has never employed either Robert Weinstein or David Glasser. Based on the available information, it is unclear what, if any, documents or information Lantern possesses regarding these issues.

- Personal Files and Possessions: The discovery requests seek copies of (i) Mr. Weinstein's personal papers and personal tapes, (ii) the "log" or inventory of Mr. Weinstein's office contents and personal files allegedly kept by Mr. David Anderson and (iii) scripts and DVDs from films and series created by Mr. Weinstein. Based on the available information, Lantern does not believe that it is in the possession any of Mr. Weinstein's personal files or any related logs or other similar materials.

Lantern should not be required to respond to discovery requests such as these that are unreasonable, burdensome and/or appear to seek documents or information that are not in

Lantern's possession, particularly when the information sought by Mr. Weinstein can be obtained from the Debtors more efficiently.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Lantern respectfully requests that the Court deny the Motion and grant such other and further relief as is just, proper and equitable.

Dated: September 20, 2018
        Wilmington, Delaware

*/s/ Evelyn J. Meltzer*
**PEPPER HAMILTON LLP**
David B. Stratton (No. 960)
Evelyn J. Meltzer (No. 4581)
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19801
Telephone: (302) 777-6500
Email: stratton@pepperlaw.com
      meltzere@pepperlaw.com

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Meredith A. Lahaie (admitted *pro hac vice*)
Michael S. Stamer (admitted *pro hac vice*)
One Bryant Park
Bank of America Tower
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: mlahaie@akingump.com
      mstamer@akingump.com

*Attorneys for Lantern Entertainment, LLC*