IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
                                                                 :  Chapter 11
In re:                                                           :
                                                                 :  Case No. 18-10601 (MFW)
The Weinstein Company Holdings LLC, *et al.*,                    :
                                                                 :  (Jointly Administered)
    Debtors.[1]                                                  :
                                                                 :  Hearing Date: September 25, 2018 at 3:00 p.m. (ET)
                                                                 :  Objection Deadline: At or before the Hearing
                                                                 :
---------------------------------------------------------------- x

**MOTION TO FILE UNDER SEAL PORTIONS OF THE REPLY IN SUPPORT OF MOTION OF THE DEBTORS AND LANTERN ENTERTAINMENT, LLC PURSUANT TO FED. R. BANKR. P. 9019 FOR APPROVAL OF STIPULATION REGARDING THE ASSUMPTION AND ASSIGNMENT OF NETFLIX CONTRACTS**

The above-captioned debtors and debtors in possession (the "Debtors") and Lantern Entertainment LLC ("Lantern"), by and through their undersigned counsel, hereby file this motion (the "Motion") for entry of an order, pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9018-1(d) and 9018-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors and Lantern to file under seal certain confidential commercial information in the *Reply in Support of Motion of the Debtors and Lantern Entertainment, LLC Pursuant to Fed. R. Bankr. P. 9019 for Approval of Stipulation Regarding the Assumption and Assignment of Netflix Contracts* (the "Reply"). In support of this Motion, the Debtors and Lantern respectfully state as follows:

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of Debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of this information may be obtained on the website of the Debtors' noticing and claims agent at http://dm.epiq11.com/twc.

## BACKGROUND

1. On August 13, 2018, the Debtors and Lantern filed the *Motion of the Debtors and Lantern Entertainment, LLC Pursuant to Fed. R. Bankr. P. 9019 for Approval of Stipulation Regarding the Assumption and Assignment of Netflix Contracts* (D.I. 1350) (the "Settlement Motion"). By the Settlement Motion, the Debtors and Lantern seek Court approval of a settlement stipulation (the "Stipulation") by and among the Debtors, Lantern, Netflix Global LLC, Netflix International B.V., Netflix Studios LLC and Netflix, Inc. (collectively, "Netflix").

2. On August 29, 2018, Viacom International Inc. ("Viacom") filed the *Objection of Viacom International Inc. to Settlement Agreement Among the Debtors, Lantern and Netflix* (Docket No. 1416) (the "Viacom Objection").

3. On September 20, 2018, the Debtors and Lantern filed the Reply. The Reply refers to provisions of the Netflix agreements that contain confidential commercial information and accordingly, the Debtors and Lantern are filing this Motion to seal such information.

## RELIEF REQUESTED

4. By this Motion, Lantern and the Debtors request entry of an order (i) permitting the Debtors and Lantern file under seal the unredacted Omnibus Reply containing references to the confidential commercial terms of the Nextflix agreements and (ii) directing that the unredacted Omnibus Reply shall remain under seal and confidential and not be made available to anyone except for (a) the Court, (b) the U.S. Trustee (if requested), (c) counsel for the official committee of unsecured creditors (the "Committee") on a "professional eyes only" basis, (d) counsel to Viacom and (e) counsel to Netflix.

-3-

**BASIS FOR RELIEF REQUESTED**

5. Section 107(b) requires the Court to protect confidential commercial information from public disclosure. 11 U.S.C. § 107(b) ("On request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ."). Once the Court determines that an entity is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, such as confidential commercial information, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

6. Courts have held that protection under section 107(b) of the Bankruptcy Code must be granted if the information sought to be protected is commercial information, and significantly, that commercial information need not rise to the level of a trade secret to be entitled to protection. *Id*. at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Further, in contrast with Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *Orion Pictures Corp.*, 21 F.3d at 28. Nor does it require a finding of "extraordinary circumstances or compelling need." *Id*. at 27.

7. Rather, a party seeking the protection of section 107(b) of the Bankruptcy Code need only demonstrate that the information is "confidential" and "commercial" in nature. *Id*. at 27; *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from

disclosure of information that could reasonably be expected to cause the entity commercial injury"). Once it is established that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure. *See Global Crossing*, 295 B.R. at 725.

8. Sufficient cause exists for the Court to grant the relief requested in this Motion because the Netflix agreements contain confidential "commercial information" as used in section 107(b)(1). Specifically, the Netflix agreements contain information regarding the terms upon which certain content was licensed to Netflix for use on its online streaming service, which Netflix treats as confidential. The Netflix agreements also contain confidentiality provisions that prohibit disclosure of the terms of such agreements, including the terms referenced in the Reply. Permitting disclosure of such information could impair Netflix's ability to negotiate similar agreements in the future, provide an unfair advantage to its competitors, and cause commercial harm.

9. For these reasons, the Debtors and Lantern submit that good cause exists for the Court to grant the relief requested in this Motion.

## NOTICE

10. Notice of this Motion will be provided to the following parties or their counsel (i) Viacom (ii) the U.S. Trustee; (iii) the Committee (iv) Netflix and (v) parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. The Debtors and Lantern submit that no other or further notice is required under the circumstances.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

#50165896 v3

## **CONCLUSION**

WHEREFORE, the Debtors and Lantern respectfully request that the Court enter the proposed order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and such other and further relief as is just and proper.

Dated: September 20, 2018
Wilmington, DE

| | |
|---|---|
| */s/ Zachary I. Shapiro* | */s/ Evelyn J. Meltzer* |
| **RICHARDS, LAYTON & FINGER, P.A.** | **PEPPER HAMILTON LLP** |
| Mark D. Collins (No. 2981) | David B. Stratton, Esq. (No. 960) |
| Russell C. Silberglied (No. 3462) | Evelyn J. Meltzer, Esq. (No. 4581) |
| Paul N. Heath (No. 3704) | Hercules Plaza, Suite 5100 |
| Zachary I. Shapiro (No. 5103) | 1313 N. Market Street |
| Brett M. Haywood (No. 6166) | Wilmington, DE 19801 |
| David T. Queroli (No. 6318) | Telephone: (302) 777-6500 |
| One Rodney Square | Email: stratton@pepperlaw.com |
| 920 North King Street |           meltzere@pepperlaw.com |
| Wilmington, DE  19801 | |
| Telephone:     (302) 651 7700 | |
| Facsimile:     (302) 651-7701 | |
| | |
| - and - | - and - |
| | |
| **CRAVATH, SWAINE & MOORE LLP** | **AKIN GUMP STRAUSS HAUER & FELD LLP** |
| Paul H. Zumbro (admitted *pro hac vice*) | Meredith A. Lahaie, Esq. (admitted *pro hac vice*) |
| George E. Zobitz (admitted *pro hac vice*) | Michael S. Stamer, Esq. (admitted *pro hac vice*) |
| Karin A. DeMasi (admitted *pro hac vice*) | One Bryant Park |
| Worldwide Plaza | Bank Of America Tower |
| 825 Eighth Avenue | New York, NY 10036 |
| New York, NY 10019 | Email: mlahaie@akingump.com |
| Telephone: (212) 474-1000 |        mstamer@akingump.com |
| Facsimile: (212) 474-3700 | |
| | |
| *Attorneys for the Debtors* | |
| | |
| | *Attorneys for Lantern Entertainment, LLC* |