IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re:

THE WEINSTEIN COMPANY HOLDINGS LLC, *et al.*,

Debtors.[1]

------------------------------------------------------------x

Chapter 11

Case No. 18-10601 (MFW)

(Jointly Administered)

Re: Docket No. 1516

**DECLARATION OF DAVID A. HERMAN IN SUPPORT OF THE DEBTORS' OBJECTION TO HARVEY WEINSTEIN'S MOTION FOR ENTRY OF AN ORDER COMPELLING DISCOVERY UNDER (I) RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND (II) THIS COURT'S PREVIOUS 2004 ORDER**

I, David A. Herman, being duly sworn, state the following under penalty of perjury:

1. I am an associate with the law firm of Cravath, Swaine & Moore LLP ("**Cravath**"), counsel to The Weinstein Company Holdings LLC and its affiliated debtors and debtors-in-possession (collectively, "**TWC**" or the "**Debtors**") in the above-captioned matter. I am admitted to practice in the State of New York, and I am admitted to practice before this Court *pro hac vice*. Unless otherwise stated, I have personal knowledge of the facts set forth herein.

2. I make this Declaration in support of the Debtors' *Objection to Harvey Weinstein's Motion for Entry of an Order Compelling Discovery Under (I) Rule 2004 of the Federal Rules of Bankruptcy Procedure and (II) this Court's previous 2004 Order* (the "**Objection**").

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

3. I am familiar with this Court's *Order Authorizing the Protocol for Production of Documents in Response to Harvey Weinstein's Motion Compelling Discovery Under Rule 2004 of the Federal Rules of Bankruptcy Procedure* (D.I. 976) (the "**2004 Order**"). According to Cravath's records, in accordance with the parties' agreement, as reflected in and ordered by the Court in the 2004 Order, the Debtors have made fifteen productions of documents to Harvey Weinstein. The date of the first production was May 24, 2018, and the date of the latest production was August 29, 2018. In total, the fifteen productions have included 2,216 documents, consisting of 2,908 pages.

4. On June 14, 2018, I participated in a telephone call with Harvey Weinstein and his attorney, Scott Cousins of Bayard, P.A. Two other attorneys from Cravath also attended the call. On the call, Mr. Weinstein stated that not all of his personal belongings had been returned to him from his former personal office at 375 Greenwich Street, New York, NY. I informed Mr. Weinstein that, based upon information provided to me by individuals affiliated with TWC, everything that was in Mr. Weinstein's former office at 375 Greenwich Street was packed into boxes by a professional moving company, loaded onto moving trucks, and delivered to Mr. Weinstein's accountant in December 2017. I further informed him that everything in the cubicles outside his personal office at that location also was loaded onto those trucks and delivered to his accountant, other than some surplus office supplies such as paper clips.

5. Despite my explanation, Mr. Weinstein continued to insist on the June 14 call that not all of his belongings had been returned. I asked Mr. Weinstein several times to be specific as to the items he believed had not been returned to him. Mr. Weinstein stated that he was missing tapes from Oscar parties he had attended, his "personal papers" and "personal notes", tapes and a script for the film Finding Neverland, other scripts, and everything that was

on his desk. Mr. Weinstein did not specify which papers, notes or other scripts he believed he was missing or indicate where they might be found. I stated that the Debtors were not seeking to withhold from Mr. Weinstein any of his personal belongings and that if Mr. Weinstein provided a list of the specific items he believed were missing, the Debtors would look for those items.

6. Also on the June 14 call, Mr. Weinstein thanked one of my colleagues, an attorney at Cravath who attended the call, for her assistance in producing documents to him in accordance with the 2004 Order.

7. Exhibit 12 to the Objection is the list of search terms counsel for Harvey Weinstein requested on August 21, 2018, that Debtors' counsel run on the Debtors' document database. At my direction, the Debtors' discovery vendor, Complete Discovery Source, Inc., ran a query for the search terms listed in Exhibit 12. The query indicated that running the complete list of search terms through the Debtors' document database yields 759,671 documents without families, or 1,093,446 documents with families.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 20, 2018　　　　　　　/s/ *David A. Herman*
　　　　　New York, New York　　　　　　David A. Herman