**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : Case No. 18-10601 (MFW) |
| THE WEINSTEIN COMPANY HOLDINGS LLC, *et al.*[1] | : Jointly Administered |
| | : Hearing Date: October 16, 2018 at 10:30 a.m. (ET) |
| Debtors. | : Obj. Deadline: October 9, 2018 at 4:00 p.m. (ET) |

**MOTION OF CERTAIN CONTRACT COUNTERPARTIES**
**TO COMPEL ASSUMPTION OF EXECUTORY CONTRACTS**

Fade to Black Productions, Inc., Tom Ford, Outerbanks Entertainment, Inc. and Kevin Williamson (collectively, the "Counterparties"), by and through undersigned counsel, file this motion (the "Motion") for an order compelling the assumption of the executory contracts listed on Exhibit A hereto (the "Contracts") by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), as applicable, and the assignment of the Contracts to Lantern Entertainment, LLC ("Lantern") pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and the terms of the Bid Procedures Order (as defined herein).  In support of the Motion, the Counterparties respectfully state as follows:

**PRELIMINARY STATEMENT**[2]

The Counterparties are actors, directors, producers, performers and/or writers in the television and motion picture industry (or their representatives).  They each have entered into agreements with one or more of the Debtors and/or non-debtor entities.  These agreements concern television, live

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

[2] Capitalized terms not defined in the Preliminary Statement shall have them meanings ascribed to them in the Motion.

1

stage or movie projects that were either (a) completed prior to the Debtors' bankruptcy filing, but under which the Counterparties remain entitled to future compensation, or (b) are in various stages of production, but under which certain obligations including compensation remain outstanding, or may become due in the future.

The sale procedures mandated by the Bid Procedures Order explicitly required that Lantern decide, *as of the Closing Date*, which contracts were to be assumed and assigned as part of the Sale, regardless of whether such contracts were Disputed Contracts. That is, Lantern agreed to assume all contracts on the assumption schedule as of the Closing Date, regardless of whether any particular contract was a Disputed Contract, subject to the ability of such contracts to be assumed and assigned. The Counterparties objected to the Sale to the extent inconsistent with these procedures, which objections are explicitly preserved by the Sale Order and APA Amendment Order.

Eventually, the Sale closed, notwithstanding the outstanding objections to the Sale and the Court's admonition that Lantern bared the risk for closing subject to such objections. Subsequent to the Closing Date, the Debtors/Lantern did exactly what the Counterparties argued in their Sale Objections was violative of the terms of the Bid Procedures Order – they removed the Contracts from the Final Pre-Closing Assumption List when they filed the Post-Closing Assumption List, which purports to include the contracts designated by Lantern for assumption and assignment in connection with the Sale.

As set forth in the Sale Objections, the Counterparties were concerned that, among other things, any procedure that allowed the Debtors/Lantern to remove contracts from the assumption schedule post-closing, in violation of the terms of the Bid Procedures Order, would cause the Counterparties to incur significant litigation costs protecting their rights under the Contracts, with no assurance that such agreements would be assumed and assigned. Unfortunately, this concern came

to fruition. Review of the Post-Closing Assumption List evidences that the Debtors/Lantern simply removed all Disputed Contracts from the Final Pre-Closing Assumption List. Rather than resolve the parties' rights under the Disputed Contracts (or litigate them to resolution), Lantern simply decided to remove them from the assumption schedule. Meanwhile, the Counterparties were caused to incur significant costs protecting their rights. Much of these expenses would have been avoidable had the Debtors simply followed the sale procedures mandated by the Bid Procedures Order from the start.

Post-closing removal of contracts that were included on the Final Pre-Closing Assumption List violates the sale procedures set forth in the Bid Procedures Order. Therefore, the Court must order that the Contracts be assumed by the Debtors and assigned to Lantern in connection with the Sale, subject to resolution of the Counterparties' cure objections, unless it is evidenced that the Debtors do not have the ability to assume and assign the Contracts.

