## EXHIBIT 1

## STIPULATION

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---

| | |
|---|---|
| In re: | Chapter 11 |
| THE WEINSTEIN COMPANY HOLDINGS LLC, *et al.*, | Case No. 18-10601 (MFW) |
| Debtors.[1] | Jointly Administered |

---

## STIPULATION AMONG THE DEBTORS, LANTERN ENTERTAINMENT LLC, VERTIGO PRIME, INC. AND GOOD FEAR FILM, INC.

This stipulation (this "**Stipulation**"), dated October 4, 2018, is made and entered into between and among (i) The Weinstein Company LLC ("**TWC**") and its affiliated debtors and debtors in possession (collectively, with TWC, the "**Debtors**"), (ii) Lantern Entertainment LLC (together with its affiliates, "**Lantern**"), (iii) Vertigo Prime, Inc. f/s/o Roy Lee ("**Lee**"), and (iv) Good Fear Film, Inc. f/s/o Chris Bender ("**Bender**" and together with Lee, the "**Producers**"). The Debtors, Lantern, and the Producers may each be referred to individually as a "**Party**" and, collectively, be referred to herein as the "**Parties**."

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

#50395113 v1

## RECITALS

**WHEREAS**, TWC and the Producers entered into that certain Producing Services Agreement dated January 6, 2017, and amended March 10, 2017 (together with the exhibits and amendments thereto, the "**Producing Services Agreement**"), pursuant to which the Producers agreed to provide producing services in connection with the motion picture entitled "Polaroid" (the "**Picture**").

**WHEREAS**, on March 19, 2018, the Debtors commenced these voluntary chapter 11 cases in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

**WHEREAS**, on March 20, 2018, the Debtors filed the *Debtors' Motion for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Substantially All of the Debtors' Assets, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Substantially All of the Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief and (II)(A) Approving Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (B) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related Relief* [Docket No. 8].

**WHEREAS**, on April 6, 2018, the Court entered the *Order (I) (A) Approving Bidding Procedures for Sale of Substantially All of the Debtors' Assets, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Substantially All of the Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief* (the "**Bid Procedures Order**") [Docket No. 190].

**WHEREAS**, on April 13, 2018, the Debtors filed the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* (the "**April 13 Notice**") [Docket No. 216], which attached an exhibit listing certain contracts and leases that the Debtors may potentially assume and assign as part of the sale contemplated by the Bid Procedures Order (the "**Sale**"), together with associated asserted cure amounts.  The April 13 Notice did not include the Producing Services Agreement.

**WHEREAS**, on April 20, 2018, the Debtors filed the *Notice of Supplemental Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* (the "**April 20 Notice**") [Docket No. 282], which attached an exhibit listing certain additional contracts and leases that the Debtors may potentially assume and assign as part of the Sale, together with associated asserted cure amounts.  The April 20 Notice did not include the Producing Services Agreement.

**WHEREAS**, on May 2, 2018, the Producers, together with certain other contract counterparties (collectively, the "**Other Contract Counterparties**"), filed the *Objection of Contract Counterparties to the Debtors' Sale Motion, Proposed Assumption and Assignment of Executory Contracts and Unexpired Leases and Proposed Cure Amount* (the "**Objection**") [Docket No. 668].

**WHEREAS**, on May 9, 2018, the Court entered its *Order (I) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests, Encumbrances and Other Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and (III) Granting Related Relief* (the "**Sale Order**") [Docket No. 846], which, *inter alia*, approved the Sale of substantially all of the Debtors' assets to Lantern.

**WHEREAS**, on May 10, 2018, the Debtors filed the *Notice of Final List of Potentially Assumed Contracts and Leases* (the "**May 10 Notice**") [Docket No. 860], which attached an exhibit listing certain contracts and leases that the Debtors may potentially assume and assign as part of the Sale, together with associated asserted cure amounts. The May 10 Notice did not include the Producing Services Agreement.

**WHEREAS**, on June 8, 2018, the Debtors filed the *Debtors' Statement Regarding Contracts To Be Transferred Pursuant to the Asset Purchase Agreement with Lantern Entertainment LLC* (the "**June 8 Statement**") [Docket No. 1003], which attached an exhibit listing certain contracts that the Debtors, in consultation with Lantern, determined were not executory contracts under applicable law. The June 8 Statement did not include the Producing Services Agreement.

**WHEREAS**, on July 11, 2018, the Court entered its *Order Approving Amendment to Asset Purchase Agreement Entered into by and Between the Debtors and Lantern Entertainment LLC* [Docket No. 1220].

**WHEREAS**, on July 17, 2018, the Debtors filed the *Notice of Closing of Sale to Lantern Entertainment LLC* [Docket No. 1247].

