**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| THE WEINSTEIN COMPANY HOLDINGS | : | Case No. 18-10601 (MFW) |
| LLC, *et al.*, | : | |
| | : | (Jointly Administered) |
| Debtors.[1] | : | |
| | : | **Hr'g Date: Nov. 29, 2018 at 11:30 a.m. (ET)** |
| | | **Obj. Deadline: November 20, 2018 at 4:00 p.m. (ET)** |

-------------------------------------------------------------x

**JOINT MOTION OF DEBTORS AND OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO APPROVE STIPULATION GRANTING
LEAVE, STANDING, AND AUTHORITY TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS TO INVESTIGATE, PROSECUTE, AND
SETTLE CERTAIN CLAIMS AND CAUSES OF ACTION**

The Weinstein Company Holdings LLC and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**" and, together with the Debtors, the "**Parties**") jointly request entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), approving the *Stipulation Granting Leave, Standing, and Authority to the Official Committee of Unsecured Creditors to Investigate, Prosecute, and Settle Certain Claims and Causes of Action*, a copy of which is attached to the Proposed Order as **Exhibit 1** (the "**Stipulation**").[2]  In support of this joint motion (this "**Motion**"), the Debtors have filed contemporaneously herewith the *Declaration of Alan M. Jacobs in Support of the Joint Motion of Debtors and Official Committee of Unsecured Creditors to Approve*

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837).  The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013.  Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

[2] Capitalized terms used, but not otherwise defined, herein shall have the respective meanings ascribed to them in the Stipulation.

*Stipulation Granting Leave, Standing, and Authority to the Official Committee of Unsecured Creditors to Investigate, Prosecute, and Settle Certain Claims and Causes of Action*, and the Parties respectfully represent as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On March 19, 2018 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code sections 1107(a) and 1108.  On March 28, 2018, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the Committee.  As of this date, no trustee or examiner has been appointed in these chapter 11 cases. The Debtors' chapter 11 cases have been jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

3.      As set forth in the *Declaration of Robert Del Genio in Support of First Day Relief* [Docket No. 7], the Debtors filed these chapter 11 cases in the wake of numerous allegations of

sexual misconduct against Harvey Weinstein—the Debtors' co-founder and the former co-chairman of the Debtors' board of directors (the "**Board**").  These allegations had an immediate and profound effect on the company's business because, as an entertainment company, the Debtors depend heavily on industry relationships.

4.      Shortly after these allegations became public, the Board ratified the termination of Harvey Weinstein's employment, and accepted his resignation from the Board.  Additionally, six members of the company's nine-member Board resigned in October 2017.

## THE SALE

5.      On March 20, 2018, the Debtors filed a motion [Docket No. 8] (the "**Sale Motion**") seeking approval to sell substantially all of their assets to Lantern Entertainment LLC ("**Lantern**") or the party making the "highest or otherwise best" offer.

6.      On May 8, 2018, the Court approved the Sale Motion, and on May 9, 2018, the Court entered an order [Docket No. 846] (the "**Sale Order**") approving the sale of substantially all of the Debtors' assets (the "**Sale**") to Lantern and authorizing the Debtors to consummate the transactions contemplated under the APA (as defined in the Sale Order).

7.      On June 27, 2018, as part of a settlement to resolve various disputes between the Debtors and Lantern, the Debtors filed a motion [Docket No. 1115] (the "**Motion to Amend**") seeking to amend the APA to, among other things, reduce the Cash Purchase Price (as defined in the APA), which the Court approved on July 11, 2018.  On July 13, 2018, the Sale to Lantern closed (the "**Closing Date**").

8.      In connection with resolving objections raised by the Committee to the Motion to Amend, the Debtors and the Committee agreed to, among other things, certain terms and conditions regarding the go forward administration of the Debtors' bankruptcy cases.  Specifically, the Debtors

and the Committee agreed that the Debtors would not seek to extend their exclusive periods to file and solicit a chapter 11 plan, that the Committee would take the lead role on formulating and drafting a plan, and that the board of directors would be reconstituted.  Consistent with that agreement, on the Closing Date, all directors other than Ivona Smith (a board member that was previously added at the request of the Committee in April 2018) resigned from the board. Additionally, on August 7, 2018, two new, Committee-selected directors were appointed to the board (together with Ms. Smith, the "**New Board**").

## THE STIPULATION

9.      The Debtors have been informed that the Committee has conducted an investigation regarding the Affected Claims (as defined in the Stipulation) and the Committee has discussed such investigation with the Debtors.  Accordingly, in furtherance of the agreement between the Debtors and the Committee regarding the go forward administration of the cases, and recognizing the Committee's lead role in formulating a chapter 11 plan, the Debtors have consented to granting the Committee standing and authority to investigate, and, if the Committee deems appropriate, prosecute and settle, the Affected Claims.

