# <u>Exhibit A</u>

**(Proposed form of Order)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

--------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| THE WEINSTEIN COMPANY HOLDINGS | : | Case No. 18-10601 (MFW) |
| LLC, *et al.*, | : |  |
|  | : | (Jointly Administered) |
| Debtors.[1] | : |  |
|  | : | **Re: Docket No. ____** |

--------------------------------------------------------------x

**ORDER APPROVING STIPULATION GRANTING LEAVE,**
**STANDING, AND AUTHORITY TO THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS TO INVESTIGATE, PROSECUTE,**
**AND SETTLE CERTAIN CLAIMS AND CAUSES OF ACTION**

Upon the joint motion (the "**Motion**"),[2] of The Weinstein Company Holdings LLC and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**"), for an order approving the *Stipulation Granting Leave, Standing, and Authority to the Official Committee of Unsecured Creditors to Investigate, Prosecute, and Settle Certain Claims and Causes of Action*, a copy of which is attached hereto as __**Exhibit 1**__ (the "**Stipulation**"), by and between the Debtors and the Committee, all as more fully set forth in the Motion; and upon the *Declaration of Alan M. Jacobs in Support of the Joint Motion of Debtors and Official Committee of Unsecured Creditors to Approve Stipulation Granting Leave, Standing, and Authority to the Official Committee of Unsecured Creditors to Investigate, Prosecute, and Settle Certain Claims and Causes of Action*

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

(the "**Jacobs Declaration**); and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Jacobs Declaration; and this Court having determined that the legal and factual bases set forth in the Motion and the Jacobs Declaration establish just cause for the relief granted herein; and the Court having determined that the Debtors' decision to confer standing and authority to the Committee is a sound exercise of the Debtors' and their directors' business judgment and has been rendered in good faith; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interests; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore,

<strong>IT IS HEREBY ORDERED THAT:</strong>

1. The Motion is granted.

2. The Stipulation is hereby approved.

3. The Committee, subject to the terms of the Stipulation, shall be, and hereby is, granted leave, standing, and authority to investigate, prosecute, and settle, on behalf of the Debtors' estates, the Affected Claims with full rights and privileges of the Debtors. Notwithstanding the foregoing and anything else contained to the contrary in this Order or the Stipulation, the Affected Claims shall not include any claim and/or cause of action against any of

2

the Debtors' non-debtor affiliates, the chief restructuring officer, the chief strategy officer, FTI Consulting, Inc. ("**FTI**") or any of FTI's employees or personnel, or any professionals retained by the Debtors or their affiliates.

4. The Committee shall be considered a representative of the estates for the purposes of the Debtors' attorney client privilege solely in connection with the Affected Claims, and therefore shall have the right to assert the attorney client privilege with respect to documents and communications relating to the Affected Claims. The Committee shall not provide or describe any of the Debtors' privileged materials to any Committee member (or such member's counsel) if such privileged materials are relevant to claims that Committee member has asserted against the Debtors. This paragraph is without prejudice to the rights of any Committee member to seek appropriate discovery in any litigation or proceeding to which such Committee member is a party.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2018
       Wilmington, Delaware

                                   _____
                                   THE HONORABLE MARY F. WALRATH
                                   UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x

In re:                                          :        Chapter 11
                                                :
THE WEINSTEIN COMPANY HOLDINGS                  :        Case No. 18-10601 (MFW)
LLC, *et al.*,                                  :
                                                :        (Jointly Administered)
                           Debtors.[1]          :
                                                :        **Re: Docket No. ____**

-------------------------------------------------------------x

### STIPULATION GRANTING LEAVE, STANDING, AND AUTHORITY TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO INVESTIGATE, PROSECUTE, AND SETTLE CERTAIN CLAIMS AND CAUSES OF ACTION

This *Stipulation Granting Leave, Standing, and Authority to the Official Committee of Unsecured Creditors to Investigate, Prosecute, and Settle Certain Claims and Causes of Action* (this "**Stipulation**") is entered into by and between The Weinstein Company Holdings LLC and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**" and together with the Debtors, the "**Parties**") as follows:

### RECITALS

WHEREAS, on March 19, 2018 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code;

WHEREAS, On March 28, 2018, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the Committee;

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

WHEREAS, the Parties believe there are certain claims and/or causes of action of the Debtors' estates arising prior to the Petition Date against the Debtors' former officers and directors (collectively, the "**Affected Claims**");

WHEREAS, the Committee has investigated and analyzed the Affected Claims;

WHEREAS, the current board of directors of the Debtors (the "**New Board**"), two-thirds of which accepted their positions and became directors on August 7, 2018, in order to avoid duplication of effort, has not conducted an investigation and analysis of the Affected Claims;

WHEREAS, the New Board has met, considered, and approved the Committee's standing to continue investigating and, in the Committee's discretion, prosecute and/or settle, on the Debtors' behalf, the Affected Claims; and

WHEREAS, through this Stipulation, the Debtors have consented to the Committee's standing to assert the Affected Claims, and the Debtors and the Committee submit that the prosecution and/or settlement of the Affected Claims by the Committee on behalf of the Debtors' estates is necessary and beneficial to the resolution of these chapter 11 cases and is in the best interests of the Debtors' estates.

