IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
: 
In re: : Chapter 11
: 
THE WEINSTEIN COMPANY HOLDINGS : Case No. 18-10601 (MFW)
LLC, *et al.*, : 
: (Jointly Administered)
: 
Debtors.[1] : **Re: Docket No. 1668**
: 
------------------------------------------------------------x

**DECLARATION OF ALAN M. JACOBS IN SUPPORT OF JOINT MOTION OF DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO APPROVE STIPULATION GRANTING LEAVE, STANDING, AND AUTHORITY TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO INVESTIGATE, PROSECUTE, AND SETTLE CERTAIN CLAIMS AND CAUSES OF ACTION**

I, Alan M. Jacobs, declare as follows:

1. I submit this declaration in support of the *Joint Motion of Debtors and Official Committee of Unsecured Creditors to Approve Stipulation Granting Leave, Standing, and Authority to the Official Committee of Unsecured Creditors to Investigate, Prosecute, and Settle Certain Claims and Causes of Action* [Docket No. 1668] (the "**Motion**").[2]

2. I am a member of the New Board (as defined below). Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, including my experience with the chapter 11 cases of The Weinstein Company Holdings LLC and its affiliated debtors and debtors in possession (collectively, the "**Debtor**s"), my review of relevant documents, my opinion based upon my experience and knowledge of the Debtors' operations

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

and/or information provided to me by the Debtors' employees and legal or financial advisors. If I were called upon to testify, I could and would testify to each of the facts set forth herein. I am authorized to submit this Declaration on behalf of the Debtors.

3. I understand that in connection with resolving objections raised by the Committee to the Motion to Amend, the Debtors and the Committee agreed to, among other things, certain terms and conditions regarding the go forward administration of the Debtors' bankruptcy cases. Specifically, the Debtors and the Committee agreed that the Debtors would not seek to extend their exclusive periods to file and solicit a chapter 11 plan, that the Committee would take the lead role on formulating and drafting a plan, as well as investigating outbound estate claims and that the board of directors would be reconstituted. Consistent with that agreement, on the Closing Date, all directors other than Ivona Smith (a board member that was previously added at the request of the Committee in April 2018) resigned from the board. Additionally, on August 7, 2018, two new, Committee-selected directors were appointed to the board (together with Ms. Smith, the "**New Board**").

4. I understand remaining assets include the Affected Claims (as defined in the Motion). The Debtors have been informed that the Committee has conducted an extensive investigation regarding the Affected Claims and the Committee has discussed such investigation with the Debtors. Accordingly, in furtherance of the agreement between the Debtors and the Committee regarding the go forward administration of the cases, and recognizing the Committee's lead role in formulating a chapter 11 plan and investigating outbound estate claims, the Debtors have consented to granting the Committee standing and authority to investigate, and, if the Committee deems appropriate, prosecute and settle, the Affected Claims.

5.  For at least three reasons, the New Board has concluded that the relief requested in the Motion is in the best interests of the Debtors' estates.

6.  First, the Committee has already expended substantial time and resources investigating, evaluating and conducting legal research regarding the Affected Claims. In contrast, and in keeping with the agreement in place between the Debtors and the Committee regarding the division of responsibilities (which predates the New Board), the New Board and the Debtors' professionals have not conducted an investigation of the Affected Claims. Given the limited resources of these estates, there is no reason to require the New Board and the Debtors' professionals to duplicate the work already performed by the Committee. Moreover, any attempt by the Debtors to conduct such an investigation would require a significant amount of time and expense and may delay progress of these cases.

7.  Second, the Committee is comprised of both trade and tort claimants. Thus, it is well situated to consider the perspective and interests of all unsecured creditor constituencies in connection with its investigation, prosecution and/or settlement of the Affected Claims. In addition, the New Board has been informed that the trade and tort claimants on the Committee themselves have retained sophisticated legal advisors and have spent significant time evaluating and discussing outbound estate claims and the best ways to maximize value in connection with those claims, and have discussed those evaluations at confidential Committee meetings and with Committee professionals over the course of several months. In concluding that the requested relief is in the best interests of the estate, the New Board is conscious of the fact that the Committee has had the benefit of those extensive discussions and evaluations, while the New Board necessarily has not, in keeping with the parties' prior agreement regarding the division of responsibilities between the Debtors and the Committee.

RLF1 20256444v.1

8. Third, the Committee and the Debtors share a common goal: to maximize the value of the Debtors' estates. Therefore, the New Board has confidence that the Committee will fulfill its duties regarding the Affected Claims and it believes the Committee is as capable as the New Board of completing the assigned tasks.

9. I believe that the Committee has retained sophisticated and experienced legal and financial advisors that each have experience in effectively investigating, prosecuting and settling claims which may be brought against directors and officers. Given the Committee's retention of capable professionals and their investigation into the Affected Claims, allowing the Committee to investigate, prosecute and/or settle the Affected Claims will save the Debtors' estates significant legal costs and maximize the value of the Debtors' estates.

10. Accordingly, I believe that the Committee is well positioned to investigate prosecute, and/or settle the Affected Claims and that granting the Committee standing to do so will maximize the value of the Debtors' estates.

11. For those reasons set forth above and in the Motion, I believe the Debtors' decision to grant the Committee standing is an exercise of their sound and prudent business judgment and is in the best interests of the Debtors and their estates and creditors.

I certify, under penalty of perjury, that the foregoing statements are true to the best of my knowledge, information, and belief.

Dated: November 6, 2018         */s/ Alan M. Jacobs*
                                Alan M. Jacobs