**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------x

| | |
|---|---|
| THE WEINSTEIN COMPANY HOLDINGS LLC, *et al.*, | Chapter 11 |
| | Case No. 18-10601 (MFW) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket Nos. 8, 846, 860, 1220, 1457, 1512 and 1665** |

------------------------------------------------------------x

**SUPPLEMENTAL NOTICE OF FILING OF LIST OF ASSUMED
CONTRACTS PURSUANT TO SALE ORDER [DOCKET NO. 846]**

PLEASE TAKE NOTICE THAT:

1. On March 20, 2018, The Weinstein Company Holdings LLC and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), filed the *Debtors' Motion for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Substantially All of the Debtors' Assets, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Substantially all of the Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief and (II)(A) Approving Sale of Substantially all of the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (B) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related Relief* [Docket No. 8] (the "**Motion**")[2] with the United States Bankruptcy Court for the District of Delaware (the "**Court**") seeking, among other things, approval of the Sale of the Purchased Assets to Lantern Entertainment LLC (the "**Purchaser**") pursuant to that certain Asset Purchase Agreement, dated as of March 19, 2018 (the "**Initial APA**"), by and among the Debtors and the Purchaser.

2. On May 8, 2018, the Court held a hearing (the "**Sale Hearing**") to consider approval of the Sale. At the conclusion of the Sale Hearing, the Court approved the Sale and, on

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion or the Sale Order (defined herein), as applicable.

#50813352 v1

May 9, 2018, the Court entered the *Order (I) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests, Encumbrances and Other Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and (III) Granting Related Relief* [Docket No. 846] (the "**Sale Order**"), authorizing the Debtors to consummate the Sale to the Purchaser pursuant to the terms of the Initial APA.

3. Pursuant to paragraph 29 of the Sale Order, on May 10, 2018, the Debtors filed with the Court the *Notice of Filing of Final List of Potentially Assumed Contracts and Leases* [Docket No. 860] (the "**Contract Notice**"). The Contract Notice (i) identified the potential Assumed Contracts and Leases that may subject to assumption and assignment by the Debtors and (ii) amended and superseded the respective Contracts Schedules attached to the Initial Assumption Notice, the First Supplemental Notice and the Second Supplemental Notice.

4. On July 11, 2018, the Court entered the *Order Approving Amendment to Asset Purchase Agreement Entered into By and Between the Debtors and Lantern Entertainment LLC* [Docket No. 1220], which, among other things, authorized the Debtors to enter into the Second Amendment to the Initial APA (as amended to date, the "**Amended APA**") and consummate the Sale to the Purchaser pursuant to the Amended APA. The closing of the transactions contemplated by the Amended APA occurred on July 13, 2018 (the "**Closing Date**") [Docket No. 1247].

5. Pursuant to paragraph 32 of the Sale Order, on or after the Closing Date, the Debtors must file with the Court a notice that identifies which potentially Assumed Contracts and Leases are Assumed Contracts and the Cure Amount, if any (the "**Assumed Contracts Schedule**"), which amount includes the Cure Amount listed on the Contract Notice (the "**Original Cure Amount**") plus any cure amounts that may have become due and payable from the applicable Assumption Objection Date through and including the Closing Date (the "**Additional Cure Amount**").

6. In accordance with the Amended APA, on September 5, 2018, the Debtors filed with the Court the Assumed Contracts Schedule [Docket No. 1457]. On September 20, 2018, the Debtors filed with the Court an additional Assumed Contracts Schedule [Docket No. 1512]. On November 5, 2018, the Debtors filed with the Court an additional Assumed Contracts Schedule [Docket No. 1665].

