## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>THE WEINSTEIN COMPANY<br>HOLDINGS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-10601 (MFW)<br><br>(Jointly Administered)<br><br>**Hrg. Date: 12/17/2018 at 10:30 a.m.**<br>**Obj. Deadline: 11/30/2018 at 4:00 p.m.** |

## HARVEY WEINSTEIN'S MOTION FOR ENTRY OF AN ORDER COMPELLING DISCOVERY UNDER RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Harvey Weinstein, by and through his undersigned counsel, hereby moves (the "**Motion**") this Court, pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the *Order Authorizing the Protocol for Production of Documents in Response to Harvey Weinstein's Motion Compelling Discovery Under Rule 2004 of the Federal Rules of Bankruptcy Procedure*, entered on June 5, 2018 [D.I. 976] (the "**2004 Order**"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing and directing discovery from Lantern Entertainment LLC ("**Lantern**") pursuant to

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

the information and discovery requests attached hereto as **Exhibit B**.  In support of this Motion,[2]

Mr. Weinstein respectfully represents as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The bases for the relief requested herein are section 105(a) of the Bankruptcy

Code, Bankruptcy Rule 2004, and Local Rule 2004-1.

3.      Mr. Weinstein consents to the entry of a final order on this Motion to the extent it

is determined that this Court, absent consent of the parties, cannot enter final orders or judgments

on the relief requested consistent with Article III of the United States Constitution.

**RELEVANT BACKGROUND**

4.      On March 21, 2018 (the "**Petition Date**"), the Debtors filed voluntary petitions

for relief under chapter 11 of the Bankruptcy Code.  Additionally, on the Petition Date, the

Debtors filed a motion [D.I. 8] (the "**Sale Motion**"), by which the Debtors sought to establish

certain bidding procedures and for approval of the Debtors' sale of substantially all of their

assets.  Lantern was the stalking horse bidder in the proposed sale process.  On April, 6, 2018,

the Court entered an order [D.I. 190] approving the bidding procedures, with certain

modifications and setting the Auction for May 4, 2018 with the Bid Deadline on April 30, 2018.

5.      Prior to the Petition Date, from the founding of the company until his purported

termination[3] in October, 2017, Mr. Weinstein was TWC's co-founder and then-Co-Chairman.

*See generally* D.I. 7 (First Day Dec.) at ¶¶ 7 and 31-36.

---

[2]      In additional support of the relief requested by this Motion, Mr. Weinstein files the *Certification of Compliance with Local Rule 2004-1 in Connection with Harvey Weinstein's Motion for Entry of an Order Compelling Discovery Under Rule 2004 of the Federal Rules of Bankruptcy Procedure* (the "**Cousins Cert.**")

6.      On March 28, 2018, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "**Committee**").

7.      On April 20, 2018, Mr. Weinstein filed his *Motion for Entry of an Order Compelling Limited Discovery Under Rule 2004 of the Federal Rules of Bankruptcy Procedure* [D.I. 275] (the "**2004 Motion**").

8.      On April 30, 2018, in light of the Debtors' continued failure to produce his e-mails and personal files, Mr. Weinstein was compelled to file an objection to the Sale Motion [D.I. 594] (the "**Sale Objection**"), in order to protect his rights and ensure that the sale proposed by the Debtors does not include any of Mr. Weinstein's property.

9.      On May 8, 2018, this Court held a hearing (the "**May 8 Hearing**")[4] on, among other things, the Sale Motion, Mr. Weinstein's Sale Objection, and the 2004 Motion.  At the May 8 Hearing—and in light of the Debtors' representations regarding the assets subject to the Sale Motion and the agreed-upon modifications to the order approving the Sale Motion—Mr. Weinstein agreed not to press the Sale Objection. *See* Sale Tr., at 76:8-14.

10.     At the May 8 Hearing, the Court also approved the sale of substantially all of the Debtors' assets to Lantern.  However, the order approving the sale to Lantern expressly provided that the Debtors would not be transferring any assets that it does not own to Lantern.  *See* D.I. 846, at ¶ OO.

11.     After months of communications seeking information about Mr. Weinstein's personal property and business interests, on August 2, 2018, Debtors' counsel advised undersigned counsel in a teleconference that the majority of information Mr. Weinstein had been

---

[3]      Mr. Weinstein disputes the validity of his purported termination, which is the subject of a currently pending arbitration captioned *Harvey Weinstein v. The Weinstein Company Holdings LLC, et al.*, Ref. No. 1425024989.

[4]      A true and correct copy of certain relevant portions of the transcript of the May 8 Hearing is attached as **Exhibit C**, it is cited in this motion as "**Sale Tr., at [__]**".

seeking should instead be sought from Lantern—not from the Debtors—as a result of the closing of the Sale.  Mr. Weinstein understands that Lantern may have acquired certain interests from the Debtors related to the Excluded Activities and Rights, as well as certain rights with respect to the Movie Rights.  Thus, on August 3, 2018, Mr. Weinstein's counsel sent the letter attached as **Exhibit C** to Lantern's counsel requesting the same information that Mr. Weinstein had been requesting for months from the Debtors.

