# EXHIBIT B

(Discovery Requests)

## DOCUMENT REQUESTS

1. All documents and communications related to the contracts with Elegant Films, Inc. as counter-party (#s 6726-6735).[1]

2. All documents and communications related to the One contract with A Band Apart as counter-party (# 149).

3. All documents and communications related to the Release Agreement with "Colony Capital, LLC," effective 12/3/2010 (#4725).

4. All documents and communications related to the Release Agreement with "David Bergstein," effective 12/3/2010 (#5711).

5. All documents and communications related to the Release Agreement with "Filmyard Holdings, LLC," effective 12/3/2010 (#8280).

6. All documents and communications related to the two "Option, Co-Financing and Participation Agreements" with "Filmyard Holdings, LLC." (#s 8279 and 8280).

7. All documents and communications related to the two "Option, Co-Financing and Participation Agreements" with "Miramax Film NY LLC" (#s 15590 and 15591).

8. All documents and communications related to the Release Agreement with "Miramax Film NY LLC," effective 12/3/2010 (#15593). Mr. Weinstein is listed as a party to this contract.

9. All documents and communications related to the Release Agreement with "Ronald Tutor," effective 12/3/2010 (#19845).

10. All documents and communications related to the Release Agreement with "Tom Barrack," effective 12/3/2010 (#23711).

11. All documents and communications related to Mr. Weinstein's rights with regard to the following movies: Halloween, Scary Movie, Spy Kids, and Scream, among others, and including any sequels.

---

[1] "#(s) [__]" refers to the leftmost column on the Assumption Schedule filed at D.I. 860.

**Instructions and Definitions**

**PLEASE PRODUCE DOCUMENTS IN ACCORDANCE WITH THE FOLLOWING INSTRUCTIONS AND DEFINITIONS:**

A. All instructions set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules and the Federal Rules incorporated herein by reference. The Definitions specified in these requests shall apply to the Instructions below.

B. In response to the following requests, You are requested to produce all Documents that are in the possession, custody or control of You or any of Your employees, agents, representatives, attorneys, investigators, or any other person acting or purporting to act on Your behalf.

C. Each request herein for a Document or Documents to be produced, whether memoranda (including interoffice memoranda, intraoffice memoranda, memoranda for files, and memoranda of telephone, meeting, or other conversations), reports, letters, financial statements, or other Documents of any description, requires the production of the Document or Documents in their entirety without redaction, abbreviation, or expurgation and including all attachments affixed to the Document. If a Document cannot be produced in its entirety, You shall produce the Document to the extent possible and indicate in Your written response what portion of the Document is not produced and why it could not be produced. If any portion of any Document is redacted, please state with specificity the basis or ground for the redaction.

D. If You contend that no Documents exist concerning to all or part of a request, the responding party shall state this contention and respond as fully as possible to all parts of the request for which Documents do exist.

E. Documents are to be produced in a way that identifies the request or requests to which each Document applies, or as they are maintained in the usual course of business. Documents to be produced shall be the original of all Documents in the regular files as maintained, together with any Documents that were stapled, clipped, or attached to them and any originals or copies containing handwriting. A complete and legible copy may be produced in lieu of producing the Document itself.

F. With respect to any Documents called for by these Document requests but that are no longer in Your possession, custody or control because of destruction, loss or cannot be produced for any other reason, list for each such Document: (a) the type of Document (e.g., letter, memorandum); (b) the contents of the Document; (c) the date of the Document; (d) the author of the Document; (e) the addressee and any other recipients of the Document; (f) the relationship of the author, addressees, and recipients to each other; and (g) the manner and date of disposition of the Document.

G. If you object to a portion or an aspect of any Request, state the grounds of your objection with specificity and respond to the remainder of the Request.

H. Where a claim of privilege is asserted in objecting to producing any Document, or any portion thereof, or to disclosing any information contained therein, then with respect to each such Document, provide separately, in writing, at the time of the response, the following information: (i) the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a

claim or defense governed by state law, indicate the state's privilege rule being invoked; and (ii) unless divulgence of such information would cause disclosure of the allegedly privileged information, (1) the title of the Document; (2) the type of Document (e.g., letter, note, memorandum, etc.); (3) the date of the Document; (4) the subject matter of the document; (5) the identities of all persons who authored the Document, or assisted in its preparation, or in whose name the Document was prepared; (6) the identities of all persons to whom the Document was addressed; and (7) the identities of all other persons to whom the Document was sent, or who received, have seen, have had possession or custody of, or have had disclosed to them the contents of, the Document or any copies thereof.

    I.     If the requested Documents are maintained in a file, the file folder is included in the request for production of those Documents.

