# **Exhibit E**



600 N. King Street ● Suite 400
P.O. Box 25130 ● Wilmington, DE 19899
Zip Code For Deliveries 19801

(302) 429-4261
Email: scousins@bayardlaw.com

November 7, 2018

<u>Via Electronic Mail</u>

Meredith A. Lahaie, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park, Bank of America Tower
New York, NY 10036-6745
mlahaie@akingump.com

**Re: Weinstein Company Holdings LLC—Follow-Up Request for Information**

Dear Meredith:

As you know, we represent Harvey Weinstein in connection with the chapter 11 case *In re The Weinstein Company Holdings LLC, et al.*, Case No. 18-10601 (MFW) (together, the "**Debtors**"), currently pending in the United States Bankruptcy Court for the District of Delaware. I write in follow up to my letter dated October 3, 2018 (the "**October 3 Letter**")[1] and my follow-up email of October 26, 2018, by which Mr. Weinstein requested certain information regarding projects and contracts that may have been sold or assigned to your client Lantern Entertainment LLC ("**Lantern**").

As discussed in the October 3 Letter, I would greatly appreciate it if you could confirm whether Lantern acquired from the Debtors any rights in (i) the Excluded Activities and Rights identified on Schedule I, including the Movie Rights and (ii) Excluded Project Contracts, each as outlined in the October 3 Letter. If so, I would also appreciate it if you could provide me with a copy of the documents related to those projects and contracts, including a copy of each of the Excluded Project Contracts identified in the October 3 Letter and any prints, master prints, negatives or other materials stored by Lantern related to the Excluded Activities and Rights.

As you are aware, we have been trying to get this information from the Debtors and Lantern for months, but to no avail. If we are not able to obtain this information from your client on a consensual basis, we will once again be forced to submit a formal motion to compel discovery from your client.

---

[1] Capitalized terms used but not defined in this letter have the meaning given in the October 3 letter.

{BAY:03388161v2}

Meredith A. Lahaie, Esq.
November 7, 2018
Page 2

    Please contact me to discuss the information requested by this letter and with any further questions.

Very truly yours,

*/s/ Scott D. Cousins*

Scott D. Cousins

Attachments

# October 3 Letter



600 N. King Street • Suite 400
P.O. Box 25130 • Wilmington, DE 19899
Zip Code For Deliveries 19801

(302) 429-4261
Email:  scousins@bayardlaw.com

October 3, 2018

<u>Via Electronic Mail</u>

Meredith A. Lahaie, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park, Bank of America Tower
New York, NY  10036-6745
mlahaie@akingump.com

**Re:    Weinstein Company Holdings LLC—Request for Information**

Dear Meredith:

As you know, we represent Harvey Weinstein in connection with the chapter 11 case *In re The Weinstein Company Holdings LLC, et al.*, Case No. 18-10601 (MFW) (together, the "**Debtors**"), currently pending in the United States Bankruptcy Court for the District of Delaware.

As we have discussed in the past, Mr. Weinstein is trying to secure information related to his rights, claims and interests in the Debtors and in certain assets that may have been sold to your client Lantern Entertainment LLC ("**Lantern**") under the *Order (I) Authorizing the Sale of All or Substantially All of the Debtors Assets Free and Clear of All Liens, Claims, Interests, Encumbrances and Other Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and (III) Granting Related Relief* [D.I. 846] (the "**Sale Order**"). A review of Exhibit 1 to the *Notice of Filing of Final List of Potentially Assumed Contracts and Leases* [D.I. 860] (the "**Assumption Schedule**") shows the following contracts that may be related to Excluded Activities and Rights identified in Schedule I of the letter employment agreement between Mr. Harvey Weinstein and The Weinstein Company Holdings LLC, dated as of October 20, 2015 ("**Schedule I**") and that were assigned to Lantern ("#(s) [__]" refers to the leftmost column on the Assumption Schedule):

- Contracts with Elegant Films, Inc. as counter-party (#s 6726-6735), as outlined in Schedule I, Mr. Weinstein owns this entity individually.

- One contract with A Band Apart as counter-party (# 149).  Income from this entity is an Excluded Activity on Schedule I.

{BAY:03367347v2}

Meredith A. Lahaie, Esq.
October 3, 2018
Page 2

- Release Agreement with "Colony Capital, LLC," effective 12/3/2010 (#4725). Mr. Weinstein is listed as a party to this contract.

- Release Agreement with "David Bergstein," effective 12/3/2010 (#5711). Mr. Weinstein is listed as a party to this contract.

- Release Agreement with "Filmyard Holdings, LLC," effective 12/3/2010 (#8280). Mr. Weinstein is listed as a party to this contract.

- Two "Option, Co-Financing and Participation Agreements" with "Filmyard Holdings, LLC." (#s 8279 and 8280). Mr. Weinstein is listed as a party to these contracts.

- Two "Option, Co-Financing and Participation Agreements" with "Miramax Film NY LLC" (#s 15590 and 15591). Mr. Weinstein is listed as a party to these contracts.

- Release Agreement with "Miramax Film NY LLC," effective 12/3/2010 (#15593). Mr. Weinstein is listed as a party to this contract.

- Release Agreement with "Ronald Tutor," effective 12/3/2010 (#19845). Mr. Weinstein is listed as a party to this contract.

- Release Agreement with "Tom Barrack," effective 12/3/2010 (#23711). Mr. Weinstein is listed as a party to this contract.

While Mr. Weinstein does not object to the assumption of those contracts, he nonetheless may have continuing rights under those contracts, including with respect to certain fees (including "distribution fees"), loan repayments, and bonuses in connection with the sale or distribution of any of the Excluded Activities and Rights, as well as certain rights with respect to the following movies: Halloween, Scary Movie, Spy Kids and Scream, among others and including any sequels (together, the "**Movie Rights**"). To the extent Lantern assumed those contracts, those obligations are now obligations owed by Lantern to Mr. Weinstein.

