# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>THE WEINSTEIN COMPANY HOLDINGS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-10601 (MFW)<br><br>(Jointly Administered) |

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 2004-1 IN CONNECTION WITH HARVEY WEINSTEIN'S MOTION FOR ENTRY OF AN ORDER COMPELLING DISCOVERY UNDER RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Scott D. Cousins, hereby certifies as follows:

1.  I am a director with Bayard, P.A. ("**Bayard**"), with offices at 600 N. King Street, Wilmington, Delaware. Bayard is counsel to Harvey Weinstein in the above-captioned bankruptcy cases.

2.  I submit this certification in accordance with Rule 2004-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware and in support of *Harvey Weinstein's Motion for Entry of an Order Compelling Discovery Under Rule 2004 of the Federal Rules of Bankruptcy Procedure* (the "**Motion**").[2]

3.  Based on the understanding reached during the morning of the May 8 Hearing, on Mr. Weinstein's behalf, I engaged the Debtors' counsel, Cravath Swaine & Moore LLP ("**Cravath**") in an ongoing effort to obtain responses to Mr. Weinstein's informal discovery

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

[2] Capitalized terms used but not defined in this Certification have the meaning ascribed to such terms in the Motion.

related to his rights, claims and interests in the Debtors, including his personal effects and business records.

4. In a teleconference on August 2, 2018, Cravath informed me that the majority of information we had been seeking for months seeks should instead be sought from Lantern, not from the Debtors, as a result of the closing of the Sale. Lantern Entertainment, LLC ("**Lantern**") may have acquired certain interests from the Debtors related to the Excluded Activities and Rights, as well as certain rights with respect to the Movie Rights.

5. Thus, on August 3, 2018, I sent a letter to Lantern's counsel requesting the same information that Mr. Weinstein has been requesting for months from Cravath. *See* Ex. C.

6. Subsequently, in a phone call on August 27, 2018, Lantern's counsel indicated that Lantern did not have any information to pass along in response to the August 3 letter, citing the fact that Lantern has "an enormous number of fish to fry that people are trying to deal with" resulting in a "triage issue."

7. On October 3, 2018, I sent a letter to Lantern's counsel requesting information related to the Excluded Activities and Rights, as well as certain rights related to executory contracts that had been assigned to Lantern in which Mr. Weinstein may have certain ongoing interests. Lantern did not respond to the letter. *See* Ex. D.

8. These information requests seek information related to what current and future rights Mr. Weinstein may have in assets acquired by Lantern and Lantern's ongoing obligations under contracts that were assumed by the Debtors and assigned to Lantern.

9. On October 26, 2018, I e-mailed Lantern's counsel requesting an update on the information requested by the October 3 letter. Lantern did not respond to this inquiry.

10. Again, on November 7, 2018, I letter attached to Lantern's counsel requesting an update on the information requested by the October 3 letter. *See* Ex. E. And, once again, Lantern did not respond to this inquiry.

11. As of the date of this Certification, Lantern has not provided any of the documents responsive to the August 3, 2018 and October 3, 2018 requests. Nor has it responded substantively to any request for information.

12. In light of the failure of Lantern to provide Mr. Weinstein with the information that is vital to his ability to understand and assert his rights, claims and interests in the Debtors and the projects that were assigned to Lantern, he is now compelled to file the Motion. As outlined above, Mr. Weinstein's counsel has attempted a meet and confer process over the course of several weeks, and submits that those attempts satisfy the requirements of Local Rule 2004-1(a).

Dated: November 16, 2018                */s/ Scott D. Cousins*
                                                            Scott D. Cousins