

ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS
24TH FLOOR
NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

November 16, 2018

Jeffrey S. Sabin

T 212-503-0672
F 212.307.5598
jssabin@venable,com

The Honorable Mary F. Walrath
United States Bankruptcy Judge
United States Bankruptcy Court
824 N. Market St.
Wilmington, DE  19801

Re:     *In re The Weinstein Company Holdings LLC, et al.*, Chapter 11 Case No, 18-10601

Dear Judge Walrath:

      We represent Vertigo Prime, Inc. and Good Fear Film, Inc. (collectively, the "Producers") with respect to their rights and interests in the Producing Services Agreement, dated January 6, 2017 (as amended) (the "Producing Services Agreement") pursuant to which the Producers provided services to The Weinstein Company (the "Debtor") in connection with the film "Polaroid" (the "Film").  Today, this Court entered an *ex parte* order shortening the time [Docket No. 1719] (the "Order Shortening Time") in which First Republic Bank (the "Bank") may serve notice of its *Motion For Order (I) Vacating Docket Number 1574, (II) Lifting Stay With Respect To Producing Services Agreement and (III) Enforcing Prior Orders and Rulings* [Docket No. 1716] (the "Motion to Vacate").[1]

      By this letter, the Producers respectfully request that this Court reconsider the Order Shortening Time.  The Producers believe that the Motion to Vacate is procedurally deficient, because it requests turnover of collateral from Lantern Entertainment LLC despite the fact that (i) the Bank lacks standing to seek turnover of the Debtor's assets under Section 542 of the Bankruptcy Code, and (ii) an action for turnover requires commencement of an adversary proceeding under Bankruptcy Rule 7001.  Moreover, the Motion to Vacate is substantively incorrect, as it presumes that this Court lifted the stay with respect to the Bank's Project Collateral at the Hearing when, in fact, the Court simply instructed the Bank to submit a proposed order, recognizing that lifting of the stay required consideration of issues not fully briefed yet, as well as jurisdictional questions concerning the Project Collateral not before the Court.  Since the hearing on the Bank's Lift Stay Motion, the Bank delivered a draft proposed order to the Producers and the Producers have provided comments to the proposed order, but the parties have not agreed on the language of the order.  Attached as Exhibit A hereto is a copy of the proposed order with the Producers' comments embedded.

---

[1] Capitalized terms not otherwise defined herein have the same meaning as ascribed to such terms in the Motion to Vacate.



The Honorable Mary Walrath
November 16, 2018
Page 2

      The crux of the Producers' objection to the Bank's proposed lift stay order and the request for turnover of the Film and other Project Collateral is that the Producers' believe the Bank will attempt to sell the Film stripped of the continuing and future obligations to the Producers under the Producing Services Agreement, which include not only payment obligations with respect to profit participations and bonuses based on the performance of the Film, but obligations to accord Producers credit, to insure Producers and defend and indemnify the Producers from third party claims, and to include the Producers in any sequel(s) and/or remakes of the Film. The Producers contributed intellectual property protected by copyright and other material, now incorporated into the Film and inseparable therefrom, granted to the Debtor through the Producing Services Agreement, and should the Bank attempt to sell (or even market the Film) separate from the Producing Services Agreement and without such grant of rights, it would amount to an infringement. In such event, Producers would be irreparably harmed, as the only party with standing to make an infringement claim would be the Debtor, who holds the rights to Producer's intellectual property. And should the stay be lifted as to the Producing Services Agreement and corresponding rights and the Bank allowed to act with respect to the rights granted by Producer without a declaration that such rights are subject to the obligations contained in the Producing Services Agreement, in the event that the Bank does not honor these obligations, Producer would only have standing to bring a claim against the Debtor, an insolvent party, not the Bank or any subsequent third party purchaser of the Film. This Court is the only forum available to the Producers to protect their rights.

      The Producers believe that the Bank's Lift Stay Motion, disputes as to any order entered with respect to the Lift Stay Motion, the Motion to Vacate (and action to turnover embedded therein) and any counterclaims and/or crossclaims that may be asserted in connection therewith should be combined in a single hearing so that all of the issues raised by the sale and/or exploitation of the Film can be resolved at the same time and before the Bank is permitted to market and sell the Film.  As such, the Producers respectfully request that the Court reconsider the Order Shortening Time and allow the Producers sufficient time to appear before this Court at the next omnibus hearing date in the Debtor's case.

