# **<u>Exhibit C</u>**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x : | |
| In re: : | Chapter 11 |
| : | |
| : | Case No. 18-10601 (MFW) |
| THE WEINSTEIN COMPANY HOLDINGS : | |
| LLC, *et al..,*[1] : | (Jointly Administered) |
| : | |
| Debtors. : | **Docket Ref. Nos. 8, 190, 216, 444 & 846** |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | |

### SUPPLEMENTAL OBJECTION OF BANK HAPOALIM B.M.
### TO ASSUMPTION AND ASSIGNMENT OF CONTRACTS

Bank Hapoalim B.M., an Israeli banking corporation authorized to do business in the United States ("Hapoalim"), by its counsel Herrick, Feinstein LLP and Womble Bond Dickinson (US) LLP, hereby files its supplemental objection (the "Supplemental Objection") to the proposed assumption and assignment by the above-captioned debtors (collectively, the "Debtors") of certain contracts in which Hapoalim has an interest, and in support of its Supplemental Objection, respectfully represents as follows:

### BACKGROUND

1. The Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court") on March 19, 2018 (the "Petition Date").

2. On May 9, 2018, this Court entered an order (the "Sale Order") [Docket No. 846] approving a sale of substantially all of the Debtors' assets to Lantern Entertainment LLC ("Lantern"). Pursuant to decretal paragraph "OO" of the Sale Order, the rights of parties who

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

had objected to the assumption and assignment of contracts with the Debtors, and whose objections had not been resolved, were preserved pending a later hearing on such objections (the "Contract Assumption Hearing").  The Contract Assumption Hearing, originally scheduled for May 22, 2018, has been repeatedly adjourned, most recently until June 22, 2018.

3. Hapoalim is party to that certain Loan and Security Agreement dated April 26, 2017 (the "Loan Agreement") with WTV JCP Borrower 2017, LLC, a Delaware limited liability company ("WTV"), one of the Debtors herein, pursuant to which Hapoalim loaned to WTV the principal amount of $2,511,000.  Part of the collateral package for Hapoalim's loan consists of an assignment of a license agreement between Weinstein Television LLC ("Television"), one of the Debtors herein, and J. C. Penney Corporation (the "J. C. Penney Agreement"), which Television assigned to WTV pursuant to that certain Assignment dated April 26, 2017.  The royalties payable by J.C. Penney to Television are based on sales of clothing licensed from the "Project Runway" television series.

4. Hapoalim perfected its security interest in the royalty payments payable pursuant to the J.C. Penney Agreement by filing a financing statement under the Uniform Commercial Code with the Secretary of State of Delaware on April 26, 2017.

5. Hapoalim filed an objection (the "Objection") [Docket No. 444] to the assignment and assumption to Lantern of the Loan Agreement and the J.C. Penney Agreement.

6. Since April 26, 2018, when Hapoalim filed its Objection, Hapoalim has diligently and repeatedly sought information from the Debtors and Lantern as to how such parties intended to respond to Hapoalim's Objection.  Despite being told to be patient, that the Debtor and Lantern would address Hapoalim's objection, neither Hapoalim nor its counsel have ever been contacted to discuss the Objection.

7. Recently Hapoalim learned that the Debtors have purported to assign the television series "Project Runway" to Bravo Media, LLC ("Bravo"). Notably, neither the Debtors nor Lantern notified Hapoalim of this; Hapoalim learned of these developments independently through its own efforts and reports in the news media. It also read with concern the supplemental objection of A&E Television Network, LLC regarding the "Project Runway" program [Docket No. 1006].

8. After learning of these developments, Hapoalim and its counsel again contacted counsel for the Debtors and Lantern, seeking information with respect to the status of the Project Runway television program, and more specifically, the proposed treatment of the Loan Agreement and the J.C. Penney Agreement.

9. Hapoalim refers the Court and the parties to the authorities cited in its Objection. The law is well settled that the Debtors cannot assume and assign the Loan Agreement over the objection of Hapoalim. Nor can they assume and assign the J.C. Penney Agreement, the royalties under which are pledged to Hapoalim to secure the obligations of WTV under the Loan Agreement. See Objection at pp 3-6. To do so would improperly strip Hapoalim of its collateral, which would be the antithesis of adequate protection of its interests.

10. But putting aside the legal arguments, the cavalier disregard of the rights of Hapoalim exhibited by the Debtors and Lantern is untenable. The Debtors are fiduciaries for all of their creditors. Irrespective of the size or complexity of the Debtors' case, it is not acceptable to ignore legitimate requests for information from a creditor whose rights are or may be affected by the Debtors' proposed actions, particularly where, as here, Hapoalim has made repeated efforts to contact the Debtors for information on this point. Even as of time this Supplemental Objection was filed, the Debtors have not advised Hapoalim (a) whether they (a) seek to assume

and assign the Loan Agreement to Bravo (which cannot be done over Hapoalim's objection), (b) intend to assume and assign the J.C. Penney Agreement to Bravo, or (c) intend to repay Hapoalim from the proceeds of the sale to Lantern.

## CONCLUSION

For the foregoing reasons, Hapoalim respectfully requests that this Court (i) deny approval of the assumption and assignment of the Loan Agreement and the J. C. Penney Agreement, and (ii) grant such other and further relief as the Court deems just and proper.

Dated:  June 15, 2018

Respectfully submitted,

WOMBLE BOND DICKINSON (US) LLP


By: /s/ Morgan L. Patterson
Matthew P. Ward (Del. Bar No. 4471)
Morgan L. Patterson (Del. Bar No. 5388)
Womble Bond Dickinson (US) LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email:  matthew.ward@wbd-us.com
Email:  morgan.patterson@wbd-us.com

and


HERRICK, FEINSTEIN LLP
Stephen B. Selbst (admitted *pro hac vice*)
2 Park Avenue
New York, NY 10036
Telephone: (212) 592-1400
Facsimile: (212) 592-1500
Email: sselbst@herrick.com

*Counsel to Bank Hapoalim*

43119689v1