**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>THE WEINSTEIN COMPANY HOLDINGS LLC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-10601 (MFW)<br><br>Jointly Administered<br><br>**Related Docket Nos. 1695 and 1724** |

**THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS' (I) OBJECTION TO
SUPPLEMENTAL NOTICE OF FILING OF LIST OF ASSUMED
CONTRACTS PURSUANT TO SALE ORDER AND (B) JOINDER TO THE
MOTION OF EXECUTORY CONTRACT COUNTERPARTIES FOR ORDER
CONFIRMING THAT COUNTERPARTIES' AGREEMENTS HAVE BEEN
DESIGNATED BY LANTERN FOR ASSUMPTION AND ASSIGNMENT**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (the "Debtors") hereby (a) objects to the *Supplemental Notice of Filing of List of Assumed Contracts Pursuant to Sale Order [Docket No. 846]* [Docket No. 1695] (the "Supplemental Assumption Notice") to the extent it purports to assume and assign to Lantern executory contracts relating to excluded assets, including, but not limited to the film and/or television rights of *Polaroid* and *Waco*, and (b) joins in the *Motion of Executory Contract Counterparties for Order Confirming that Counterparties' Agreements Have Been Designated by Lantern for Assumption and Assignment* [Docket No. 1724] (the "Motion to

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are 3837. The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

Confirm").[2]  In support of this Objection and the Motion to Confirm, the Committee respectfully states as follows:

**OBJECTION**

1. Pursuant to the Supplemental Assumption Notice, Lantern purports to assume certain executory contracts related to the *Waco* film.[3] *See*, *e.g.*, Supplemental Assumption Notice at Contract Nos. 5758, 7149, 8880, 22567, 22577, 22579.  However, the *Waco* film – like the *Polaroid* film – is an excluded asset because Lantern did not satisfy the project-level debt associated with the *Waco* film on the Closing Date.  Paragraph 57 of the Sale Order provides:

> Notwithstanding any provision of the APA or any other provision of this Order to the contrary, the Purchased Assets shall not include any Covered Title or related Title Rights or tax credits solely to the extent such Covered Title or related Title Rights or tax credits relate to project level debt identified on Schedule 2.3 to the APA that is outstanding as of the Closing Date, unless, at or prior to the Closing, a written agreement is reached between the Purchaser and the applicable agents or lenders in respect of such project level debt.

2. Upon information and belief, a written agreement was not reached between Lantern and Opus Bank, the *Waco* project lender, at or prior to the Closing.  Accordingly, pursuant to paragraph 57 of the Sale Order, the *Waco* film rights were not transferred to Lantern.

3. Lantern attempts to again "muddy the water" by attempting to assume contracts associated with the *Waco* film.  This fact pattern – seeking to assume contracts associated with an excluded asset – is identical to the situation the Debtors and Lantern find themselves in with

---

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion to Confirm.

[3]  The Supplemental Assumption Notice does not identify a contract by film or television title.  For example, the Contract Title for Contract No. 35 is *RE: AGREEMENT DTD 5/31/2012, ASSIGNMENT DTD 2/6/2013, AMENDMENT DTD 6/11/2013*.  Accordingly, the Committee is unable to confirm whether the Supplemental Assumption Notice relates to any other excluded assets, including any additional contracts relating to the *Polaroid* film.

respect to the *Polaroid* film.[4] The Committee wants to avoid any further confusion in the marketplace with respect to the ownership of the film and/or television rights of excluded assets, including *Polaroid* and *Waco*. It would also be a waste of estate resources to require the Debtors or the Committee to unwind the assumption and assignment to Lantern of contracts relating to excluded assets, as First Republic Bank is doing now with respect to *Polaroid*. Accordingly, the Committee respectfully requests that the Court prohibit the assumption and assignment of any contracts related to excluded assets, including any contracts relating to the film or television rights of *Polaroid* and *Waco*.

## JOINDER

4. As set forth in the Motion to Confirm, the Court and the APA set November 8, 2018 (the "Assumption Outside Date") as the deadline for Lantern to assume a contract or designate a Disputed Contract as an excluded asset. In other words, Lantern was required to resolve all disputes relating to the assumption and assignment of contracts within the 4 month extension it was provided. The Committee specifically negotiated for the Assumption Outside Date. Lantern's commitment to resolve all contract disputes by the Assumption Outside Date was a critical component to resolving the Committee's objection to the $21 million purchase price reduction – establishing the Assumption Outside Date provides finality, allows the Debtors to begin marketing the estates' remaining assets, and allows the claims against the estates to be quantified.

---

[4] On November 15, 2018, First Republic Bank – the *Polaroid* project-level lender – filed its *Motion for Order (I) Vacating Docket Number 1574, (II) Lifting Stay With Respect to Producing Services Agreement, and (III) Enforcing Prior Orders and Rulings* [Docket No. 1716]. Pursuant to the motion, First Republic Bank seeks to unwind this Court's order assuming and assigning to Lantern a contract related to the *Polaroid* film, an excluded asset that the Debtors have released to First Republic Bank.

5.  On the Assumption Outside Date, Lantern – *without the consent of the Debtors* – filed the Supplemental Assumption Notice. Pursuant to the Supplemental Assumption Notice, Lantern purports to, among other things, (a) add certain contracts to the Assumed Contracts Schedule and (b) conditionally add certain contracts to the Assumed Contracts Schedule, pending a favorable resolution of outstanding disputes. The Committee objects to the Supplemental Assumption Notice to the extent that it purports to allow Lantern to designate contracts as excluded assets after the Assumption Outside Date. The deadline for Lantern to designate Assumed Contracts as excluded assets was the Assumption Outside Date. Lantern cannot unilaterally extend the deadline to resolve cure objections. Pursuant to the terms of the APA, Lantern *must* assume the contracts it has designated as Assumed Contracts, regardless of the outcome of any cure objections.

6.  For the foregoing reasons, the Committee joins the Motion to Confirm to the extent the relief requested is consistent with this Objection and Joinder.

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| Dated: November 26, 2018 | PACHULSKI STANG ZIEHL & JONES LLP |

    */s/ Colin R. Robinson*
James I. Stang (CA Bar No. 94435)
Robert J. Feinstein (NY Bar No. 1767805)
Debra I. Grassgreen (CA Bar No. 169978)
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899 (Courier 19801)
Telephone: 302-652-4100
Facsimile:  302-652-4400
E-mail:  jstang@pszjlaw.com
        rfeinstein@pszjlaw.com
        dgrassgreen@pszjlaw.com
        bsandler@pszjlaw.com
        crobinson@pszjlaw.com

*Counsel for the Official
Committee of Unsecured Creditors*