# EXHIBIT A

VENABLE COMMENTS
11/13/18

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

---------------------------------------------------------------- x
                                                                 :
In re:                                                           :  Chapter 11
                                                                 :
THE WEINSTEIN COMPANY HOLDINGS LLC, ET AL.,                      :  Case No. 18-10601 (MFW)
                                                                 :
          Debtors.[1]                                            :  (Jointly Administered)
                                                                 :
---------------------------------------------------------------- x

### ORDER GRANTING MOTION OF FIRST REPUBLIC BANK FOR ORDER GRANTING RELIEF FROM AUTOMATIC STAY FOR CAUSE AND GRANTING RELATED RELIEF

Upon the *Motion of First Republic Bank for Order Granting Relief from Automatic Stay for Cause and Granting Related Relief* [Docket No. 1635] (the "Motion")[2] of First Republic for entry of an order, pursuant to section 362(d)(1) of the Bankruptcy Code and Bankruptcy Rule 4001, granting First Republic relief from the automatic stay and permitting it to exercise its remedies against the Polaroid Collateral, all as more fully described in the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and the Court's consideration of the Motion and of all objections and pleadings filed with respect to the Motion, including the *Limited Response of Vertigo Prime, Inc., and Good Fear Film, Inc., to Motion of First Republic Bank for Order Granting Relief from the Automatic Stay* [Docket No. 1649] (the "Limited Response") filed by Vertigo Prime, Inc. and Good Fear Film, Inc. (collectively, the "Producers"); the Court hereby FINDS AND

---

[1]  The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings given such terms in the ~~Lift Stay~~ Motion.

DETERMINES that: (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (ii) consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) due and proper notice of the Motion has been provided under the particular circumstances and no other or further notice need be provided; (v) cause to lift the stay exists under section 362(d)(1); and (vi) good cause exists for waiver of the 14-day stay imposed by Bankruptcy Rule 4001(a)(3); and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The automatic stay of section 362 of the Bankruptcy Code is hereby lifted to allow First Republic to exercise its contractual rights and remedies in connection with the Polaroid Collateral ~~in connection with the Polaroid Collateral~~, which includes the Cash Collateral and the Project Collateral; *provided, however*, that the automatic stay is not lifted with respect to the Producing Services Agreement (as defined in the Limited Response)<ins>, including, without limitation, the results and proceeds of the Producers' services thereunder and any rights granted in connection therewith, including, without limitation, any intellectual property (protected by Federal copyright law or otherwise), material, and/or other contributions supplied by the Producers and incorporated into, and inseparable from, the Project Collateral</ins>.

3. For the avoidance of doubt, nothing in this Order shall, or shall be deemed to, constitute any finding with respect to, or otherwise have any impact on, the Producing Services Agreement <ins>or</ins> ~~and~~ the Producers' <ins>or any other third party's</ins> ~~any party's~~ rights therein or pursuant thereto<ins>, including under Federal copyright law</ins>, all of which rights are preserved.

2

4. For the avoidance of doubt, the Motion and this Order shall not be construed as altering, limiting or impairing any and all rights of the Writers Guild of America, Inc. ("WGA") and the Screen Actors Guild – American Federation of Television and Radio Artists ("SAG-AFTRA")(collectively, the "Applicable Guilds"), in connection with the Polaroid Collateral. For the avoidance of doubt, Applicable Guild rights may include, but are not limited to: (i) any Applicable Guild rights as a secured creditor in connection with the Polaroid Collateral, including but not limited to the exercise of secured creditor remedies in connection with the Polaroid Collateral; (ii) any Applicable Guild rights under that certain intercreditor agreement concerning the Polaroid Collateral as between First Republic and SAG-AFTRA; and (iii) any and all Applicable Guild rights with respect to seeking residuals payment from any potential residuals obligor, including, as applicable and without limitation, the Debtors, Lantern Entertainment, LLC, First Republic Bank, and any licensee, assignee or transferee of each of the above, in connection with the Polaroid Collateral; *provided, however*, that nothing in this Order shall constitute an acknowledgement by the Debtors, Lantern Entertainment, LLC, or First Republic Bank, or a finding or determination by the Court, that any Applicable Guild holds any such rights or that any such potential residuals obligor has any such obligation.

5. First Republic is authorized, immediately upon entry of this Order, to apply the Cash Collateral to reduce the Polaroid Credit Agreement Indebtedness on a dollar for dollar basis.

6. First Republic will use commercially reasonable efforts to market the Project Collateral for the highest and best price. First Republic shall consult with the Debtors and the Committee in marketing and selling the Project Collateral.

7. Any value received by First Republic in connection with its exercise of remedies or marketing of the Project Collateral (the "Proceeds") shall be applied first to First Republic's outstanding Polaroid Credit Agreement Indebtedness (whether arising or incurred before, on, or after the date of entry of this Order), with any excess Proceeds turned over to the Debtors.

8. For the avoidance of doubt, First Republic shall be authorized to pay from the Proceeds any costs, fees, expenses, or the like reasonably incurred in connection with its exercise of remedies.

9. The 14-day stay of Bankruptcy Rule 4001(a)(3) is hereby waived, and this Order shall be fully effective enforceable immediately upon its entry.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order, the Production Services Agreement and exploitation of the Project Collateral in violation of applicable law, including Federal copyright law.