**<u>Exhibit A</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------x
                                                       :
In re:                                                 :   Chapter 11
                                                       :
The Weinstein Company Holdings LLC, et al.,            :   Case No. 18-10601 (MFW)
                                                       :
            Debtors.1                                  :   (Jointly Administered)
                                                       :
                                                       :
------------------------------------------------------------ x
```

## ORDER PURSUANT TO FED. R. BANKR. P. 9019 APPROVING
## SETTLEMENT AGREEMENT REGARDING
## THE A&E TELEVISION NETWORKS AGREEMENTS

Upon the motion, dated December 28, 2018 (the "Motion"),[2] of The Weinstein

Company Holdings LLC and its affiliated debtors, as debtors and debtors in possession and

defendants in the above-captioned adversary proceeding (collectively, the "Debtors") and

Lantern Entertainment, LLC (together with its affiliates, "Lantern"), pursuant to sections 105(a)

and 363(b) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy

Procedure, for approval of (i) the settlement agreement, substantially in the form attached hereto

as **Annex 1** (the "Settlement Agreement"), by and between the Debtors, Lantern and A&E

Television Networks, LLC and its related entities (collectively, "AETN") and (ii) the stipulation,

substantially in the form attached hereto as **Annex 2** (the "PFC/AETN Stipulation"), among the

Debtors, Lantern, AETN and Portfolio Funding Company LLC I ("PFC"), all as more fully set

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of Debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of this information may be obtained on the website of the Debtors' noticing and claims agent at http://dm.epiq11.com/twc.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interests; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore,

## IT IS HEREBY ORDERED THAT:

1.      The Motion is granted.

2.      Pursuant to Bankruptcy Code sections 105(a) and 363(b) and Bankruptcy Rule 9019, the Settlement Agreement and the PFC/AETN Stipulation are approved in their entirety and are incorporated by reference herein.

3.      The Debtors are authorized to take any and all actions reasonably necessary to effectuate the terms of this Order, the Settlement Agreement and the PFC/AETN Stipulation.

4.      Notwithstanding the provisions of Bankruptcy Rule 6004(h) or any other provision of the Bankruptcy Rules or the Bankruptcy Code, this Order shall be immediately effective and enforceable upon its entry.

5.      This Court retains jurisdiction over any and all matters arising from or related to the implementation or interpretation of the Settlement Agreement, the PFC/AETN Stipulation and this Order.

# ANNEX 1

## SETTLEMENT AGREEMENT

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

-------------------------------------------------------- x

|  |  |  |
|---|---|---|
| **In re** | : | Chapter 11 |
|  | : |  |
| **THE WEINSTEIN COMPANY** | : | Case No. 18-10601 (MFW) |
| **HOLDINGS LLC**, *et al.*, | : |  |
|  | : |  |
| **Debtors.**[1] | : | Jointly Administered |
|  | : |  |
|  | : | Re: Docket Nos. 8, 158, 190, 216, 282, 482, 526, 802, 846, 1006, 1038 |
|  | : |  |

-------------------------------------------------------- x

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "***Settlement Agreement***") is made and entered into as of the 28th day of December 2018, by and among A&E TELEVISION NETWORKS, LLC (on behalf of itself and its related entities, including Lifetime Entertainment Services, "***AETN***"), THE WEINSTEIN COMPANY LLC (on behalf of itself and its related entities, including the debtors and debtors-in-possession in the above-captioned case, "***TWC***"), and LANTERN ENTERTAINMENT LLC ("***Lantern***" and, together with AETN and TWC, the "***Parties***").

## RECITALS

1.      **WHEREAS**, prior to January 10, 2018, AETN (and/or its related entities) and TWC (and/or its related entities) were party to, among others, the following agreements:

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of Debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of this information may be obtained on the website of the Debtors' noticing and claims agent at http://dm.epiq11.com/twc.

