**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------- x
In re:                                                        : Chapter 11
                                                              :
The Weinstein Company Holdings LLC, *et al.*,                 : Case No. 18-10601 (MFW)
                                                              :
    Debtors.[1]                                               : (Jointly Administered)
                                                              :
                                                              : Proposed Obj. Deadline: January 9, 2019 at 4:00 p.m. (ET)
                                                              : Proposed Hearing Date: January 14, 2019 at 11:30 a.m. (ET)
                                                              :
------------------------------------------------------------- x Related Docket No.: 1900

**MOTION TO FILE UNDER SEAL PORTIONS OF THE MOTION OF THE DEBTORS AND LANTERN ENTERTAINMENT, LLC PURSUANT TO FED. R. BANKR. P. 9019 FOR APPROVAL OF (I) SETTLEMENT AGREEMENT REGARDING THE A&E TELEVISION NETWORKS AGREEMENTS AND (II) STIPULATION WITH PORTFOLIO FUNDING COMPANY LLC I**

The above-captioned debtors and debtors in possession (the "Debtors") and Lantern Entertainment, LLC (together with its affiliates, "Lantern"), by and through their undersigned counsel, hereby file this motion (the "Motion to Seal") for entry of an order, pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9018-1(d) and 9018-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors and Lantern to file under seal certain confidential commercial information in the *Motion of the Debtors and Lantern Entertainment, LLC Pursuant to Fed. R. Bankr. P. 9019 For Approval of (I) Settlement Agreement Regarding the A&E Television Networks Agreements and (II)*

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of Debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of this information may be obtained on the website of the Debtors' noticing and claims agent at http://dm.epiq11.com/twc.

#51389449 v1

-2-

*Stipulation with Portfolio Funding Company LLC I* (the "Settlement Motion"). In support of this Motion to Seal, the Debtors and Lantern respectfully state as follows:

## BACKGROUND

1. On December 28, 2018, the Debtors and Lantern filed the Settlement Motion. By the Settlement Motion, the Debtors and Lantern seek Court approval of a settlement agreement (the "Settlement Agreement") by and among the Debtors, Lantern and A&E Television Networks, LLC and its related entities (collectively, "AETN") and a stipulation .

2. The Settlement Motion includes a copy of the Settlement Agreement, which contains certain confidential commercial information and related confidentiality provisions. Accordingly, the Debtors and Lantern are filing this Motion to Seal such confidential information.

## RELIEF REQUESTED

3. By this Motion to Seal, Lantern and the Debtors request entry of an order (i) permitting the Debtors and Lantern to file under seal the unredacted Settlement Motion containing the confidential commercial terms of the Settlement Agreement and (ii) directing that the unredacted Settlement Motion shall remain under seal and confidential and not be made available to anyone except for (a) the Court, (b) the U.S. Trustee (if requested), (c) counsel for the official committee of unsecured creditors (the "Committee") on a "professional eyes only" basis and (d) counsel to AETN.

## BASIS FOR RELIEF REQUESTED

4. Section 107(b) requires the Court to protect confidential commercial information from public disclosure. 11 U.S.C. § 107(b) ("On request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research,

development, or commercial information . . . ."). Once the Court determines that an entity is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, such as confidential commercial information, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

5.  Courts have held that protection under section 107(b) of the Bankruptcy Code must be granted if the information sought to be protected is commercial information, and significantly, that commercial information need not rise to the level of a trade secret to be entitled to protection. *Id*. at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Further, in contrast with Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *Orion Pictures Corp.*, 21 F.3d at 28. Nor does it require a finding of "extraordinary circumstances or compelling need." *Id*. at 27.

6.  Rather, a party seeking the protection of section 107(b) of the Bankruptcy Code need only demonstrate that the information is "confidential" and "commercial" in nature. *Id*. at 27; *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Once it is established that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure. *See Global Crossing*, 295 B.R. at 725.

-4-

7. Sufficient cause exists for the Court to grant the relief requested in this Motion to Seal because the Settlement Motion contains confidential "commercial information" as used in section 107(b)(1).  Specifically, the Settlement Motion includes a copy of the Settlement Agreement, which includes certain information regarding the settlement payment amount.  As reflected in the confidentiality provisions of the Settlement Agreement, AETN treats that information as confidential, and the Debtors and Lantern agreed to not disclose that information.  Permitting disclosure of such information could impair AETN's ability to negotiate similar settlement agreements in the future, provide an unfair advantage to its competitors and cause commercial harm.  The relief requested by this Motion to Seal is also limited in scope and will result in the redaction of the amount of the settlement payment.  All other information regarding the terms of the Settlement Agreement will be publicly disclosed and available to all parties in interest.

8. For these reasons, the Debtors and Lantern submit that good cause exists for the Court to grant the relief requested in this Motion to Seal.

**<u>NOTICE</u>**

9. Notice of this Motion to Seal will be provided to the following parties or their counsel (i) AETN; (ii) the U.S. Trustee; (iii) the Committee; (iv) Portfolio Funding Company LLC I; and (v) parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  The Debtors and Lantern submit that no other or further notice is required under the circumstances.

**CONCLUSION**

WHEREFORE, the Debtors and Lantern respectfully request that the Court enter the proposed order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion to Seal and such other and further relief as is just and proper.

Dated: December 28, 2018
Wilmington, DE

| | |
|---|---|
| */s/ Zachary I. Shaprio* | */s/ David B. Stratton* |
| **RICHARDS, LAYTON & FINGER, P.A.** | **PEPPER HAMILTON LLP** |
| Mark D. Collins (No. 2981) | David B. Stratton, Esq. (No. 960) |
| Russell C. Silberglied (No. 3462) | Evelyn J. Meltzer, Esq. (No. 4581) |
| Paul N. Heath (No. 3704) | Hercules Plaza, Suite 5100 |
| Zachary I. Shapiro (No. 5103) | 1313 N. Market Street |
| Brett M. Haywood (No. 6166) | Wilmington, DE 19801 |
| David T. Queroli (No. 6318) | Telephone: (302) 777-6500 |
| One Rodney Square | Email: stratton@pepperlaw.com |
| 920 North King Street | meltzere@pepperlaw.com |
| Wilmington, DE 19801 | |
| Telephone: (302) 651 7700 | |
| Facsimile: (302) 651-7701 | |
| - and - | - and - |
| **CRAVATH, SWAINE & MOORE LLP** | **AKIN GUMP STRAUSS HAUER & FELD LLP** |
| Paul H. Zumbro (admitted *pro hac vice*) | Meredith A. Lahaie, Esq. (admitted *pro hac vice*) |
| George E. Zobitz (admitted *pro hac vice*) | Michael S. Stamer, Esq. (admitted *pro hac vice*) |
| Karin A. DeMasi (admitted *pro hac vice*) | One Bryant Park |
| Worldwide Plaza | Bank Of America Tower |
| 825 Eighth Avenue | New York, NY 10036 |
| New York, NY 10019 | Email: mlahaie@akingump.com |
| Telephone: (212) 474-1000 | mstamer@akingump.com |
| Facsimile: (212) 474-3700 | |
| *Attorneys for the Debtors* | *Attorneys for Lantern Entertainment, LLC* |