**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------ x
: 
In re: : Chapter 11
: 
The Weinstein Company Holdings LLC, *et al.*, : Case No. 18-10601 (MFW)
: 
Debtors. : (Jointly Administered)
:
: **Related D.I.: 1939 & 1940**
------------------------------------------------------------ x
:
Lantern Entertainment LLC, :
:
Plaintiff, :
: Adv. Pro. No. 18-50924 (MFW)
v. :
: **Related D.I.: __**
Bruce Cohen Productions, and Bruce Cohen, :
:
Defendants. :
------------------------------------------------------------ x

**MOTION OF LANTERN ENTERTAINMENT LLC TO FILE UNDER SEAL EXHIBITS TO AND RELATED CHART REGARDING, AND REDACT CERTAIN INFORMATION FROM EXHIBITS TO DECLARATION REGARDING THE OMNIBUS OBJECTION OF LANTERN ENTERTAINMENT LLC TO (I) SUPPLEMENTAL OBJECTION AND JOINT MOTION OF SLP CONTRACT COUNTERPARTIES TO CLARIFY SALE ORDER; (II) MOTION OF EXECUTORY CONTRACT COUNTERPARTIES FOR ORDER CONFIRMING THAT COUNTERPARTIES' AGREEMENTS HAVE BEEN DESIGNATED BY LANTERN FOR ASSUMPTION AND ASSIGNMENT; AND (III) THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' (A) OBJECTION TO SUPPLEMENTAL NOTICE OF FILING OF LIST OF ASSUMED CONTRACTS PURSUANT TO SALE ORDER AND (B) JOINDER TO THE MOTION OF EXECUTORY CONTRACT COUNTERPARTIES FOR ORDER CONFIRMING THAT COUNTERPARTIES' AGREEMENTS HAVE BEEN DESIGNATED BY LANTERN FOR ASSUMPTION AND ASSIGNMENT**

Lantern Entertainment LLC ("Lantern Entertainment") hereby respectfully moves (the "Motion to Seal") to file under seal certain exhibits (the "Exhibits") and a related Chart (defined below), and redact certain information from the exhibits to the Declaration (defined below) related

to the *Omnibus Objection of Lantern Entertainment LLC to (I) Supplemental Objection and Joint Motion of SLP Contract Counterparties to Clarify Sale Order; (II) Motion of Executory Contract Counterparties for Order Confirming That Counterparties' Agreements Have Been Designated By Lantern for Assumption And Assignment; and (III) The Official Committee of Unsecured Creditors' (A) Objection to Supplemental Notice of Filing of List of Assumed Contracts Pursuant to Sale Order and (B) Joinder to the Motion of Executory Contract Counterparties for Order Confirming That Counterparties' Agreements Have Been Designated By Lantern for Assumption and Assignment* [D.I. 1939] (the "Objection").[1]

## BACKGROUND

1.  The Exhibits – comprising Talent Agreements for the following parties: (i) George Clooney and Dynamic '88 Productions, Inc.; (ii) Bruce Cohen and Bruce Cohen Productions; (iii) Bradley Cooper and 22nd and Indiana, Inc.; (iv) Robert De Niro and Canal Productions, Inc.; (v) Donna Gigliotti; (vi) Jon Gordon and Jon Gordon Productions, Inc.; (vii) Jennifer Lawrence and Floffin, Inc.; (viii) Bill Murray and Willie Lump Lump Enterprises, Inc.; (ix) Brad Pitt and Potter, Inc.; (x) Julia Roberts and Sabajka Productions II, Inc.; (xi) David O. Russell and Kanzeon Corp.; (xii) Meryl Streep; and (xiii) David Zucker and Jerry's Brother, Inc. – contain sensitive economic and commercial terms and information, necessitating that the terms of the Exhibits remain confidential. As the Talent Agreements are the subject of the Objection, and as not all of the Talent Agreements have been filed with the Court to date (and not in one particular place), it is necessary for Lantern Entertainment to file the Talent Agreements at this time.

2.  For ease of reference for the Court, Lantern Entertainment has prepared a chart (the "Chart"), which lists out each of the Exhibits, the alleged outstanding obligations contained

---

[1] Capitalized term not defined herein shall have the meanings ascribed to them in the Objection.

within each, as alleged by the above listed parties, and where in the Objection such alleged outstanding obligations are addressed. Because the Chart contains information pulled from each of the Exhibits, the Chart contains sensitive commercial terms and information, necessitating that the Chart itself, along with the Exhibits, remain confidential.

3. Additionally, several of the exhibits to the declaration in support of the Objection (the "Declaration") contain sensitive economic and commercial terms. Such terms necessitate that Lantern Entertainment redact several of the exhibits to the Declaration.

