# EXHIBIT A

# (Proposed Order)

EAST\163732202.5

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| The Weinstein Company Holdings LLC, *et al.*, | : | Case No. 18-10601 (MFW) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Related D.I.: __** |
| | : | |
| Lantern Entertainment LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Adv. Pro. No. 18-50924 (MFW) |
| v. | : | |
| | : | **Related D.I.: __** |
| Bruce Cohen Productions, and Bruce Cohen, | : | |
| | : | |
| Defendants. | : | |

**ORDER AUTHORIZING LANTERN ENTERTAINMENT LLC TO FILE UNDER SEAL EXHIBITS TO AND RELATED CHART REGARDING, AND TO REDACT CERTAIN INFORMATION FROM EXHIBITS TO DECLARATION REGARDING THE OMNIBUS OBJECTION OF LANTERN ENTERTAINMENT LLC TO (I) SUPPLEMENTAL OBJECTION AND JOINT MOTION OF SLP CONTRACT COUNTERPARTIES TO CLARIFY SALE ORDER; (II) MOTION OF EXECUTORY CONTRACT COUNTERPARTIES FOR ORDER CONFIRMING THAT COUNTERPARTIES' AGREEMENTS HAVE BEEN DESIGNATED BY LANTERN FOR ASSUMPTION AND ASSIGNMENT; AND (III) THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' (A) OBJECTION TO SUPPLEMENTAL NOTICE OF FILING OF LIST OF ASSUMED CONTRACTS PURSUANT TO SALE ORDER AND (B) JOINDER TO THE MOTION OF EXECUTORY CONTRACT COUNTERPARTIES FOR ORDER CONFIRMING THAT COUNTERPARTIES' AGREEMENTS HAVE BEEN DESIGNATED BY LANTERN FOR ASSUMPTION AND ASSIGNMENT**

Upon the Motion (the "Motion to Seal")[1] of Lantern Entertainment LLC ("Lantern Entertainment") seeking entry of an order pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, authorizing Lantern Entertainment to file under seal the Exhibits and the Chart, and to redact certain information from the Quick Agreements; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that the venue of this proceeding and the Motion to Seal is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion to Seal is in the best interests of the parties in interest; and the Court having found that Lantern Entertainment's notice of the Motion to Seal was appropriate under the circumstances, and no other notice need be provided; and the Court having reviewed and considered the Motion to Seal; and the Court having determined that the legal and factual bases set forth in the Motion to Seal establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion to Seal is GRANTED.

2. Lantern Entertainment is authorized to file the Exhibits and the Chart under seal, and to redact certain information from the exhibits to the Declaration, and such seal and redacted information shall be maintained pursuant to Local Rule 9018-1. The information included in the

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion to Seal.

Exhibits, the Chart, and the un-redacted exhibits to the Declaration shall remain strictly confidential and use of such information shall be subject to Local Rule 9018-1(e).

3. Neither the Exhibits, the Chart, nor the un-redacted exhibits to the Declaration shall be disseminated to anyone other than: (i) the Court; (ii) counsel to the Debtors; (iii) counsel to the Committee; (iv) counsel to the counterparties to the Exhibits; and (v) the Office of the United States Trustee, without either (a) the express consent of Lantern Entertainment; or (b) further order of the Court, which order shall not be granted without notice and an opportunity to object being provided to Lantern Entertainment. Such parties shall be bound by this Order and shall keep at all times confidential information in the Exhibits, the Chart, and the un-redacted exhibits to the Declaration strictly confidential and shall not disclose such contents thereof to any party whatsoever.

4. The terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

5. Lantern Entertainment is authorize to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion to Seal.

6. The Court retains jurisdiction with respect to all matters arising out of or relating to the implementation, interpretation, and enforcement of this Order.