**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>THE WEINSTEIN COMPANY HOLDINGS, LLC, *et al.*,<br><br>        Debtors. | Chapter 11<br><br>Case No. 18-10601 (MFW)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 1939** |
| LANTERN ENTERTAINMENT LLC,<br><br>        Plaintiff,<br><br>v.<br><br>BRUCE COHEN PRODUCTIONS, and BRUCE COHEN,<br><br>        Defendants. | Adv. Proc. No. 18-50924 (MFW)<br><br><br><br>**Re: Adv. Docket No. 25** |

**MOTION TO STRIKE OBJECTION OF LANTERN ENTERTAINMENT LLC TO (I) SUPPLEMENTAL OBJECTION AND JOINT MOTION OF SLP CONTRACT COUNTERPARTIES TO CLARIFY SALE ORDER; (II) MOTION OF EXECUTORY CONTRACT COUNTERPARTIES FOR ORDER CONFIRMING THAT COUNTERPARTIES' AGREEMENTS HAVE BEEN DESIGNATED BY LANTERN FOR ASSUMPTION AND ASSIGNMENT; AND (III) THE OFFICE COMMITTEE OF UNSECURED CREDITORS' (A) OBJECTION TO SUPPLEMENTAL NOTICE OF FILING OF LIST OF ASSUMED CONTRACTS PURSUANT TO SALE ORDER AND (B) JOINT TO THE MOTION OF EXECUTORY CONTRACT COUNTERPARTIES FOR ORDER CONFIRMING THAT COUNTERPARTIES' AGREEMENTS HAVE BEEN DESIGNATED BY LANTERN FOR ASSUMPTION AND ASSIGNMENT**

The executory contract counterparties listed on Exhibit A hereto (collectively, the "**Counterparties**") – comprising prominent actors, directors, producers, and writers in the entertainment industry – respectfully request entry of an Order: (a) striking the entirety of the objection (the "**Objection**") to (I) the Supplemental Objection and Joint Motion of SLP Contract Counterparties to Clarify Sale Order [Docket No. 1664] (the "**Motion to Clarify**"); (II) the Motion of Executory Contract Counterparties for Order Confirming That Counterparties' Agreements Have Been Designated by Lantern for Assumption and Assignment [Docket No. 1724] (the

1

"**Motion to Confirm**"); and (III) The Official Committee of Unsecured Creditors (A) Objection to Supplemental Notice of Filing of List of Assumed Contracts Pursuant to Sale Order and (B) Joinder to the Motion of Executory Contract Counterparties for Order Confirming That Counterparties' Agreements Have been Designated By Lantern for Assumption and Assignment [Docket No. 1771] (the "**Committee Joinder**"), in its entirety from the adversary proceeding against Bruce Cohen Productions and Bruce Cohen (the "**Adversary Proceeding**"); and (b) striking portions of the Objection from the main case as provided herein:

### A. The Objection Should Be Stricken In Its Entirety From The Adversary Proceeding Against Bruce Cohen Productions and Bruce Cohen.

1. On October 18, 2018, Lantern Entertainment LLC ("**Lantern**") filed Plaintiff's Motion for Summary Judgment to Determine the NonExecutory Nature of a Contract [Adv. D.I. No. 6 (the "**Summary Judgment Motion**") in the above-captioned adversary proceeding. The Answering Brief of Defendants Bruce Cohen Products and Bruce Cohen [Adv. D.I. No. 10] was filed by the Defendants on November 1, 2018, and Lantern filed its Reply Memorandum of Law on November 8, 2018 [Adv. D.I. No. 11]. On November 15, 2018, Lantern filed a Request for Oral Argument [Adv. D.I. No. 13], and on November 19, 2018, Lantern filed a Notice of Completion of Briefing with respect to the Summary Judgment Motion [Adv. D.I. No. 16]. As such, in accordance with the Local Rules of the Bankruptcy Court, the Summary Judgment Motion was fully briefed, and briefing closed. By Order of this Court dated December 11, 2018, the Court scheduled argument for January 14, 2019.

2. Although the Objection – filed seven days prior to the hearing on the Motion for Summary Judgment – states, on its face, that it is Lantern's response solely to the Motion to Clarify, the Motion to Confirm, and the Committee Joinder (each of which was filed in the Debtors' main chapter 11 case, and not in the adversary proceeding), Lantern filed the identical

2

Objection in both the main case and the Adversary Proceeding. There is simply no basis under the Local Rules or otherwise to file it in the Adversary Proceeding. Lantern's motive for filing the Objection in the Adversary Proceeding is clear from the fact that a substantial portion of the Objection deals with the issue of whether the "Talent Agreements" are executory – an issue that is not even raised by any of the motions pending in the main case; that issue is only raised in the Motion for Summary Judgment filed by Lantern. Lantern chose the basis for its relief in its Motion for Summary Judgment, and that issue was dutifully briefed by the Defendants in accordance with the Local Rules. Lantern acknowledged as much by filing a Notice of Completion of Briefing. The Local Rules do not authorize Lantern to file any further pleadings in the adversary proceeding, and the Objection is nothing more than a disguised supplemental brief raising new argument on the issue of whether the agreements are executory.[1]

3. Based on the above, the Objection should be stricken from the adversary proceeding in its entirety, and the Court should not consider it in any way in connection with the hearing on the Motion for Summary Judgment.

