IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| The Weinstein Company Holdings LLC, *et al.*, | : | Case No. 18-10601 (MFW) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Re: Docket Nos. 846, 1664, 1695, 1724, 1771, 1939, 1940, 1958, 1960** |
| Lantern Entertainment LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Adv. Pro. No. 18-50924 (MFW) |
| v. | : | |
| | : | **Re: Adv. Pro. Docket Nos. 1, 6, 7, 8, 10, 11, 25, 26, 31** |
| Bruce Cohen Productions, and Bruce Cohen, | : | |
| | : | |
| Defendants. | : | |

**OBJECTION OF LANTERN ENTERTAINMENT LLC TO MOTION
OF TALENT PARTIES TO STRIKE OMNIBUS OBJECTION OF
<u>LANTERN ENTERTAINMENT AND ALL JOINDERS THERETO</u>**

Lantern Entertainment LLC ("<u>Lantern Entertainment</u>"), by and through its undersigned counsel, DLA Piper LLP (US), files this objection (the "<u>Objection</u>") to the *Motion to Strike Objection of Lantern Entertainment LLC to (I) Supplemental Objection and Joint Motion of SLP Contract Counterparties to Clarify Sale Order; (II) Motion of Executory Contract Counterparties for Order Confirming that Counterparties' Agreements Have Been Designated by Lantern for Assumption and Assignment; and (III) the Office [sic] Committee of Unsecured Creditors' (A) Objection to Supplemental Notice of Filing of List of Assumed Contracts Pursuant to Sale Order and (B) Joint [sic] to the Motion of Executory Contract Counterparties for Order Confirming That Counterparties' Agreements Have Been Designated by Lantern for Assumption and Assignment*

and any joinders thereto [Docket Nos. 1958, 1960; Adv. Pro. Docket No. 31] (collectively, the "Motion to Strike") filed by the Talent Parties.[1]

**PRELIMINARY STATEMENT**

The Movants have filed multiple, internally inconsistent pleadings that at the same time argue that this Court lacks jurisdiction because the Debtors never took assignment of the contracts and they were never property of the Debtor's Estates, while also arguing that this Court should compel Lantern Entertainment to "cure" obligations under those same contracts. In light of this internally inconsistent, illogical position taken by Movants it is important that the Court be presented with the facts related to, and legal import of, these agreements. To argue otherwise is to ask this Court to make a decision with less than a full record. Yet, the Talent Parties have filed the Motion to Strike the Omnibus Objection Lantern Entertainment filed in response to the Talent Party Motions in the adversary proceeding and pages 18-28 thereof in the contested matter to restrict the record and hamper this Court's ability to fully assess all the legal issues raised.

The latest filing should be seen for what it truly is—a litigation tactic to avoid what has become clear i.e., that the Talent Parties recognize that their position that their agreements are executory contracts which Lantern Entertainment assumed and must now "cure" is simply unsupportable. Faced with that reality, these litigants, who have already clogged the docket with an inordinate amount of filings, will clearly do anything to avoid a ruling on the merits of their claims.

---

[1] Capitalized terms not defined in this Objection shall have the meanings given to such terms in the *Omnibus Objection of Lantern Entertainment LLC to (I) Supplemental Objection and Joint Motion of SLP Contract Counterparties to Clarify Sale Order; (II) Motion of Executory Contract Counterparties for Order Confirming that Counterparties' Agreements Have Been Designated by Lantern for Assumption and Assignment; and (III) the Official Committee of Unsecured Creditors' (A) Objection to Supplemental Notice of Filing of List of Assumed Contracts Pursuant to Sale Order and (B) Joinder to the Motion of Executory Contract Counterparties for Order Confirming That Counterparties' Agreements Have Been Designated by Lantern for Assumption and Assignment* (the "Omnibus Objection").

As the Court agreed at the November 29, 2019 hearing (the "November 29 Hearing"), the Talent Party Motions and the Summary Judgment Pleadings center on the **same core issue**—whether the Talent Agreements are executory.  As the Court indicated that it would not entertain any replies with respect to the Omnibus Objection, the Talent Parties have resorted to trying to strike the Omnibus Objection because they are not happy that it summarily disposes of their claims.  Throwing up nuisance roadblocks and running from the writing on the wall is not going to turn non-executory contracts into executory ones.

## ARGUMENT

**A.  The Talent Party Motions and the Summary Judgment Pleadings All Center on the Same Core Issue—the Alleged Executory Nature of the Talent Agreements**

1.  The Talent Party Motions were scheduled to go forward at the November 29 Hearing.  Also scheduled for that hearing was the pre-trial conference in the Adversary Proceeding.  At the November 29 Hearing, counsel for Lantern Entertainment argued that the Talent Party Motions should be adjourned and heard in conjunction with argument on the Summary Judgment Pleadings, because the issues presented in the Talent Party Motions and the Summary Judgment Pleadings were so interrelated that it would be an affront to judicial economy for the Court to handle them piecemeal.  The Court agreed that the Talent Party Motions and the Summary Judgment Pleadings should be resolved together.  *See* Hr'g Tr., at 61:25 – 62:1 ("I agree with Lantern's counsel that these three motions are related and really ought to be resolved together."); *see also* Hr'g Tr., at 62:9–10 – 62:11–13 ("I think… I should hear all of the motions together.… I think that they overlap; the arguments do overlap and complicate what might be a simple resolution.").[2]

---

[2]  A copy of the transcript from the November 29 Hearing is attached to this Objection as Exhibit A.

