**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------x
              :
              :     Chapter 11
THE WEINSTEIN COMPANY HOLDINGS     :
LLC, *et al.*,            :     Case No. 18-10601 (MFW)
              :
          Debtors.[1]  :     (Jointly Administered)
              :
              :     **Hearing Date: May 23, 2019 at 10:30 a.m. (ET)**
              :     **Objection Deadline: May 15, 2019 at 4:00 p.m. (ET)**
---------------------------------------------------------------x

### DEBTORS' APPLICATION PURSUANT TO 11 U.S.C. §§ 327(e) AND 328(a) TO RETAIN AND EMPLOY BERNSTEIN LITOWITZ BERGER & GROSSMANN, LLP AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO MAY 1, 2019

The Weinstein Company Holdings LLC and its affiliated debtors and debtors in possession (collectively, the "**Debtors**" or the "**Company**") hereby file this application (the "**Application**"), seeking entry of an order, pursuant to sections 327(e), 328(a), and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing the employment and retention of Bernstein Litowitz Berger & Grossmann, LLP ("**BLBG**") as special litigation counsel to the Debtors *nunc pro tunc* to May 1, 2019 (the "**Retention Date**"), on the terms set forth in that certain engagement letter, dated

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

May 1, 2019 (the "**Engagement Letter**").[2]  In support of this Application, the Debtors submit (i)

the declaration of Mark Lebovitch, a partner at BLBG (the "**Lebovitch Declaration**"), a copy of

which is attached hereto as __**Exhibit B**__, and (ii) the declaration of Alan M. Jacobs, a copy of

which is attached hereto as __**Exhibit C**__ (the "**Jacobs Declaration**"), and respectfully state as

follows:

**Jurisdiction and Venue**

1.    The Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District

Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant

to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of

a final order by the Court in connection with this matter to the extent that it is later determined

that the Court, absent consent of the parties, cannot enter final orders or judgments consistent

with Article III of the United States Constitution.  Venue is proper before the Court pursuant to

28 U.S.C. §§ 1408 and 1409.

**General Background**

2.    On March 19, 2018 (the "**Petition Date**"), each of the Debtors filed a

voluntary petition with this Court for relief under Chapter 11 of the Bankruptcy Code. The

Debtors continue to manage and operate their businesses as debtors in possession under

Bankruptcy Code sections 1107(a) and 1108.  On March 28, 2018, the Office of the United

States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee

of unsecured creditors in these chapter 11 cases (the "**Committee**").  As of this date, no trustee

or examiner has been appointed in these chapter 11 cases.  The Debtors' chapter 11 cases have

---

[2] A copy of the Engagement Letter is attached hereto as __**Exhibit D**__.

been jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

3.      Additional information on the Debtors' business and capital structure, as well as a description of the events precipitating the filing of these cases, is set forth in the *Declaration of Robert Del Genio in Support of First Day Relief* [Docket No. 7] (the "**First Day Declaration**").[3]

## Specific Background

### A.      The Mediation Process and Standing Motion

4.      As part of these chapter 11 cases, the Debtors, the Committee, certain of the Debtors' former directors and officers (collectively, the "**Former Directors and Officers**") and certain parties asserting claims against the Debtors and the Former Directors and Officers arising out of alleged misconduct by Harvey Weinstein (the "**Harassment Claims**") engaged in confidential mediation proceedings (the "**Mediation**") regarding, among other things, the Harassment Claims and certain claims the Debtors may have against the Former Directors and Officers (the "**D&O Claims**").[4]   In connection with the Mediation, the Debtors and the Committee filed a joint motion to confer standing to the Committee to investigate, settle, and/or pursue the D&O Claims [Docket No. 1668] (the "**Standing Motion**").

5.      While the Mediation was ongoing, the Debtors and the Committee adjourned the hearing on the Standing Motion for several months.  To date, the Mediation has failed to produce a consensual resolution.  On April 23, the Debtors withdrew the Standing Motion.  *See* Docket No.  2322.

---

[3] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the First Day Declaration.

[4] As set forth in the Engagement Letter, BLBG's representation of the Debtors in connection with the D&O Claims also includes potential claims against certain former representatives and employees of the Debtors.

