IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
: 
THE WEINSTEIN COMPANY HOLDINGS : Chapter 11
LLC, *et al.*, :
: Case No. 18-10601 (MFW)
:
Debtors.[1] : (Jointly Administered)
:
: **Re: Docket Nos. 2362 & 2363**
------------------------------------------------------------x

**REPLY TO OBJECTIONS TO DEBTORS' APPLICATION PURSUANT TO
11 U.S.C. §§ 327(e) AND 328(a) TO RETAIN AND EMPLOY BERNSTEIN LITOWITZ
BERGER & GROSSMANN, LLP AS SPECIAL LITIGATION COUNSEL
TO THE DEBTORS *NUNC PRO TUNC* TO MAY 1, 2019**

The Weinstein Company Holdings LLC and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") respectfully submit this reply to the objections filed with respect to the *Debtors' Application Pursuant to 11 U.S.C. §§ 327(e) and 328(a) to Retain and Employ Bernstein Litowitz Berger & Grossmann, LLP as Special Litigation Counsel to the Debtors* Nunc Pro Tunc *to May 1, 2019* [D.I. 2337] (the "**Application**")[2] and respectfully state as follows:

1. The Debtors seek to retain Bernstein Litowitz Berger & Grossmann, LLP ("**BLBG**") to investigate, advise on and (if requested) pursue D&O Claims that the Debtors believe are the primary remaining assets in the estates. Nobody disputes that BLBG is highly qualified to evaluate and pursue such claims, that BLBG is conflict-free as required by Section 327(e), or that BLBG's compensation structure is reasonable and consistent with those offered

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

RLF1 21289128v.1

by comparable firms. Nor does any party dispute that the Debtors' other counsel are not in a position to evaluate or pursue those claims.

2. Instead, the thrust of both the Committee's objection ("**Committee Obj.**") and the Tort Claimants' objection ("**TC Obj.**") is that the Court should deny the Board the benefit of counsel regarding the D&O Claims and empower non-Debtor parties—the Tort Claimants, the Former Directors and Officers, various insurance carriers and others—to continue trying to negotiate for the compromise of estate claims without the Debtors' involvement. Those suggestions are inappropriate and should be rejected.

3. In the first place, the Debtors are a necessary party to any settlement. To be clear, there can be and will be no settlement of the D&O Claims, "global" or otherwise, without the Debtors being represented by counsel in connection with those claims.[3] Indeed, the surest way to eliminate *any* prospect of a resolution is to deny the Debtors the representation and advice they require to evaluate, and participate in the negotiation of, any such settlement.

4. It is beyond dispute that the Board is the fiduciary responsible for maximizing the value of the Debtors' assets, including recovery from the D&O Claims, whether through pursuing such claims or through settlement. To determine whether a compromise of such claims is in the best interests of the estates, the Board must be informed about the claims, their potential value, and the risks and potential rewards of pursuing or settling them. *See In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (settlement must be "fair, reasonable, and in the interest of the estate," which requires weighing "(1) the probability of success in the litigation; (2) the difficulties to be encountered in collection; (3) the complexity of the litigation and related expense and inconvenience; and (4) the interests of the creditors"). To

be informed about those matters, the Board requires the assistance and advice of counsel with experience and expertise in evaluating and prosecuting similar claims. The Board has determined that BLBG, based on their background and experience, is best able to evaluate, advise and if requested, pursue the D&O Claims to maximize recovery for the estates.

5.  For a period of time, in connection with the Standing Motion [D.I. 1668] and for the reasons stated therein, the Debtors agreed to confer standing on the Committee to investigate and, in its discretion, settle the D&O claims, and the Committee appointed representatives to pursue a mediation of those claims together with claims asserted by the Tort Claimants. Those efforts failed, however, and on April 23, 2019, the Debtors withdrew the Standing Motion. [D.I. 2322]. Accordingly, at this time, neither the Committee nor the Tort Claimants has any authority to negotiate a resolution of D&O Claims.

6.  Even if they had such authority, which they do not, there is no reason to "believe that the parties are literally days away" or even months away from a settlement of the D&O Claims. (*See* TC Obj. ¶ 4.) Every indication is to the contrary. As the Tort Claimants acknowledge, "[d]uring the past year, Mr. Melnick has conducted at least 11 separate mediation sessions" as well as "dozens of telephone conferences and countless emails."[4] (*Id.* ¶ 3.) Across all those many months, with all the time spent and legal fees incurred, the Debtors have lost count of the number of times they have been told the mediation has reached a "critical juncture" (*id.* ¶ 16) or that the parties are "literally days away" from a deal (*id.* ¶ 4). The Debtors give no credence to any of those protestations and neither should this Court.

---

[3] For that reason, the Committee's suggestion that the Debtors require counsel only if "no global settlement [is] reached" (UCC Obj. at 2) is wrong. There can be and will be no settlement without the Debtors retaining new counsel to advise them on the D&O Claims.

[4] The Debtors respectfully submit that it would be inappropriate for Mr. Melnick to seek to have ex parte communications with the Court regarding a confidential mediation. Suffice it to say that the mediation apparently is ongoing, but the Debtors are not participating.

7. Finally, the Court should reject pleas for yet more delay for several reasons. *First*, as stated above, there is no prospect of any settlement without the Debtors retaining new counsel in connection with the D&O Claims. Without the benefit of counsel, the Board is not equipped to consider, let alone approve, any settlement presented to it. *Second*, the Tort Claimants are wrong that there is "no real immediate threat to the estate"—even if that were some legal standard the Debtors had to meet, which it is not (*See* TC Obj. ¶ 11.) To the contrary, as both the Committee and the Tort Claimants know, there are at least two immediate threats to the estates that necessitate retaining BLBG now: the Debtors face certain timing considerations regarding the initiation of potential proceedings, and the estates are running out of funds. For both reasons, the Debtors must act quickly to position themselves or a Chapter 7 trustee to pursue the D&O Claims promptly through experienced counsel at BLBG.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: May 20, 2019
Wilmington, Delaware

　　　　　　　　　　　　　　　　　　　*/s/ David T. Queroli*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Brett M. Haywood (No. 6166)
David T. Queroli (No. 6318)
One Rodney Square
920 North King Street
Wilmington, DE  19801
Telephone:　(302) 651-7700
Facsimile:　(302) 651-7701

- and -

**CRAVATH, SWAINE & MOORE LLP**
Paul H. Zumbro (admitted *pro hac vice*)
George E. Zobitz (admitted *pro hac vice*)
Karin A. DeMasi (admitted *pro hac vice*)
David A. Herman (admitted *pro hac vice*)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for the Debtors
and Debtors in Possession*