## THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| THE WEINSTEIN COMPANY HOLDINGS LLC, *et al.*,[1] | Case No. 18-10601 (MFW) |
| Debtors. | Jointly Administered<br>**Objection Deadline: October 7, 2019 at 4:00 p.m. (ET)**<br>**Hearing Date: October 29, 2019 at 10:30 a.m. (ET)** |

### JOINT MOTION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO FED. R. BANKR. P. 9019 FOR APPROVAL OF SETTLEMENT AGREEMENT BETWEEN THE DEBTORS, TIM GUNN, AND TIM GUNN PRODUCTIONS, INC.

The Weinstein Company Holdings LLC ("TWCH") and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Bankruptcy Cases") and the Official Committee of Unsecured Creditors (the "Committee") hereby file this joint motion (the "Motion") for approval of a settlement agreement between the Debtors, Tim Gunn, and Tim Gunn Productions, Inc. ("TGP" and, together with Mr. Gunn, the "Gunn Parties"). In support of this Motion, the Debtors and Committee respectfully represent as follows:

### RELIEF REQUESTED

1.      By this Motion, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors and Committee request the entry of an order authorizing them to compromise and settle claims pursuant to that certain *Settlement Agreement*

---

[1]  The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013.  Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

*and Mutual Release* dated September 10, 2019, between the Debtors and the Gunn Parties (together, the "Parties"), substantially in the form attached to the Proposed Order (as defined herein) as Exhibit 1 (the "Settlement Agreement").[2]

2.      A proposed form of order granting the relief requested in this Motion is annexed hereto as Exhibit A (the "Proposed Order").

## JURISDICTION

3.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors and Committee consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### A.      Case Background

5.      On March 19, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2]      A capitalized term used but not defined herein shall have the meaning ascribed to it in the Settlement Agreement.

6.     On March 28, 2018, the Office of the United States Trustee for the District of
Delaware appointed the Committee.  As of this date, no trustee or examiner has been appointed in
these Bankruptcy Cases.  These Bankruptcy Cases have been jointly administered for procedural
purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

B.     **Nature of Dispute**

7.     On February 15, 2019, the Gunn Parties filed the following proofs of claim in the
Bankruptcy Cases (collectively, the "Claims").

| Claim No. | Debtor | Claim |
|---|---|---|
| 20319 | The Weinstein Company LLC | Claim Type: *Unsecured* <br> Amount: Unliquidated |
| 20329 | Weinstein Television LLC | Claim Type: *Unsecured* <br> Amount: Unliquidated |
| 60091 | Weinstein Television LLC | Claim Type: *Administrative* <br> Amount: Unliquidated |
| 60094 | The Weinstein Company LLC | Claim Type: *Administrative* <br> Amount: Unliquidated |

8.     Each of the Claims are based on an alleged breach of an agreement dated May 5,
2019 (as amended, the "Project Runway Agreement") between TGP and non-debtor Runway
Productions, Inc. ("RPI"), for which Weinstein Television LLC guaranteed RPI's obligations to
TGP pursuant to a guaranty (the "Project Runway Guaranty").[3]

---

[3]   The Debtors also identified the Project Runway Agreement and certain other agreements related to Project
Runway in various filings as potentially executory contracts with The Weinstein Company LLC and subject to
potential assumption and assignment.  *See, e.g.*, *Final List of Potentially Assumed and Assigned Contracts* filed
on May 10, 2018 [Docket No. 860-1], Ex. 1 at 1865-66.

9.     The Gunn Parties assert that, pursuant to that certain Amendment to the Project Runway Agreement entered into as of April 5, 2016 (the "2016 Amendment") by and between RPI and TGP, RPI was required to compensate the Gunn Parties for a minimum of fourteen (14) Season 17 episodes.  Mr. Gunn alleges that he held himself available to render services on the Season 17 episodes as contemplated in the 2016 Amendment, and did not seek any engagements that might interfere with the full and timely performance of his services in connection therewith.

10.     On or about June 21, 2018, the Gunn Parties terminated the Project Runway Agreement as against RPI based on RPI's breach.  On July 3, 2018, the Debtors confirmed in writing that the Project Runway Agreement and certain other agreements entered into with the Gunn Parties related to Project Runway would not be assumed and assigned because the buyer was no longer interested in assuming such agreements.  As set forth more fully in the Claims, the Gunn Parties assert that they are owed not less than $2,184,000.00 under the 2016 Amendment that became due on June 1, 2018.

## THE SETTLEMENT AGREEMENT

11.     The Settlement Agreement has the following material terms:[4]

- Allowance of an Administrative Claim.

  - Claim No. 60094 shall be allowed as an administrative claim against Debtor The Weinstein Company LLC in the amount of $100,000.

  - Claim No. 60091 shall be allowed as a contingent administrative claim against Debtor Weinstein Television LLC and allowed to the extent Claim No. 60094 is not satisfied in full, up to a maximum allowed amount of $100,000.

- Allowance of an Unsecured Claim.

