# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>The Weinstein Company Holdings, LLC, *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 18-10601 (MFW)<br>Jointly Administered<br><br>**Hearing Date: Feb. 25, 2020 @ 10:30 a.m.**<br>**Obj. Deadline: Feb. 18, 2020 @ 4:00 p.m.** |

## MOTION TO COMPEL COMPLIANCE WITH SALE ORDER

Sartraco, Inc. ("**Sartraco**"), by and through undersigned counsel, hereby moves (the "**Motion**") the Court for entry of an order compelling Netflix, Inc. ("**Netflix**") and/or SpyGlass Media Group, LLC (f/k/a Lantern Entertainment LLC) ("**SpyGlass**") to comply with the Sale Order (defined below). In support of the Motion, Sartraco respectfully states as follows:

## BACKGROUND

1. On March 20, 2018 (the "**Petition Date**"), The Weinstein Company, LLC ("**TWC**") and its affiliated debtors ("**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2. On the Petition Date, Debtors filed a motion seeking this Court's approval of the sale of substantially all of their assets (the "**Sale**"). The Court entered an order approving the Sale of the Debtors' assets to SpyGlass on May 9, 2018 (the "**Sale Order**"). The Sale closed on July 13, 2018.

3. Sartraco and TWC were parties to that certain "Sin City 2" Domestic Distribution Agreement Dated as of April 26, 2012 and a First Amendment to "Sin City 2" Domestic Distribution Agreement (collectively, the "**Distribution Agreement**"). Pursuant to the Distribution Agreement, Sartraco granted TWC the exclusive right (subject to certain exceptions not relevant to this Motion) to distribute and exploit (the "**Rights**") to the film

"Sin City 2" (the "**Film**") in the geographic territory described in the Distribution Agreement.

4. The Distribution Agreement further provided that that upon rejection of the Distribution Agreement, Sartraco may terminate the grant of Rights (the "**Termination Right**") to TWC, with such Rights reverting to Sartraco. The Termination Right is secured by a perfected security interest in the Rights.

5. Prior to the Petition Date, Sartraco commenced an arbitration proceeding with JAMS against TWC for certain breaches of the Distribution Agreement. On March 2, 2018, Sartraco was granted a final award against TWC in the amount of $17,377,267 (the "**Arbitration Award**"). Sartraco filed a proof of claim based on the Arbitration Award which was given claim number 20188 (the "**Claim**").

6. On February 8, 2019, Sartraco filed its *Motion (I) to Compel Rejection of Distribution Agreement and other Agreements Related to Sin City 2, and (II) for Determination that Automatic Stay does not Apply to Exercise of Termination Right* [Docket No. 2073] (the "**Motion to Compel Rejection**").

7. On April 1, 2019, the Court entered its *Agreed Order Granting Motion (I) to Compel Rejection of Distribution Agreement and other Agreements Related to Sin City 2, and (II) for Determination that Automatic Stay does not Apply to Exercise of Termination Right* [Docket No. 2251] (the "**Agreed Order**"). A true and correct copy of the Agreed Order is attached hereto as Exhibit A. Pursuant to the terms of the Agreed Order, (i) the Motion to Compel Rejection was granted, (ii) the Distribution Agreement and the Related Contracts were rejected effective as of entry of the Agreed Order (the "**Rejection Date**"), (iii) the automatic stay was deemed not to prohibit Sartraco's exercise of the Termination Right, and

(iv) the Claim was reduced to $5 million and allowed as a general unsecured claim against TWC.

8. Following entry of the Agreed Order, Sartraco sent a *Notice of Exercise of Termination Right* (the "**Termination Notice**") to TWC. Accordingly, TWC no longer has any right, title or interest in or to the Film.

9. On information and belief, following the Rejection Date and issuance of the Termination Notice, a number of entities, including Netflix, had continued to pay TWC and/or Spyglass monies on account of sub-licenses relating to the Film. Upon information and belief, the Film is subject to that certain *License Agreement for Internet Transmission No. 2 (Shared Window Output) dated April 16, 2012* between TWC and Netflix (as amended and modified, the "**Netflix License Agreement**"). The Netflix License Agreement was assumed and assigned to Spyglass pursuant to the Sale Order. *See also* Docket Nos. 216, 282, 482 and 860, relevant pages of which are attached hereto as Exhibit B.

10. Following conversations between counsel to Sartraco, Netflix and Spyglass, Spyglass turned over to Sartraco funds it had received from Netflix related to the Film for the period from the Rejection Date through approximately August, 2019.[1]

11. Sartraco has requested that Netflix pay over any current or future license fees it would otherwise owe to Spyglass under the Netflix License Agreement relating to its distribution of the Film to Sartraco. Netflix has refused to do so. On information and belief, Netflix has not paid any additional amounts due under the Netflix License Agreement to Spyglass since August, 2019. Also on information and belief, over $200,000 was owing by Netflix under the Netflix License Agreement in December 2020.

---

[1] Spyglass has also turned over funds to Sartraco related to non-Netflix sublicense agreements covering the Film. Only Netflix is at issue in this Motion.

**RELIEF REQUESTED**

12. By this Motion, Sartraco seeks entry of an order, substantially in the form attached hereto as Exhibit C, (i) compelling Netflix -and Spyglass to the extent Spyglass has received or receives license fees from Netflix relating to the Film - to pay over any current or future license fees it would otherwise owe to Spyglass under the Netflix License Agreement relating to its distribution of the Film to Sartraco; and (ii) granting such other relief as the Court deems just and warranted.

**BASIS FOR RELIEF REQUESTED**

13. The Sale Order provides, at paragraph 66, that the Court retains jurisdiction to enforce the terms of the Sale Order.

14. The Sale Order further provides that upon Spyglass' assumption of the Netflix License Agreement, that it was "fully and irrevocably vested with all rights, title and interest of the Debtors' under the [Netflix License Agreement] …" and was "… deemed to be substituted for the Debtors as a party to the [Netflix License Agreement]…". *See* Sale Order ¶35.

15. Upon delivery of the Termination Notice, Spyglass, as TWC's substitute, lost any right to, or interest in, the Film as the Rights had reverted to Sartraco.[2] Accordingly, any amounts due to Spyglass, as TWC's assignee under the Netflix License Agreement, inure to Sartraco as owner of the Rights and should be paid directly to Sartraco by Netflix or, if paid to Spyglass, then paid by Spyglass to Sartraco. Yet Netflix has refused to pay the license fees due under the Netflix License Agreement to Sartraco. On information and belief, Netflix has simply stopped paying *any* license fees related to the Film. The substitution of Sartraco as the ultimate party with the Rights in the Film does not permit Netflix to rewrite the terms of, and modify its

---

[2] On information and belief, Spyglass does not dispute this fact.

obligations under, the Netflix License Agreement which was assumed and assigned to Spyglass pursuant to this Court's Sale Order.

WHEREFORE, Sartraco respectfully requests entry of an order (i) compelling Netflix - and Spyglass to the extent Spyglass has received or receives license fees from Netflix relating to the Film - to pay over any current or future license fees it would otherwise owe to Spyglass under the Netflix License Agreement relating to its distribution of the Film to Sartraco; and (ii) granting such other relief as the Court deems just and warranted.

Dated: February 10, 2020

**Buchanan Ingersoll & Rooney PC**

*/s/ Mary F. Caloway*
Mary F. Caloway (No. 3059)
919 North Market Street, Suite 990
Wilmington, Delaware 19801-3046
Telephone: (302) 552-4200
mary.caloway@bipc.com

*Counsel for Sartraco, Inc.*