# EXHIBIT B

# CRAVATH, SWAINE & MOORE LLP

JOHN W. WHITE
EVAN R. CHESLER
RICHARD W. CLARY
STEPHEN L. GORDON
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE

DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1059

WRITER'S EMAIL ADDRESS
kdemasi@cravath.com

KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
MARGARET SEGALL D'AMICO
RORY A. LERARIS
KARA L. MUNGOVAN

NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN
MICHAEL P. ADDIS
JUSTIN C. CLARKE
SHARONMOYEE GOSWAMI
C. DANIEL HAAREN
EVAN MEHRAN NORRIS
LAUREN M. ROSENBERG

———

SPECIAL COUNSEL
SAMUEL C. BUTLER

———

OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY

May 4, 2020

<u>Weinstein, Harvey vs. Weinstein Company Holdings LLC, et al.</u>
<u>(JAMS Ref. No. 1425024989)</u>

Dear Arbitrator Davidson:

        We write on behalf of the Estate of The Weinstein Company Holdings LLC ("the Estate"), a Respondent in the above-captioned arbitration (the "Arbitration"). In light of Claimant Harvey Weinstein's failure to pursue this Arbitration since prior to the Estate's bankruptcy filing on March 19, 2018, the Estate respectfully requests that this Arbitration be dismissed. (*See* Apr. 27, 2020 Email from C. Brancato to K. DeMasi (stating that "in view of the lack of a response" from Claimant, "Arbitrator Davidson . . . will now entertain an application to dismiss the arbitration").)

        Claimant filed his Demand on October 25, 2017. Shortly after discovery began, the Estate filed a petition for bankruptcy on March 19, 2018, which automatically stayed the Arbitration. (*See* Mar. 20, 2018 Email from K. DeMasi to R. Davidson.) Since that time—for more than two years—Claimant has failed to pursue this Arbitration in any way, and has never sought to lift the automatic stay. (*See* Mar. 20, 2018 Email from R. Davidson to Counsel.) Claimant has also repeatedly failed to provide substantive responses to the Arbitrator's inquiries—including on whether Claimant will pursue his Demand. (*See, e.g.*, Jan. 29, 2019 Email from V. Guevara to Counsel; June 26, 2019 Email from V. Corvey to M. Gerst; July 2, 2019 Email from V. Corvey to P. Kupferstein; July 30, 2019 Email from V. Corvey to P. Kupferstein; Aug. 20, 2019 Email from V. Corvey to P. Kupferstein; Sept. 20, 2019 Email from C. Brancato to P. Kupferstein; Oct. 11, 2019 Email from C. Brancato to P. Kupferstein; Nov. 7, 2019 Email from C. Brancato to P. Kupferstein; Jan. 3, 2020 Email from C. Brancato to Counsel; Mar. 17, 2020 Email from C. Brancato to Counsel; Apr. 27, 2020 Email from R. Davidson to P. Kupferstein; May 1, 2020 Email from P. Kupferstein to R. Davidson.) Claimant has received ample warning, through various counsel, that his failure to respond to the Arbitrator's inquiries could lead to dismissal of the Arbitration—and yet he has still failed to respond. (*See, e.g.*, Mar. 24, 2020 Email from C. Brancato to Counsel; Apr. 27, 2020 Email from C. Brancato to Counsel.)

Case 18-10601-MFW    Doc 2960-2    Filed 09/02/20    Page 3 of 7

2

       Claimant, who is now imprisoned at Wende Correctional Facility in Western New York, has plainly failed to prosecute his Demand.  It is prejudicial to the Estate, which has limited resources for the benefit of its stakeholders, for the Arbitration to continue.  Accordingly, the Estate respectfully requests that the Arbitrator grant this application to dismiss the Demand and close the Arbitration.

