

**Variety Media, LLC**

# VERIFICATION OF PUBLICATION

STATE OF     California
COUNTY OF    Los Angeles

Being duly sworn, Dawn Allen says that s/he is the Vice President, Film and Television (job title) of *Variety*, and is duly authorized by *Variety* to make this affidavit, and is fully acquainted with the facts stated herein: on **Wednesday, September 16, 2020**, the following legal advertisement – **In re: The Weinstein Company Holdings, LLC, *et al.*** was published in the national edition of *Variety*.

_____*Dawn Allen*_____ (Signature)

*Variety*

9/17/2020 (Date)



# CONGRATULATIONS
## to our 2020 Emmy® nominees

**NICOLE BYER**
Outstanding Host For a Reality or Competition Program
**NAILED IT!**

**ZENDAYA COLEMAN**
Outstanding Lead Actress in a Drama Series
**EUPHORIA**

**STEPH GREEN**
Outstanding Directing For a Limited Series, Movie or Dramatic Special
**WATCHMEN**

**DONALD A. MORGAN, ASC**
Outstanding Cinematography For A Multi-Camera Series
**THE RANCH**

**SARAH TULLOCH**
Outstanding Visual Effects In A Supporting Role
**DEVS**

**SUMMIT BUSINESS MANAGEMENT INC.**

**STEVEN SHAPIRO**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

In re: THE WEINSTEIN COMPANY HOLDINGS, LLC, et al., Debtors.

Chapter 11
Case No. 18-10601 (MFW)
(Jointly Administered)

**NOTICE OF DEADLINE FOR FILING OF PROOFS OF CLAIM SOLELY WITH RESPECT TO POTENTIAL TORT CLAIMS HELD BY POTENTIAL TORT CLAIMANTS**
**TORT CLAIMS BAR DATE IS OCTOBER 31, 2020 AT 5:00 P.M. (EASTERN TIME)**

1. On March 19, 2018 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

2. Pursuant to an order of the Court entered on September 9, 2020 [Docket No. 2966] (the "**Tort Claims Bar Date Order**"), **October 31, 2020 at 5:00 p.m. (Eastern Time)** has been established as the deadline for entities or persons, including, but not limited to, (a) former employees or independent contractors of the Debtors (the "**Employees**"), (b) known parties to litigation with any of the Debtors relating to a Tort Claim (as defined below), and (c) known parties who have threatened the Debtors with litigation premised upon a Tort Claim (parties in clauses (b) and (c), together, the "**Litigation Parties**"), to file a proof of claim solely in respect of any Tort Claims (the deadline by which such claims must be filed, the "**Tort Claims Bar Date**").

3. **IF YOU BELIEVE YOU HAVE A TORT CLAIM THAT IS SUBJECT TO THE TORT CLAIMS BAR DATE, PLEASE SUBMIT A PROOF OF CLAIM FORM. THE FORM IS ACCESSIBLE AT:**

**WWW.WEINSTEINCLAIMS.COM**

4. **BY FILING A TORT CLAIM, TORT CLAIMANTS ARE SUBMITTING TO THE JURISDICTION OF THE COURT TO ADMINISTER SUCH CLAIMS IN ACCORDANCE WITH THE UNITED STATES BANKRUPTCY LAWS, BUT THE FILING OF A TORT CLAIM SHALL NOT CONSTITUTE A WAIVER OF TORT CLAIMANTS' RIGHTS TO A JURY TRIAL IN A COURT OF COMPETENT JURISDICTION AND SHALL NOT PREJUDICE IN ANY WAY ARGUMENTS TORT CLAIMANTS MAY RAISE DURING THE PLAN CONFIRMATION PROCESS.**

