# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE WEINSTEIN COMPANY HOLDINGS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-10601 (MFW)<br><br>**Hearing Date: October 20, 2020 at 10:30 a.m. (ET)**<br><br>**Re: D.I. 2884, 2891, 2892, 2994, 3007 and 3025** |

**Affirmation in Support of Non-Settling Plaintiffs Reply to:**

**Debtors' and Official Committee of Unsecured Creditors'**
**Response to Motion to Convert Chapter 11 Cases to Chapter 7**

Jane Doe I, Jane Doe II, Jane Doe III, Jane Doe IV, Jane Doe V and Jane Doe VI (collectively, the "Additional Non-Settling Plaintiffs"), by and through their undersigned counsel, hereby submit this Affirmation in Support of the Non-Settling Plaintiffs' Reply to the *Debtors' And Official Committee Of Unsecured Creditors'' Response To Motion To Convert Chapter 11 Cases to Chapter 7* [D.I. 3007] (the "Objection" or "Obj."), and respectfully state as follows:

**Affirmation in Support of Reply**

1.  Sexual abuse survivors should be empowered to choose their own path for justice. It is part of their healing process. It is very important for the emotional, psychological and spiritual healing of sexual abuse survivors to be able to chart their own course and pursue justice as they deem appropriate. That path would be taken from the sexual abuse victims of Harvey Weinstein if the proposed bankruptcy plan is enforced.

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are 3837. The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

2. The Additional Non-Settling Plaintiffs represented by this firm object to any efforts through this Chapter 11 case in furtherance of cramming the currently proposed bankruptcy plan that deprives these women of their constitutional rights to trial by jury and due process, may result in grossly inadequate compensation for what they have endured, and have their claims evaluated by someone that most of them do know, did not choose and was part of the settlement plan previously rejected by the Southern District of New York (SDNY). The four firms (Wigdor LLP, The Law Office of Kevin Mintzer, P.C., Rheingold Giuffra Ruffo & Plotkin LLP and Merson Law, PLLC) who combined represent more sexual abuse victims of Weinstein than any other New York-based firms with filed claims, have made their objections to this plan well-known. This Court should not have to continue to expend time and resources for a plan that is so clearly flawed and should be rejected as proposed. As such, this brief is filed in support of the Non-Settling Plaintiffs' motion to convert this bankruptcy from Chapter 11 to Chapter 7.

3. The proposed plan could be easily remedied to have a much better chance of being approved by the overwhelming majority of the sexual abuse survivors of Harvey Weinstein simply by including a realistic opt out, a universally selected mediator and arriving at a settlement number after it is known how many claims there are that gives all victims a say in the amount. According to the proponent of this settlement, there could be "a thousand" victims. *See* Hannah Thomas-Peter, *Harvey Weinstein 'could have targeted nearly 1,000 women', lawyer says*, Sky News (Nov. 2, 2018, 11:30 PM), https://news.sky.com/story/harvey-weinstein-could-have-targeted-nearly-1-000-women-lawyer-says-11543053. This would result in five-figure recoveries on average for these women. Such a de minimis recovery for women who have been so severely injured and will have lifelong pain and suffering cannot under any assessment, and certainly not a reasonable one, be deemed to be fair nor provide adequate compensation.

4. First, the proposed bankruptcy plan does not include any opt out for victims who want to pursue their claims in court against all of those responsible for what happened to them. This must be changed. These women have a constitutional right to trial by jury and for due process to confront Mr. Weinstein and those responsible for what they have endured. In *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999) and *Ross v. Bernhard*, 396 U.S. 531 (1970), the Supreme Court of the United States held that plaintiffs could not be forced to accept a settlement without an option to opt out without violating their Seventh Amendment rights. Even though five of these six Additional Non-Settling Plaintiffs have publicly filed lawsuits that are the subject of extensive motion practice, this firm has never been included or approached for any discussions about the resolution of their cases. As held by the Court in *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985), due process requires opt-out rights in actions "wholly or predominately" for monetary damages. The Court stated unequivocally that, "if the forum State wishes to bind an absent plaintiff concerning a claim for money damages or similar relief at law, it must provide minimal procedural due process protection." *See Phillips Petroleum Co.*, 472 U.S. at 811. The New York Court of Appeals similarly held in 2016 that Plaintiffs retain the right to opt out of class actions. In *Jiannaras v. Alfant*, the Court held, "opt-out rights ensure that class members will have the option of pursuing individual actions for redress." *See Jiannaras v. Alfant*, 27 N.Y.3d 349, 352 (N.Y. 2016).

5. Second, the proposed bankruptcy plan forces sexual abuse victims to utilize a mediator that was not selected by many of the victims and was part of the flawed settlement plan rejected by the New York federal court. It is important for sexual abuse victims to have a choice and a say in who is determining their compensation. In other bankruptcies, there is an extensive vetting process for who will mediate. Here, the mediator appears to have been chosen by the firms

whose initial settlement was called "offensive" by a federal court judge because they agreed to a settlement that provided more money for defendants' lawyers than for sexual abuse victims.

