IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
:
In re:                                                      :   Chapter 11
:
THE WEINSTEIN COMPANY HOLDINGS,    :   Case No. 18-10601 (MFW)
LLC, *et al.*,                                         :
:   (Jointly Administered)
Debtors.[1]                                    :
:   Re: Docket Nos. 3031, 3058, 3059, 3060, 3061,
:   3062 & 3071
------------------------------------------------------------x

**DEBTORS' AND THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS' JOINT MOTION FOR LEAVE TO FILE AND SERVE
AN OMNIBUS REPLY IN RESPONSE TO OBJECTIONS TO
THE DISCLOSURE STATEMENT MOTION**

The Weinstein Company Holdings LLC and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), along with the Official Committee of Unsecured Creditors (the "**Committee**", together with the Debtors, the "**Plan Proponents**"), respectfully request entry of an order, pursuant to Rule 9006-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the Plan Proponents to file and serve the *Debtors' and the Official Committee of Unsecured Creditors' Joint Omnibus Reply to the Objections to Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for Entry of an Order (A) Approving the Adequacy of the Disclosure Statement, (B) Approving Solicitation Procedures, (C) Setting Confirmation Hearing Date and Related Deadlines, (D) Estimating Certain Claims, and (E) Granting Related Relief* [Docket No.

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

RLF1 24250645v.1

3071] beyond the deadline set forth in Local Rule 9006-1(d).  In further support of this motion (the "**Motion**"), the Plan Proponents, by and through their undersigned counsel, respectfully represent:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Plan Proponents consent to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On October 1, 2020, the Plan Proponents filed the *Second Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 2294] and *Second Amended Disclosure Statement in Support of the Second Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 2995].

3. On October 15, 2020, the Plan Proponents filed the *Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for Entry of an Order (A) Approving the Adequacy of the Disclosure Statement, (B) Approving Solicitation Procedures, (C) Setting Confirmation Hearing Date and Related Deadlines, (D) Estimating Certain Claims, and (E) Granting Related Relief* [Docket No. 3031] (the "**Disclosure Statement Motion**").  The deadline to object to the relief requested in the Disclosure Statement Motion was October 29, 2020 at 4:00 p.m. (ET) (the "**Objection Deadline**"), and the hearing to consider the relief requested in the Disclosure Statement Motion is scheduled to commence on November 5, 2020 at 2:00 p.m. (ET) (the "**Hearing**").

4. Prior to the Objection Deadline, The Directors Guild of America, Inc., Screen Actors Guild–American Federation of Television and Radio Artists, and the Writers Guild of America West, Inc. (collectively, the "**Guilds**"), Sartraco, Inc. ("**Sartraco**"), Seyfarth Shaw LLP ("**Seyfarth**"), Wedil David, Dominique Huett, Alexandra Canosa, Jane Doe I, Jane Doe II, Jane Doe III, Jane Doe IV, Jane Doe V, Jane Doe VI, Jane Doe VII, and Jane Doe VIII (collectively, the "**David Claimants**"), and the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**", together with the Guilds, Sartraco, Seyfarth and the David Claimants, the "**Objecting Parties**") each filed objections and/or responses (collectively, the "**Objections**") to the relief requested in the Disclosure Statement Motion. *See* Docket Nos. 3058, 3059, 3060, 3061 and 3062.[2]

5. On November 4, 2020, the Plan Proponents filed the *Third Amended Joint Chapter 11 Plan of Liquidation* [Docket Nos. 3066 & 3067] (as it may be amended, modified, or supplemented from time to time, the "**Plan**")[3] and *Third Amended Disclosure Statement in Support of the Third Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket Nos. 3068 & 3069] (as it may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**").

## RELIEF REQUESTED

6. By this Motion, the Plan Proponents request entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), pursuant to Local Rule 9006-1(d), authorizing the Plan Proponents to file and serve the Reply in support of the Disclosure Statement Motion beyond the deadline set forth in Local Rule 9006-1(d). The Reply will address and clarify

---

[2] The U.S. Trustee also provided certain informal comments to the relief requested in the Disclosure Statement Motion.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

3

the outstanding issues raised in the Objections filed in opposition to the Disclosure Statement Motion.

