**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THE WEINSTEIN COMPANY HOLDINGS LLC, *et al.*, [1] | Case No. 18-10601 (MFW) |
| | Jointly Administered |
| Debtors. | |

**REPORT OF THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS CONCERNING SEXUAL MISCONDUCT CLAIMS BALLOTS**
**AND DECLARATION OF DEBRA I. GRASSGREEN IN SUPPORT THEREOF**

I, Debra I. Grassgreen, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.      I am a partner at Pachulski Stang Ziehl & Jones LLP (the "Firm").  I am duly admitted and in good standing to practice law in the State of California and am admitted *pro hac vice* for purposes of the above-captioned chapter 11 cases in the United States Bankruptcy Court for the District of Delaware (the "Court").

2.      The Firm is counsel to the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors").

3.      On November 17, 2020, the Court entered its *Order (A) Approving the Adequacy of the Disclosure Statement, (B) Approving Solicitation Procedures, (C) Setting Confirmation*

---

[1]    The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are 3837. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

*Hearing Date and Related Deadlines, (D) Estimating Certain Claims, and (E) Granting Related Relief* [Docket No. 3101] (the "<u>Disclosure Statement Order</u>").[2]

4.        As set forth in paragraph 22 of the Disclosure Statement Order, the Court authorized and directed counsel to the Committee to review and reconcile Tort Claims, including Sexual Misconduct Claims, for purposes of identifying Sexual Misconduct Claimants entitled to vote in Class 4 (Sexual Misconduct Claims).

5.        Specifically, pursuant to paragraph 22 of the Disclosure Statement Order, the Court directed counsel to the Committee to file with the Court, on or before January 7, 2021, a sealed report that identifies (a) Sexual Misconduct Claims Ballots filed on account of Sexual Misconduct Claims that arose from conduct occurring prior to June 30, 2005 (the "<u>Miramax-era Claims</u>") and (b) Tort Claims that are not defined as Sexual Misconduct Claims under the Plan (the "<u>Non-SMCs</u>", together with the Miramax-era claims, the "<u>Non-Class 4 Claims</u>") if any.

**A.    <u>The Tort Claims Bar Date</u>**

6.        On September 9, 2020, the Court entered its *Order (I) Establishing Deadlines for Filing Proofs of Claim Solely With Respect to Tort Claims, (II) Approving Form and Manner of Notice Thereof, and (III) Granting Related Relief* [Docket No. 2966] (the "<u>Tort Claims Bar Date Order</u>").

7.        Pursuant to the Tort Claims Bar Date Order, the deadline to file Tort Claims was October 31, 2020 at 5:00 p.m. (Eastern Time) (the "<u>Tort Claims Bar Date</u>").

---

[2]    A capitalized term used but not defined herein shall have the meaning ascribed to it in the Disclosure Statement Order.

8.     The Tort Claims Proof of Claim Form, attached as Exhibit 1 to the Tort Claims

Bar Date Order, collected the following information: (a) name of claimant, (b) dates employed

by the Debtors, if applicable, and (c) contact information.  The Tort Claims Proof of Claim Form

also asked claimants to check a box if they have a Tort Claim, defined as:

> any claims that arise out of or connect or relate in any way to, any actual
> or alleged conduct of Harvey Weinstein, which shall include, without
> limitation: (i) actual or alleged sexual misconduct, nonconsensual
> interactions, harassment (including sexual harassment), uninvited or
> unwelcome conduct, predatory conduct, inappropriate conduct, degrading
> conduct, coercive or intimidating behavior, humiliation, tort, hostile work
> environment, sexual assault, rape, intentional infliction of emotional
> distress, negligence, negligent infliction of emotional distress, battery,
> assault, gender violence, false imprisonment, false arrest or detention,
> sexual abuse, sex trafficking or discrimination based on sex or gender or
> any similar or related actions, or (ii) defamation, witness tampering, mail
> fraud, wire fraud, negligent hiring, negligent supervision, negligent
> retention, negligence, failure to prevent harassment or ratification whether
> based on direct or vicarious liability, whether domestic or foreign, whether
> based on breach of fiduciary (or other) duty or intentional or negligent
> conduct, including but not limited to allegations of failure to prevent or
> remedy, failure to disclose, aiding and abetting or efforts or conspiracy to
> prevent the disclosure, or cover up, of any of the preceding.

9.     Notably, the definition of Tort Claim, as defined in the Tort Claims Proof of

Claim Form, was not limited to claims arising on or after June 30, 2005 (*i.e.*, the formation date

of the Debtors).

**B.     The Sexual Misconduct Claims Ballots**

10.     Upon information and belief, every claimant that filed a Tort Claims Proof of

Claim Form received a Sexual Misconduct Claims Ballot.

