## Exhibit 1

Mediation Agreement



Mediation
Agreement

**Case Name:** Weinstein Company, LLC vs. AIG
**JAMS Ref. No.:** 1210035048
**Panelist:** Mr. Jed D. Melnick Esq.

# I. Participants and Procedure.

The parties, and if they desire, their representatives are invited to attend mediation sessions. No one else may attend without the permission of the parties and the consent of the mediator.

During the session, the mediator may have joint and separate meetings with the parties and their counsel. If a party informs the mediator that information is being conveyed to the mediator in confidence, the mediator will not disclose the information. The parties agree that the mediator is not acting as an attorney or providing legal advice on behalf of any party.

If a party wishes to terminate its participation for any reason, it may do so by giving notice to the mediator and the other parties. The parties will continue to be bound by the confidentiality provisions of this agreement and will also continue to be bound by their agreement to pay for those services rendered up to the point of that party's withdrawal.

# II. Disclosure.

The mediator, each party, and counsel confirm that they have disclosed any past or present relationship or other information that a reasonable person would believe could influence the mediator's impartiality and that no conflict of interest or appearance of a conflict of interest exists.

In addition, the mediator practices in association with JAMS. From time to time, JAMS may enter into arrangements with corporations (including insurance companies), government entities, and other organizations to make available dispute resolution professionals in a particular locale, for a specific type of matter or training, or for a particular period of time. Also, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS may have participated in an arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future. Furthermore, the parties should be aware that each JAMS neutral, including the neutral in this case, has an economic interest in the overall financial success of JAMS. The mediator is not aware of any aspect of these relationships that would create a conflict or interfere with his/her acting as a mediator in this matter. The parties acknowledge that these factors do not constitute a conflict of interest or the appearance of a conflict of interest.

# III. Confidentiality.

In order to promote communication among the parties, counsel and the mediator and to facilitate settlement of the dispute, each of the undersigned agrees that the entire mediation process is confidential. All statements made during the course of the mediation are privileged settlement discussions, and are made without prejudice to any party's legal position, and are inadmissible for any purpose in any legal proceeding. These offers, promises, conduct and statements (a) will not be disclosed to third parties except persons associated with the participants in the process, and (b) are privileged and inadmissible for any purposes, including impeachment, under Rule 408 of the Federal Rules of Evidence and any applicable federal or state statute, rule or common law provisions.

Mediation
Agreement

**Case Name:** Weinstein Company, LLC vs. AIG
**JAMS Ref. No.:** 1210035048
**Panelist:** Mr. Jed D. Melnick Esq.
Page 2 of 2

## IV. Disqualification of Mediator and Exclusion of Liability.

Each party agrees to make no attempt to compel the mediator's or any JAMS employee's testimony. Each party agrees to make no attempt to compel the mediator or any JAMS employee to produce any document provided or created by JAMS or the mediator or provided by the other party to the mediator or to JAMS. The parties agree to defend the mediator and JAMS from any subpoenas from outside parties arising out of this Agreement or mediation. Should JAMS or the mediator be required to respond to a subpoena from any party involved in this mediation, that party will be billed for time and expenses incurred in connection with such a response. The parties agree that neither the mediator nor JAMS is a necessary party in any arbitral or judicial proceeding relating to the mediation or to the subject matter of the mediation. Neither JAMS nor its employees or agents, including the mediator, shall be liable to any party for any act or omission in connection with any mediation conducted under this Agreement.

## V. Records.

Any documents provided to the mediator by the parties will be destroyed by JAMS 30 days after the conclusion of the mediation, unless JAMS is otherwise instructed by the parties.

BY: _____
FOR: Bob Weinstein
DATED: 5/14/18

BY: _____
FOR: NY Office of the Attorney General
DATED: 9/14/18

BY: _____
FOR: Company
DATED: 5/14/11

BY: _____
FOR: TWC
DATED: 5/14/18

BY: _____
FOR: Bob Weinstein
DATED: 5/14/2018

BY: _____
FOR: TWC         P. H. Zumbro
DATED: 5/14/18

BY: Kamil Marlin
FOR: TWC
DATED: 5/14/18

BY: _____
FOR: Marc Lasry
DATED: 5/14/18