# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE WEINSTEIN COMPANY HOLDINGS LLC, *et al.*,<br><br>                Debtors. | Chapter 11<br><br>Case No. 18-10601 (MFW)<br><br>**Re: D.I. 3182, 3203, 3228 & 3230** |

## MOTION TO (I) SET EXPEDITED HEARING
## AND (II) LIMIT NOTICE WITH RESPECT TO:

## EMERGENCY MOTION BY NON-CONSENTING SEXUAL MISCONDUCT CLAIMANTS FOR STAY PENDING APPEAL OF CONFIRMATION ORDER

Wedil David, Dominque Huett, Alexandra Canosa and Aimee McBain (collectively, the "Non-Consenting Sexual Misconduct Claimants" or "Appellants"), by and through their undersigned counsel, hereby move this Court (this "Motion to Shorten"), pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(e) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), shortening and limiting notice of, and scheduling a hearing on, the *Emergency Motion by Non-Consenting Sexual Misconduct Claimants for Stay Pending Appeal of Confirmation Order* [D.I. 3230] (the "Motion to Stay"). In support thereof, Appellants respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction to consider this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

{00030080. }

2. The statutory predicates for the relief requested herein are 11 U.S.C. § 105(a), Bankruptcy Rules 2002 and 9006 and Local Rules 2002-1(b) and 9006-1(e).

## BACKGROUND

3. As described in detail in the Motion, on January 25, 2021 the Court held a hearing on the confirmation of the *Fifth Amended Joint Chapter 11 Plan of Liquidation* [D.I. 3182] (the "Plan") and thereafter, on January 26, 2021, the Court entered an *Order Confirming Plan Proponents' Fifth Amended Joint Chapter 11 Plan of Liquidation* [D.I. 3203] (the "Confirmation Order").

4. On February 9, 2021, the Non-Consenting Sexual Misconduct Claimants filed a notice of appeal [D.I. 3228] (the "Appeal") from the Confirmation Order. Contemporaneously, the Appellants also filed the Motion to Stay the Confirmation Order pending the Appeal.

## RELIEF REQUESTED

5. Given the nature of the relief, Appellants respectfully request this Court enter an order substantially in the form of the Proposed Order: (i) shortening notice with respect to the filing of any objection to the Motion to Stay; (ii) considering the Motion to Stay on the papers submitted without a hearing or, to the extent a hearing is requested by the Plan Proponents or the Court determines a hearing is necessary, scheduling the Motion to Stay be heard at the Court's earliest convenience; (iii) limiting notice of the Motion to Stay to the Notice Parties; and (iv) granting such other relief as may be just and proper.

## BASIS FOR RELIEF

6. Section 102(1) of the Bankruptcy Code explains that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C § 102(1). Section 105(a) of the Bankruptcy Code provides that the Court

"may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

7. In accordance with Bankruptcy Rule 9006(c), and subject to exceptions not applicable here, "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without the motion or notice order the period reduced." Fed. R. Bankr. Pro. 9006(c)(1).

8. Appellants respectfully request that the Motion to Stay be considered on an expedited basis. As more fully described in the Motion to Stay, Appellants seek to stay the Confirmation Order until resolution of the Appeal. A stay of the Confirmation Order is necessary for the Appellants to exercise their appellate rights. The key appellate issues include, among others, whether third party non-consensual releases are: (a) appropriate in chapter 11 cases where the Debtors are liquidating, (b) whether these cases were exceptional or merely notorious, (c) whether the releases were necessary to the Debtors' reorganization or are just a condition precedent to the Insurance Companies funding the Plan, and (d) whether releases, that are contractual in nature, can be imposed upon an objecting party as a matter of law.

9. For these reasons, Appellants respectfully submit that the Motion to Stay be considered on shortened notice as is reasonable in the circumstances. Appellants therefore request that the Motion to Stay be considered on the paper submissions or a hearing on the Motion to Stay be held at the Court's earliest convenience.

## **NOTICE**

10. Appellants have provided notice of this Motion via the Court's CM/ECF system and/or electronic mail to: (i) counsel to the Debtors; (ii) the United States Trustee for the District

of Delaware; (iii) counsel to the Official Committee of Unsecured Creditors; (iv) counsel to Office of the Attorney General for the State of New York; (v) counsel to all parties that appeared at the Confirmation Hearing; and (vi) all other parties that consented to service by CM/ECF in these chapter 11 cases (collectively, the "<u>Notice Parties</u>"). In light of the nature of the relief requested, it is respectfully submitted that such notice is due and adequate under the circumstances, and that no additional notice need be given.

## **NO PRIOR REQUEST**

11. No prior request for the relief requested herein has been made to this or any other court.

## **CONCLUSION**

**WHEREFORE**, due to the exigency of the nature of relief sought in the Motion to Stay, Appellants request the Court enter an order substantially in the form of the Proposed Order: (i) shortening notice with respect to the Motion to Stay; (ii) limiting notice of this Motion to the Notice Parties; (iii) requiring objections to the Motion to Stay be raised at an expedited date set by the Court; (iv) consider the Motion to Stay on the papers submitted without a hearing, provided that if a hearing is requested by the Plan Proponents or the Court determines a hearing is necessary, scheduling the Motion to Stay be heard at the Court's earliest convenience; and (v) granting such other relief as may be just and proper.

[*Signature follows on next page*]

Dated: February 9, 2021
Wilmington, Delaware

Respectfully submitted,

**THE ROSNER LAW GROUP LLC**

*/s/ Zhao Liu*
Frederick B. Rosner (DE # 3995)
Zhao (Ruby) Liu (DE# 6436)
824 N. Market Street, Suite 810
Wilmington, Delaware 19801
Tel.: (302) 777-1111
Email: rosner@teamrosner.com
liu@teamrosner.com

- and -

**WIGDOR LLP**
Douglas H. Wigdor, Esquire.
Bryan L. Arbeit, Esquire
85 Fifth Ave, Fl. 5
New York, NY 10003
Phone: (212) 257-6800
Email: dwigdor@wigdorlaw.com
barbeit@wigdorlaw.com

- and -

**THE LAW OFFICE OF KEVIN MINTZER, P.C.**
Kevin Mintzer, Esquire
1350 Broadway, Suite 2220
New York, New York 10018
Phone: (646) 843-8180
Email: km@mintzerfirm.com

- and -

**RHEINGOLD GIUFFRA RUFFO & PLOTKIN LLP**
Thomas P. Giuffra, Esquire
551 5th Avenue, 29th Floor
New York, NY 10176
Phone: (212) 684-1880
Email: tgiuffra@rheingoldlaw.com

*Counsel for the Non-Consenting Sexual Misconduct Claimants*