# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE WEINSTEIN COMPANY<br>HOLDINGS LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>No. 18-10601-MFW<br>(Jointly Administered)<br><br>**Hearing Date: May 6, 2021 at 10:30 a.m.**<br>**Objection Deadline: April 29, 2021 at 4:00 p.m.** |

## MOTION OF LOUISETTE GEISS TO SEAL EXHIBIT IN SUPPORT OF MOTION FOR SUBSTANTIAL CONTRIBUTION

Louisette Geiss ("Ms. Geiss") hereby moves (the "Motion to Seal") for the entry of an order pursuant to 11 U.S.C. §§ 105(a) and 107(b), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing Ms. Geiss to file under seal the underlying time entries in connection with the fees (the "Fee Statements") of Ms. Geiss' counsel Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and Brown Rudnick LLP ("Brown Rudnick," and together with Hagens Berman, "Ms. Geiss' Counsel")[2] attached as Exhibits A and B to Ms. Geiss' Application for Compensation for Services Rendered and Reimbursement of Expenses Rendered as a Substantial Contribution in These Cases under 11 U.S.C. § 503(B)(3)(D) (the "Substantial Contribution Motion"); and in support thereof, Ms. Geiss respectfully states as follows:

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are 3837. The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc

[2] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Substantial Contribution Motion.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion to Seal pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicates for the relief requested herein are Bankruptcy Code Sections 105(a) and 107(b). Relief is also warranted pursuant to Bankruptcy Rule 9018 and Local Rule 9018-1.

## BACKGROUND

2. As more fully set forth in the Substantial Contribution Motion, the above-captioned bankruptcy cases were precipitated by numerous women bravely stepping forward to accuse Harvey Weinstein, the co-founder and (now former) co-Chairman of the Debtors of sexual assault and rape. Absent a consensual resolution among the parties, it was unlikely that the Debtors would be able to confirm a plan in Chapter 11 and the victims would receive a minimal distribution, if any, on account of their claims. Ultimately, almost three years after the Petition Date, the Court confirmed the Debtor's Fifth Amended Chapter 11 Plan of Liquidation [D.I. 3195] ("Fifth Amended Plan" or "Plan"). The formulation and confirmation of the Plan, including the creation of the Sexual Misconduct Claims Fund (the "Fund") for Holders of Sexual Misconduct Claims was the direct and proximate result of a settlement among Ms. Geiss, as a representative of other victims, the Debtors, the Debtors' former insiders, the Official Committee of Unsecured Creditors (the "Committee" or "UCC"), the Office of the New York Attorney General ("NYOAG"), and certain insurers (the "Insurance Carriers"), all achieved

12801257.v1

through approximately two years of mediation and negotiation in which Ms. Geiss and her counsel, took a leadership role.[3]

3. By and through the Substantial Contribution Motion, Ms. Geiss seeks allowance and payment of a portion of fees and expenses incurred in connection with the mediation as a substantial contribution to the Debtors' bankruptcy cases. As more fully set forth in the Substantial Contribution Motion, once efforts began in June 2018 to explore, in mediation, a global settlement of all civil claims against the former directors and officers of Debtors, Ms. Geiss and her counsel led all efforts during the critical period when such efforts were made to structure a proposed global settlement. Ms. Geiss' Counsel played a critical role during two years of mediation efforts, and in particular, interacted at times virtually daily during an intensive but critical period of global mediation from June 2018 through June 2019, and was instrumental in organizing and acting, at critical times thereafter, on behalf of various creditors. While Ms. Geiss and her counsel are constrained by virtue of the confidentiality restrictions of the mediation from detailing the full extent of the work conducted to facilitate the global settlement reached, it cannot be disputed that, during a critical period of settlement negotiations, including prior to, during, and after a series of all-day all-hands mediation sessions, Ms. Geiss' Counsel served as a primary point of contact on behalf of the tort victims who ultimately have approved the Plan and on behalf of other interested parties, including the UCC, the NYOAG and even the Debtors, with the mediator, the former officers and directors and the insurance carriers. Beyond this critical period, Ms. Geiss and her counsel continued to actively participate in numerous conversations with the

---

[3] Ms. Geiss' Counsel also represented other tort creditors and victims in connection with the Chapter 11 Cases and other matters involving Harvey Weinstein and the Debtors, but Ms. Geiss was named to co-chair the Committee.

mediator, interested parties, negotiations, and drafting sessions to finalize the global settlement, which ultimately resulted in confirmation of the Plan.

