**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TWC Liquidation Trust, LLC,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 18-10601 (MFW)<br><br>**Hearing Date: August 5, 2021 at 10:30 a.m. (ET)**<br>**Objection Deadline: August 4, 2021 at 4:00 p.m. (ET)** |

**MOTION TO COMPEL RESPONSE TO ROBERT WEINSTEIN'S FIRST SET OF INTERROGATORIES TO SPYGLASS MEDIA GROUP, LLC**

Pursuant to rules 26, 33, and 37 of the Federal Rules of Civil Procedure (the "Federal Rules"), as incorporated into this proceeding by rules 7026, 7033, 7037 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Robert Weinstein ("Mr. Weinstein"), by and through his undersigned counsel, hereby submits this motion (the "Motion") to compel Spyglass Media Group, LLC (f/k/a Lantern Entertainment LLC; "Lantern") to answer fully and under oath the Interrogatories propounded in connection with the Motion to Enforce (as such capitalized terms are defined below) and to award reasonable fees and costs in connection with this Motion.

In support of his Motion, Mr. Weinstein respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). A complete list of the Debtors in these cases (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, can be found on the claim's agent website: http://dm.epiq11.com/#/case/TWC.

1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[2]

2. Pursuant to the Sale Order (defined below), the Court retained "jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the APA [….] and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale Transaction[.]"  Sale Order, ¶¶ 51, 66.

3. The legal predicates for the relief requested herein is rule 7037 of the Bankruptcy Rules, rule 37 of the Federal Rules and rule 7026-1 of the Local Rules.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

5. On May 9, 2018, the Court entered the *Order (I) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests, Encumbrances and Other Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and (III) Granting Related Relief* [D.I. 846] (the "Sale Order") approving the Asset Purchase Agreement (as amended, the "APA"), pursuant to which Lantern acquired substantially all of the assets of The Weinstein Company, LLC and the other Debtors (collectively, "TWC").

6. On June 16, 2021, Mr. Weinstein, filed the *Motion of Robert Weinstein for Entry of an Order Enforcing the Sale Order and Granting Related Relief* [D.I. 3363] (the "Motion to

---

[2] Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Mr. Weinstein hereby confirms his consent to entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

Enforce").[3]  At issue in the Motion to Enforce are certain post-closing participation rights of Mr. Weinstein regarding the motion picture *Scream 4* and other Covered Titles, as further detailed therein.  The Motion to Enforce seeks an entry of an order that Mr. Weinstein is entitled to all of his post-closing participation rights, and directing Lantern to pay such obligations.  *See, e.g.* Motion, p. 4 (Requesting an order to "require Lantern to (i) honor Mr. Weinstein's Participation Interest in Scream 4, and (ii) ***pay to Mr. Weinstein all amounts due and that may become due in accordance with the terms of his Participation Interests and required under the APA.***" (emphasis added); Motion, p. 17 ("***[T]he Court should*** enforce the Sale Order and ***direct Lantern*** to (i) honor Mr. Weinstein's Participation Interests in Scream 4 or any other Covered Title, (ii) ***pay Mr. Weinstein any and all amounts currently due in respect of his Participation Interests in Scream 4 or any other Covered Title, and (iii) continue paying Mr. Weinstein his Participation Interests under any Covered Title as and when required in accordance with the terms of the Participation Interests.***") (emphasis added).

7.      On July 13, 2021, Mr. Weinstein propounded *Robert Weinstein's First Set of Interrogatories to Spyglass Media Group, LLC* (each, an "Interrogatory" and together, the "Interrogatories").  In general terms, the Interrogatories sought limited, narrowly tailored information regarding Mr. Weinstein's Participation Interests in Scream 4, which is the subject to the Motion to Enforce.

8.      On July 23, 2021, Lantern filed the *Objection of Spyglass to Motion of Robert Weinstein for Entry of an Order Enforcing the Sale Order and Granting Related Relief* [D.I. 3387] (the "Objection").

---

[3] Except where otherwise indicated, capitalized terms used but not defined in this Motion have the meanings ascribed to them in the Motion to Enforce.

9. On July 27, Lantern propounded a response to the Interrogatories, *Spyglass media Group, LLC (f/k/a Lantern Entertainment LLC's) Objections and Responses to Robert Weinstein's First Set of Interrogatories* (the "Response"), attached hereto as **Exhibit A**. In its Response, Lantern failed to answer ***any*** Interrogatory, instead asserting general and unsubstantiated objections that not a single one of the Interrogatories is relevant. In its Response Lantern states:

> Spyglass objects to these Requests on the grounds that they are irrelevant to the sole issue presented in the Motion – whether Robert Weinstein is entitled to Participations. Instead, each Request seeks information solely as to the amount of such Participations. If the United States Bankruptcy Court for the District of Delaware grants Robert Weinstein's Motion and it is finally determined that he is entitled to such Participations, Spyglass will provide Robert Weinstein with an accounting of those Participation interests. Until that time, any such Requests are premature and, therefore, irrelevant.

