# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TWC Liquidation Trust, LLC,[1] | ) | Case No. 18-10601 (MFW) |
| | ) | |
| Debtor. | ) | **Objection Deadline: Dec. 13, 2021 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date: Dec. 20, 2021 at 2:00 p.m. (ET)** |
| | ) | |

## THE LIQUIDATION TRUSTEE'S MOTION FOR ORDER AUTHORIZING ABANDONMENT OF DEBTORS' RIGHTS TO CERTAIN PERSONAL PROPERTY

The Liquidation Trustee hereby moves (the "Motion") the Court for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Liquidation Trustee to abandon all rights, title, and interest in and to the personal property listed on **Exhibit B,** consisting of tangible assets, such as film data, tapes, and books and records (collectively, the "Abandoned Assets"). The Liquidation Trustee also requests authority to dispose of or destroy all tangible Abandoned Assets in the event that they are not claimed within thirty (30) days after entry of an order.

The Liquidation Trustee brings this Motion pursuant to sections 105(a) and 554 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") on the grounds that the Abandoned Assets are of *de minimis* value and their storage is burdensome to the TWC Liquidation Trust. The Motion is supported by applicable legal authority described below and the pleadings and records before the Court.

In support of the Motion, the Trustee respectfully represents as follows:

---

[1] The mailing address for TWC Liquidation Trust, LLC is c/o Dean Ziehl, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067.

## Jurisdiction and Venue

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The Trustee confirms his consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6007.

## Background

4.      On March 19, 2018 (the "Petition Date"), the Debtors commenced these voluntary chapter 11 cases in the United States Bankruptcy Court for the District of Delaware;

5.      On May 9, 2018, the Court entered an Order *(I) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests, Encumbrances and Other Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and (III) Granting Related Relief* [Docket No. 846] ("Sale Order"), which, among other matters, authorized the Debtors to consummate the sale of substantially all of their assets to Spyglass Media Group, LLC f/k/a Lantern Entertainment LLC ("Spyglass").

6.     On December 18, 2020, the Court entered an *Order Authorizing and Establishing Procedures for the Sale, Transfer, or Abandonment of De Minimis Assets* ("De Minimis Asset Order") [Docket No. 3141].  Pursuant to the De Minimis Asset Order, the Debtors were authorized to abandon de minimis assets with a net book value of no more than $250,000, subject to an abandonment notice served by email if possible on limited parties comprised of: (a) counsel to Spyglass, (b) counsel to the Guilds,[2] (c) any party known to hold or assert an interest in the specific property to be sold or abandoned, (d) if applicable, any non-debtor counterparties to any executory contracts or unexpired leases relating to the property, (e) any party that has expressed an interest in purchasing the property, and (e) the entity, if any, to which the Debtors will abandon the property (the "De Minimis Notice Parties").

7.     On January 26, 2021, the Court entered an order [Docket No. 3203] confirming the *Fifth Amended Joint Chapter 11 Plan of Liquidation* [Docket Nos. 3182 and 3195] (the "Plan"), which became effective on February 18, 2021 (the "Effective Date").  Pursuant to the Plan and the accompanying Liquidation Trust Agreement, the Liquidation Trustee is appointed as successor-in-interest to, and the representative of, the Debtors' estates for the retention, enforcement, settlement, or adjustment of all claims and rights, known and unknown, and all interests belonging to the Debtors or their estates that arose prior to the Effective Date, except in connection with any proceeding relating to Sexual Misconduct Claims as defined in the Plan.

8.     Pursuant to section 2.6 of the Liquidation Trust Agreement, the Liquidation Trustee may abandon non-cash assets under the following circumstances:

> Abandonment.  If in the Liquidation Trustee's reasonable judgment, any non-cash Liquidation Trust Assets cannot be sold in a commercially

---

[2] The "Guilds" mean, collectively, the Directors Guild of America, Inc., Screen Actors Guild-American Federation of television and Radio Artists, Writers Guild of America West, Inc., and the Motion Picture Industry Pension and Health Plans.

reasonable manner or the Liquidation Trustee believes in good faith that such property has inconsequential value to the Liquidation Trust or its Beneficiaries, the Liquidation Trustee shall have the right to cause the Liquidation Trust to abandon or otherwise dispose of such property.