**BACKGROUND**

A. *The Lantern Sale*

1. On March 19, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. On March 20, 2018, the Debtors filed a joint motion seeking (i) entry of an order (the "Bid Procedures Order") approving, among other things, procedures in connection with the Sale (as defined herein), and (ii) entry of an order (the "Sale Order") approving, among other things, the sale (the "Sale") of substantially all of the Debtors' assets to Lantern (the "Sale Motion") pursuant to an Asset Purchase Agreement dated March 19, 2018 (as amended, the "APA"). *See* Dkt. No. 8.

3. The Court entered the Bid Procedures Order on April 6, 2018. *See* Dkt. No. 190. Among other things, the Bid Procedures Order established procedures for assumption and assignment of executory contracts and unexpired leases in connection with the Sale.

4. The Court entered the Sale Order on May 9, 2018, subject to the Sale Objections (as defined herein). *See* Dkt. No. 846.

5. On June 27, 2018, the Debtors filed a *Motion for an Order Approving Amendment to Asset Purchase Agreement* [Dkt. No. 1115] ("Motion to Amend"), seeking to amend the APA to, among other things, reduce the sale price (the "Second Amendment to the APA").

6. On July 9, 2018, the Debtors filed a *Notice of Filing of Revised Second Amended to Asset Purchase Agreement* [Dkt. No. 1187], reflecting additional revisions to the Second Amendment to the APA (the "Revised Second Amendment to the APA"), including adding a deadline that gives Lantern four (4) months from the Closing Date to decide whether it will assume or reject Disputed Contracts.

7. By order dated July 11, 2018 [Dkt. No. 1220] (the "APA Amendment Order"), the Court granted the Motion to Amend, and the APA was amended as set forth in the Revised Second Amended to the APA, subject to the Counterparties' Objections (as defined herein). *See* Dkt. No. 1187.

8. On July 17, 2018, the Debtors filed a *Notice of Closing of Sale to Lantern* [Dkt. No. 1247], stating that the Sale closed on July 13, 2018 (the "Closing Date").

B. *The Assumption Notices*

9. Prior to the Closing Date, the Debtors filed the following assumption notices in connection with the Sale: (i) the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [Dkt. No. 216], dated April 13, 2018 (the "First

4

Notice"); (ii) as supplemented by the *Notice of Supplemental Potential Assumption and Assignment of Executory Contracts and Unexpired Leases* [Dkt. No. 282], dated April 20, 2018 (the "Second Notice"); (iii) as further supplemented by the *Notice of Second Supplemental Potential Assumption and Assignment of Executory Contracts and Unexpired Leases* [Dkt. No. 482], dated April 27, 2018 (the "Third Notice", together with the First Notice and the Second Notice, the "Original Notices"); and (iv) as further supplemented by the *Notice of Filing of Final List of Potentially Assumed Contracts and Leases* [Dkt. No. 860], dated May 10, 2018 (the "Final Pre-Closing Assumption List"), which amended and superseded the Original Notices.

10. On June 8, 2018, the Debtors filed a *Statement Regarding Contracts to be Transferred Pursuant to the Asset Purchase Agreement with Lantern Entertainment LLC* [Dkt. No. 1003] (the "Statement"), which purported to remove certain contracts from the Final Pre-Closing Assumption List on the basis that they were no longer executory.

11. Subsequent to the Closing Date, on September 5, 2018, the Debtors filed the *Notice of Filing of List of Assumed Contracts Pursuant to the Sale Order* [Dkt. No. 1457] (as amended, the "Post-Closing Assumption List"),[3] pursuant to which the Debtors removed all contacts from the Final Pre-Closing Assumption List that remained subject to pending objections (*i.e.,* Disputed Contracts), including the Contracts.

C. *The Counterparties' Sale Objections*

12. The Counterparties filed various objections to the Sale and the assumption and assignment of the Contracts to Lantern, including: (a) an objection to the Sale Motion filed by the Counterparties, among others, on May 2, 2018 [Dkt. No. 668] (the "Sale Objections"); (b) an objection to the Motion to Amend and the Second Amendment to the APA filed by the Counterparties,

---

[3] On September 20, 2018, the Debtors filed the *Supplemental Notice of Filing of List of Assumed Contracts Pursuant to the Scheduling Order* [Dkt. No. 1512], supplementing the Post-Closing Assumption List.

among others, on July 9, 2018 [Dkt. No. 1177] (the "APA Amendment Objections"); (c) an objection to the Revised Second Amendment to the APA filed by the Counterparties, among others, on July 10, 2018 [Dkt. No. 1203] (the "Revised Second Amendment Objections"); and (d) an objection to the Post-Closing Assumption List filed by the Counterparties, among others, on September 17, 2018 [Dkt. No. 1497] (the "Post-Closing Assumption List Objections", together with the Sale Objections, the APA Amendment Objections, the Revised Second Amendment Objections and the Post-Closing Assumption List Objections, the "Counterparties' Objections").