**WHEREAS**, the Parties desire to enter into this Stipulation to resolve the disputes between the Parties.

**NOW, THEREFORE**, it is hereby stipulated and agreed to by and among the Parties:

1.     The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation.

2.     This Stipulation shall be effective upon (i) its execution by the Parties hereto and (ii) the entry by the Court of an Order approving this Stipulation (such date, the "**Effective Date**").

3.     The Parties acknowledge and agree to treat the Producing Services Agreement as a non-executory contract under applicable law.

4.     The Parties acknowledge and agree to treat any rights, title or interests under the Producing Services Agreement, including, without limitation, the results and proceeds of the Producers' services, as having been transferred to Lantern free and clear of any liens, claims interests, or encumbrances pursuant to the Sale Order.

5.     Notwithstanding the foregoing, and in consideration for entry into this Stipulation, Lantern acknowledges and agrees that Lantern will honor certain of the Debtors' former obligations under the Producing Services Agreement, which shall consist solely of the following: (i) the obligation to accord each of the Producers the credits as set forth in paragraph 7 thereof; (ii) the obligation to pay each of the Producers the Contingent Compensation, Contingent Box Office Bonuses, and contingent streaming bonus, in accordance with paragraphs 6 and 5 (respectively) thereof and paragraphs 2 and 3 of the March 10, 2017 amendment, if and to the extent such amounts shall become payable; (iii) the obligation to cover each of the Producers under any errors and omissions insurance policy obtained in connection with the Picture as set forth in paragraph 18 of the Producing Services Agreement; (iv) the obligation to indemnify each of the Producers as set forth in paragraph 14 of the Producing Services Agreement; and (v) the obligation to provide the Producers with the first opportunity to provide producing services in connection with any sequels, remakes or television productions, as set forth in paragraph 16 of the Producing Services Agreement.  For the avoidance of doubt, this Stipulation does not amend,

supplement, or otherwise modify the terms and conditions of the Producing Services Agreement, and the obligations which Lantern has agreed to honor pursuant to this Stipulation are governed in their entirety by the terms and conditions of the Producing Services Agreement.

6. In light of the agreements by the Debtors and Lantern in connection with the Producing Services Agreement and the Picture, the Objection, solely with respect to the Producers, is deemed resolved and/or withdrawn. For the avoidance of doubt, none of the acknowledgments or agreements contained in this Stipulation shall apply to, or otherwise affect or impair, any objection asserted by an Other Contract Counterparty.

7. The Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation.

[*Remainder of page intentionally blank*]


Dated: October 4, 2018

**RICHARDS, LAYTON & FINGER, P.A.**

/s/ *Zachary I. Shapiro*
Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Brett M. Haywood (No. 6166)
David T. Queroli (No. 6318)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

**CRAVATH , SWAINE & MOORE LLP**
Paul H. Zumbro (admitted *pro hac vice*)
George E. Zobitz (admitted *pro hac vice*)
Karin A. DeMasi (admitted *pro hac vice*)
Worldwide Plaza
825 Eighth Plaza
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for the Debtors and Debtors in Possession*

**PEPPER HAMILTON LLP**

/s/ *Evelyn J. Meltzer*
David B. Stratton (No. 960)
David M. Fournier (No. 2812)
Evelyn J. Meltzer (No. 4581)
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19801
Telephone: (302) 777-6500
Facsimile: (302) 421-8390
Email: stratton@pepperlaw.com
      fournierd@pepperlaw.com
      meltzere@pepperlaw.com

-and-

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Abid Qureshi, Esq. (admitted *pro hac vice*)
Meredith A. Lahaie, Esq. (admitted *pro hac vice*)
One Bryant Park
Bank of America Tower
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: aqureshi@akingump.com
      mlahaie@akingump.com

*Attorneys for Lantern Entertainment LLC*

#50395113 v1

**VENABLE LLP**

/s/ *Jeffrey S. Sabin*
Jamie L. Edmonson (No. 4247)
Daniel A. O'Brien (No. 4897)
1201 N. Market St.
Suite 1400
Wilmington, Delaware 19801
Tel: (302) 298-3535
Fax: (302) 298-3550
jledmonson@venable.com
daobrien@venable.com

-and-

Jeffrey S. Sabin, Esq.
1270 Avenue of the Americas
New York, New York 10020
Tel: (212) 503-0672
jssabin@venable.com

-and-

Keith C. Owens, Esq.
2049 Century Park East Suite 2300
Los Angeles, California 90067
Tel: (310) 229-0370
kcowens@venable.com

*Attorneys for the Producers*