## RELIEF REQUESTED

10.     By this Motion, pursuant to sections 105(a), 1103(c)(5), and 1109(b) of the Bankruptcy Code, the Debtors and the Committee jointly request entry of the Proposed Order approving the Stipulation granting the Committee standing and authority to investigate, and, if the Committee deems appropriate, prosecute and settle the Affected Claims.

## BASIS FOR RELIEF REQUESTED

11.     Section 1103 of the Bankruptcy Code authorizes official committees to "investigate the acts, conduct, assets, liabilities and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter

4

relevant to the case or the formulation of a plan." 11 U.S.C. § 1103(c)(2).  Further, section

1103(c)(5) of the Bankruptcy Code provides that a committee may perform such other services as

are in the interest of those represented. 11 U.S.C. § 1103(c)(5).  Section 1109(b) of the Bankruptcy

Code provides, in pertinent part, that a creditor's committee "may raise and may appear and be

heard on any issue in a case under [chapter 11]." 11 U.S.C. § 1109(b).

12.    Courts have interpreted these sections of the Bankruptcy Code to permit a court to

appoint an official committee of unsecured creditors as an estate representative with respect to the

prosecution of claims in instances where the debtor consents to such appointment.  *See Official*

*Comm. of Unsecured Creditors v. Cablevision Sys. Corp (In re Valley Media, Inc.)*, 2003 WL

21956410, *2 (Bankr. D. Del. Aug. 14, 2003) (granting the committee derivative standing to pursue

a cause of action with the debtor's consent); *AMC Investors LLC and AMC Investors II LLC v.*

*Eugenia VI Venture Holdings Ltd.*, 2012 WL 868775, *3 (D. Del. Mar. 14, 2012) ("Moreover, the

bankruptcy court's decision to confer derivative standing to Eugenia was based not only on its

interpretation of *Cybergenics* and other case law, but also on the facts specific to this

case—namely, that the trustee lacks the funds to prosecute potentially colorable claims, and that the

trustee consents to Eugenia's derivative standing."); *In re Revstone Indus., LLC*, Case No. 12-

13262, Hr'g Tr. 17:8-10 (BLS) (Bankr. D. Del. Nov. 26, 2014) (holding that "Debtor is within its

authority, once it's obtained approval of this Court, to effectively authorize or hand over standing to

pursue litigation to the Committee").

13.    Although courts in the Third Circuit have not expressly addressed the procedures for

asserting a derivative action with a debtor's consent, the Third Circuit and courts within this Circuit

have favorably cited decisions from the Court of Appeals for the Second Circuit that set forth

procedures to do so.  *See Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery*

*(In re Cybergenics Corp.),* 330 F.3d 548, 566-67 (3d Cir. 2003); *Infinity Investors Ltd. v Kingsborough (In re Yes! Entm't Corp.),* 316 B.R. 141, 145 (Bankr. D. Del. 2004) ("Although *Cybergenics* did not specifically lay out the procedures that should be followed in allowing creditors derivative standing, the Third Circuit expressed its agreement with the approaches taken by the Second and Seventh Circuits."); *Valley Media,* 2003 WL 21956410, *2 ("The Third Circuit's *Cybergenics II* opinion does not set forth the exact procedures bankruptcy courts should follow in allowing creditors derivative standing.  However, the Third Circuit stated that it agreed with recent Second and Seventh Circuit opinions addressing the issue.").

14.    The Second Circuit has held that:  "[a] creditors' committee may acquire standing to pursue the debtor's claims if (1) the committee has the consent of the debtor in possession or trustee, and (2) the court finds that suit by the committee is (a) in the best interest of the bankruptcy estate, and (b) is 'necessary and beneficial' to the fair and efficient resolution of the bankruptcy proceedings."  *Commodore Int'l Ltd. v. Gould (In re Commodore Int'l Ltd.),* 262 F.3d 96, 100 (2d Cir. 2001); *see also In re Housecraft Indus. USA, Inc.,* 310 F.3d 64, 70 (2d Cir. 2002).

15.    Here, the Debtors have consented to the Committee's standing with respect to the Affected Claims.  Therefore, the Court need only decide the second prong of the *Commodore* test: whether the prosecution of the Affected Claims by the Committee is in the best interest of the Debtors' estates and beneficial to the fair and efficient resolution of the bankruptcy proceeding. *Housecraft Indus.,* 310 F.3d at 71.