## <u>STIPULATION</u>

NOW, THEREFORE, the Parties, by and through their respective counsel, agree as follows:

1.    This Stipulation is subject to Court approval.

2.    The Committee, subject to the terms of this Stipulation, shall be, and hereby is, granted leave, standing, and authority to investigate, prosecute, and settle, on behalf of the Debtors' estates, the Affected Claims, with full rights and privileges of the Debtors. Notwithstanding the foregoing or anything else to the contrary herein, the Affected Claims shall

2

not include any claim and/or cause of action against any of the Debtors' non-debtor affiliates, the chief restructuring officer, the chief strategy officer, FTI Consulting, Inc. ("**FTI**") or any of FTI's employees or personnel, or any professionals retained by the Debtors or their affiliates.

3.      The Committee and its counsel shall keep the Debtors and their counsel apprised regarding any action against, or proposed settlement with, any of the parties subject to or potentially subject to the Affected Claims.  The Debtors retain the right to be heard and to appear in any action or proceeding initiated by the Committee in connection with the Affected Claims.

4.      All communications between the Debtors and the Committee and any documents or evidence of any kind relating to the Affected Claims that are assembled, compiled or exchanged between the Debtors and the Committee shall be protected, as applicable, by attorney client and work product privileges and shall be deemed to be in furtherance of a joint litigation strategy and therefore protected by the common interest privilege.

5.      The Committee shall be considered a representative of the estates for the purposes of the Debtors' attorney client privilege solely in connection with the Affected Claims, and therefore shall have the right to assert the attorney client privilege with respect to documents and communications relating to the Affected Claims.  The Committee shall not provide or describe any of the Debtors' privileged materials to any Committee member (or such member's counsel) if such privileged materials are relevant to claims that Committee member has asserted against the Debtors.  This paragraph is without prejudice to the rights of any Committee member to seek appropriate discovery in any litigation or proceeding to which such Committee member is a party.

6.    Any settlement entered into by the Committee with respect to the Affected Claims shall be subject to approval of the Court, and the Committee shall have standing to seek such Court approval.

7.    This Stipulation may be executed by facsimile or electronic mail in counterparts, and it shall not be necessary that the signatures of, or on behalf of, each party appear on each counterpart, but it shall be sufficient that the signature of, or on behalf of, each party appear on one or more counterparts, all counterparts of which shall collectively constitute a single document.

8.    This Stipulation is not binding on any chapter 7 trustee or chapter 11 trustee, litigation trustee, or similar other fiduciary subsequently appointed in the Debtors' cases.

9.    This Stipulation does not extend to any pending litigation or adversary proceedings commenced by the Debtors against any party as of the date of this Stipulation, or as to any claims or causes of action that do not constitute the Affected Claims.

10.    With respect to any disputes or any other matter under or arising out of or in connection with this Stipulation between the Parties, this Stipulation shall be governed by and construed in accordance with the internal laws of the State of Delaware, without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction. By its execution and delivery of this Stipulation, each of the Parties hereto irrevocably and unconditionally agrees for itself that any legal action, suit or proceeding against it with respect to any matter under or arising out of or in connection with this Stipulation or the breach, termination, enforcement, interpretation or validity thereof, as it relates to the Debtors and/or the Debtors' estate, may and shall be brought solely and exclusively before the Court, or before such successor court as may gain jurisdiction over these chapter 11 cases.

11.     The Court shall retain jurisdiction to hear and determine any matters and disputes arising from or related to this Stipulation.




[Remainder of Page Intentionally Left Blank]

/s/ Paul N. Heath
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Russell C. Silberglied (No. 3462)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Brett M. Haywood (No. 6166)
David T. Queroli (No. 6318)
One Rodney Square
920 North King Street
Wilmington, DE  19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

- and -

**CRAVATH, SWAINE & MOORE LLP**
Paul H. Zumbro (admitted *pro hac vice*)
George E. Zobitz (admitted *pro hac vice*)
Karin A. DeMasi (admitted *pro hac vice*)
David A. Herman (admitted *pro hac vice*)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for the Debtors and Debtors in Possession*

/s/  Robert J. Feinstein
**PACHULSKI STANG ZIEHL & JONES LLP**
James I. Stang (CA Bar No. 94435)
Robert J. Feinstein (NY Bar No. 1767805)
Debra I. Grassgreen (CA Bar No. 169978)
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100

*Counsel for the Official Committee of Unsecured Creditors*