7. As set forth in further detail on the schedule attached hereto as **Exhibit A** (the "**Supplemental Contracts Schedule**"), (i) certain contracts are being added to the Assumed Contracts Schedule (the "**Supplemental Contracts**"), (ii) certain contracts, which were previously omitted from the Contract Notice (the "**Previously Omitted Contracts**"), are being added to the Assumed Contracts Schedule (iii) certain contracts are being added to the Assumed Contracts Schedule, pending resolution of certain litigation before the Court (the "**Disputed Talent Party Contracts**")[3], (iv) certain contracts are being added to the Assumed Contracts

---

[3] The Purchaser filed a declaratory action against one talent counterparty, Bruce Cohen, on October 17, 2018, seeking a determination that the contract between Cohen and The Weinstein Company is not executory and therefore was already assigned to the Purchaser pursuant to Bankruptcy Code section 363. Complaint, Lantern Entertainment LLC v. Bruce Cohen Prods. (In re The Weinstein Co. Holdings LLC), No. 18-50924 (MFW) (the

Schedule, pending resolution of outstanding objections or litigation (the "**Disputed Other Contracts**" and together with the Disputed Talent Party Contracts, the "**Disputed Contracts**")[4] and (v) certain Disputed Contracts (as defined in the Initial APA) are being deemed Excluded Assets.

8. **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY BE A COUNTERPARTY TO A SUPPLEMENTAL CONTRACT, A PREVIOUSLY OMITTED CONTRACT OR A DISPUTED CONTRACT. PLEASE NOTE THAT THE ASSUMED CONTRACTS SCHEDULE IS NOT ATTACHED TO THE VERSION OF THIS NOTICE THAT YOU MAY HAVE RECEIVED VIA FIRST CLASS MAIL BUT IS ATTACHED TO THE VERSION OF THIS NOTICE THAT WAS PUBLICALLY FILED ON THE COURT'S DOCKET.**

9. You may review or obtain a copy of the Assumed Contracts Schedule or the Supplemental Contracts Schedule by (a) visiting the Court's website at www.pacer.psc.uscourts.gov, (b) visiting the website of the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC ("**Epiq**"), at http://dm.epiq11.com/twc, or (c) emailing Epiq at twc@epiqglobal.com.

**IF YOU HAVE ANY QUESTIONS REGARDING THE ASSUMED CONTRACTS SCHEDULE OR THE SUPPLEMENTAL CONTRACTS SCHEDULE, INCLUDING WHETHER YOUR CONTRACT OR LEASE IS ON SUCH SCHEDULES, PLEASE CONTACT COUNSEL TO THE PURCHASER VIA EMAIL (KEIDE@AKINGUMP.COM and EMCGRADY@AKINGUMP.COM).**

9. To the extent a Counterparty to an Assumed Contract listed on the Assumed Contracts Schedule disagrees with such proposed Additional Cure Amount, such Counterparty must file an objection (each, a "**Final Cure Objection**") with the Court and serve such objection upon the undersigned counsel to the Debtors and the Purchaser **so as to be received by such parties by no later than November 26, 2018 at 4:00 p.m. (ET)** (the "**Final Cure Objection Deadline**").

10. To the extent a Counterparty to a Previously Omitted Contract listed on the Assumed Contracts Schedule disagrees with such proposed Cure Amount, such Counterparty must file an objection (each, a "**Previously Omitted Contract Cure Objection**") with the Court and serve such objection upon the undersigned counsel to the Debtors and the Purchaser

---

"**Cohen Dispute**"). The Purchaser anticipates that the resolution of the Cohen Dispute will confirm the Purchaser's interest in the contract at issue in the Cohen Dispute, which involves a determination of the executory nature of the contracts similar to the Disputed Talent Party Contracts. The Purchaser believes that the resolution of the Cohen Dispute will inform the parties' position in connection with the Disputed Talent Party Contracts without burdening the Court with multiple litigations. The Purchaser reserves its right to assume the Disputed Talent Party Contracts in the event the Purchaser does not already own the rights to the Disputed Talent Party Contracts.

[4] The Disputed Other Contracts are currently subject to pending litigation or objections before the Court. In the event that the Purchaser prevails in connection with the pending litigation and/or the prosecution of pending objections relevant to this contract list and subject to the resolution of any pending cure dispute, the Purchaser has determined to assume the contracts listed herein. Given that the contracts on this list are the subject of pending objections and/or litigation, all parties' rights are reserved.