12.     Subsequently, in a phone call on August 27, 2018, Lantern's counsel indicated that Lantern did not have any information to pass along in response to the August 3 letter, citing the fact that Lantern has "an enormous number of fish to fry that people are trying to deal with" resulting in a "triage issue."

13.     Given the failure of Lantern and the Debtors to produce information related to Mr. Weinstein's Excluded Activities and Rights, which were not the Debtors' property and could not have been validly transferred to Lantern, on August 30, 2018 Mr. Weinstein filed his *Motion for Entry of an Order Compelling Discovery Under (I) Rule 2004 of the Federal Rules of Bankruptcy Procedure and (II) This Court's Previous 2004 Order* [D.I. 1430] (the "**Second 2004 Motion**").  Lantern and the Debtors each objected to the Second 2004 Motion.  *See* D.I.s 1511 and 1516, respectively.

14.     Lantern's primary objection to the Second 2004 Motion was that Mr. Weinstein should seek the discovery from the Debtors and not from Lantern in the first instance, because Lantern asserted that any information it had related to issues prior to the sale could only have been acquired by it from the Debtors.  D.I. 1511, at ¶ 2.

15.     On September 25, 2018, the Court held a hearing at which it granted the Second 2004 Motion and, on October 23, 2018, the Court entered an order [D.I. 1625] (the "**Second**

**2004 Order**") embodying its ruling at the September 25 hearing and compelling the Debtors to produce certain information to Mr. Weinstein.

16.     Subsequent to the September 25 hearing, on October 3, 2018, Mr. Weinstein's counsel sent the letter attached as **Exhibit D** to Lantern's counsel requesting information related to the Excluded Activities and Rights, as well as certain rights related to executory contracts that had been assigned to Lantern in which Mr. Weinstein may have certain ongoing interests. Lantern did not respond to the letter.

17.     These information requests are not subject to Lantern's objection to the Second 2004 Motion, because they seek information related to what current and future rights Mr. Weinstein may have in assets acquired by Lantern and Lantern's ongoing obligations under contracts that were assumed by the Debtors and assigned to Lantern.

18.     On October 26, 2018, Mr. Weinstein's counsel e-mailed Lantern's counsel requesting an update on the information requested by the October 3 letter.  Lantern did not respond to this inquiry.

19.     Again, on November 7, 2018, Mr. Weinstein's counsel sent the letter attached as **Exhibit E** to Lantern's counsel requesting an update on the information requested by the October 3 letter. And, once again, Lantern did not respond to this inquiry.

20.     As the Court is likely well aware from the representations made by other parties at virtually every hearing in these cases, Lantern's complete lack of response to informational and other inquiries is not unique to Mr. Weinstein.

21.     Thus, in light of the failure of Lantern to provide Mr. Weinstein with the information that is vital to his ability to understand and assert his rights, claims and interests and

to ensure that his personal property has not been inappropriately transferred to Lantern, he is now compelled to file this Motion.

## RELIEF REQUESTED

22.    By this Motion, Mr. Weinstein respectfully requests entry of an order, under Bankruptcy Rule 2004, compelling Lantern to produce information and documents responsive to the requests attached hereto as Exhibit B.

## BASIS FOR RELIEF

### A.    Applicable Legal Standard

23.    Under Bankruptcy Rule 2004, "[o]n motion of any party in interest, the Court may order the examination of any entity" which may include the production of documents.  FED. R. BANKR. P. 2004(a).  A "party in interest" expressly includes a creditor.  *See* 11 U.S.C. § 1109(b) (expressly including "creditor" as a "party interest"); *see also In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) (noting that while a debtor may invoke Rule 2004, the rule is "creditor and trustee oriented").

24.    Bankruptcy Rule 2004 permits a party in interest to seek both document and oral discovery related to, among other things, "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."  FED. R. BANKR. P. 2004(b); *see also In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016); *In re E.W. Resort Dev. V, L.P., L.L.L.P.*, No. 10–10452 (BLS), 2014 WL 4537500, at *7 (Bankr. D. Del. Sept. 12, 2014); *Air Line Pilots Ass'n., Int'l v. Am. Nat'l Bank & Trust Co. (In re Ionosphere Clubs, Inc.)*, 156 B.R. 414 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

25.     In addition, "the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan." FED. R. BANKR. P. 2004(b).

26.     A Bankruptcy Rule 2004 examination process thus "allows parties with an interest in the bankruptcy estate to conduct discovery into matters affecting the estate." *Teleglobe USA Inc. v. BCE Inc. (In re Teleglobe Commc'ns Corp.)*, 493 F.3d 345, 354 n.6 (3d Cir. 2007). "Legitimate goals of Rule 2004 examinations include discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009) (internal citations omitted); *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008) (inquiry into liability of a debtor and into any matter that may affect the administrative of the estate "comfortably falls within the allowed limits under Rule 2004"); *In re Lufkin*, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000) (purpose of Bankruptcy Rule 2004 is to "determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors").