    J.     These requests are continuing in nature and require You to supplement Your production if You come into possession, custody, or control of responsive Documents or things between the time of initial production and the time of trial herein.

    K.     Unless otherwise indicated in a specific Request, these Requests seek all Documents in existence from April 1, 2012 through the current date.

    L.     As used herein, the term "**Debtors**" refers to the above-captioned debtors and debtors in possession.

    M.     As used herein, the words **"Document"** and **"Documents"** shall mean each and every writing, of whatever nature, whether an original, a draft, or a copy, however produced, reproduced or stored, whether manually, mechanically, electronically, electromagnetically, or otherwise, and each and every tangible thing from which

information can be processed or transcribed. Non-identical copies are deemed to be separate Documents. Documents includes, but is not limited to, letters, e-mails, text messages, instant messaging records or logs, telegrams, telexes, , mailgrams, facsimiles, contracts, agreements, memoranda, receipts, calendars, diaries, appointment books, personal files, telephone messages, telephone message logs, notes or notations, schedules, work sheets, minutes, booklets, books, pamphlets, summaries, proposals, photographs, ledgers, statements, files, invoices, billing information, notebooks, verifications of assets, adding machine tapes, financial statements, studies, analysis, other compilations of financial data, work papers, bank statements and associated bank records, checks, records of wire transfers or cash payments, charts, drawings, graphs, research materials, prospectuses, registration statements, attachments, exhibits, schedules, Documents incorporated by reference, electronic tapes, microfilms, discs or other recordings, computer programs, computer printouts and other computer-generated writings, and any similar items. Document or Documents also include all information stored in a computer system although not printed out, all information stored in computer hard drives, all information stored on computer tape backups, all information stored on floppy diskettes, all information stored on CD-ROM, all information stored in electronic mail, all information stored on zip drives, usb drives and any other form of electronic storage. The term also includes all information stored in or originating from personal computers or laptops, Bloomberg Terminals, Palm Pilots, Blackberrys, iPhones, iPads, or other personal digital assistants (PDAs), telephones or tablets used by Your officers, employees or representatives, whether or not such Documents were sent or received through any of

Your computer networks. <u>The term also refers to and includes all metadata associated with the subject document</u>.

N. As used herein, the term **"communication"** shall mean every manner or means of disclosure, transfer or exchange of information, of any kind in the form of facts, ideas, inquiries, or otherwise, whether orally or by Document, whether face-to-face, by telephone, telecopier, any form of video transmission, mail, e-mail, facsimile, personal delivery, overnight delivery, computer transmission or otherwise.

O. As used herein, the word **"you"** and **"your"** refer to Lantern Entertainment LLC.

P. As used herein, the phrase **"possession, custody or control,"** when used herein in connection with a document, specifically includes any document or copy thereof that you have the right to secure from any other person or entity having actual possession of the document or a copy thereof.

Q. As used herein, the terms **"person"** or **"persons"** mean natural persons, firms, partnerships, associations, joint ventures, corporations, and all other types of business, social, or fraternal groups or entities.

R. As used herein, the term **"including"** means including, without limitation.

S. As used herein, the words **"and"** and **"or"** shall be construed both conjunctively and disjunctively as required by the context to elicit all information requested and discoverable within the scope of this Request.

T. The use of a verb in any tense shall be construed as the use of the verb in all other tenses and the singular form shall be deemed to include the plural, and vice-versa.

U.      As used herein, the term **"concerning"** includes regarding, referring to, relating to, reflecting or reflecting upon, mirroring, addressing, discussing, forming the basis of, discussing, analyzing, supporting, constituting, comprising, containing, evidencing, setting forth, showing, disclosing, embodying in, forming the basis of, in connection with, commenting on, responding to, demonstrating, declaring, describing, analyzing, explaining, summarizing, mentioning, evidencing, or reflecting any event, act, or occurrence.

V.      All other terms used herein are intended to have the same meaning that they have in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware and the Federal Rules of Civil Procedure, unless the context requires a different meaning.

### Electronically Stored Information

The Requests call for the production of electronically stored information (**"Electronically Stored Information"**) and Electronically Stored Information shall be produced in single-page, Group IV TIFF files, with all associated metadata, in at least 300 dpi format; however, upon request, Electronically Stored Information shall be produced in its native format, including all metadata associated therewith. Each TIFF image shall have a unique, sequential identifying number which is the Bates number of the page. Electronically Stored Information shall be produced with appropriate load files formatted for Concordance and Summation. In searching for electronic Documents responsive to these Requests, you shall search for all such electronic Documents regardless of the form in which the document exists or the location in which it is stored.

Among other places, you shall search for electronic Documents stored on all servers, networks, hard drives, desktop computers, notebook computers, personal digital devices, all back-up storage tapes, and with any third party cloud providers.