I would greatly appreciate it if you could confirm whether Lantern acquired from the Debtors any rights in (i) the Excluded Activities and Rights identified on Schedule I, including the Movie Rights and (ii) any of the Excluded Project Contracts. If so, I would also appreciate it if you could provide me with a copy of the documents related to Excluded Activities and Rights and the Movie Rights, including a copy of each of the

Meredith A. Lahaie, Esq.
October 3, 2018
Page 3

Excluded Project Contracts identified above and any prints, master prints, negatives or other materials stored by Lantern related to the Excluded Activities and Rights. As you are likely well aware, we have been trying to get this information from the Debtors for months, but to no avail.

    Please contact me to discuss the information requested by this letter and with any further questions.

                              Very truly yours,

                              */s/ Scott D. Cousins*

                              Scott D. Cousins

Attachment

# Schedule I to Harvey Weinstein Employment Agreement

{BAY:03367347v2}

**Schedule I**

**Excluded Activities and Rights**

A. <u>Generally</u>

1. All "personal investing activities" including, without limitation, past and future investments in other businesses, such as real estate and restaurant investing; investments in securities or other instruments for wealth management purposes; and estate planning activities.
2. Personally owned film projects and other investments as described in Section B below.
3. All producing services provided by either or both of the Weinsteins in connection with any Co-Financed Project (as defined in the Acquisition Agreement) as contemplated by Section 13(b) of the Acquisition Agreement.
4. All Co-Financed Project Producing Compensation (as defined in the Acquisition Agreement) as contemplated by Section 13(b) of the Acquisition Agreement, subject to the terms of this Agreement.
5. All theatrical stage activities, including without limitation, all theater projects detailed in Schedule I to the Acquisition Agreement. Notwithstanding Section 9.02 of the LLC Agreement, you are permitted to pursue these ventures without offering a right of first refusal to the Company.[1]
6. All activities related to books, magazines and other publications, including without limitation all publishing projects detailed in Schedule J to the Acquisition Agreement.

B. <u>Specific Projects/Income Streams</u>

1. *Kids*. This movie was released in 1995 by Shining Excalibur, a special purpose entity set up by the Weinsteins for this film.
2. *Dogma*. This Kevin Smith movie was released in 1999 and is owned by STK, LLC a special purpose entity owned by the Weinsteins.
3. Elegant Films. This company is owned individually by Harvey Weinstein. Its collection consists of distribution rights in the following films: *El Cid, Circus World, Fall of the Roman Empire, 55 Days at Peking, The Little Twins Big Adventures, The Little Twins Tales of Enchantment, Go Hugo Go, Hugo the Movie Star, How the Toys Saved Christmas, The Animal Train, Guys & Dolls Off the Record, The Who's Tommy: the Amazing Journey and Belly Talkers.*
4. All income from *Lord of the Rings*.
5. All income from *The Chronicles of Narnia*.
6. All income from *Addicted to Love*.
7. All income from *Memoirs of a Geisha*.
8. All income from *Cinderella Man*.
9. *Fahrenheit 9/11*. This film is owned by The Fellowship Adventure Group.
10. All income from the investment in Ago restaurant.

---

[1] Approved by the Board of Directors of the Company at a meeting on March 4, 2015, as reflected in the minutes for such meeting, which notes that the Board "resolved that the Company is not in the theatrical stage business."

11. All income from A Band Apart (a commercial production company).
12. All income from Niche Media.
13. Ownership and all income from the NC-17 version of *Kill Bill*.
14. All proceeds from auction(s) of Miramax film memorabilia.
15. God of Cookery, King of Comedy.
16. Hardboiled, Bullet in the Head.
17. Tommy Video: The Making of the Rock Opera.
18. All income from The Brothers Grimm.
19. ~~The Burning~~
20. Playing for Keeps

# October 26 Email

## Scott Cousins

| | |
|---|---|
| **From:** | Scott Cousins |
| **Sent:** | Friday, October 26, 2018 9:02 AM |
| **To:** | 'Meredith Lahaie (mlahaie@akingump.com)' |
| **Subject:** | RE: TWC: Request for Information |
| **Attachments:** | TWC--Lantern 10-03 Letter.pdf |

Meredith, please let me know when we can discuss our requests.  Thanks.

Scott D. Cousins
Director
BAYARD, P.A.
+1 302-429-4261
scousins@bayardlaw.com
My Bio | V-Card | LinkedIn

---

**From:** Scott Cousins
**Sent:** Wednesday, October 03, 2018 5:07 PM
**To:** Meredith Lahaie (mlahaie@akingump.com)
**Subject:** TWC: Request for Information

Please see the attached letter.

**Scott D. Cousins**
**Director** | scousins@bayardlaw.com
My Bio | V-Card | LinkedIn



***CELEBRATING 60 YEARS OF LEGAL DISTINCTION***

**Bayard, P.A.**
600 North King Street, Suite 400
P.O. Box 25130 Wilmington, DE 19899
Zip Code For Deliveries 19801
Direct: +1 302-429-4261 | Fax: +1 302-658-6395
www.bayardlaw.com

---

Electronic communications may be intercepted or altered, so the integrity of this message and any attachments cannot be guaranteed.  This e-mail contains confidential information for the addressee and may be privileged under the attorney-client relationship.  If you received this e-mail in error, please contact the sender by reply e-mail or by phone at +1 302.429.4261 (collect if you wish) and destroy the message without disclosing the contents.