Respectfully,

 /s/   Jeffrey S. Sabin

Jeffrey S. Sabin

# Exhibit A

<span style="color:red">VENABLE COMMENTS
11/13/18</span>

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

------------------------------------------------------------------------- x
:
In re:                                                                    : Chapter 11
:
THE WEINSTEIN COMPANY HOLDINGS LLC, ET AL.,                               : Case No. 18-10601 (MFW)
:
      Debtors.[1]                             : (Jointly Administered)
:
------------------------------------------------------------------------- x

**ORDER GRANTING MOTION OF FIRST REPUBLIC BANK FOR ORDER GRANTING RELIEF FROM AUTOMATIC STAY FOR CAUSE AND GRANTING RELATED RELIEF**

Upon the *Motion of First Republic Bank for Order Granting Relief from Automatic Stay for Cause and Granting Related Relief* [Docket No. 1635] (the "Motion")[2] of First Republic for entry of an order, pursuant to section 362(d)(1) of the Bankruptcy Code and Bankruptcy Rule 4001, granting First Republic relief from the automatic stay and permitting it to exercise its remedies against the Polaroid Collateral, all as more fully described in the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and the Court's consideration of the Motion and of all objections and pleadings filed with respect to the Motion, including the *Limited Response of Vertigo Prime, Inc., and Good Fear Film, Inc., to Motion of First Republic Bank for Order Granting Relief from the Automatic Stay* [Docket No. 1649] (the "Limited Response") <span style="color:red">filed by Vertigo Prime, Inc. and Good Fear Film, Inc. (collectively, the "Producers")</span>; the Court hereby FINDS AND

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given such terms in the ~~Lift Stay~~ Motion.

DETERMINES that: (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (ii) consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) due and proper notice of the Motion has been provided under the particular circumstances and no other or further notice need be provided; (v) cause to lift the stay exists under section 362(d)(1); and (vi) good cause exists for waiver of the 14-day stay imposed by Bankruptcy Rule 4001(a)(3); and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The automatic stay of section 362 of the Bankruptcy Code is hereby lifted to allow First Republic to exercise its contractual rights and remedies in connection with the Polaroid Collateral ~~in connection with the Polaroid Collateral~~, which includes the Cash Collateral and the Project Collateral; *provided*, *however*, that the automatic stay is not lifted with respect to the Producing Services Agreement (as defined in the Limited Response), including, without limitation, the results and proceeds of the Producers' services thereunder and any rights granted in connection therewith, including, without limitation, any intellectual property (protected by Federal copyright law or otherwise), material, and/or other contributions supplied by the Producers and incorporated into, and inseparable from, the Project Collateral.

3. For the avoidance of doubt, nothing in this Order shall, or shall be deemed to, constitute any finding with respect to, or otherwise have any impact on, the Producing Services Agreement or ~~and~~ the Producers' or any other third party's ~~any party's~~ rights therein or pursuant thereto, including under Federal copyright law, all of which rights are preserved.

4. For the avoidance of doubt, the Motion and this Order shall not be construed as altering, limiting or impairing any and all rights of the Writers Guild of America, Inc. ("WGA") and the Screen Actors Guild – American Federation of Television and Radio Artists ("SAG-AFTRA")(collectively, the "Applicable Guilds"), in connection with the Polaroid Collateral. For the avoidance of doubt, Applicable Guild rights may include, but are not limited to: (i) any Applicable Guild rights as a secured creditor in connection with the Polaroid Collateral, including but not limited to the exercise of secured creditor remedies in connection with the Polaroid Collateral; (ii) any Applicable Guild rights under that certain intercreditor agreement concerning the Polaroid Collateral as between First Republic and SAG-AFTRA; and (iii) any and all Applicable Guild rights with respect to seeking residuals payment from any potential residuals obligor, including, as applicable and without limitation, the Debtors, Lantern Entertainment, LLC, First Republic Bank, and any licensee, assignee or transferee of each of the above, in connection with the Polaroid Collateral; *provided*, *however*, that nothing in this Order shall constitute an acknowledgement by the Debtors, Lantern Entertainment, LLC, or First Republic Bank, or a finding or determination by the Court, that any Applicable Guild holds any such rights or that any such potential residuals obligor has any such obligation.

5. First Republic is authorized, immediately upon entry of this Order, to apply the Cash Collateral to reduce the Polaroid Credit Agreement Indebtedness on a dollar for dollar basis.

6. First Republic will use commercially reasonable efforts to market the Project Collateral for the highest and best price. First Republic shall consult with the Debtors and the Committee in marketing and selling the Project Collateral.

7. Any value received by First Republic in connection with its exercise of remedies or marketing of the Project Collateral (the "Proceeds") shall be applied first to First Republic's outstanding Polaroid Credit Agreement Indebtedness (whether arising or incurred before, on, or after the date of entry of this Order), with any excess Proceeds turned over to the Debtors.

8. For the avoidance of doubt, First Republic shall be authorized to pay from the Proceeds any costs, fees, expenses, or the like reasonably incurred in connection with its exercise of remedies.

9. The 14-day stay of Bankruptcy Rule 4001(a)(3) is hereby waived, and this Order shall be fully effective enforceable immediately upon its entry.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order, the Production Services Agreement and exploitation of the Project Collateral in violation of applicable law, including Federal copyright law.