a.  The *Television Series Production and License Agreement Deal Memorandum* by and between Lifetime Entertainment Services ("**Lifetime**") and TWC, in connection with the television series "**Project Runway**" and certain derivative series, including, among others, "**Project Runway All-Stars**," dated as of February 7, 2008 (together with all amendments thereto, the "**Project Runway Deal Memo**");

b.  The *Television Series License Agreement-Standard Terms and Conditions* by and between Lifetime and TWC, dated as of September 8, 2008 (together with all amendments thereto, the "**Standard Terms**" and, together with the Project Runway Deal Memo, the "**Project Runway Agreement**");

c.  The *Motion Picture License Agreement Deal Memorandum*, by and between Lifetime and TWC, dated as of February 7, 2008 (together with all amendments thereto, the "**Movie Agreement**"); and

d.  The *Assignment and Executive Producer Agreement* by and between AETN and TWC, in connection with the television series "**Six**," dated as of September 21, 2015 (the "**Six Agreement**");

2.    **WHEREAS**, on January 10, 2018, AETN notified TWC of the termination of the Project Runway Agreement and the Movie Agreement pursuant to Section 9(d) of the Standard Terms (the "**Termination Notice**"), which Termination Notice stated that it terminated all obligations of AETN with respect to future seasons of Project Runway (*e.g.*, Seasons 17 and 18), and any seasons beyond Season 7 of Project Runway All-Stars;

3.    **WHEREAS**, on March 19, 2018, TWC and its affiliated debtors in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), as debtors and debtors in possession (collectively, the "**Debtors**"), each commenced with this Court (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

4.    **WHEREAS**, in connection with the approved sale of substantially all of their assets pursuant to the final orders filed at Docket Nos. 190 and 846 (the "**Sale**"), the Debtors filed a *Notice of Potential Assumption and Assignment of Executory Contracts or*

*Unexpired Leases and Cure Amounts* [Docket No. 216] on April 13, 2018, a *Notice of Supplemental Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [Docket No. 282] on April 20, 2018, and a *Notice of Second Supplemental Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [Docket No. 482] on April 27, 2018 (collectively, the "***Pre-Closing Assumption Notices***"), which notices listed several agreements with AETN, including the Project Runway Agreement, the Movie Agreement, and the Six Agreement, as potentially being assumed by the Debtors and assigned to Lantern as part of the Sale;

5.      **WHEREAS**, on April 30, 2018, AETN filed an objection to the Debtors' proposed assumption of the Project Runway Agreement and the Movie Agreement and assignment to Lantern [Docket No. 526] (the "***Objection***"), which objection AETN supplemented on May 7, 2018 [Docket No. 802] (the "***May Supplement***"), and on June 12, 2018 [Docket No. 1006] (the "***June Supplement***" and collectively with the Objection and the May Supplement, the "***AETN Objections***");

6.      **WHEREAS**, on June 18, 2018, the Debtors filed their reply to the AETN Objections [Docket No. 1038] (the "***Reply***");

7.      **WHEREAS**, on July 13, 2018, the Debtors and Lantern closed on the Sale of the Debtors' assets to Lantern, and on July 17, 2018, the Debtors filed the *Notice of Closing of the Sale to Lantern Entertainment LLC* [Docket No. 1247]

8.      **WHEREAS**, On November 8, 2018, Lantern filed the *Supplemental Notice of Filing of Assumed Contracts Pursuant to Sale Order* (the "***Post-Closing Assumption Notice***" and, together with the Pre-Closing Assumption Notices, the "***Assumption Notices***") [Docket No. 1695], which attached an exhibit listing certain contracts and leases that the Debtors

3

would assume and assign as part of the Sale (together with the associated asserted cure amounts), subject, in certain cases, to the resolution of certain disputes.  The Post-Closing Assumption Notice included certain contracts to which AETN is a counter-party.

9.      **WHEREAS**, the Parties reached an amicable agreement to resolve the issues arising from and/or related to (a) the Termination Notice, including the termination of the Project Runway Agreement and the Movie Agreement and (b) the Six Agreement, including the "key-man" provision set forth therein;

10.     **WHEREAS**, in consideration of, and in exchange for, the promises and covenants herein, the Parties hereby agree to the terms and provisions of this Settlement Agreement;

11.     **WHEREAS**, the Parties have agreed to seek the entry of a final, non-appealable, order by the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") approving this Settlement Agreement; and

12.     **WHEREAS**, based upon the uncertainty with respect to the various legal and factual issues concerning, among other things, the Termination Notice, and the costs and expenses that would be incurred in litigating these issues further, including with respect to any appeals, this Settlement Agreement is fair, reasonable, in the public interest, entered into in good faith by all Parties, and is an appropriate means of resolving the matters addressed in this Settlement Agreement;

13.     **NOW, THEREFORE**, without the admission of any wrongdoing, the violation of any law or contract, or any liability, and without the adjudication of any issue of fact or law in or with regard to any matter, and upon the consent and agreement of the Parties and

their authorized officials, and approval as to form by their authorized attorneys, it is hereby agreed as follows:

## PROJECT RUNWAY AGREEMENT

14.     The Parties agree and acknowledge that the Project Runway Agreement was terminated on January 10, 2018, and that no Party will contest such termination.  TWC agrees that it shall not seek to assume or reject, nor shall it seek to assume and assign, the Project Runway Agreement to any party, and AETN agrees it will not assert any rejection damages with respect to the Project Runway Agreement.