## RELIEF REQUESTED

4. By this Motion to Seal, Lantern Entertainment respectfully requests the entry of an Order authorizing Lantern Entertainment to file the Exhibits and the Chart under seal, and redact certain information from exhibits to the Declaration, and directing that the Exhibits, the Chart, and the un-redacted exhibits to the Declaration remain under seal and confidential, and not be made available to any entity other than: (i) the Court; (ii) counsel to the Debtors; (iii) counsel to the Official Committee of Unsecured Creditors (the "Committee"); (iv) counsel to the counterparties to the Exhibits; and (v) the Office of the United States Trustee.

## BASIS FOR RELIEF REQUESTED

5. Section 107(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code") provides bankruptcy courts with the power to issue orders that will protect entities from potential harm resulting from the disclosure of confidential information. Section 107(b) of the Bankruptcy Code provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may —
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

3

11 U.S.C. § 107(b).

6. Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

Fed. R. Bankr. Proc. 9018.

7. Rule 9018-1(d)–(g) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>") likewise provide the process for filing documents under seal.

8. Once a court determines that an entity is seeking protection of information that falls within section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Picture Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994); *see also* 2 *Collier on Bankruptcy* ¶ 107.01, at 107-2 (15th ed. 1993). Under section 107(b) of the Bankruptcy Code, a party only needs to show that the information it seeks to seal is "confidential" and "commercial" in nature. *Id.*

9. "Commercial information is 'information which would result in an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Altegrity, Inc.*, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) (quoting *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006). Further, "[d]isclosure of

4

[the] information [must] reasonably be expected to cause the entity commercial injury." *Id.* "And, information, if subject to disclosure, must 'unfairly benefit' that entity's competitors. *Id.* at 76. "Such information, however, need not rise to the level of a 'trade secret.'" *Orion*, 21 F.3d at 28.

10.     Sufficient cause exists for this Court to grant the relief requested in this Motion to Seal.  The Exhibits contain certain information concerning financial arrangements, revenues, and expenses for films that is customarily deemed to be confidential and proprietary in the film industry because it can be used for competitive purposes.  Indeed, certain of the Talent Parties filed a motion to seal their Talent Agreements.  *See* Docket No. 1763.  Additionally, as explained above, the Chart contains similar sensitive commercial terms and information, which, if disclosed, may be used for competitive purposes.  Lastly, because the exhibits to the Declaration contain economic and financial figures relating to confidential agreements by and among a number of parties, such information must be redacted. Therefore, good cause exists to authorize Lantern Entertainment to file the Exhibits and the Chart under seal, and to redact certain information from the exhibits to the Declaration pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and in the manner prescribed by Local Rule 9018-1.

## **NOTICE**

11.     Notice of this Motion to Seal will be provided to (a) the Debtors; (b) the Office of the United States Trustee; (c) counsel to the Committee; (d) counsel to counterparties to the Exhibits; and (e) all persons and entities that have filed a request for service of filings in these chapter 11 cases pursuant to Bankruptcy 2002 and Local Rule 2002-1(b).

*[Remainder of Page Intentionally Left Blank]*

EAST\163732202.5

**WHEREFORE**, Lantern Entertainment respectfully requests that the Court enter an order, substantially in the form of the proposed order attached hereto as <u>Exhibit A</u>, granting the relief requested in this Motion to Seal, directing that the Exhibits, the Chart, and the un-redacted exhibits to the Declaration remain under seal and confidential as provided herein, subject only to review by (i) the Court; (ii) counsel to the Debtors; (iii) counsel to the Committee; (iv) counsel to the counterparties to the Exhibits; and (v) the Office of the United States Trustee; and granting such other relief as the Court deems just and proper.

Dated: January 7, 2018  
      Wilmington, Delaware

          */s/ R. Craig Martin*  
          R. Craig Martin (DE No. 5032)  
          Maris J. Kandestin (DE No. 5294)  
          DLA PIPER LLP (US)  
          1201 N. Market Street, Suite 2100  
          Wilmington, DE 19801  
          Telephone: (302) 468-5700  
          Facsimile: (302) 394-2341  
          Email: craig.martin@dlapiper.com  
                 maris.kandestin@dlapiper.com

          - and -

          Thomas R. Califano (admitted *pro hac vice*)  
          Rachel Ehrlich Albanese (admitted *pro hac vice*)  
          DLA PIPER LLP (US)  
          1251 Avenue of the Americas  
          New York, NY 10020  
          Telephone: (212) 335-4500  
          Facsimile: (212) 335-4501  
          Email: thomas.califano@dlapiper.com  
                 rachel.albanese@dlapiper.com

          *Counsel for Lantern Entertainment LLC*