### B. The Objection Should Be Stricken In Part From The Main Case.

4. As provided above, a substantial portion of the Objection deals with the issue of whether the Talent Contracts are executory. However, the issue of whether the Talent Contracts are executory was not raised by the Motion to Clarify or the Motion to Confirm, and a determination of that issue is not necessary for the adjudication of either motion. The Motion to

---

[1] While Lantern's new counsel, DLA Piper LLP, may wish to supplement arguments made by Lantern's prior counsel, Akin Gump, it is bound by its former counsel to Lantern, and should not be allowed to file supplemental pleadings in the adversary proceeding in the guise of objecting to motions filed in the main case. And, while Lantern may argue that the main case and the adversary proceeding deal with related matters, Lantern was not authorized, and should not be permitted to file any further pleadings in this record in support of its Motion for Summary Judgment.

3

Clarify specifies: "While this Motion does not deal with the issue of whether the SLP Contracts are executory, the SLP Counterparties reserve all rights with respect to that issue." *Motion at Clarify* at p. 12.[2] Similarly, the Motion to Confirm does not seek adjudication of the issue of whether the Talent Agreements are executory, but rather, seeks a determination of this Court regarding the impact of Lantern's improper and ambiguous designation of the Talent Agreements in its November 8, 2019 designation of contracts to be assumed and assigned.[3]

5. In essence, Lantern now seeks to define the issues raised in the Motion to Clarify and the Motion to Confirm, however, it is not the movant, and has no right to dictate the relief movants' seek. As the issue of whether the Talent Contracts are executory was not raised by the relevant motions; the issue of whether an agreement is executory is raised only by the Motion for Summary Judgment. As discussed above, the Court should strike pages 18-28 of the Objection as

---

[2] Pursuant to the Motion to Clarify, the SLP Counterparties seek the following relief: (i) pursuant to section 105(a) of the Bankruptcy Code, clarifying the Sale Order and the Amended Sale Order to make clear that the SLP Counterparties' rights, remedies, claims and interests with respect to the SLP Contracts and the Objections are preserved, even after the Designation Deadline, including all rights, remedies, claims and interests that the SLP Counterparties may have under applicable federal, state or common law, with respect to Lantern's exploitation of the Film without the SLP Counterparties' consent and without performing obligations due and owing to the SLP Counterparties; (ii) scheduling a hearing to adjudicate the Objections and directing the Debtors and Lantern to demonstrate, if capable, that each of the SLP Contracts constitute property of the Debtors' estates pursuant to Section 541 of the Bankruptcy Code; (iii) finding that, if the SLP Contracts are deemed property of these estates and were sold to Lantern pursuant to the APA, Lantern must nonetheless perform the payment and non-payment obligations inherent in the SLP Contracts going forward. Interestingly, pursuant to the Objection Lantern now concedes that it is obligated to, and that it has "**agreed to pay post-closing amounts that may come due under [the Talent Agreements]**." [Emphasis supplied.] *Objection* at p.2.

[3] Pursuant to the Motion to Confirm, the Counterparties seek an Order of this Court: (1) confirming that (a) the Counterparties' agreements have been designated by Lantern for assumption and assignment subject only to the resolution of cure amounts, or, in the alternative, that (b) Lantern has failed appropriately to designate the Counterparties' agreements for assumption and assignment to Lantern by the November 8, 2018 court-ordered deadline and may no longer unilaterally do so without the agreement of the Counterparties; and (2) granting such other further relief as is just and proper." *Motion to Confirm* at p.17.

4

filed in the main case.

## CONCLUSION

The Objection raises numerous issues that are not relevant to a determination of the relief requested by the Motion to Clarify or the Motion of Confirm. For example, whether Lantern may use and exploit the Covered Titles independent of the Talent Agreements is not an issue before this Court, and extensively was briefed by Lantern in the Objection. Regardless, this Motion to Strike is concerned solely with Lantern's transparent attempt to use the Objection as an opportunity – seven days before a hearing on the motions – to brief and file supplemental arguments relevant only to the Bruce Cohen Adversary Proceeding, and deny Defendants a meaningful opportunity to respond.

Based on the above, the Counterparties respectfully request that this Court strike the Objection in its entirety from the Adversary Proceeding, strike pages 18-28 of the Objection as filed in the main case (which pages deal exclusively to the issue of whether the agreements are executory), and grant such other and further relief as is just.

*[Signature Page to Follow]*

Dated: January 8, 2019

CROSS & SIMON, LLC

*/s/ Christopher P. Simon*
Christopher P. Simon (No. 3697)
1105 North Market Street, Suite 901
Wilmington, DE 19801
Telephone: (302) 777-4200
csimon@crosslaw.com

- and -

LANDAU GOTTFRIED & BERGER LLP
Michael I. Gottfried
Roye Zur
1801 Century Park East, Suite 700
Los Angeles, CA 90067
Telephone: (310) 557-0050
mgottfried@lgbfirm.com
rzur@lgbfirm.com

*Attorneys for Counterparties Listed on Exhibit A hereto*