2. Further, in the Motion to Clarify filed by the Talent Parties, they refer to their contracts as being executory (or disagreeing with any interpretation that they are non-executory) no fewer than ten times—the core issue at the heart of this dispute. *See* Docket No. 1664, at ¶¶ 9, 22, n.3, n.4, n.7, Ex. B., Ex. D. In the Motion to Confirm, the Talent Parties ask that the Court confirm that the Talent Agreements are to be assumed and assigned by Lantern Entertainment. As only executory contracts may be assumed, the Talent Parties are clearly taking the position that their Talent Agreements are executory in the Motion to Confirm. It is thus, difficult to see how the Talent Parties can argue that the issue doesn't relate to these motions.

3. Underscoring the overlap between the Talent Party Motions and the Summary Judgment Pleadings and consequently the impropriety of their motion, the Talent Parties seek to strike portions of the Omnibus Objection which address the Sale Order, not because the arguments are improperly interposed but rather because they are inconveniently adverse to the untenable positions they have taken throughout these cases (e.g., *see,* Omnibus Objection, at ¶¶ 22, 23, 37, 46, 47).

4. The simple fact is that Lantern Entertainment used the Cohen Talent Agreement as an example for the sake of efficiency, because that agreement was already before the Court by virtue of the Adversary Proceeding and would be discussed at oral argument on the Summary Judgment Pleadings on January 14th along with argument on the Talent Party Motions. As noted in the Omnibus Objection, the Talent Agreements are substantially similar; indeed, the same obligations remain on the Debtors' side—contingent monetary payments, and on the side of some or all of the Talent Parties—the handful of contingent performance items discussed in the Omnibus

Objection.[3] Lantern Entertainment could have referred to any of the Talent Agreements and made the same arguments that it made in the Omnibus Objection and can make those same arguments in connection with future adversary proceedings or motion practice, if any, initiated against the Talent Parties in connection with the Talent Agreements.

5. Finally, Rule 5001(a)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that all papers must be accepted by the Clerk of the Court and there is no basis to strike any filing in the contested matter. The Omnibus Objection contains legal argument and the proper way to deal with legal argument is to address it at a contested hearing, and the mere fact that Lantern Entertainment put both captions on the pleading because the Court ordered a consolidated hearing is no basis for a Motion to Strike in the adversary proceeding to strike Lantern Entertainment's argument on a key issue pending before the Court.

6. Further, motions to strike are generally disfavored in this District. *See Fesnak & Assocs., LLP v. U.S. Bank Nat'l Ass'n*, 772 F. Supp. 2d 496, 502 (D. Del. 2010) ( "[a]s a general matter, motions to strike . . . . are disfavored.").[4]

7. For these reasons, the Motion to Strike should be overruled.

## CONCLUSION

8. The Talent Party Motions turn on one central issue—whether the Talent Agreements are executory. The issues raised in the Talent Party Motions and Summary Judgment

---

[3] Of note, not all of the Talent Parties' contingent performance items are present in the Cohen Talent Agreement. This highlights the utility of the Omnibus Objection, which includes a discussion of all such obligations vis-à-vis the constantly alleged executory nature of the Talent Agreements.

[4] The *Fesnak & Associates* court applied the Rule 12(f) standard to an affirmative defense asserted in a pleading, which is instructive and analogous in this situation, although not directly applicable to motions or contested matters under Bankruptcy Rule 9014, which does not incorporate Rule 8 – definition of pleadings – or Rule 12(f) to contested matters. That standard is that, first the material must be surplusage – here it is not – and its presence will prejudice the moving party. Even if that standard applied, the Talent Parties have failed to meet the high burden established under Rule 12(f) because the material is related to the hearing ordered by the Court; indeed its exclusion would prejudice Lantern Entertainment's response to the Talent Parties not defendants in the adversary proceeding.

Pleadings are so inextricably intertwined that this Court found that the issues raised in those pleadings should be decided in tandem.  The Motion to Strike is nothing by another attempt by the Talent Parties to create confusion around straightforward legal issues in an effort to distract from the failure of the positions they have taken one hundred times over in these Chapter 11 Cases.  Accordingly, Lantern Entertainment respectfully requests that the Court overrule the Motion to Strike.

| | |
|---|---|
| Dated: January 11, 2019<br>Wilmington, Delaware |   /s/ R. Craig Martin<br>R. Craig Martin (DE No. 5032)<br>Maris J. Kandestin (DE No. 5294)<br>DLA PIPER LLP (US)<br>1201 N. Market Street, Suite 2100<br>Wilmington, DE 19801<br>Telephone:  (302) 468-5700<br>Facsimile:  (302) 394-2341<br>Email: craig.martin@dlapiper.com<br>       maris.kandestin@dlapiper.com<br><br> - and -<br><br>Thomas R. Califano (admitted *pro hac vice*)<br>Rachel Ehrlich Albanese (admitted *pro hac vice*)<br>DLA PIPER LLP (US)<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Telephone:  (212) 335-4500<br>Facsimile: (212) 335-4501<br>Email: thomas.califano@dlapiper.com<br>       rachel.albanese@dlapiper.com<br><br>*Counsel for Lantern Entertainment LLC* |

EAST\163880992.3