**B.** **The D&O Claims**

6.      As of the date hereof, the Debtors believe that the last principal assets of their estates are the D&O Claims.  The Debtors believe that exploring the possibility of pursuing the D&O Claims is in their estates' and creditors' best interests.  However, given that the Debtors' resources are both limited and decreasing, the Debtors believe that it is in their best interests to retain BLBG, under a contingency-fee arrangement, to continue to investigate, advise and consult on the D&O Claims, and, only if requested by the Debtors or any successor in interest, to thereafter prosecute and/or settle the D&O Claims.

<u>Relief Requested</u>

7.      By this Application, the Debtors seek authorization to employ and retain BLBG as their special litigation counsel for the D&O Claims, pursuant to section 327(e) of the Bankruptcy Code, effective *nunc pro tunc* to the Retention Date.

<u>BLBG's Qualifications</u>

8.      Since its founding in 1983, BLBG has been prosecuting class and private actions on behalf of a variety of clients, including both institutions and individuals.  BLBG is widely recognized as one of the leading law firms worldwide advising institutional investors on issues related to corporate governance, shareholder rights, and securities litigation.  Throughout its history, BLBG has been involved in numerous, significant class action lawsuits and has recovered in excess of $32 billion for its clients.  In addition, as set forth in the Lebovitch Declaration, BLBG has recently been involved in significant actions regarding, among other things, sexual harassment claims.  Given BLBG's extensive experience and record of success, the Debtors believe that BLBG is uniquely qualified to advise and consult on the D&O Claims,

4

and if so requested, represent the Debtors or any successor in interest in connection with the D&O Claims, which involve complex areas of corporate law and governance.

**Services to Be Provided**

9.      Consistent with the Engagement Letter, the services that BLBG is expected to perform include, but are not limited to, the following: (a) advising the Debtors with respect to the viability of the D&O Claims, and if so requested, representing the Debtors or any successor in interest in connection with the D&O Claims; and (b) interacting and coordinating with the Debtors' other professionals and personnel in furtherance of the foregoing.

10.     The services described above, set forth in the Engagement Letter, and those services related thereto are essential for the Debtors to administer their estates.  As set forth above, the D&O Claims represent the Debtors' last remaining potential assets.  With restricted liquidity and resources, the Debtors themselves do not have the ability to devote sufficient time to adequately investigate and resolve the D&O claims, other than through the engagement of contingency counsel such as BLBG.  BLBG has indicated to the Debtors that BLBG is willing and able to perform these and other services related thereto.

**Compensation**

11.     As set forth more fully in the Engagement Letter, the Debtors will compensate the professionals of BLBG on a contingency-fee basis.  To the extent that a monetary recovery is achieved (i) from the Retention Date to within six months of BLBG providing the Debtors' Former Directors and Officers notice of the intent to mediate or arbitrate, BLBG will be entitled to 25% of any monetary recovery or (ii) at any time thereafter, BLBG will

be entitled to 30% of any monetary recovery.[5]   However, if the Debtors choose to accept a settlement offer without BLBG's consent, then BLBG shall be entitled to the greater of 40% of any such recovery under the applicable settlement or five times BLBG's lodestar amount. Finally, to the extent that the Debtors' chapter 11 cases convert to cases under chapter 7 of the Bankruptcy Code and the chapter 7 trustee appointed therein does not retain BLBG, BLBG shall be entitled to file a final fee application for all work performed up to that date at three-quarters of BLBG's usual hourly rates.

12.     In addition to the fees set forth above, BLBG will advance the costs of its direct expenses, including expert witness fees and travel expenses, subject to BLBG's ability to receive reimbursement from any gross recovery received by the Debtors in connection with the D&O Claims.   However, BLBG will not incur any single expense in excess of $10,000.00 without prior approval from the Debtors.

13.     The Debtors respectfully submit that BLBG's fee structure is comparable to those generally charged by other law firms of similar stature to BLBG for comparable engagements, both in and out of bankruptcy.

14.     With respect to all fees and costs incurred by BLBG from and after the Retention Date, regardless of whether such fees are sought in connection with a recovery based on the D&O Claims, a chapter 7 trustee opting not to retain BLBG, or BLBG's termination, BLBG intends to file with the Court a final application for allowance of such fees and costs in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 247], and any other applicable procedures and orders

---

[5] To the extent that BLBG's representation is terminated by the Debtors, BLBG may seek either (i) the reasonable and fair value of the services provided by BLBG prior to such termination, as determined by the Court, or (ii) a proportional share of the contingency fee portion of the ultimate benefit conferred on the Debtors.

of this Court. In addition, BLBG will make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013,* in connection with any final fee application to be filed by BLBG in these chapter 11 cases.