  - Claim No. 20329 shall be allowed as a general unsecured claim against Debtor Weinstein Television LLC in the amount of $2,084,000.00; *provided*, *however*, that in the event that a plan of

---

[4]    This summary is qualified in its entirety by reference to the provisions of the Settlement Agreement.

liquidation is confirmed in these Bankruptcy Cases that does not substantively consolidate the estates of Weinstein Television LLC and The Weinstein Company LLC, or such Bankruptcy Cases are converted to cases under chapter 7 of the Bankruptcy Code, then the Allowed GUC Claim shall be deemed an allowed general unsecured claim against Debtor The Weinstein Company LLC in the amount of $1,042,000.00, and an allowed general unsecured claim against Debtor Weinstein Television LLC in the amount of $1,042,000.00.

- Any and all agreements by and between any Debtor and the Gunn Parties shall be deemed rejected and terminated.

- The Debtors and Gunn Parties shall exchange mutual general releases in connection with the Claims.

## BASIS FOR RELIEF REQUESTED

12.     Federal Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Pursuant to Bankruptcy Rule 9019(a), the authority to approve a compromise settlement is within the sound discretion of the bankruptcy court. *In re Key3Media Grp., Inc.*, 336 B.R. 87, 92 (Bankr. D. Del. 2005). In exercising this discretion, courts consider whether the compromise and settlement is fair and equitable, reasonable, and in the best interests of the debtor's estate. *See, e.g.*, *In re Penn Cent. Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979); *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).

13.     A settlement should be approved by a court so long as the settlement is above "the lowest point in the range of reasonableness." *In re Washington Mutual Inc.*, 442 B.R. 314, 328 (Bankr. D. Del. 2011); *see also Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Key3Media Group, Inc.*, 336 B.R. 87, 92-93 (Bankr. D. Del. 2005). In deciding whether a particular settlement falls within the range of reasonableness, courts consider the following factors: (a) the probability of success in the litigation; (b) the difficulties in collection; (c) the complexity, expense, inconvenience and delay of the litigation; and (d) the paramount

5

interests of creditors.  *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

14.     The terms of the Settlement Agreement are within the range of reasonableness. Under the Settlement, the Claims of not less than $2,184,000 in administrative priority will be settled for a $100,000 administrative claim and a $2,084,000 general unsecured claim.  The resolution of the Claims benefits the Debtors' estates and their creditors in that it releases significant administrative claims against the estates, thereby increasing amounts available for distribution to other constituents, including general unsecured creditors.  In addition the Debtors and Committee will not be required to spend additional fees litigating the Claims.

15.     Further, authorizing the Debtors and the Committee to enter into and effectuate the terms of the Settlement Agreement is well within the equitable powers of this Court.  *See* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."); *see also Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."); *In re Cooper Props. Liquidating Trust, Inc.*, 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) (noting that bankruptcy court is "one of equity and as such it has a duty to protect whatever equities a debtor may have in property for the benefit of its creditors as long as that protection is implemented in a manner consistent with the bankruptcy laws.").

16.     In this case, the benefits of the Settlement Agreement are well within "the lowest point in the range of reasonableness" and entering into the Settlement Agreement is a sound exercise of the Debtors' business judgment.

6

17.      Accordingly, the Settlement Agreement should be approved under Bankruptcy Rule 9019 and section 363 of the Bankruptcy Code.

## NOTICE

18.      Notice of this Motion will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Gunn Parties; and (iii) all parties that have requested service of notices pursuant to Bankruptcy Rule 2002.  Accordingly, the Debtors and the Committee submit that no other or further notice is necessary.  A copy of the Motion is also available on the Debtors' case website at http://dm.epiq11.com/twc.  The Debtors and the Committee respectfully submit that such notice is sufficient under the circumstances.

19.      No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE the Debtors and the Committee respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

*[Remainder of page intentionally left blank]*

DOCS_LA:323689.3

Dated:  September 23, 2019                    PACHULSKI STANG ZIEHL & JONES LLP


                                             */s/ Colin R. Robinson*
                                             James I. Stang (CA Bar No. 94435)
                                             Robert J. Feinstein (NY Bar No. 1767805)
                                             Debra I. Grassgreen (CA Bar No. 169978)
                                             Colin R. Robinson (DE Bar No. 5524)
                                             919 North Market Street, 17th Floor
                                             P.O. Box 8705
                                             Wilmington, DE  19899 (Courier 19801)
                                             Telephone: 302-652-4100
                                             Facsimile:  302-652-4400
                                             E-mail:  jstang@pszjlaw.com
                                                      rfeinstein@pszjlaw.com
                                                      dgrassgreen@pszjlaw.com
                                                      crobinson@pszjlaw.com

                                             *Counsel for the Official*
                                             *Committee of Unsecured Creditors*

8

RICHARDS, LAYTON & FINGER, P.A.

*/s/ David T. Queroli*
Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Brett M. Haywood (No. 6166)
David T. Queroli (No. 6318)
One Rodney Square
920 North King Street
Wilmington, DE  19801
Telephone: (302) 651 7700
Facsimile: (302) 651-7701

- and -

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (admitted *pro hac vice*)
George E. Zobitz (admitted *pro hac vice*)
Karin A. DeMasi (admitted *pro hac vice*)
David A. Herman (admitted *pro hac vice*)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for the Debtors*
*and Debtors in Possession*

DOCS_LA:323689.3