                                      Respectfully submitted,

                                      */s/ Karin A. DeMasi*

                                      Karin A. DeMasi

Robert B. Davidson
    JAMS, Arbitrator
        620 Eighth Avenue, 34th Floor
            New York, NY 10018

Christopher Brancato
    JAMS, Case Manager
        620 Eighth Avenue, 34th Floor
            New York, NY 10018

BY EMAIL AND USPS

Copy to:

Phyllis Kupferstein
    Kupferstein Manuel LLP
        865 South Figueroa Street, Suite 3338
            Los Angeles, California 90017

BY EMAIL AND USPS



KUPFERSTEIN MANUEL LLP

May 12, 2020

Robert B. Davidson
JAMS, Arbitrator
620 Eighth Avenue, 34th Floor
New York, New York  10018

      RE:    Weinstein, Harvey v. The Weinstein Company Holdings, LLC et al.
              JAMS Reference No. 1425024989

Dear Mr. Davidson:

      This letter is in opposition to the application of The Weinstein Company Holdings, LLC (the "Estate") to dismiss the above-captioned arbitration (the "Arbitration"). The Estate complains of Mr. Weinstein's lack of prosecution of the matter, but it was the Estate that first sought, and obtained on March 10, 2018, a stay of the Arbitration even prior to its filing a petition for bankruptcy. The petition for bankruptcy relief was filed on March 19, 2018.

      The Estate does not dispute that the filing of the bankruptcy petition created an automatic stay of the Arbitration, but faults Mr. Weinstein for not seeking relief from the stay. However, this office is unaware of the Estate ever offering to seek relief jointly so that the Arbitration could proceed. We would like to know if the Estate is willing to seek relief from the automatic stay jointly with Mr. Weinstein, or would at least not oppose such a motion by Mr. Weinstein.

      The Estate claims that "[i]t is prejudicial to the Estate, which has limited resources for the benefit of its stakeholders, for the Arbitration to continue." However, the Estate offers no evidence of any such prejudice, while the prejudice to Mr. Weinstein resulting from dismissal of his claims in the Arbitration is obvious.

      Given the circumstances of the COVID-19 pandemic and stay at home orders, and Mr. Weinstein's imprisonment and the logistical issues that entails, we see no reason why the Arbitration could not be stayed for another six months while we determine how we may logistically proceed.

Robert B. Davidson, JAMS
RE:  Weinstein, Harvey v. The Weinstein Company Holdings, LLC, et al.
May 12, 2020
Page 2


      Accordingly, we ask that the Arbitration not be dismissed and closed at this time, and that the parties jointly report on the status of the bankruptcy and Mr. Weinstein's ability to proceed in 90 days.