5. Set forth below are the name and the case number of each of the Debtors:[1]

| DEBTOR | CASE NO. | DEBTOR | CASE NO. |
|---|---|---|---|
| Avenging Eagle SPV, LLC | 18-10602 | WTV Guantanamo SPV, LLC | 18-10629 |
| TWC Waco SPV, LLC | 18-10603 | TWC Fearless Borrower, LLC | 18-10630 |
| Small Screen Productions LLC | 18-10604 | DRT Rights Management LLC | 18-10631 |
| Small Screen Trades LLC | 18-10605 | WTV JCP Borrower 2017, LLC | 18-10632 |
| Twenty O Five Holdings, LLC | 18-10606 | TWC Library Songs (BMI), LLC | 18-10633 |
| Branded Partners LLC | 18-10607 | FFPAD, LLC | 18-10634 |
| W Acquisition Company LLC | 18-10608 | WTV Kalief Browder Borrower, LLC | 18-10635 |
| Spy Kids TV Borrower, LLC | 18-10609 | TWC Loop LLC | 18-10636 |
| Check Hook LLC | 18-10610 | WTV Scream 3 SPV, LLC | 18-10637 |
| WC Film Completions, LLC | 18-10611 | TWC Mist, LLC | 18-10638 |
| Team Players LLC | 18-10612 | HRK Films, LLC | 18-10639 |
| Weinstein Books, LLC | 18-10613 | WTV Yellowstone SPV, LLC | 18-10640 |
| The Actors Group LLC | 18-10614 | TWC Polaroid SPV, LLC | 18-10641 |
| CTHD 2 LLC | 18-10615 | InDirections LLC | 18-10642 |
| Weinstein Development LLC | 18-10616 | TWC Production-Acquisition Borrower 2016, LLC | 18-10643 |
| The Giver SPV, LLC | 18-10617 | InteliPartners LLC | 18-10644 |
| Weinstein Global Funding Corp. | 18-10618 | ISED, LLC | 18-10645 |
| Cues TWC (ASCAP), LLC | 18-10619 | TWC Production, LLC | 18-10646 |
| The Weinstein Company LLC | 18-10620 | MarcoTwo, LLC | 18-10647 |
| Weinstein Global Film Corp. | 18-10621 | TWC Replenish Borrower, LLC | 18-10648 |
| Tulip Fever LLC | 18-10622 | TWC Short Films, LLC | 18-10649 |
| Current War SPV, LLC | 18-10623 | One Chance LLC | 18-10650 |
| Weinstein Productions LLC | 18-10624 | TWC Untouchable SPV, LLC | 18-10651 |
| TWC Borrower 2016, LLC | 18-10625 | PA Entity 2017, LLC | 18-10652 |
| Weinstein Television LLC | 18-10626 | Paddington 2, LLC | 18-10653 |
| DRT Films, LLC | 18-10627 | PS Post LLC | 18-10654 |
| TWC Domestic LLC | 18-10628 | Scream 2 TC Borrower, LLC | 18-10655 |

6. "Tort Claims" are any claims that arise out of or connect or relate in any way to, any actual or alleged conduct of Harvey Weinstein, which shall include, without limitation: (i) actual or alleged sexual misconduct, nonconsensual interactions, harassment (including sexual harassment), uninvited or unwelcome conduct, predatory conduct, inappropriate conduct, degrading conduct, coercive or intimidating behavior, humiliation, tort, hostile work environment, sexual assault, rape, intentional infliction of emotional distress, negligence, negligent infliction of emotional distress, battery, assault, gender violence, false imprisonment, false arrest or detention, sexual abuse, sex trafficking or discrimination based on sex or gender or any similar or related actions, or (ii) defamation, witness tampering, mail fraud, wire fraud, negligent hiring, negligent supervision, negligent retention, negligence, failure to prevent harassment or ratification, whether based on direct or vicarious liability, whether domestic or foreign, whether based on breach of fiduciary (or other) duty or intentional or negligent conduct, including but not limited to allegations of failure to prevent or remedy, failure to disclose, aiding and abetting or efforts or conspiracy to prevent the disclosure, or cover up, of any of the preceding.

7. **EXCEPT AS OTHERWISE SET FORTH HEREIN, EACH TORT CLAIMANT, INCLUDING, BUT NOT LIMITED TO, FORMER EMPLOYEES AND LITIGATION PARTIES, THAT ASSERTS A TORT CLAIM AGAINST THE DEBTORS MUST FILE A PROOF OF CLAIM.**

8. Notwithstanding the above, the following persons or entities need not file any proofs of claim: a. any Tort Claimant whose Tort Claim is listed on the Schedules; *provided that* (i) the claim is not listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules; b. any Tort Claimant who already has filed a signed proof of claim on account of a Tort Claim with Epiq against the respective Debtor with respect to such, utilizing a claim form that substantially conforms to the Tort Claims Proof of Claim Form; c. any Tort Claimant who holds a Tort Claim that has been allowed by order of the Court entered on or before the Tort Claims Bar Date; d. any Tort Claimant whose Tort Claim has been paid in full; and e. any Tort Claimant with a claim other than a Tort Claim for which specific deadlines have been fixed by an order of this Court, including the Initial Bar Date Order, entered on or before the Tort Claims Bar Date.

9. **THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A TORT CLAIM OR THAT THE DEBTORS BELIEVE YOU HAVE A TORT CLAIM.**

10. The following procedures apply with respect to preparing and filing of proofs of claim: a. Proofs of claim must substantially conform to the Tort Claims Proof of Claim Form attached as Exhibit 1 to the Tort Claims Bar Date Order; b. Proofs of claim must (i) be written in the English language; and (ii) be signed by the Tort Claimant under penalty of perjury; c. Proofs of claim must be filed on or before the Tort Claims Bar Date either (i) electronically through Epiq's website at www.weinsteinclaims.com (the "**Electronic Filing System**"), or (ii) physically (a) by first-class mail at The Weinstein Company Holdings, LLC, Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, P.O. Box 4419, Beaverton, Oregon, 97076-4419, or (b) by overnight mail, courier service, hand delivery, or in person at The Weinstein Company Holdings, LLC, Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 10300 SW Allen Boulevard, Beaverton, Oregon, 97005; d. A proof of claim shall be deemed timely filed only if it *actually is received* by Epiq as set forth in subparagraph (c) above, in each case, on or before the Tort Claims Bar Date; and e. Proofs of claim sent by facsimile, telecopy, or electronic mail transmission (other than proofs of claim filed electronically through the Electronic Filing System) **will not** be accepted.