6.  Third, the proposed bankruptcy plan is flawed and backward to every other bankruptcy that this firm is aware of to compensate sexual abuse victims. The amount of the settlement cannot be proposed, nor agreed to, until the number of victims are known. Otherwise, how can any assessment be made that the agreement adequately compensates these women? Normally, proofs of claims are filed up to the bar date, and then an amount of settlement is agreed upon. As referenced above, there may be hundreds or thousands of claims here. *See* Hannah Thomas-Peter, *Harvey Weinstein 'could have targeted nearly 1,000 women', lawyer says*, Sky News (Nov. 2, 2018, 11:30 PM), https://news.sky.com/story/harvey-weinstein-could-havetargeted-nearly-1-000-women-lawyer says-11543053.

7.  If there are hundreds or one thousand claims, then the $17.5 million does not come close to compensating these survivors, especially since this firm's clients have cases in New York courts. *See Gloria G v. Mount Vernon*, Westchester Cty. Index No. 70026/2012 ($28 million verdict obtained by this firm for fourteen year-old raped and assaulted one time); *see also Thompson v. Steuben Realty Corp.*, 820 N.Y.S.2d 285 (2nd Dept. 2006) ($4.5 million [$5.7 million in today's dollars] for an adult tenant against property owner resulting from a single sexual assault); *Bernstein v. 655 Realty Co., Goodman Mgmt. Co.*, 1985 WL 351193 (N.Y. Sup.) ($4 million award in 1985 for one-time rape of a woman by an intruder inside of her apartment); *McCormack v. Cambria Home Remodeling Corporation*, 1985 WL 352653 (N.Y. Sup.) ($4 million award for a 30-year-old female who endured emotional distress after she was raped by an intruder in her home); *Plaintiff Restaurant Bartender and Alleged Sexual Abuse Victim v. Defendant Owner of Restaurant*, 2015 NY Jury Verdicts Review LEXIS 151 ($2.5 million verdict in 2015 resulting

from a female employee being sexually assaulted twice by her supervisor, including once in the back office of the restaurant where they both worked when he cornered her, turned her around and masturbated while he fondled her breasts until he orgasmed); *Splawn v. Lextaj Corp.*, 197 A.D.2d 479 (1st Dept. 1993) ($2 million verdict in 1993 resulting from a one-time sexual assault of a female tenant by an intruder in her hotel room).

8. Furthermore, this plan provides even less for these sexual abuse victims than the plan (for $18.875 million) already rejected by the SDNY. The plan that was deemed unreasonable and "offensive" by another federal court provided more for victims than what is presently before the Court. If that settlement was inadequate, then so is this one.

9. Indeed, in USA Gymnastics, Boy Scouts of America, and every other bankruptcy to compensate sexual abuse survivors, the well-established procedure is to negotiate a settlement after it is known how many victims have claims, so that they can be adequately compensated. This settlement was apparently agreed to without knowing the number of victims, what type of abuse they suffered and the damages that they have. The six women that this firm represents who were sexually abused by Harvey Weinstein, including one who was raped as a child, should not have the proposed settlement plan forced on them without any option or say in how their claims are adjudicated. Forcing these women to accept such a horrible settlement would re-victimize them all over again.

10. This process has been hijacked by parties that do not have the best interests of all victims at heart. The debtor, The Weinstein Company, is no longer operating, and upon information and belief, there are no plans for it to ever operate again. As such, there is no good reason for this to be a Chapter 11 bankruptcy, and this process should not be allowed to continue when its ultimate goal would deprive sexual abuse victims of many of their rights. Accordingly,

the Court should convert this case to a Chapter 7 proceeding so that each victim can chart their own course.

11. The sexual abuse survivors of Harvey Weinstein helped launch what is now known as the "Me Too" movement, something that has allowed so many other survivors across the country to feel comfortable enough to come forward with their stories as well, but forcing these women to now accept an unfair settlement to which many of them do not agree would be a horrible setback and make them, and other sexual abuse survivors in this and other cases, victims all over again.

**WHEREFORE**, for the reasons set forth in this Affirmation and in the Motion and the Reply of the Non-Settling Plaintiffs', the Debtors' Chapter 11 cases should be converted to Chapter 7 as not being in the best interests of Holders of Sexual Misconduct Claims, including the Additional Non-Settling Plaintiffs.

Respectfully submitted,

Dated: October 19, 2020
Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Frederick B. Rosner*
Frederick B. Rosner (DE # 3995)
Zhao (Ruby) Liu (DE # 6436)
824 N. Market Street, Suite 810
Wilmington, Delaware 19801
Tel: (302) 777-1111
Email: rosner@teamrosner.com

- and –

**MERSON LAW, PLLC**
Jordan K. Merson, Esquire
Jesse R. Mautner, Esquire
950 Third Avenue, 18th Floor
New York, New York 10022
Tel: (212) 603-9100
Email: jmerson@mersonlaw.com
jmautner@mersonlaw.com

*Counsel for the Additional Non-Settling Plaintiffs*