## BASIS FOR RELIEF REQUESTED

7. Pursuant to Local Rule 9006-1(d), "[r]eply papers . . . may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." *See* Del. Bankr. L.R. 9006-1(d). The agenda for the Hearing was due by 12:00 p.m. (prevailing Eastern Time) on November 3, 2020. Accordingly, pursuant to Local Rule 9006-1(d), the deadline to file the Reply was 4:00 p.m. (prevailing Eastern Time) on November 2, 2020 (the "**Reply Deadline**"). Absent leave of the Court, the Plan Proponents would be unable to file and serve the Reply and the Court would be denied the opportunity to review the Plan Proponents' responses to the outstanding Objections in advance of the Hearing.

8. The Plan Proponents submit that cause exists to grant the relief requested by this Motion and approve an extension of the time by which to file the Reply under Local Rule 9006-1(d).

9. First, given the timing of the Objection and Reply Deadlines, the Plan Proponents have had only a limited amount of time to both engage with the Objecting Parties regarding the Objections and draft the Reply. Despite the limited time, the Debtors, on behalf of the Plan Proponents, have attempted to engage with the Objecting Parties in an effort to resolve certain of the Objections in advance of the Hearing.[4] Accordingly, the Plan Proponents waited to file any reply to the Objections in an attempt to narrow the contested issues for the Hearing. The Plan Proponents respectfully submit that their opportunity to file the Reply should not be foreclosed as a result of their negotiation efforts with the Objecting Parties. In addition, the Plan Proponents have

---

[4] The Debtors also continue to exchange discovery with certain Objecting Parties regarding the Plan and Disclosure Statement. *See* Docket No. 3065.

used the additional time to draft a Reply that appropriately addresses the unresolved issues in the Objections, which raise a variety of complex legal issues.

10. Second, while the Plan Proponents have made progress in reducing the open issues to be presented before the Court at the Hearing, certain issues remain outstanding. The Reply will provide the Court with substantive information and arguments for consideration in connection with the Disclosure Statement Motion, the Disclosure Statement and the outstanding Objections, and the Court's consideration of the Reply will streamline argument at the Hearing. Finally, extending the Reply Deadline will not prejudice the parties.

11. Accordingly, the Plan Proponents submit that the relief requested herein is reasonable and cause exists for the Court to grant leave to file and serve the Reply.

## **NOTICE**

12. The Plan Proponents will provide notice of this Motion to: (i) the U.S. Trustee; (ii) counsel to the DIP Agent and the Pre-Petition Agent; (iii) counsel to the Stalking Horse Bidder; (iv) the New York Attorney General and the California Attorney General; (v) the Office of the United States Attorney for the District of Delaware; (vi) the Objecting Parties; and (vii) those parties entitled to receive notice pursuant to Bankruptcy Rule 2002. The Plan Proponents submit that no other or further notice is necessary. A copy of the Motion is also available on the Debtors' case website at http://dm.epiq11.com/twc.

## **NO PREVIOUS REQUEST**

13. The Plan Proponents have not made any prior request for the relief sought herein to this Court or any other court.

WHEREFORE, the Plan Proponents respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, authorizing the Plan Proponents to file and serve the Reply.

Dated: November 4, 2020
Wilmington, Delaware

/s/ David T. Queroli
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Brett M. Haywood (No. 6166)
David T. Queroli (No. 6318)
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

- and -

**CRAVATH, SWAINE & MOORE LLP**
Paul H. Zumbro (admitted *pro hac vice*)
Lauren A. Moskowitz (admitted *pro hac vice*)
Salah M. Hawkins (admitted *pro hac vice*)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for the Debtors and Debtors in Possession*

/s/ Colin R. Robinson
**PACHULSKI STANG ZIEHL & JONES LLP**
James I. Stang (admitted *pro hac vice*)
Robert J. Feinstein (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
Jason H. Rosell (admitted *pro hac vice*)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400

*Attorneys for the Official Committee of Unsecured Creditors*