11.     The Disclosure Statement Order established November 5, 2020 as the record date (the "<u>Voting Record Date</u>") for determining the holders of Claims in the Voting Classes who would be entitled to vote on the Plan.

12.     Pursuant to the Disclosure Statement Order, the deadline for holders of Sexual Misconduct Claims to submit a Sexual Misconduct Claims Ballot was December 18, 2020 at 5:00 p.m. (Eastern Time) (the "<u>Voting Deadline</u>").

13.     The Sexual Misconduct Claims Ballot, attached as Exhibit 1 to the Disclosure Statement Order, asked each claimant to certify, under penalty of perjury, that he or she has, or believes that he or she has, a Sexual Misconduct Claim.  The Sexual Misconduct Claims Ballot also stated in bold: "**To have a Sexual Misconduct Claim for purposes of these Chapter 11 Cases, all, or at least part, of the conduct or action(s) causing your harm must have occurred on or after June 30, 2005.**"

14.     Accordingly, only holders of Sexual Misconduct Claims arising on or after June 30, 2005 were entitled to submit Sexual Misconduct Claims Ballots and vote on the Plan.

C.      **The Tort Claims Review Process**

15.     The Tort Claims were reviewed either by me individually or by an attorney at the Firm under my direct supervision.

16.     If we were able to verify from independent sources (*e.g.*, a publicly filed complaint, published news article, public interview, etc.) ("<u>Independent Source</u>") or documents attached to a proof of claim ("<u>Backup Documentation</u>") that: (a) a Tort Claim was alleged to have arisen on or after June 30, 2005 and (b) the alleged conduct would give rise to a Sexual

Misconduct Claim, we assumed for purposes of this report that such holder of the Tort Claim was entitled to vote on the Plan in Class 4 (Sexual Misconduct Claims).

17.    If we were unable to verify from an Independent Source or Backup Documentation that: (a) a Tort Claim arose on or after June 30, 2005 and (b) the alleged conduct would constitute a Sexual Misconduct Claim, an attorney at the Firm, under my direct supervision, emailed the claimant (or counsel to such claimant), with a copy to me, and requested a meeting to verify that the individual was entitled to vote on the Plan in Class 4 (Sexual Misconduct Claims).

18.    We initially identified 37 Tort Claims for further review and reached out to each of those claimants by email.   We communicated with 33 of the 37 claimants (or counsel to such claimants), by phone or email, before the Voting Deadline passed.   After the Voting Deadline passed, we communicated with the remaining four (4) claimants.   Through these communications, we confirmed the facial validity or invalidity of all 37 Tort Claims.

19.    We maintained a tracking spreadsheet setting forth the dates and times of the written and verbal communications with the claimants (or counsel to such claimant).

20.    After the Voting Deadline passed, we limited our diligence to claimants that filed a Tort Claim *and* submitted a Sexual Misconduct Claims Ballot.[3]   As reflected in the report below, we contacted every claimant (or counsel to such claimant) whose Tort Claim we were not able to verify from an Independent Source or Backup Documentation.   Based on the foregoing

---

[3]   There were several pre-2005 claims that were identified before the Voting Deadline during our diligence calls. However, counsel for those claimants agreed to withdraw those claims and did not submit a ballot for those claims.

review process and the Withdrawn Sexual Misconduct Claims (as defined below), as of the date

of this declaration, we believe there are 52 facially valid Sexual Misconduct Claims.

**D.**    **The Voting Report**

21.    As depicted in the table below, 45 out of the 48 Sexual Misconduct Claims

Ballots received are facially valid Sexual Misconduct Claims, as they relate to Sexual

Misconduct Claims that arose on or after June 30, 2005.  We identified three (3) Sexual

Misconduct Claims Ballots (two (2) Accepting and one (1) Rejecting) that were on account of

facially invalid Sexual Misconduct Claims (*i.e.*, such claims arose prior to June 30, 2005)

(collectively, the "Invalid Sexual Misconduct Claims Ballots").

| Class 4 - Summary Validation Report | |
| --- | --- |
| Total Number of Class 4 Ballots | 48 |
| Total Valid Class 4 Ballots | 45 |
| Total Invalid Class 4 Ballots | 3 |

22.    Subsequent to the Voting Record Date and Voting Deadline, we successfully

contacted two of the three individuals that submitted Invalid Sexual Misconduct Claims Ballots

(one (1) Accepting and one (1) Rejecting).  We confirmed with these two individuals that their

respective Tort Claims arose prior to June 30, 2005 and are not valid Sexual Misconduct Claims.

Subsequent to our discussions, on January 5, 2021, these two individuals voluntarily withdrew

their proofs of claim (the "Withdrawn Sexual Misconduct Claims").