## RELIEF REQUESTED

4. By this Motion to Seal, the Movants requests authority to file a copy of the Fee Statements under seal.

## BASIS FOR RELIEF

5. Generally speaking, Section 107 of Bankruptcy Code, titled "Public Access to Papers," contemplates that the public shall have access to materials filed in connection with bankruptcy cases. Section 107(b) of the Bankruptcy Code provides for the following exception:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

6. Rule 9018 of the Federal Rules of Bankruptcy Procedure permits a party to seek to file documents under seal. See Fed. R. Bankr. P. 9018 ("On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of . . . confidential . . . commercial information . . . .").

7. Local Rule 9019-5, titled "Mediation," provides as follows:

(d) Confidentiality of Mediation Proceedings.

> (i) Protection of Information Disclosed at Mediation. The mediator and the participants in mediation are prohibited from divulging, outside of the mediation, any oral or written information disclosed by the parties or by

4

>witnesses in the course of the mediation. No person may rely on or introduce as evidence in any arbitral, judicial or other proceeding, evidence pertaining to any aspect of the mediation effort, including, but not limited to: (A) views expressed or suggestions made by a party with respect to a possible settlement of the dispute; (B) the fact that another party had or had not indicated willingness to accept a proposal for settlement made by the mediator; (C) proposals made or views expressed by the mediator; (D) statements or admissions made by a party in the course of the mediation; and (E) documents prepared for the purpose of, in the course of, or pursuant to the mediation. In addition, without limiting the foregoing, Rule 408 of the Federal Rules of Evidence, any applicable federal or state statute, rule, common law or judicial precedent relating to the privileged nature of settlement discussions, mediations or other alternative dispute resolution procedures shall apply. Information otherwise discoverable or admissible in evidence does not become exempt from discovery, or inadmissible in evidence, merely by being used by a party in the mediation. However, except as set forth in the previous sentence, no person shall seek discovery from any participant in the mediation with respect to any information disclosed during mediation.

Del. Bankr. L.R. 9019-5(d)(i).

8. Further, Section 105(a) of the Bankruptcy Code gives the Court the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." See 11 U.S.C. § 105(a).

9. Ms. Geiss appreciates the tension between providing complete disclosure of information to all parties and disclosing information which may not be necessary or appropriately disseminated, however given the prurient nature of the claims and the sensitivity of the underlying issues involving victims such as Ms. Geiss, as well as the strict requirement of confidentiality for mediation, Ms. Geiss believes that, in an abundance of caution, the disclosure of the issues being discussed and the communications between the parties (including the timing of those communications) warrants sealing of the Fee Statements and time underlying time records by counsel. Ms.

12801257.v1

Geiss has filed a redacted copy of the Fee Statements with her Substantial Contribution Motion.[4]

## CONSENT TO REQUEST TO SEAL

10.  The undersigned counsel has conferred with counsel for the Debtors, counsel for the Liquidation Trustee, and the Office of the United States Trustee. Counsel for the Debtors and the Liquidation Trustee have each consented to the request to seal. The Office of the United States Trustee has <u>not</u> consented to Ms. Geiss' request to seal prior to Ms. Geiss' filing of the motion and stated that the Office of the United States Trustee will review the motion when filed and reserve any and all rights to respond and/or object to the relief requested herein.

## NOTICE

11.  The Movants have served a copy of this Motion to Seal and the proposed form of order attached hereto upon (i) counsel for the Debtors; (ii) counsel for the Official Committee of Unsecured Creditors; and (iii) the Office of the United States Trustee.

WHEREFORE, for the reasons stated above, the Movants respectfully requests the entry of an order permitting the Movants to file the Fee Statements under

---

[4] Unredacted copies of the Fee Statements are being provided to counsel for the Debtors, counsel for the Liquidation Trustee, and the Office of the United States Trustee.

seal.

| | |
|---|---|
| Dated: April 5, 2021 | Respectfully submitted,<br>**MORRIS JAMES LLP**<br><br>    */s/ Jeffrey R. Waxman*<br>Jeffrey R. Waxman (No. 4159)<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801-1494<br>Telephone: (302) 888-5842<br>Facsimile: (302) 504-3942<br><br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>Steve W. Berman, Esquire<br>Shelby Smith, Esquire<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WA 98101<br>Telephone: (206) 623-7292<br>steve@hbsslaw.com<br>shelby@hbsslaw.com<br><br>Whitney K. Siehl, Esquire<br>455 N. Cityfront Plaza Drive, Suite 2410<br>Chicago, Illinois 60611<br>Telephone: (708) 628-4949<br>whitneys@hbsslaw.com<br><br>**BROWN RUDNICK LLP**<br>Sigmund S. Wissner-Gross, Esquire<br>Seven Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4800<br>SWissner-Gross@brownrudnick.com<br><br>*Counsel for Louisette Geiss, Co-Chair of the Official Committee of Unsecured Creditors* |

12801257.v1