Response, ¶3.

10. As set forth above, Lantern's statement that the sole issue presented in the Motion to Enforce is that of Mr. Weinstein's entitlement to Participations is patently false. To the contrary, and as Lantern is well aware, the Motion to Enforce seeks to compel payment of such Participation rights. *See* Motion, pp. 4, 17. During counsel's meet and confer communications, Lantern's counsel continued to suggest, without any legal or factual support, that "the only issue the Court is going to decide" is Mr. Weinstein's entitlement to Participations. *See*, Emails between Kerri K. Mumford, Esq., Counsel to Mr. Weinstein, and Brett Ingerman, Esq., *et al.*, Counsel to Lantern (July 28, 2021—July 29, 2021) attached hereto as **Exhibit B**.

11. A hearing on the Motion to Enforce is scheduled for August 5, 2021, at 10:30 a.m. (ET) (the "Hearing").

## RELIEF REQUESTED

12. By this Motion, Mr. Weinstein requests the entry of an order compelling Lantern to fully and substantively respond to the Interrogatories, and granting such other relief as the Court finds appropriate, including awarding reasonable fees and costs in connection with this Motion.

## BASIS FOR RELIEF

13. Rule 37 provides that, after a party seeking discovery has made a good faith effort to confer with the party resisting discovery to obtain the sought discovery without court action, a party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a); Fed. R. Bankr. P. 7037(a). A motion to compel discovery brought under Federal Rule 37 is controlled by Fed. R. Civ. P. 26(b)(1). *See Parallel Networks Licensing, LLC v. Int'l Bus. Machines Corp.*, No. CV 13-2072-SLR-SRF, 2015 LEXIS 109897, at *5-6 (D. Del. Aug. 20, 2015). Federal Rule 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1); Fed. R. Bankr. P. 26(b)(1).

14. In the Third Circuit, "the relevancy standard under Rule 26 is broad". *New Atl. Venture Fund III, L.P. v. Vir2us, Inc.*, 2016 U.S. Dist. LEXIS 84927, at *8 (D. Del. June 30, 2016). When considering relevancy, the "primary issue for determination before the Court, then, is 'whether the documents and information sought relate to any of the legal or factual issues in dispute.'" *In re Energy Future Holdings Corp.*, 513 B.R. 651, 656 (Bankr. D. Del. 2014). Once

Mr. Weinstein has shown the relevance of the Interrogatories, Lantern has the burden of showing why it should not be compelled to respond. *See, e.g.*, *Official Comm. of Unsecured Creditors of Allied Sys. Holdings v. Yucaipa Am. Alliance Fund I, L.P. (In re Allied Sys. Holdings)*, 2015 Bankr. LEXIS 3839, at *31 (Bankr. D. Del. Nov. 9, 2015) (stating that the party seeking discovery carries the initial burden of showing relevance, however, "[o]nce that initial burden is met, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.") (internal citation omitted); *Velocity Int'l, Inc. v. Celerity Healthcare Solutions, Inc.*, Civil Action No. 90-102, 2011 U.S. Dist. LEXIS 53508, at *5 (W.D. Pa. June 1, 2010) ("If the opposing party resists production, it must explain the reasons why the information requested is not relevant or otherwise not subject to discovery.") (internal citation omitted). "Construed as a broad standard, discovery is ordinarily allowed under the concept of relevancy 'unless it is clear that the information sought can have no possible bearing upon the subject matter of the action." *CSC Trust Co. v. Energy Future Intermediate Holdings Co. LLC (In re Energy Future Holdings Corp.)*, 513 B.R. 651, 656 (Bankr. D. Del. 2014) (internal citation omitted).

15. Here, Lantern has no legitimate basis for its objections to the Interrogatories; indeed, there is no basis in law or fact for Lantern itself to unilaterally determine what the Court will or will not decide in connection with the Motion to Enforce in an effort to predetermine relevancy of the Interrogatories. The fact that Mr. Weinstein's right to post-closing

Participations under the APA must be determined in connection with the Motion to Enforce is not a valid basis to object to the Interrogatories on "relevance" grounds.

16. As the above excerpts from the Motion to Enforce demonstrate, both the rights to Participation Interests and Lantern's actual payments thereof to Mr. Weinstein are directly at issue in the Motion to Enforce. There is nothing "premature" or "irrelevant" about addressing matters of accounting in connection with the Motion to Enforce. Taken to its logical conclusion, accepting Lantern's argument would mandate that no discovery as to damages ever would be relevant until the Court first determined that a right to payment exists. This of course is not the standard and such stonewalling reeks of bad faith. Lantern itself suggests that the amount at issue is "millions of dollars" but inexplicably argues that Mr. Weinstein has no basis to determine the amount at stake. Objection, ¶ 1. Accordingly, Lantern cannot substantiate its objections and fails to show that "it is not clear that the that the information sought can have no possible bearing upon the subject matter of the action." *Id.*

17. The Bankruptcy Rules require Lantern to respond fully to Mr. Weinstein's Interrogatories. Fed. R. Bankr. P. 7033(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."); 7033(b)(1) ("The interrogatories must be answered . . . ."). Furthermore, rule 37(a)(4) of the Federal Rules requires that, "[f]or purposes of this subdivision (a), an evasive, or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Thus, despite Lantern propounding its Response, given the evasive and incomplete response, the Court must treat the Response as a failure to answer or respond.