9.      The Liquidation Trustee, in consultation with his professionals and advisors, believes in good faith that the rights of the TWC Liquidation Trust to the Abandoned Assets are of inconsequential value to the TWC Liquidation Trust and it is in the best interests of the beneficiaries of the TWC Liquidation Trust to abandon such non-cash assets, including all tangible records related thereto.

10.      The Liquidation Trustee has investigated, in consultation with his advisors, the nature of the Abandoned Assets and understands that the Abandoned Assets are not immediately saleable and are of *de minimis* value.  Moreover, the Liquidation Trustee currently pays several thousand dollars per month for climate-controlled storage of film materials and storage of related electronic and hard copy data.  The Liquidation Trustee believes that the Abandoned Assets are burdensome to the estate and therefore seeks to abandon such assets and to dispose of all records related to the Abandoned Assets.

11.      The Liquidation Trustee is prepared to destroy the tangible Abandoned Assets unless an interested party objects or comes forward to assume storage costs and otherwise relieve the TWC Liquidation Trust of the burdens of maintaining such assets.  Absent any objection or assumption of storage costs, the Liquidation Trustee will dispose of or destroy all tangible Abandoned Assets in the event that they are not claimed within thirty (30) days after entry of an order approving this Motion.

**Relief Requested**

12.      By this Motion, the Liquidation Trustee seeks entry of an order authorizing the Liquidation Trustee to abandon all rights, title, and interest in and to the Abandoned Assets listed

on **Exhibit B**, and to dispose of or destroy all tangible Abandoned Assets in the event that they are not claimed within thirty (30) days after entry of an order.

<u>**Basis for Relief**</u>

13.     Section 554 of the Bankruptcy Code provides, in relevant part, that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

14.     The abandonment of estate property is also governed by Bankruptcy Rule 6007, which reads, in pertinent part, as follows:

> **Notice of Proposed Abandonment or Disposition; Objections; Hearing.** Unless otherwise directed by the court, the trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property to the United States trustee, all creditors, indenture trustees and committees elected pursuant to § 705 or appointed pursuant to § 1102 of the Code. A party in interest may file and serve an objection within 15 days of the mailing of the notice, or within the time fixed by the court. If a timely objection is made, the court shall set a hearing on notice to the United States trustee and to the other entities as the court may direct.

Fed. R. Bankr. P. 6007(a).

15.     Trustees and debtors are afforded significant discretion in determining the value and benefits of particular property for purposes of deciding whether to abandon it. *See, e.g., In re Contract Research Sols., Inc.*, 2013 Bankr. LEXIS 1784 at *11 (Bankr. D. Del. May 1, 2013) ("In abandoning property under §554, the debtor 'need only demonstrate that it has exercised sound business judgment in making the determination to abandon.") (citation omitted).

16.     Indeed, a trustee or debtor's right to abandon property in accordance with section 554(a) of the Bankruptcy Code is virtually unfettered except when such abandonment would contravene laws designed to protect public health and safety or pose an imminent threat to the public's welfare. *See, e.g., In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986). Courts have

held that "[t]he trustee's power to abandon property is discretionary."  *In re Slack*, 290 B.R. 282, 284 (Bankr. D.N.J. 2003) (citations omitted).  A trustee may abandon estate assets that are of "inconsequential value and benefit to the estate" or that are "burdensome to the estate."  *In re Reich*, 54 B.R. 995, 1004 (Bankr. E.D. Mich. 1985); *see In re Contract Research Solutions, Inc.*, 2013 Bankr. LEXIS 1784, at *11-12 (Bankr. D. Del. May 1, 2013) (granting request to abandon personal property at leased location that, according to the debtors, was of negligible commercial value, storing it created a burden on the estate, and abandonment would pose no threat to public safety and would not contravene any law or regulation).  The decision to abandon must merely reflect "business judgment made in good faith" that rests on a reasonable basis.  *In re Cult Awareness Network, Inc.*, 205 B.R. 575, 579 (Bankr. N.D. Ill. 1997).