13. In the Sale Objections (and each of the other Counterparties' Objections), the Counterparties argue that a decision with respect to which contracts were being assumed and assigned as part of the Sale was required to be made prior to the Closing Date pursuant to the Bid Procedures Order; that Lantern is required to assume any contacts that remained on the assumption schedule as of the Closing Date, regardless of a pending dispute, unless resolution of the dispute resulted in the Debtors' inability to assume and assign the contracts at issue; and that section 2.8(c) of the APA violates the Bid Procedures Order by allowing Lantern to remove contracts from the assumption schedule post-closing, to the extent it is not satisfied with the resolutions of pending disputes. *See, e.g.,* Sale Objections at ¶¶ 37, 38.

D. *Preservation of the Counterparties' Sale Objections*

14. The Sale Objections were explicitly preserved in the Sale Order, which provided that any findings or orders contained in the Sale Order were not binding on the Counterparties pending adjudication of the Sale Objections. Paragraph OO of the Sale Order provides:

> OO. *Notwithstanding any other provision of this Order*, the rights of (I) non-Debtor parties asserting that certain of the Purchased Assets include property that is not property of the Debtors' estates that filed a timely objection that is adjourned to the Contract Assumption Hearing (as defined below), and (II) (A) non-Debtor parties to the Assumed Contracts and Leases, and/or (B) non-Debtor parties to contracts not listed on the Initial Assumption Notice and First

>Supplemental Notice but relating to the Purchased Assets, that either (i) filed objections, on any basis, to the proposed assumption, assignment, or Cure Amount, or the sale of a Purchased Asset, and including that the sale of such Purchased Asset does not provide for assumption of any post-Closing obligations related to such Purchased Asset, including any objections regarding whether the Debtors have complied with Bankruptcy Rule 6006 or otherwise relating to the Initial Assumption Notice and the First Supplemental Notice, or (ii) received, in accordance with the Bidding Procedures Order, the Second Supplemental Notice (clauses (I) and (II) collectively being referred to as the "Unresolved Contract Objections") are preserved and will be addressed at a hearing to take place on May 22, 2018 at 11:30 am (Eastern Daylight Time), or subsequent hearing(s) (the "Contract Assumption Hearing"). For the avoidance of doubt, this Court's findings herein with respect to adequate assurance of future performance within the meaning of Bankruptcy Code sections 365(b)(1)(C), 365(b)(3) (to the extent applicable) and 365(f)(2)(B) *and any other provision of this Order that may be affected by any Unresolved Contract Objection are not binding on the non-Debtor parties with Unresolved Contract Objections and all parties' rights with respect to the Unresolved Contract Objections are reserved for further adjudication by this Court.*

Sale Order at ¶ OO (emphasis added).

15. Similarly, the APA Amendment Order provides that "[t]he rights of the counterparties (the "Objecting Parties") are reserved as provided by the Sale Order, and nothing in the Second Amendment and the APA amended pursuant thereto will prejudice, affect in any manner, or act as a waiver of any Objection Parties' rights, arguments, and remedies, including any rights pursuant to Section 365 of the Bankruptcy Code, in any proceeding, contested matter or future ongoing litigation with respect to the agreements of the Objecting Parties (including… any issues with respect to cure and assumption pursuant to Section 365 of the Bankruptcy Code.)"  APA Amendment Order at ¶ 4.

## **RELIEF REQUESTED**

16. By this Motion, the Counterparties seek entry of an order compelling the Debtors to assume the Contracts and assign them to Lantern, subject to resolution of the Counterparties' cure objections, unless it is evidenced that the Debtors do not have the ability to assume and assign the

Contracts,[4] pursuant to section 105(a) of the Bankruptcy Code and the terms of the Bid Procedures Order.