16.    Further, approving the Stipulation is well within the equitable powers of this Court. *See* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."); *see also Chinichian v. Campolongo (In re Chinichian),* 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the

power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."); *In re Cooper Props. Liquidating Trust, Inc.*, 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) (noting that bankruptcy court is "one of equity and as such it has a duty to protect whatever equities a debtor may have in property for the benefit of its creditors as long as that protection is implemented in a manner consistent with the bankruptcy laws.").

17.    As is set forth below, the Parties submit that the Committee's investigation and, if it deems appropriate, prosecution and settlement of the Affected Claims is in the best interest of the Debtors' estates and beneficial to the fair and efficient resolution of these chapter 11 cases because, among other things, it will avoid the unnecessary duplication of efforts and entrusts the direction of the cases to the Committee consistent with the agreement regarding the Motion to Amend.

18.    For at least three reasons the requested relief is in the best interests of the Debtors' estates.

19.    First, the Committee has already expended substantial time and resources investigating, evaluating and conducting legal research regarding the Affected Claims.  In contrast, and in keeping with the already existing agreement between the Debtors and the Committee regarding the division of responsibilities (which predates the New Board), the New Board and the Debtors' professionals have not conducted an investigation of the Affected Claims.  Given the limited resources of these estates, there is no reason to require the New Board and the Debtors' professionals to duplicate the work already performed by the Committee.  Moreover, any attempt by the Debtors to conduct such an investigation would require a significant amount of time and expense and may delay the progress of these cases.

20.    Second, the Committee is comprised of both trade and tort claimants.  Thus, it is well situated to consider the perspective and interests of all unsecured creditor constituencies in

connection with its investigation, prosecution and/or settlement of the Affected Claims.  In addition, the New Board has been informed that the trade and tort claimants on the Committee themselves have retained sophisticated legal advisors and have spent significant time evaluating and discussing outbound estate claims and the best ways to maximize value in connection with those claims, and have discussed those evaluations at confidential Committee meetings and with Committee professionals over the course of several months.  In concluding that the requested relief is in the best interests of the estate, the New Board is conscious of the fact that the Committee has had the benefit of those extensive discussions and evaluations, while the New Board necessarily has not, in keeping with the parties' prior agreement regarding the division of responsibilities between the Debtors and the Committee.

21.    Third, the Committee and the Debtors share a common goal: to maximize the value of the Debtors' estates.  Therefore, there should be no doubt that the Committee will fulfill its duties regarding the Affected Claims and is at least equally capable as the New Board of completing the assigned tasks.

## NOTICE

22.    The Debtors will provide notice of this Motion to:  (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the DIP Agent and the Pre-Petition Agent; (iv) counsel to Lantern; (v) the New York Attorney General and the California Attorney General; (vi) the Office of the United States Attorney for the District of Delaware; and (vii) all parties that have requested service of notices pursuant to Bankruptcy Rule 2002.

## NO PRIOR MOTION

23.    The Parties have not made any prior motion for the relief sought in the Motion to this Court or any other.

WHEREFORE, the Parties respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated:    November 6, 2018
          Wilmington, Delaware


*/s/ Paul N. Heath*                          */s/  Robert J. Feinstein*
**RICHARDS, LAYTON & FINGER, P.A.**    **PACHULSKI STANG ZIEHL & JONES LLP**
Mark D. Collins (No. 2981)             James I. Stang (CA Bar No. 94435)
Russell C. Silberglied (No. 3462)      Robert J. Feinstein (NY Bar No. 1767805)
Paul N. Heath (No. 3704)               Debra I. Grassgreen (CA Bar No. 169978)
Zachary I. Shapiro (No. 5103)          Bradford J. Sandler (DE Bar No. 4142)
Brett M. Haywood (No. 6166)            Colin R. Robinson (DE Bar No. 5524)
David T. Queroli (No. 6318)            919 North Market Street, 17th Floor
One Rodney Square                      Wilmington, DE 19801
920 North King Street                  Telephone: (302) 652-4100
Wilmington, DE  19801
Telephone: (302) 651-7700              *Counsel for the Official Committee of Unsecured*
Facsimile: (302) 651-7701             *Creditor*

- and -


**CRAVATH, SWAINE & MOORE LLP**
Paul H. Zumbro (admitted *pro hac vice*)
George E. Zobitz (admitted *pro hac vice*)
Karin A. DeMasi (admitted *pro hac vice*)
David A. Herman (admitted *pro hac vice*)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700


*Attorneys for the Debtors and Debtors in Possession*