#50813352 v1

**so as to be received by such parties by no later than December 4, 2018 at 4:00 p.m. (ET)** (the "**Previously Omitted Contract Cure Objection Deadline**").

11. All Final Cure Objections and Previously Omitted Contract Cure Objections must (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules and Local Rules, and (c) state, with specificity, the legal and factual bases thereof, including, if applicable in the case of a Final Cure Objection, the Additional Cure Amounts the Counterparty believes is required to cure defaults under the relevant Contract or Lease that arose between the applicable Assumption Objection Date and the Closing Date.

12. With respect to Disputed Contracts, all pending objections before the court and all rights are reserved as set forth in the pending objections. All objections and arguments will be heard in accordance with the pending court procedures.

**CONSEQUENCES OF FAILING TO TIMELY ASSERT A FINAL CURE OBJECTION OR A PREVIOUSLY OMITTED CONTRACT OBJECTION**

*ANY COUNTERPARTY WHOSE CONTRACT OR LEASE IS IDENTIFIED ON THE ASSUMED CONTRACTS SCHEDULE THAT FAILS TO FILE A FINAL CURE OBJECTION OR A PREVIOUSLY OMITTED CONTRACT CURE OBJECTION BY THE FINAL CURE OBJECTION DEADLINE OR THE PREVIOUSLY OMITTED CONTRACT CURE OBJECTION DEADLINE, AS APPLICABLE, SHALL BE ESTOPPED FROM ASSERTING OR CLAIMING ANY CURE AMOUNTS AGAINST THE DEBTORS OR THE PURCHASER THAT ARE GREATER THAN THE CURE AMOUNT(S), IF ANY, SET FORTH ON THE ASSUMED CONTRACTS SCHEDULE. THIS DEADLINE DOES NOT APPLY TO DISPUTED CONTRACTS WHICH WILL BE RESOLVED IN ACCORDANCE WITH THE HEARING SCHEDULE OF THE COURT FOR THEIR OBJECTION.*

*NOTWITHSTANDING THE FOREGOING, SOLELY IN THE CASE OF A FINAL CURE OBJECTION, STARTING ONE (1) BUSINESS DAY AFTER THE FINAL CURE OBJECTION DEADLINE, THE DEBTORS MAY ASSUME ANY SUCH DISPUTED CONTRACT AND ASSIGN SUCH DISPUTED CONTRACT TO THE PURCHASER FREE AND CLEAR OF ALL CLAIMS IF, PRIOR TO SUCH ASSUMPTION AND ASSIGNMENT, THE PURCHASER DEPOSITS INTO A SEGREGATED ACCOUNT CASH EQUAL TO THE LESSER OF (I) THE CURE AMOUNT AND, IF APPLICABLE, ANY ADDITIONAL CURE AMOUNT THAT THE COUNTERPARTY ASSERTS IS DUE AND OWING AND (II) SUCH OTHER AMOUNT AS IS AGREED TO BETWEEN THE PURCHASER AND SUCH COUNTERPARTY.*

-5-

| | |
|---|---|
| Dated:  November 8, 2018 | /s/ Evelyn J. Meltzer |
| | David B. Stratton (No. 960) |
| | Evelyn J. Meltzer (No. 4581) |
| | PEPPER HAMILTON LLP |
| | Hercules Plaza, Suite 5100 |
| | 1313 N. Market Street, P.O. Box 1709 |
| | Wilmington, Delaware 19801 |
| | Telephone: (302) 777-6500 |
| | Facsimile: (302) 421-8390 |
| | Email: stratton@pepperlaw.com |
| | fournierd@pepperlaw.com |
| | meltzere@pepperlaw.com |

                                      *and*

Michael S. Stamer *(admitted pro hac vice)*
Abid Qureshi (admitted *pro hac vice*)
Meredith A. Lahaie *(admitted pro hac vice)*
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
Bank of America Tower
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: mstamer@akingump.com
       aqureshi@akingump.com
       mlahaie@akingump.com

*Counsel for Lantern Entertainment LLC*