27.     Finally, "good cause" for conducting a 2004 examination has been found to include situations where the requested discovery "is necessary to establish the claim of the party seeking the examination, or . . . denial of such request would cause the examiner undue hardship or injustice…." *In re Metiom, Inc.*, 318 B.R. 263, 268 (S.D.N.Y. 2004) (citation omitted).

28.     The scope of a Bankruptcy Rule 2004 examination in Delaware is broader than the wide-ranging discovery permitted under the Federal Rules of Civil Procedure (the "**Federal Rules**"). *See In re Millennium Lab Holdings II*, 562 B.R. at 626 ("Rule 2004 . . . has been

likened to a fishing expedition and an inquisition" (internal quotation marks omitted)); *In re Countrywide Home Loans*, 384 B.R. at 400 (same); *Jacobson v. Jacobson (In re Lev)*, 2008 WL 207523, at *3 (Bankr. D.N.J. 2008); *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996); *In re Valley Forge*, 109 B.R. at 674.

29.      Bankruptcy Rule 2004 discovery is subject to fewer objections on grounds of relevance than discovery issued in connection with a contested matter or adversary proceeding. *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004).   Unlike discovery under the Federal Rules, discovery under Bankruptcy Rule 2004 can be used as a "pre-litigation discovery device" and permits examination of any party without the requirement of an adversary proceeding or contested matter.   *See In re Wilson*, 413 B.R. 330, 336 (Bankr. E.D. La. 2009); *In re Symington*, 209 B.R. 678, 683 (Bankr. D. Md. 1997) (Bankruptcy Rule 2004 permits "examination of any party without the requirement of a pending adversary proceeding or contested matter").

**B.      The Requested Discovery is Required, Among Other Reasons, to Protect Mr. Weinstein's Due Process Rights and to Permit him to Evaluate and Prepare his Claims Against the Debtors**

30.      An order compelling the requested discovery under Bankruptcy Rule 2004 is both necessary and appropriate in these circumstances to permit Mr. Weinstein to analyze his claims against the Debtors and Lantern and to understand how his rights under certain contracts purportedly assigned to Lantern may be affected by the Sale.   Additionally, the Debtors' and Lantern's refusal to produce this information prevents Mr. Weinstein from ensuring that property that is owned by him—and not by the Debtors—has not been improperly sold or transferred to Lantern.

31.     The ongoing denial of access to his records and information about the obligations that the Debtors or Lantern may owe to him causes Mr. Weinstein an ongoing, undue hardship and injustice.

32.     Thus, the proposed narrow document requests attached as Exhibit B will continue the process begun with entry of the 2004 Order and the Second 2004 Order, which has likely already saved significant expense that might otherwise be borne by the Debtors' estates, and the production of the documents related to his proof of claim and the sale to Lantern fall plainly within the ambit of Rule 2004.

## LOCAL RULE 2004-1 CERTIFICATION

33.     As discussed above and outlined in detail in the Cousins Cert., Lantern has already been provided informally with the requested discovery and Mr. Weinstein's counsel has sent Lantern, through its counsel, multiple written requests for the discovery requested by this Motion.  Lantern has not responded substantively to any inquiry, nor has it produced a single document.  Consequently, Mr. Weinstein is now compelled to seek this Court's permission to proceed with additional discovery pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 to compel Lantern to produce the requested narrow discovery.

## NOTICE

34.     Notice of this Motion has been provided to (a) counsel to the Debtors, (b) counsel to Lantern, (c) the Office of the United States Trustee for the District of Delaware, (d) counsel to the Committee, and (e) parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, Mr. Weinstein respectfully submits that no other or further notice is required.

## RESERVATION OF RIGHTS

35.    Mr. Weinstein reserves the right to apply to this Court for further relief, as warranted, seeking additional discovery in connection with the matters described herein or matters relating thereto pursuant to Bankruptcy Rule 2004, Bankruptcy Rule 9016, or other applicable law.

## CONCLUSION

WHEREFORE, Mr. Weinstein respectfully requests that this Court enter an order, substantially in the form of the Proposed Order, granting the relief requested herein and granting such other and further relief as it deems just and proper.

Dated: November 16, 2018
      Wilmington, Delaware

                                     **BAYARD, P.A.**

                                     */s/ Scott D. Cousins*
                                     Scott D. Cousins (No. 3079)
                                     Justin R. Alberto (No. 5126)
                                     Daniel N. Brogan (No. 5723)
                                     600 N. King Street, Suite 400
                                     Wilmington, DE 19801
                                     Telephone: (302) 655-5000
                                     Facsimile: (302) 658-6395
                                     scousins@bayardlaw.com
                                     jalberto@bayardlaw.com
                                     dbrogan@bayardlaw.com

                                     *Counsel for Harvey Weinstein*