15.     The Parties agree and acknowledge that AETN has no obligations, outstanding or otherwise, with respect to future seasons of Project Runway and Project Runway All-Stars.  The Parties further agree that, notwithstanding the termination of the Project Runway Agreement, AETN retains its existing contract rights under the Project Runway Agreement to its past seasons of Project Runway, past seasons of Project Runway All-Stars, Season 7 of Project Runway All-Stars (which has already been produced), and all other past derivative works (including any existing exploitation or digital rights with respect to such past works) (the "*Legacy Rights*").

## MOVIE AGREEMENT

16.     The Parties agree and acknowledge that the Movie Agreement remains in full force and effect notwithstanding the Termination Notice, and the Parties shall comply with their obligations under the Movie Agreement, as modified and amended below (the "*Modified Movie Agreement*").

17.     AETN consents to the assumption and assignment of the Movie Agreement as set forth in the Assumption Notices, subject to the terms and conditions of this Settlement Agreement.

18.     The Parties further agree that the Movie Agreement shall hereby be modified and amended to:

a.     Replace the exclusive license granted in favor of AETN in the Movie Agreement with a non-exclusive license granted in favor of AETN;

b.     Waive any and all payment obligations under the Movie Agreement;

c.     For the avoidance of doubt, the Parties agree and acknowledge that Lantern shall provide, and AETN has the right to air, all movies that AETN has licensed under the Movie Agreement during their specified windows on a non-exclusive basis, with the exception of Jane Got a Gun; and

d.     AETN shall have no further financial obligations to any party under the Movie Agreement.

## SIX AGREEMENT

19.     The Parties agree and acknowledge that the Six Agreement remains in full force and effect.

20.     AETN consents to the assumption and assignment of the Six Agreement as set forth in the Assumption Notices, subject to the terms and conditions of this Settlement Agreement.

21.     The Parties agree and acknowledge that the "Series Fee" referenced in Section 3 of the Six Agreement is expressly predicated on the fulfillment of Section 4 of the Six Agreement, "Executive Producing Services & Exclusivity," which states that "the services of Harvey Weinstein, Robert Weinstein and David Glasser" be "furnish[ed]" in connection with Six.    The Parties further agree and acknowledge that Messrs. Harvey Weinstein, Robert

Weinstein, and David Glasser will not "furnish" any "executive producing services" in connection with Six.  The Parties further agree and acknowledge that to the extent AETN produces any additional "Series Years" of Six, AETN will not pay an executive producer "Series Fee."  Accordingly, the Six Agreement is hereby modified and amended to eliminate the "Series Fee" set forth in Section 3, and the terms of the Six Agreement shall otherwise remain unchanged.

## SETTLEMENT PAYMENT

22.    As consideration for the resolution of any and all disputes between the Debtors, Lantern and AETN, AETN will make a one-time payment in the amount of ███ ████████████████████████████████████████████ (the "***Settlement Payment***") to Lantern or its designee, subject to the Conditions Precedent set forth below.

## CONDITIONS PRECEDENT TO SETTLEMENT PAYMENT

23.    AETN's obligation to make the Settlement Payment is subject to the fulfillment of each of the following conditions (collectively, the "***Conditions Precedent***"):

    a.    The delivery by the Debtors or Lantern to AETN of:

        (i)    A signed notice from MUFG Union Bank, N.A., f/k/a Union Bank, N.A. ("***MUFG***") terminating the *Notice of Assignment and Irrevocable Instructions* dated as of May 16, 2016 (together with all amendments thereto, the "***2016 Union Direction Letter***");

        (ii)    A signed notice from MUFG Union Bank, N.A., f/k/a Union Bank, N.A. terminating the *Direction to Pay* dated as of May 24, 2017 (together with all amendments thereto, the "***2017 Union Direction Letter***" and, together with the 2016 Union Direction Letter, the "***Union Direction Letters***");

        (iii)    A signed notice from Bank of America, N.A. ("***BAML***") terminating the *Notice of Assignment and Irrevocable Instructions* (together with all amendments thereto, the "***BAML Direction Letter***").  In its place, the Debtors

7

shall provide a signed notice to AETN indicating to whom future royalty payments relating to the Legacy Rights shall be made, if any;

(iv)    A signed notice from Portfolio Funding Company LLC I ("**PFC**") voiding the *Notice to Licensee Account Debtor* dated as of March 8, 2018 (the "**PFC Letter**") and acknowledging that no payment is due to it from AETN with respect to the Movie Agreement;

(v)    The Bankruptcy Court order approving this Settlement Agreement becoming final and non-appealable; and

b.    The assumption, or the assumption and assignment, of the Movie Agreement (as modified by this Settlement Agreement) in connection with the Sale or any order of the Bankruptcy Court.