15.     Prior to the Retention Date, BLBG performed no services for the Debtors. Accordingly, BLBG does not hold a retainer. BLBG has not shared or agreed to share any of its compensation received from the Debtors with any other persons, except as permitted by section 504 of the Bankruptcy Code.

## No Duplication of Services

16.     The Court has previously authorized the Debtors to retain: (a) Cravath, Swaine & Moore LLP, as bankruptcy counsel to the Debtors; (b) Richards, Layton & Finger, P.A., as bankruptcy co-counsel to the Debtors; (c) FTI Consulting, Inc., to provide interim management services to the Debtors; (d) Moelis & Company LLC, as investment banker to the Debtors; (e) Seyfarth Shaw LLP, as special litigation counsel related to employment related actions; (f) WithumSmith+Brown, P.C., as tax services provider and (g) Epiq Bankruptcy Solutions, LLC, as administrative advisor and claims and noticing agent. The Debtors' directors are committed to minimizing duplication of services. To that end, BLBG and the Debtors' other professionals will coordinate their efforts to avoid the duplication of services.

## Bases for Relief Requested

17.     Section 327(e) of the Bankruptcy Code provides that a debtor subject to court approval:

> [M]ay employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the

> estate, and if such attorney does not represent or hold any
> interest adverse to the debtor or to the estate with respect to
> the matter on which such attorney is to be employed.

11 U.S.C § 327(e).

18.    Retention of an attorney under section 327(e) does not require the same searching inquiry required for a debtor to retain general bankruptcy counsel under section 327(a). *See Meespierson Inc. v. Strategic Telecom Inc.*, 202 B.R. 845, 847 (D. Del. 1996) ("[S]pecial counsel employed under [section] 327(e) need only avoid possessing a conflict of interest concerning the matter at hand.").

19.    Nevertheless, the phrase "does not represent or hold any interest adverse to the debtor or to the estate" requires a factual determination of "all relevant facts surrounding the debtors' case, including, but not limited to, the nature of the debtor's business, all foreseeable employment of special counsel, [and] the expense of replacement counsel. . ." *In re Woodworkers Warehouse, Inc.*, 323 B.R. 403, 406 (D. Del. 2005).  In general, however, subject to the requirements of sections 327 and 1107, a debtor-in-possession is entitled to the counsel of its choosing.  *In re Vouzianas*, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

20.    Here, retaining BLBG as special litigation counsel for the D&O Claims, pursuant to section 327(e) of the Bankruptcy Code, is in the best interests of the Debtors' estates, and satisfies all other applicable standards for retention under the Bankruptcy Code and the Bankruptcy Rules.

21.    Initially, to the best of the Debtors' knowledge, information, and belief, and except as otherwise set forth in the Lebovitch Declaration, BLBG: (i) does not hold or represent any interest adverse to the Debtors on any matters in which it is to be engaged; and (ii)

does not have any connections with the D&O Parties in Interest (as defined in the Lebovitch Declaration) and/or their respective attorneys and accountants.

22.    In addition, retaining and employing BLBG as special litigation counsel on the terms set forth herein is in the best interests of the Debtors and their estates.  In light of BLBG's experience, BLBG is well-positioned to represent the Debtors during these chapter 11 cases as special litigation counsel.

### Notice

23.    The Debtors will provide notice of this Application to:  (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the DIP Agent and the Pre-Petition Agent; (iv) counsel to Spyglass; (v) the New York Attorney General and the California Attorney General; (vi) the Office of the United States Attorney for the District of Delaware; and (vii) all parties entitled to notice pursuant Bankruptcy Rule 2002.  A copy of the Application is also available on the Debtors' case website at http://dm.epiq11.com/twc.

### No Prior Request

24.    No previous request for the relief requested herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: May 1, 2019                      The Weinstein Company Holdings LLC (for itself
Woodmere, New York              and on behalf of its subsidiaries)

                                        */s/ Alan M. Jacobs*
                                        Alan M. Jacobs
                                        Board Member

9