      Very truly yours,

      *Phyllis Kupferstein*

      Phyllis Kupferstein

# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1059

WRITER'S EMAIL ADDRESS
kdemasi@cravath.com

JOHN W. WHITE, EVAN R. CHESLER, RICHARD W. CLARY, STEPHEN L. GORDON, ROBERT H. BARON, DAVID MERCADO, CHRISTINE A. VARNEY, PETER T. BARBUR, THOMAS G. RAFFERTY, MICHAEL S. GOLDMAN, RICHARD HALL, JULIE A. NORTH, ANDREW W. NEEDHAM, STEPHEN L. BURNS, KATHERINE B. FORREST, KEITH R. HUMMEL, DAVID J. KAPPOS, DANIEL SLIFKIN, ROBERT I. TOWNSEND, III, PHILIP J. BOECKMAN, WILLIAM V. FOGG, FAIZA J. SAEED, RICHARD J. STARK, THOMAS E. DUNN, MARK I. GREENE, DAVID R. MARRIOTT, MICHAEL A. PASKIN, ANDREW J. PITTS, MICHAEL T. REYNOLDS, ANTONY L. RYAN, GEORGE E. ZOBITZ, GEORGE A. STEPHANAKIS, DARIN P. MCATEE, GARY A. BORNSTEIN, TIMOTHY G. CAMERON, KARIN A. DEMASI, DAVID S. FINKELSTEIN, DAVID GREENWALD, RACHEL G. SKAISTIS, PAUL H. ZUMBRO, ERIC W. HILFERS, GEORGE F. SCHOEN, ERIK R. TAVZEL, CRAIG F. ARCELLA, DAMIEN R. ZOUBEK, LAUREN ANGELILLI, TATIANA LAPUSHCHIK, ALYSSA K. CAPLES, JENNIFER S. CONWAY, MINH VAN NGO, KEVIN J. ORSINI, MATTHEW MORREALE, JOHN D. BURETTA, J. WESLEY EARNHARDT, YONATAN EVEN, BENJAMIN GRUENSTEIN, JOSEPH D. ZAVAGLIA, STEPHEN M. KESSING, LAUREN A. MOSKOWITZ, DAVID J. PERKINS, JOHNNY G. SKUMPIJA, J. LEONARD TETI, II, D. SCOTT BENNETT, TING S. CHEN, CHRISTOPHER K. FARGO, KENNETH C. HALCOM, DAVID M. STUART, AARON M. GRUBER, O. KEITH HALLAM, III, OMID H. NASAB, DAMARIS HERNÁNDEZ, JONATHAN J. KATZ, MARGARET SEGALL D'AMICO, RORY A. LERARIS, KARA L. MUNGOVAN, NICHOLAS A. DORSEY, ANDREW C. ELKEN, JENNY HOCHENBERG, VANESSA A. LAVELY, G.J. LIGELIS JR., MICHAEL E. MARIANI, LAUREN R. KENNEDY, SASHA ROSENTHAL-LARREA, ALLISON M. WEIN, MICHAEL P. ADDIS, JUSTIN C. CLARKE, SHARONMOYEE GOSWAMI, C. DANIEL HAAREN, EVAN MEHRAN NORRIS, LAUREN M. ROSENBERG

SPECIAL COUNSEL
SAMUEL C. BUTLER

OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY

May 15, 2020

<u>Weinstein, Harvey vs. Weinstein Company Holdings LLC, et al.</u><br/><u>(JAMS Ref. No. 1425024989)</u>

Dear Arbitrator Davidson:

    We write in response to Ms. Kupferstein's May 12, 2020 letter.  As an initial matter, Ms. Kupferstein's letter fails to confirm (yet again) that Claimant Harvey Weinstein intends to pursue this Arbitration.  Indeed, the May 12 letter does not even represent that counsel was able to reach Mr. Weinstein.  Rather, silent as to Claimant's intentions, Ms. Kupferstein seeks to place on <u>Respondent</u> the onus to move <u>Claimant's</u> claims forward.  Respectfully, that approach has it backward.

    For the avoidance of doubt, the Estate would oppose any motion by Claimant to lift the stay in this Arbitration.  Lifting the stay in this matter—which alleges wrongful termination of Harvey Weinstein, a man who has now been criminally convicted of the very conduct that led to the Company's bankruptcy—would not serve the interests of the Estate or its creditors.  Rather, such a result would only serve to squander the Estate's limited remaining resources during a time when the Estate is finalizing a Plan to allow some distribution to its creditors.  There is no prejudice to dismissing this Arbitration, which Claimant has failed to pursue for more than two years.

    The Estate again requests dismissal.

Respectfully submitted,

*/s/ Karin A. DeMasi*

Karin A. DeMasi

Robert B. Davidson
    JAMS, Arbitrator
        620 Eighth Avenue, 34th Floor
           New York, NY 10018

Christopher Brancato
    JAMS, Case Manager
        620 Eighth Avenue, 34th Floor
           New York, NY 10018


BY EMAIL


Copy to:

Phyllis Kupferstein
    Kupferstein Manuel LLP
        865 South Figueroa Street, Suite 3338
           Los Angeles, California 90017


BY EMAIL