**CONFIDENTIALITY PROTOCOL**

11. The following confidentiality protocol shall apply to Tort Claims: a. **TORT CLAIMANTS ARE DIRECTED NOT TO FILE TORT CLAIMS WITH THE COURT. INSTEAD, TORT CLAIMANTS MUST SUBMIT THEIR TORT CLAIMS PROOF OF CLAIM FORM CONSISTENT WITH PARAGRAPH 5(C) OF THE TORT CLAIMS BAR DATE ORDER.** b. Filed Tort Claims will not be available to the general public unless the Tort Claimant designates otherwise on its Tort Claims Proof of Claim Form. The Confidentiality Protocol is for the benefit of the Tort Claimants. Accordingly, Tort Claimants may elect to make any of the information contained in their submitted Tort Claims Proof of Claim Form public. c. Tort Claims Proof of Claim Forms submitted by Tort Claimants shall be held and treated as confidential by Epiq, the Debtors, and the Debtors' counsel and upon request by the parties listed below (the "**Permitted Parties**"), subject to each Permitted Party, the Debtors, and their professionals executing and returning to the Debtors' counsel a confidentiality agreement substantially in the form attached as Exhibit 3 to the Tort Claims Bar Date Order by which they agree to keep the information provided in Tort Claims Proof of Claim Forms confidential.

12. The Permitted Parties include: a. counsel to the Debtors; b. Epiq; c. counsel to the Committee; d. the United States Trustee; e. insurance companies that provide insurance that may cover the claims described in a Tort Claims Proof of Claim Form submitted by a Tort Claimant; and f. upon notice and hearing before the Court, such other persons as the Court may direct.

**CONSEQUENCES OF MISSING THE DEADLINE FOR FILING TORT CLAIMS:**

13. Pursuant to the Tort Claims Bar Date Order and Bankruptcy Rule 3003(c)(2), any Tort Claimant, including former Employees and Litigation Parties, that holds a Tort Claim who is required to timely file a proof of claim on or before the Tort Claims Bar Date as provided herein, but fails to do so: (i) shall not be treated as a creditor with respect to such Claim for the purposes of voting and distribution in the Debtors' chapter 11 cases on account of such Claim; and (ii) forever shall be barred, estopped, and enjoined from asserting such Claim against each of the Debtors and their property (or filing a proof of claim with respect thereto), and each of the Debtors and their respective chapter 11 estates, successors, and property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such Claim.

**EXAMINATION OF TORT CLAIMS BAR DATE ORDER AND SCHEDULES:**

14. Copies of the Tort Claims Bar Date Order, the Schedules and other information regarding the Debtors' chapter 11 cases are available for inspection free of charge on Epiq's website at http://dm.epiq11.com/twc. Copies of the Schedules and other documents filed in these chapter 11 cases may also be examined between the hours of 8:00 a.m. and 5:00 p.m., Prevailing Eastern Time, Monday through Friday, at the Office of the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801.

**QUESTIONS:**

15. Questions concerning the contents of this Notice and requests for copies of filed proofs of claim should be directed to Epiq at The Weinstein Company Holdings, LLC, Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, P.O. Box 4419, Beaverton, Oregon, 97076-4419. Please note that neither Epiq's staff, counsel to the Debtors, nor the Clerk of the Court's Office is permitted to give you legal advice. Epiq cannot advise you how to file, or whether you should file, a proof of claim.

**A HOLDER OF A POSSIBLE TORT CLAIM, INCLUDING FORMER EMPLOYEES AND LITIGATION PARTIES, AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER OF SUCH A CLAIM SHOULD FILE A PROOF OF CLAIM.**

Dated: September 9, 2020, Wilmington, Delaware, /s/ Paul H. Zumbro, **CRAVATH, SWAINE & MOORE LLP**, Paul H. Zumbro (admitted *pro hac vice*), Lauren A. Moskowitz (admitted *pro hac vice*), Salah M. Hawkins (admitted *pro hac vice*), Worldwide Plaza, 825 Eighth Avenue, New York, NY 10019, Telephone: (212) 474-1000, Facsimile: (212) 474-3700, *Attorneys for the Debtors and Debtors in Possession* - and - **RICHARDS, LAYTON & FINGER, P.A.**, Mark D. Collins (No. 2981), Paul N. Heath (No. 3704), Zachary I. Shapiro (No. 5103), Brett M. Haywood (No. 6166), David T. Queroli (No. 6318), One Rodney Square, 920 North King Street, Wilmington, DE 19801, Telephone: (302) 651-7700, Facsimile: (302) 651-7701

[1] Each Debtor's federal tax identification number may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.