23.    Annexed hereto as Exhibit 1 is a table that identifies the Sexual Misconduct

Claims Ballots received by the Voting Deadline and my determination of whether the underlying

Tort Claim qualifies as a Sexual Misconduct Claim under the Plan, entitling the claimant to vote

in Class 4 (Sexual Misconduct Claims).

24.    Attached hereto as <u>Exhibits 2(a)-(c)</u> are copies of the proofs of claim associated with the Invalid Sexual Misconduct Claims Ballots.[4]

25.    Attached hereto as <u>Exhibits 3(a)-(b)</u> are copies of the *Withdrawal of Tort Claim* submitted by the holders of the Withdrawn Sexual Misconduct Claims.

26.    As set forth in the *Declaration of Stephenie Kjontvedt on Behalf of Epiq Corporate Restructuring, LLC Regarding Voting and Tabulation of Ballots Cast on the Fourth Amended Joint Chapter 11 Plan of Liquidation* (the "<u>Voting Declaration</u>"), Class 4 (Sexual Misconduct Claims) voted to accept the Plan by 82.98% by amount and number.  For the avoidance of doubt, the Voting Declaration did not make any adjustments for Sexual Misconduct Claims Ballots relating to Miramax-era Claims, but instead assumed all Sexual Misconduct Claims Ballots were valid.[5]

27.    The table set forth below analyzes the impact on the Class 4 (Sexual Misconduct Claims) voting results if the Sexual Misconduct Claims Ballots relating to Miramax-era Claims are omitted.  As reflected in the table, Class 4 (Sexual Misconduct Claims) would accept the Plan by 82.22% by amount and number if the Sexual Misconduct Claims Ballots relating to Miramax-era Claims are omitted.  **Accordingly, the omission of the Sexual Misconduct Claims Ballots relating to Miramax-era Claims has no material impact on the voting results.**[6]

---

[4]    These proofs of claim are being filed under seal in accordance with the Disclosure Statement Order and Tort Claim Bar Date Order [Docket No. 2966].

[5]    The Voting Declaration also assumes the Sexual Misconduct Claims Ballots associated with the Withdrawn Sexual Misconduct Claims were valid because such claims were withdrawn after the Voting Record Date.

[6]    One rejecting Sexual Misconduct Claim Ballot was on account of a facially invalid Sexual Misconduct Claim. However, as set forth in the Voting Declaration, the claimant did not check the box certifying that the claimant held a valid Sexual Misconduct Claim.  Accordingly, in accordance with the tabulation procedures set forth in the Disclosure Statement Order, this Sexual Misconduct Claim Ballot was not deemed a valid ballot by Epiq

| Class 4 - Sexual Misconduct Claims Voting Report | | |
|---|---|---|
| Category | Amount (As Voted) | Amount (Only Valid Claims) |
| TOTAL AMOUNT VOTING: | $48.00 | $45.00 |
| AMOUNT ACCEPTING PLAN: | $39.00 | $37.00 |
| AMOUNT REJECTING PLAN: | $9.00 | $8.00 |
| VOTERS ACCEPTING: | 39 | 37 |
| VOTERS REJECTING: | 8 | 8 |
| PERCENT AMOUNT ACCEPTING: | 82.98% | 82.22% |
| PERCENT AMOUNT REJECTING: | 17.02% | 17.78% |
| PERCENT VOTERS ACCEPTING: | 82.98% | 82.22% |
| PERCENT VOTERS REJECTING: | 17.02% | 17.78% |

28.     In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct to the best of my information, knowledge and belief.

Dated: January 7, 2021                                    /s/ Debra I. Grassgreen
                                                          Debra I. Grassgreen

---

Corporate Restructuring, LLC.  Subsequent to the Voting Record Date, this Sexual Misconduct Claim was withdrawn.  *See* Exhibit 2(b) and Exhibit 3(a).

**<u>EXHIBIT 1</u>**

**Class 4 (Sexual Misconduct Claims) Ballots**

**[Filed Under Seal]**

**<u>EXHIBIT 2(a)</u>**

**Claim No. 90011**

**[Filed Under Seal]**

**<u>EXHIBIT 2(b)</u>**

**Claim No. 90055 (Withdrawn)**

**[Filed Under Seal]**

**<u>EXHIBIT 2(c)</u>**

**Claim No. 90056 (Withdrawn)**

**[Filed Under Seal]**

**<u>EXHIBIT 3(a)</u>**

**Notice of Withdrawal of Claim No. 90055**

**[Filed Under Seal]**

**EXHIBIT 3(a)**

**Notice of Withdrawal of Claim No. 90056**

**[Filed Under Seal]**