18.     Given the complete and utter failure of Lantern to even attempt to satisfy the federal rules of discovery or the controlling precedent as to what is relevant, Lantern should be sanctioned for such willful failures to appropriately respond to the Interrogatories.

19.     Federal Rule 37(a)(5)(A) mandates:

**(A) If the Motion is Granted (or Disclosure or Discovery is Provided After Filing).** If the Motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be hear, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A); Fed. R. Bankr. P. 37(a)(5)(A).  Lantern has not shown the substantial justification that is necessary to avoid sanctions. *See*, *e.g.*, *Rozek v. GMAC (In re Rozek)*, Case No. 02-3026, 2003 Bankr. LEXIS 1656, at *12 (Bankr. N.D. Ohio May 13, 2003) (holding that, to avoid sanctions, party must show "substantial justification" for failing to provide discovery, not just "some justification") (internal citation omitted); *Ray v. Univ. of Tulsa (In re Ray)*, 283 B.R. 70, 81 (Bankr. N.D. Okla. 2002) (noting requirement of "substantial justification" to avoid sanctions for failure to provide discovery).  Lantern has no basis to claim that the Interrogatories are not relevant other than its contrived attempt to limit the relief sought and its own determination as to what the Court should determine.

20.     If the Court agrees that Lantern should reimburse Mr. Weinstein for his expenses in pursuing this Motion, Mr. Weinstein seeks leave to file under Certification of Counsel a

statement of reasonable fees and expenses incurred in pursuing this Motion, when all expenses can be tabulated, without the need to estimate the same.

## NOTICE AND NO PRIOR REQUEST

21.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) the Liquidating Trustee; (c) Spyglass Media Group, LLC (f/k/a Lantern Entertainment LLC) and (d) any party requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, Mr. Weinstein submits that no other or further notice is required.

22.     No previous request for the relief sought in this Motion has been made to this Court or any other court.

## CERTIFICATION PURSUANT TO LOCAL RULE 7026-1

Counsel to Mr. Weinstein hereby certifies that it has in good faith conferred or attempted to confer with Lantern in a reasonable effort to obtain responses to the Interrogatories and the matters set forth herein without Court action.  Before the Motion was filed, the parties tried to resolve and/or limit matters through the email communications as outlined in **Exhibit B**, as well as a follow-up teleconference where no agreement was reached.

[*Remainder of Page Intentionally left Blank*]

**CONCLUSION**

For the foregoing reasons, Mr. Weinstein respectfully requests that the Court (i) grant the Motion, (ii) enter an order substantially in the form attached hereto compelling Lantern to answer the Interrogatories, (iii) award Mr. Weinstein fees and costs in pursuing the Motion, and (iv) grant such other and further relief as the Court deems just and proper.

Dated: July 29, 2021　　　　　　　　　　**LANDIS RATH & COBB LLP**
Wilmington, Delaware

　　　　　　　　　　　　　　　　　　　　/s/ *Kerri K. Mumford*
　　　　　　　　　　　　　　　　　　　　Adam G. Landis (No. 3407)
　　　　　　　　　　　　　　　　　　　　Kerri K. Mumford (No. 4186)
　　　　　　　　　　　　　　　　　　　　Matthew R. Pierce (No. 5946)
　　　　　　　　　　　　　　　　　　　　919 North Market Street, Suite 1800
　　　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　　　　Telephone:  302.467.4400
　　　　　　　　　　　　　　　　　　　　Facsimile:  302.467.4450
　　　　　　　　　　　　　　　　　　　　E-mail: landis@lrclaw.com
　　　　　　　　　　　　　　　　　　　　　　　　mumford@lrclaw.com
　　　　　　　　　　　　　　　　　　　　　　　　pierce@lrclaw.com

　　　　　　　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　　　　　　　　　**SAUER & WAGNER LLP**
　　　　　　　　　　　　　　　　　　　　Robert S. Chapman
　　　　　　　　　　　　　　　　　　　　1801 Century Park E
　　　　　　　　　　　　　　　　　　　　Los Angeles, California 90067
　　　　　　　　　　　　　　　　　　　　Telephone:  310.712.8100
　　　　　　　　　　　　　　　　　　　　Email: rchapman@swattys.com

　　　　　　　　　　　　　　　　　　　　*Counsel to Robert Weinstein*