17.     "Courts defer to the trustee's judgment and place the burden on the party opposing the abandonment to prove a benefit to the estate and an abuse of the trustee's discretion."  *In re Slack,* 290 B.R. at 284.  "The party opposing the abandonment must show some likely benefit to the estate, not mere speculation about possible scenarios in which there might be a benefit to the estate."  *Id.*  "The court only needs to find the trustee made: 1) a business judgment; 2) in good faith; 3) upon some reasonable basis; and 4) within the trustee's scope of authority."  *Id.* (citing *In re Fulton,* 162 B.R. 539, 540 (Bankr. W.D. Mo. 1993) and Collier on Bankruptcy, 15th ed. ¶554.02[4]).

18.     All of the conditions to abandonment are satisfied here.  Continuing to hold the Abandoned Assets is both burdensome and of no value to the TWC Liquidation Trust. Abandonment of such assets will not contravene any public policy and will benefit the Debtors' general unsecured creditors.  Accordingly, the Liquidation Trustee submits that absent objection by any interested party, abandonment of the estate's interests, if any, in the Abandoned Assets

listed on Exhibit B is a reasonable exercise of business judgment and appropriate under section 554(a) of the Bankruptcy Code.

**Waiver of Bankruptcy Rule 6007**

19.     Bankruptcy Rule 6007(a) requires that the Liquidation Trustee serve a copy of this Motion, "[u]nless otherwise directed by the court" on "all creditors." Fed. R. Bank. P. 6007(a). The Debtors' creditor matrix contains over 385 parties. Serving the Motion upon all creditors would be unnecessarily burdensome and costly. As successor to the Debtor, the Liquidation Trustee submits that he should be permitted to serve the Motion on the more limited De Minimis Notice Parties consistent with the Court's prior De Minimis Asset Order. The Liquidation Trustee will serve a copy of this Motion and related documents on the parties in interest set forth below and, therefore, requests, to the extent required, a limited waiver of the service requirement set forth in Rule 6007. The Liquidation Trustee submits that the requested waiver is appropriate and will properly and timely effectuate notice to the real parties in interest.

**Notice**

20.     Notice of this Motion has been given to the following parties, or their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to Spyglass Media Group, LLC, (c) counsel to the Guilds, (d) any party known to hold or assert an interest in the Abandoned Assets, and (e) all persons who have requested notice pursuant to Bankruptcy Rule 2002. The Liquidation Trustee submits that no other or further notice is necessary or required.

WHEREFORE, the Liquidation Trustee respectfully requests that this Court (a) enter the proposed order attached as **Exhibit A**, authorizing the Trustee to (a) abandon all rights, title, and interest in and to the Abandoned Assets, and (b) dispose of or destroy all tangible Abandoned Assets in the event that they are not claimed within thirty (30) days after entry of an order, and granting such other and further relief as this Court deems just and proper.

Date:   November 23, 2021
        Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Robert J. Feinstein (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
Jason H. Rosell (admitted *pro hac vice*)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-4100
Email: rfeinstein@pszjlaw.com
       dgrassgreen@pszjlaw.com
       jrosell@pszjlaw.com
       crobinson@pszjlaw.com

*Attorneys for Dean A. Ziehl, solely in his capacity as Liquidation Trustee of the TWC Liquidation Trust formed pursuant to the Fifth Amended Joint Chapter 11 Plan of Liquidation*