## JURISDICTION AND VENUE

17. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).

## BASIS FOR RELIEF REQUESTED

18. Post-closing removal of contracts listed on the Final Pre-Closing Assumption List from the Post-Closing Assumption List violates the sale procedures set forth in the Bid Procedures Order. Therefore, the Court should order that the Contracts be assumed by the Debtors and assigned to Lantern in connection with the Sale, subject to resolution of the Counterparties' cure objections, unless it is evidenced that the Debtors do not have the ability to assume and assign the Contracts.

19. Among other things, the Bid Procedures Order established procedures for assumption and assignment of executory contracts and unexpired leases in connection with the Sale. Paragraph 28 of the Bid Procedures Order provides that:

> Unless otherwise provided in the Successful Bidder's Asset Purchase Agreement, at any time prior to the Closing Date, the Successful Bidder may elect to amend the Contracts Schedule pursuant to Section 2.8(a) of the Asset Purchase Agreement. Any Contract or Lease that remains on the Contract Schedule pursuant to Section 2.8(a) as of [the Closing Date] and which the Successful Bidder designates in writing for assumption, shall be assumed by the Debtors and assigned to the Successful Bidder as part of the Sale (the "Assumed Contracts Schedule"), subject to the resolution of any Assumption and Assignment Objection with respect to such contract or lease. All such Contracts that are not on the Assumed Contracts Schedule shall be deemed "Excluded Contracts" under the Asset Purchase Agreement.

---

[4] Some of the Contracts listed on the Final Pre-Closing Assumption List (and the Debtors' sworn schedules) were with non-debtor affiliates. Presumably, such contracts were assigned to a Debtor prior to the Petition Date. Despite repeated requests, however, the applicable Counterparties have not received assignment documents.

Bid Procedures Order at ¶ 28.

20. The plain language of paragraph 28 of the Bid Procedures Order permits Lantern, prior to the Closing Date, to determine which executory contracts it wishes to assume, but "[a]ny Contract or Lease that remains on the Contract Schedule pursuant to Section 2.8(a) as of [the Closing Date] and which the Successful Bidder [Lantern] designates in writing for assumption, *shall be assumed by the Debtors and assigned to the Successful Bidder [Lantern] as part of the Sale* (the "Assumed Contracts Schedule"), subject to the resolution of any Assumption and Assignment Objection with respect to such contract or lease." *Id.* at ¶ 28 (emphasis added).

21. Section 2.8(c) of the APA, however, permits Lantern to remove, ***post-closing***, any contracts with cures that remain in dispute (a "Disputed Contract") from the assumption schedule. Section 2.8(c) of the APA (and any corollary provision in the Sale Order) is in direct violation of paragraph 28 of the Bid Procedures Order, which requires Lantern to decide no later than just prior to closing which executory contracts it intends to assume, regardless of whether they are, as of the Closing Date, a Disputed Contract. The Sale should not have been consummated unless section 2.8(c) of the APA (and any corollary provision of the Sale Order) was abrogated or amended to conform to the terms of the Bid Procedures Order, and such terms should be given no effect now, at least with respect to the Counterparties, whose objections have been preserved.

22. The Final Pre-Closing Assumption list was filed on May 10, 2018; the Sale closed two months later, on July 13, 2017 (*i.e.*, the Closing Date); and on September 5, 2018, almost two months after the Closing Date, the Debtors filed its Post-Closing Assumption List. Removal of the Contracts from the Final Pre-Closing Assumption List, by way of the Post-Closing Assumption List, is invalid because such removal contravenes the terms of the Bid Procedures Order, which requires that the Debtors assume and assign all contracts listed on the assumption schedule as of the Closing

Date.  The Debtors should not be permitted to rely on section 2.8(c) of the APA (or any corollary provision of the Sale Order) because such provision violates the sale procedures mandated by the Bid Procedures Order, as discussed herein.

23.   It is anticipated the Debtors/Lantern will argue that (i) the Post-Closing Assumption List was filed in accordance with the Sale Order, a subsequent order to the Bid Procedures Order, and that, notwithstanding, (ii) the Bid Procedures Order does not require that a pre-closing decision be made with respect to which contracts are to be assumed and assigned.  These arguments have no merit.