The Debtors or Lantern may satisfy subsections (i)-(iii) above with such other written documentation evidencing the termination of the Union Direction Letters, and the BAML Direction Letter, or, alternatively, with proof of the repayment of the Debtors' obligations to MUFG and/or BAML, in either case in a form that is acceptable to AETN.

24.    AETN may, at its sole option and in its sole discretion, waive one or more of the Conditions Precedent set forth above.

25.    AETN shall pay the Settlement Payment to Lantern within three (3) business days after the date on which all Conditions Precedent are satisfied or AETN has provided written notice of a waiver of any remaining unsatisfied Conditions Precedent.

## GENERAL PROVISIONS

26.    For purposes of construing the Settlement Agreement, this Settlement Agreement shall be deemed to have been drafted by all Parties and shall not, therefore, be construed against any Party for that reason in any dispute.

27.     This Settlement Agreement constitutes the entire, complete, and integrated agreement between the Parties and supersedes all prior and contemporaneous undertakings of the Parties in connection herewith.

28.     This Settlement Agreement may not be modified or amended except by written consent of all the Parties, and, to the extent necessary, approved by the Bankruptcy Court.

29.     If any portion of this Settlement Agreement is held invalid by operation of law, the remaining terms of this Settlement Agreement shall not be affected.

30.     Any failure of a Party to exercise its rights under this Settlement Agreement shall not constitute a waiver of such rights hereunder.

31.     This Settlement Agreement shall be governed by the laws of the State of New York, without regard to conflict of law principles that would require the application of the law of another jurisdiction.

## PARTIES BOUND, SUCCESSION, AND ASSIGNMENT

32.     This Settlement Agreement applies to, is binding upon, and shall inure to the benefit of the Parties hereto, their legal successors and assigns, and any trustee, examiner, or receiver appointed in the Bankruptcy Cases.  The Debtors shall remain bound to the terms of this Settlement Agreement notwithstanding the failure of the Sale to close.

## JUDICIAL APPROVAL

33.     The settlement reflected in this Settlement Agreement shall be subject to approval by the Bankruptcy Court pursuant to Bankruptcy Rule 9019.

## EFFECTIVENESS OF SETTLEMENT AGREEMENT

34.    This Settlement Agreement shall be effective upon the later to occur of (a) execution by the Parties and (b) entry of an order approving this Settlement Agreement by the Bankruptcy Court pursuant to Bankruptcy Rule 9019.

## RELEASE

35.    Upon the effectiveness of this Settlement Agreement and payment of the Settlement Payment as set forth herein, (i) TWC and AETN and (ii) Lantern, in each case for themselves and their past, present and future agents, representatives, employees, officers, directors, affiliates, subsidiaries, partners, predecessors and successors in interest, attorneys, heirs, executors, representatives, successors and assigns, for and in consideration of the agreements set forth in this Settlement Agreement, agree and hereby do fully mutually release and forever discharge each other and any past, present, or future agents, representatives, employees, officers, directors, affiliates, subsidiaries, partners, predecessors and successors in interest, attorneys, heirs, executors, representatives, successors and assigns, and all persons acting for, by, through, under or in concert with any of them, from any and all claims, liabilities, demands, obligations, actions, causes of action, damages, costs, expenses, agreements, suits, debts, sums of money, grievances, defenses, controversies and compensations of any nature whatsoever arising from, relating to, based upon, by reason of, or in any way involving, in whole or in part:  (a) the Project Runway Agreement; (b) the Movie Agreement; (c) the Six Agreement; (d) the Union Direction Letters; (e) the BAML Direction Letter, or (f) the PFC Letter; *provided, however*, that the foregoing shall not release or discharge any obligations going forward under the Modified Movie Agreement or, from and after the date of the assumption and assignment of the Six Agreement, the Six Agreement (as modified by the terms of this Settlement Agreement).