24.   <u>First</u>, whether or not the Post-Closing Assumption List was filed in accordance with the Sale Order is of no consequence to the Counterparties.  As discussed herein, the Counterparties' Sale Objections are explicitly reserved, including that the Sale violates the terms of the Bid Procedures Order to extent that the Debtors/Lantern are allowed to make post-closing decisions with regard to whether to assume and assign executory contracts.  That decision had to be made pre-closing, whether or not the contracts were Disputed Contracts, and any Sale provision to the contrary should be given no effect.

25.   <u>Second</u>, any argument that the Bid Procedures Order does not require a pre-closing decision with respect to which contracts are to be assumed and assigned is irreconcilably inconsistent with the terms of the APA.  In its *Omnibus Reply to Objections to the Motion to Amend* [Dkt. No. 1207] (the "<u>Omnibus Reply</u>"), the Debtors argue that the APA, as amended by the Revised Second Amendment to the APA, which gives Lantern an additional four (4) months from the Closing Date to decide whether to assume or reject contracts, is consistent with paragraph 28 of the Bid Procedures Order.  *See* Omnibus Reply at ¶ 24.  For all intents and purposes, the Debtors argue that since Lantern had not designated in writing which contracts it wanted to assume as of the Closing Date, the Bid

Procedures Order does not require the assumption and assignment of any contracts on the pre-closing assumption schedule. *Id.* To get to that end, the Debtors emphasize the second clause in the following sentence in paragraph 28 of the Bid Procedures Order - "[a]ny Contract or Lease that remains on the Contract Schedule pursuant to Section 2.8(a) as of [the Closing Date] and *which the Successful Bidder designates in writing for assumption*, shall be assumed by the Debtors and assigned to the Successful Bidder as part of the Sale…." *Id.*; Bid Procedures Order at ¶ 28 (emphasis added).

26. This argument is irreconcilably inconsistent with the terms of the APA. Section 2.8(a) of the APA provides, in pertinent part, that:

> Prior to the Closing Date, Buyer, in its sole discretion by written notice to the Seller Parties, shall designate in writing which Available Contracts from Section 2.8(a) of the Disclosure Schedule (as updated from time to time in accordance with this Section 2.8(a)) relating to the Business or the Purchased Assets that Buyer wishes to "assume" (the "Assumed Contracts") and subject to the right of Buyer, at any time prior to the Closing Date, Buyer may, in its sole discretion, determine not to "assume" any Available Contracts previously designated as an Assumed Contract. *All Contracts of the Seller Parties that are listed on Section 2.8(a) of the Disclosure Schedule as of the Closing Date and which Buyer does not designate in writing for assumption shall not be considered Assumed Contracts or Purchased Assets and shall automatically be deemed "Excluded Contracts"….*

APA at § 2.8(a) (emphasis added).

27. Like paragraph 28 of the Bid Procedures Order, section 2.8(a) of the APA clearly contemplates that Lantern's decision with respect to which contracts to assume was due prior to the Closing Date. Moreover, section 2.8(a) of the APA provides that "*[a]ll Contracts listed on [the assumption schedule] as of the Closing Date and which Buyer [Lantern] does not designate in writing for assumption shall automatically be deemed "Excluded Contracts"….*" APA at § 2.8(a) (emphasis added). If the Court were to accept the Debtors' position with respect to paragraph 28 of the Bid Procedures Order, *i.e.,* that the Bid Procedures Order does not require the assumption of contracts listed on the pre-closing assumption schedule because Lantern did not designate such

contracts for assumption, then, according to section 2.8(a) of the APA, all of the contracts on the Final Pre-Closing Assumption List should be deemed "Excluded Assets," since none of those contracts were designated by Lantern for assumption as of the Closing Date. The Debtors cannot avoid this result by simply arguing that the APA was amended and/or superseded by the Sale Order (or the APA Amendment Order), and that the Sale Order allows for a post-closing decision. Even assuming, *arguendo*, that the Sale Order allows for post-closing decisions with respect to which contracts are to be assumed, which is not clear, it is of no consequence to the Counterparties, whose objections to any such procedure are explicitly reserved, and, as set forth in more detail herein, should be given no effect.