36.     Further, AETN and its related entities shall have no obligations to MUFG, BAML, and/or PFC arising under or related to the Project Runway Agreement, the Movie Agreement, the Modified Movie Agreement, the Six Agreement, the Union Direction Letters, the BAML Direction Letter, and/or the PFC Letter; provided, that this paragraph 35 shall not be construed to provide AETN with any right of indemnification or recovery against the Debtors or Lantern.

## NOTICES

37.     Any notice that is required or permitted to be given under the provisions of this Settlement Agreement shall be in writing and transmitted by email and Federal Express. Notice shall be deemed effective upon the transmittal of the email to the respective Party to whom it is directed, as follows (it being understood that by notice given pursuant to this provision, any Party may designate additional or different addressees for notices to be given to that Party):

a.      If to AETN:   Henry S. Hoberman, Executive Vice President and General Counsel, AETN, 235 E. 45th Street, New York, NY 10017, henry.hoberman@aenetworks.com, *with a copy to* David L. Yohai, Weil, Gotshal and Manges LLP, 767 Fifth Avenue, New York, NY, 10153, david.yohai@weil.com.

b.      If to the Debtors:   Russell Silberglied and Zachary I. Shapiro, Richards Layton & Finger PA, One Rodney Square, Wilmington, Delaware, 19801, silberglied@rlf.com  and shapiro@rlf.com.

c.      If to Lantern:   Virginia S. Longmuir, General Counsel, Head of Business & Legal Affairs, 9100 Wilshire Boulevard, Suite 700W, Beverly Hills, CA  90212,  virginia.longmuir@lanternent.com, *with a copy to* Meredith A. Lahaie, Akin Gump Strauss Hauer & Feld LLP,   One   Bryant   Park,   New   York,   NY   10036, mlahaie@akingump.com.

*REDACTED VERSION*

## CONFIDENTIALITY

38.     The Parties each agree not to disclose (orally, in writing, or by public disclosure of any kind or otherwise) to any third party (other than their respective officers, directors, auditors, consultants, financial advisors, lenders, and attorneys, in their capacities as such, and on a need to know basis) the monetary terms contained within this Settlement Agreement.

## SIGNATORIES/SERVICES

39.     The signatories for the Parties each certify that he or she is authorized to enter into the terms and conditions of this Settlement Agreement and to execute and bind legally such Party to this document.

40.     This Settlement Agreement may be executed in counterparts and by different signatories on separate counterparts, each of which shall be deemed an original, but all of which shall together be one and the same Settlement Agreement.  One or more counterparts of this Settlement Agreement may be delivered by facsimile or electronic transmission with the intent that it or they shall constitute an original counterpart hereof.

THE UNDERSIGNED PARTIES ENTER INTO THIS SETTLEMENT AGREEMENT

**THE WEINSTEIN COMPANY LLC, ON BEHALF OF ITSELF AND ITS DEBTOR AFFILIATES**

By: _Robert a. Del Genio_

Name: _Robert A. Del Genio_

Title: _CRO_

Date: _12/20/2018_

*[Signature Page to Settlement Agreement]*

THE UNDERSIGNED PARTIES ENTER INTO THIS SETTLEMENT AGREEMENT

**A&E TELEVISION NETWORKS, LLC**

By: _____

Name: Henry Hoberman

Title:   Chief Legal Officer

Date:   _12/20/18_____

*[Signature Page to Settlement Agreement]*

THE UNDERSIGNED PARTIES ENTER INTO THIS SETTLEMENT AGREEMENT

**LANTERN ENTERTAINMENT LLC**

By: _____
DocuSigned by:
*Virginia Longmuir*
3A67530638884F0...