28. For the reasons stated herein, the Court should compel the Debtors to assume the Contracts and assign them to Lantern in connection with the Sale, pending resolution of any cure objections by agreement of the parties or disposition of the court, and subject to the ability of the Debtors to assume and assign the Contracts.[5]

## RESERVATION OF RIGHTS

29. The Debtors' failure to adhere to the sale procedures set forth in the Bid Procedures Order has caused the Counterparties to incur substantial, avoidable post-petition expenses to protect

---

[5] Kevin Williamson and Outerbanks Entertainment, Inc. are parties to a number of agreements/amendments, listed on Exhibit B hereto (the "Related Contracts"), with the Debtors and/or non-debtor affiliates that relate to, and are inextricably integrated with, their Contracts listed on the Final Pre-Closing Assumption List and Exhibit A hereto (the "Williamson Contracts"). The Related Contracts are not severable from the Williamson Contracts and must be included in the assumption and assignment of such contracts. *See, e.g., In re Philip Servs. (Delaware), Inc.*, 284 B.R. 541, 546 (Bankr. D. Del. 2002) (separate negotiable instrument was "merely one inseparable part of the overall exchange" and therefore could not be separated from merger agreement), *aff'd,* 303 B.R. 574 (D. Del. 2003); *In re T & H Diner, Inc*., 108 B.R. 448, 454 (D. N.J. 1989) (uncured default under one of several documents that effectuated transfer of a business and related assets to the debtor "preclude[d] assumption" of other document because each was "integral part[] of a single transaction" and "indivisible"); *In re Contract Research Sols., Inc.*, 2013 WL 1910286, at *2 (Bankr. D. Del. May 1, 2013) (lease amendment not severable from the underlying lease had to be included in assumption of underlying lease).

their rights under the Contracts. The Counterparties reserve all rights to seek sanctions based on the Debtors' conduct and/or for administrative expense claims for post-petition expenses needlessly incurred by the Counterparties due to the Debtors' failure to comply with the sale procedures set forth in the Bid Procedures Order.

30. The Counterparties also reserve all rights to seek administrative expense claims for all post-petition, pre-rejection amounts due and owing under the Contracts, to the extent the Court is not inclined to compel assumption and assignment.

## CONCLUSION

31. For the reasons set forth herein, the Court should compel the Debtors to assume the Contracts and assign them to Lantern in connection with the Sale, subject to resolution of the Counterparties' cure objections, unless it is determined that the Contracts are not assumable and assignable.[6]

[*Remainder of page intentionally left blank.*]

---

[6] For the avoidance of doubt, the relief sought by the Counterparties by way of the Motion is intended to be narrow. The Counterparties are not seeking to undo the Sale Order, the APA Amendment Order or the Sale in general. Rather, to the extent the Court is inclined to agree with the Counterparties' position as to the requirements of the Bid Procedures Order with respect to assumption and assignment of contracts in connection with the Sale, the only contracts that will be impacted are the Contracts, and any other contracts of counterparties that preserved a similar objection. This is because the Counterparties' specific objection in this regard is explicitly reserved, and the Sale Order and APA Amendment Order are otherwise final as to all other parties on this point (unless, of course, any other party preserved a similar objection).

**WHEREFORE**, the Counterparties respectfully request that the Court enter an order, substantially in the form of order attached hereto, granting the Motion and compelling the assumption and assignment of the Contracts in accordance with the Bid Procedures Order, and granting such other and further relief as is proper.

Dated: September 25, 2018

**VENABLE LLP**

*/s/ Jamie L. Edmonson*
Jamie L. Edmonson (No. 4247)
1201 N. Market St., Suite 1400
Wilmington, Delaware 19801
Tel: (302) 298-3535
Fax: (302) 298-3550
jledmonson@venable.com

-and-

Jeffrey S. Sabin, Esq.
1270 Avenue of the Americas
New York, New York 10020
Tel: (212) 503-0672
jssabin@venable.com

-and-

Keith C. Owens, Esq.
2049 Century Park East
Suite 2300
Los Angeles, California 90067
Tel: (310) 229-0370
kcowens@venable.com