Name: _____
Virginia Longmuir

Title: _____
Head of Business & Legal Affairs/General Counsel

Date: _____
12/20/2018

[*Signature Page to Settlement Agreement*]

## <u>ANNEX 2</u>

**PFC/AETN STIPULATION**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

```
------------------------------------------------------------x
                                           :
In re:                                     :   Chapter 11
                                           :
THE WEINSTEIN COMPANY HOLDINGS             :   Case No. 18-10601 (MFW)
LLC, et al.,                               :
                                           :   Jointly Administered
                    Debtors.¹              :
                                           :
                                           :
------------------------------------------------------------x
```

## STIPULATION AMONG
## THE DEBTORS, LANTERN ENTERTAINMENT LLC, A&E TELEVISION NETWORKS LLC AND PORTFOLIO FUNDING COMPANY LLC I

This stipulation (the "Stipulation") is made and entered into between and among (i) The Weinstein Company Holdings LLC and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, (ii) Lantern Entertainment LLC (together with its affiliates, "Lantern"), (iii) A&E Television Networks LLC (and/or its related entities) (collectively, "AETN") and (iv) Portfolio Funding Company LLC I ("PFC"; the Debtors, Lantern, AETN and PFC may each be referred to individually as a "Party" and, collectively, be referred to herein as the "Parties"). The Parties hereby enter into this Stipulation and stipulate and agree as follows:

## RECITALS

**WHEREAS**, prior to the Petition Date (as defined below), The Weinstein Company LLC ("TWC") (and/or its related entities) and AETN were party to several agreements, including,

---

¹ The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

among others, that certain Motion Picture License Agreement Deal Memorandum, by and between Lifetime Entertainment Services ("Lifetime") and TWC, dated as of February 7, 2008 (together with all amendments thereto, the "Movie Agreement");

WHEREAS, PFC, on the one hand, and TWC and Weinstein Global Film Corp., on the other hand, were party to several agreements, including, among others the Multi-Pictures Distribution Services Agreement, by and between PFC and TWC, dated as of July 29, 2010 (together with all amendments thereto, the "PFC DSA");

WHEREAS, on January 10, 2018, AETN notified TWC of the termination of the Movie Agreement and certain other agreements (the "Termination Notice");

WHEREAS, on or about March 8, 2018, PFC delivered the Notice to Licensee Account Debtor, dated as of March 8, 2018 (the "PFC Letter") to AETN, pursuant to which PFC instructed AETN to make all payments relating to certain films listed on Schedule 1A to the PFC Letter (collectively, the "PFC Films") to an account designated by PFC, to the extent any such PFC Films were licensed to AETN under the Movie Agreement;

WHEREAS, on March 14, 2018, AETN responded in writing to the PFC Letter;

WHEREAS, on March 19, 2018 (the "Petition Date"), the Debtors commenced these voluntary chapter 11 cases in the United States Bankruptcy Court for the District of Delaware (the "Court");

WHEREAS, in connection with the approved sale of substantially all of their assets pursuant to the final orders filed at Docket Nos. 190 and 846 (the "Sale"), the Debtors filed a *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [Docket No. 216] on April 13, 2018, a *Notice of Supplemental Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts*

2

[Docket No. 282] on April 20, 2018, and a *Notice of Second Supplemental Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [Docket No. 482] on April 27, 2018 (collectively, the "Assumption Notices"), which Assumption Notices listed several agreements with AETN, including the Movie Agreement, as potentially being assumed by the Debtors and assigned to Lantern as part of the Sale;

WHEREAS, on April 30, 2018, AETN filed an objection to the Debtors' proposed assumption and assignment to Lantern of, among other agreements, the Movie Agreement [Docket No. 526] (the "Objection"), which objection AETN supplemented on May 7, 2018 [Docket No. 802] (the "May Supplement"), and on June 12, 2018 [Docket No. 1006] (the "June Supplement" and collectively with the Objection and the May Supplement, the "AETN Objections");

WHEREAS, on June 18, 2018, the Debtors filed their reply to the AETN Objections [Docket No. 1038];

WHEREAS, the Debtors, Lantern and AETN have reached an agreement (the "AETN Settlement") to resolve the issues arising from and/or related to, among other things, the Termination Notice and the AETN Objections;

WHEREAS, on December 28, 2018, the Debtors and Lantern filed a motion for approval of the AETN Settlement with the Court and an accompanying motion to seal;

WHEREAS, through the AETN Settlement, the Debtors, Lantern and AETN are resolving any dispute about the Termination Notice by, among other things, modifying and amending the Movie Agreement (the "Modified Movie Agreement");

WHEREAS, the AETN Settlement further contemplates that AETN will make a payment to Lantern (the "AETN Settlement Payment") as consideration for the resolution of any

3

and all disputes between or among the Debtors, Lantern and AETN;

**WHEREAS**, the Parties desire to enter into this Stipulation to avoid the burden and expense associated with litigation relating to any disputes that may arise with respect to the AETN Settlement Payment, the PFC Letter and/or the Modified Movie Agreement.

**NOW, THEREFORE**, it is hereby stipulated and agreed to by and among the Parties:

1.      The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation.

2.      This Stipulation shall be effective upon the last to occur of (i) its execution by the Parties hereto, (ii) the entry by the Court of an order approving this Stipulation, (iii) the delivery by PFC to AETN and Lantern of an irrevocable notice (in form and substance reasonably acceptable to AETN, the "PFC Notice") confirming (a) the termination of the PFC Letter; and (b) AETN having no obligations either presently or hereinafter to PFC under or related to both the Movie Agreement and the Modified Movie Agreement, and (iv) the receipt by PFC of the PFC Payment, as defined in Paragraph 3 below, from Lantern (such date, the "Effective Date").

3.      Within 10 days after the last to occur of (i) approval of the AETN Settlement by the Court, (ii) receipt by Lantern of the AETN Settlement Payment and (iii) delivery by PFC to AETN and Lantern of the PFC Notice, Lantern shall pay to PFC an amount equal to $575,000 (the "PFC Payment") in full and final satisfaction of any and all claims of PFC with respect to amounts allegedly owed to PFC on account of PFC Films licensed to AETN under the Movie Agreement and/or the Modified Movie Agreement.

4.      The Debtors irrevocably disclaim any right, title and interest in and to (i) the PFC Payment and (ii) "Distribution Fees," "Distribution Expenses" or "Acquisition Costs" (each as

4

defined in the PFC DSA), if any, arising out of or in connection with the PFC Payment or the Modified Movie Agreement (collectively, the "Debtor PFC DSA Claims").

5.      Upon the Effective Date, each Party, for itself and its past, present and future agents, representatives, employees, officers, directors, affiliates, subsidiaries, partners, predecessors and successors in interest, attorneys, heirs, executors, representatives, successors and assigns, for and in consideration of the agreements set forth in this Stipulation, agrees and hereby does fully release and forever discharge each other Party (in the case of AETN, including, for the avoidance of doubt, Lifetime) and any of their respective past, present, or future agents, representatives, employees, officers, directors, affiliates, subsidiaries, partners, predecessors and successors in interest, attorneys, heirs, executors, representatives, successors and assigns, and all persons acting for, by, through, under or in concert with any of them from any and all claims, liabilities, demands, obligations, actions, causes of action, damages, costs, expenses, agreements, suits, debts, sums of money, grievances, defenses, controversies and compensations of any nature whatsoever arising from, relating to, based upon, by reason of, or in any way involving, in whole or in part:  (a) the Movie Agreement; (b) the PFC Letter; (c) the PFC Payment and (d) the Debtor PFC DSA Claims.   Notwithstanding the above, but subject to the next sentence of this Stipulation, the Parties recognize that the Modified Movie Agreement remains in full force and effect and nothing herein releases or discharges any Party from claims, liabilities, demands, obligations, actions, causes of action, damages, costs, expenses, agreements, suits, debts, sums of money, grievances, defenses, controversies and compensations under the Modified Movie Agreement that arise after the Effective Date.  The Parties acknowledge that PFC is not a party to the Modified Movie Agreement and PFC shall have no obligations under, or liabilities in respect of, the Modified Movie Agreement, whether before, on or after the Effective Date.

Notwithstanding the preceding sentence, PFC consents to the rights of AETN under the Modified Movie Agreement to show, and PFC will not impede Lantern from permitting AETN to show, on a non-exclusive basis, the PFC Films set forth on Exhibit 1 hereto during the respective windows set forth on Exhibit 1.  Each of AETN and, to the best of its knowledge, Lantern confirms that Exhibit 2 attached hereto lists all amendments to the Movie Agreement that relate to or affect any PFC Film in any manner whatsoever.

6.      Notwithstanding anything in this Stipulation to the contrary, nothing in this Stipulation, express or implied, is intended to confer on any person or entity other than the Parties or their respective successors and permitted assigns, any rights, remedies, obligations or liabilities under or by reason of this Stipulation.

7.      The Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation.

Dated: December 28, 2018

**WHITEFORD, TAYLOR & PRESTON LLC**

/s/ *L. Katherine Good*
Christopher M. Samis (No. 4909)
L. Katherine Good (No. 5101)
Aaron H. Stulman (No. 5807)
The Renaissance Center, Suite 500
405 North King Street
Wilmington, Delaware 19801
Telephone: (302) 353-4144
Facsimile: (302) 661-9750
Email: csamis@wtplaw.com
        kgood@wtplaw.com
        astulman@wtplaw.com

-and-

**AKIN GUMP STRAUSS HAUER & FELD LLP**
David P. Simonds (admitted *pro hac vice*)
Edward J. McNeilly (admitted *pro hac vice*)
1999 Avenue of the Stars
Suite 600
Los Angeles, California 90067
Telephone: (310) 229-1000
Facsimile: (310) 229-1001
Email: dsimonds@akingump.com
        emcneilly@akingump.com

*Attorneys for Portfolio Funding Company LLC I*

**PEPPER HAMILTON LLP**

*/s/ David B. Stratton*

David B. Stratton (No. 960)
David M. Fournier  (No. 2812)
Evelyn J. Meltzer (No. 4581)
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington,  DE 19801
Telephone: (302) 777-6500
Facsimile: (302) 421-8390
Email:  stratton@pepperlaw.com
        fournierd@pepperlaw.com
        meltzere@pepperlaw.com

-and-

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Michael S. Stamer, Esq. (admitted *pro hac vice*)
Meredith A. Lahaie, Esq. (admitted *pro hac vice*)
One Bryant Park
Bank of America Tower
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email:  mstamer@akingump.com
        mlahaie@akingump.com

*Attorneys for Lantern Entertainment LLC*

**RICHARDS, LAYTON & FINGER, P.A**
*/s/ Zachary I. Shapiro*
Mark D. Collins  (No. 2981)
Russell C. Silberglied  (No. 3462)
Paul N. Heath (No. 3704)
Zachary I. Shapiro  (No. 5103)
One Rodney Square
920 North King Street
Wilmington,  DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email:  collins@rlf.com
            silberglied@rlf.com
        heath@rlf.com
        shapiro@rlf.com

*Attorneys for the Debtors*

**MORRIS, NICHOLS, ARSHT &
TUNNELL LLP**

*/s/ Andrew R. Remming*
Andrew R. Remming (No. 5120)
Matthew O. Talmo (No. 6333)
1201 N. Market St., 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: aremming@mnat.com
        mtalmo@mnat.com

-and-

**WEIL, GOTSHAL & MANGES LLP**
David L. Yohai
Theodore E. Tsekerides
David N. Griffiths
David Yolkut
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: David.Yohai@weil.com
        Theodore.Tsekerides@weil.com
        David.Griffiths@weil.com
        David.Yolkut@weil.com

*Attorneys for A&E Television Networks, LLC*

**Exhibit 1**

**PFC Films and License Period**

| PFC Film | License Period |
|---|---|
| *Grace is Gone* | 11/1/2017 – 10/31/2019 |
| *The Nanny Diaries* | 3/1/2019 – 2/29/2020 |
| *Elvis & Annabelle* | 4/1/2018 – 3/31/2022 |
| *Pulse* | 4/1/2017 – 4/5/2020 |
| *School for Scoundrels* | 5/12/2017 – 5/11/2020 |
| *Awake* | 6/1/2018 – 5/31/2022 |
| *I Could Never Be Your Woman* | 4/1/2017 – 12/31/2018 |
| *The Promotion* | 5/1/2018 – 4/30/2020 |

**Exhibit 2**

**Amendments To Movie Agreement That Affect or Relate to PFC Films**

1. Motion Picture License Agreement Deal Memorandum, dated as of February 7, 2008, between Lifetime Entertainment Services and The Weinstein Company, LLC

2. Amendment to Motion Picture License Agreement Deal Memorandum, dated as of March 14, 2008

3. Elvis and Annabelle Confirmation Letter in Connection with the Lifetime/TWC Motion Picture License Agreement Deal Memorandum, dated as of April 15, 2009

4. Letter Amendment to the Motion Picture License Agreement Deal Memorandum re "Live" and "Girl in the Park," dated as of August 6, 2009

5. Letter Amendment to the Motion Picture License Agreement Deal Memorandum re "The Reader," "Vicky Cristina Barcelona" and 'The Gathering," dated as of August 21, 2009

6. Amendment to Motion Picture License Agreement Deal Memorandum, dated as of May 4, 2010

7. Amendment #4 to Motion Picture License Agreement Deal Memorandum, dated as of February 25, 2013

8. Amendment to Motion Picture License Agreement Deal Memorandum, dated as of August 1, 2013

9. Amendment to Motion Picture License Agreement Deal Memorandum, dated as of July 9, 2014

10. Amendment to Motion Picture License Agreement Deal Memorandum, dated as of March 5, 2015

11. Amendment to Motion Picture License Deal Memorandum, dated as of April 4, 2017