## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TWC Liquidation Trust, LLC,[1] | ) | Case No. 18-10601 (MFW) |
| | ) | |
| Debtor. | ) | **Hearing Date: May 24, 2022 at 10:30 a.m. (ET)** |
| | ) | **Objection Deadline: May 17, 2022 at 4:00 p.m. (ET)** |
| | ) | |
| | ) | |

### LIQUIDATION TRUSTEE'S FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN: (A) AMENDED AND SUPERSEDED CLAIMS; (B) DUPLICATE CLAIMS; (C) NO LIABILITY CLAIMS; AND (D) MISCLASSIFIED CLAIMS

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE AND/OR MODIFY CERTAIN CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD REVIEW THE OBJECTION, LOCATE THEIR NAMES AND CLAIMS IN THE SCHEDULES ATTACHED TO THE OBJECTION, AND IF APPLICABLE, FILE A RESPONSE BY THE OBJECTION DEADLINE CONSISTENT WITH THE INSTRUCTIONS SET FORTH IN THE OBJECTION. THE RELIEF SOUGHT IN THIS OBJECTION IS WITHOUT PREJUDICE TO THE LIQUIDATING TRUSTEE'S RIGHT TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS LISTED IN THE SCHEDULES ATTACHED TO THIS OBJECTION.**

Dean A. Ziehl (the "Liquidation Trustee"), solely in his capacity as Liquidation Trustee of the TWC Liquidation Trust (the "Trust") formed pursuant to the *Fifth Amended Joint Chapter 11 Plan of Liquidation* of The Weinstein Company Holdings LLC and its affiliated debtors (collectively, the "Debtors"), by any through his undersigned counsel, submits this omnibus objection (the "First Omnibus Objection") seeking entry of an order, substantially in the form attached as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy

---

[1] The mailing address for TWC Liquidation Trust, LLC is c/o Dean Ziehl, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067.

Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of Local Rules for the United States

Bankruptcy Court District of Delaware (the "Local Rules"): (i) disallowing and expunging in full

the amended and superseded claims shown on **Schedule 1** (the "Amended Claims") as set forth

therein; (ii) disallowing and expunging in their entirety the duplicate claims shown on

**Schedule 2** (the "Duplicate Claims"); (iii) disallowing and expunging in their entirety the claims

shown on **Schedule 3** (the "No Liability Claims"); and (iv) reclassifying the claims (or portions

thereof, as applicable) shown on **Schedule 4** (the "Misclassified Claims") as set forth therein.

In support of this First Omnibus Objection, the Liquidation Trustee relies on the

*Declaration of Dean A. Ziehl in Support of Liquidation Trustee's First Omnibus Objection (Non-*

*Substantive) to Certain: (A) Amended and Superseded Claims; (B) Duplicate Claims; (C) No*

*Liability Claims; and (D) Misclassified Claims* (the "Declaration"), attached as **Exhibit B**, and

respectfully states as follows:

### JURISDICTION

1.      The Court has jurisdiction to consider and determine this matter under 28 U.S.C.

§§ 157 and 1334 and the Plan.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue is

proper under 28 U.S.C. §§ 1408 and 1409.  The Liquidation Trustee consents to the entry of a

final order by the Court in connection with this First Omnibus Objection to the extent that it is

later determined that the Court, absent the consent of the parties, cannot enter final orders or

judgments consistent with Article III of the United States Constitution.

2.      The bases for the relief requested are sections 105(a) and 502(b) of the

Bankruptcy Code, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1.

## BACKGROUND

### A.    General Background

3.    On March 19, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4.    On January 26, 2021, the Court entered an order [Docket No. 3203] confirming the *Fifth Amended Joint Chapter 11 Plan of Liquidation* [Docket Nos. 3182 and 3195] (the "Plan"), which became effective on February 18, 2021 (the "Effective Date").  Pursuant to the Plan and the accompanying Liquidation Trust Agreement, the Liquidation Trustee is appointed as successor-in-interest to, and the representative of, the Debtors' estates for the retention, enforcement, settlement, or adjustment of all claims and rights, known and unknown, and all interests belonging to the Debtors or their estates that arose prior to the Effective Date, except in connection with any proceeding relating to Sexual Misconduct Claims as defined in the Plan.

### B.    Dismissal of Certain Debtors' Chapter 11 Cases

5.    On April 20, 2021, the Liquidation Trustee filed *The TWC Liquidation Trust's Motion for Entry of Order and Final Decree Closing Certain of the Chapter 11 Cases, Waiving Requirement of Further Post-Confirmation Reporting in Chapter 11 Cases to be Closed and Request For Change in Caption* [Docket No. 3330] which requested closing fifty-four (54) of the fifty-five (55) Debtors.  On May 25, 2021, this Court entered the *Order and Final Decree Closing Certain of the Chapter 11 Cases, Waiving Requirement of Further Post-Confirmation Reporting in Chapter 11 Cases to be Closed and Changing Case Caption* [Docket No. 3356].

### C.    The Bar Dates

6.    On December 27, 2018, this Court entered an *Order (I) Establishing Deadlines for Filing Proofs of Claim, (II) Establishing Deadlines for Filing Requests for Payment of*

*Postpetition Administrative Expenses, (III) Approving Form and Manner of Notice Thereof, and (IV) Granting Related Relief* [Docket No. 1890], which collectively established February 15, 2019 at 5:00 p.m. (Eastern Time) as the general bar date (the "General Bar Date"), the bar date for governmental units (the "Government Bar Date"), and as the deadline for parties to file applications for allowance of administrative expense claims that arose on or after the Petition Date through and including December 31, 2018 (the "Administrative Claims Bar Date").

7.     On September 9, 2020, this Court entered an *Order (I) Establishing Deadlines for Filing Proofs of Claim Solely With Respect to Tort Claims, (II) Approving Form and Manner of Notice Thereof, and (III) Granting Related Relief* [Docket No. 2966], which established: October 31, 2020 at 5:00 p.m. (Eastern Time) as the deadline for entities or persons, including, but not limited to, (a) former employees or independent contractors of the Debtors, (b) known parties to litigation with any of the Debtors relating to a Tort Claim (as defined below), and (c) known parties who have threatened the Debtors with litigation premised upon a Tort Claim (parties in clauses (b) and (c), together, the "Litigation Parties"), to file a proof of claim solely in respect of any Tort Claims (the deadline by which such claims must be filed, the "Tort Claims Bar Date").

D.     **The Claims Reconciliation Process**

8.     In the ordinary course of business, the Debtors maintained books and records (the "Books and Records") that reflect, *inter alia*, the Debtors' liabilities and the amounts owed to their creditors.  Section 6.2 of the Plan provides for the Liquidation Trustee's access to and/or possession of the Books and Records.

9.      The Debtors' register of claims, prepared by Epiq Bankruptcy Solutions, LLC, reflects that, as of the date hereof, approximately 1,042 proofs of claim have been filed in the Debtors' chapter 11 cases.

10.     Since the Effective Date, the Liquidation Trustee and his counsel and advisors, have been, among other things, in the process of reviewing and reconciling proofs of claim filed against the Debtors in these chapter 11 cases, with a view toward reconciling all claims for which the Liquidation Trustee is responsible.  This process includes identifying categories of claims that may be targeted for disallowance and expungement, reduction and/or reclassification.

11.     As a result of this review, the Liquidation Trustee anticipates filing objections to numerous claims in order to reduce the number of claims, and to avoid possible "double recovery" or otherwise improper recovery by claimants.

## RELIEF REQUESTED

12.     By this First Omnibus Objection and for the reasons described more fully below, the Liquidation Trustee: (a) objects to the amended claims, duplicate claims, no liability claims, and misclassified claims set forth on **Schedules 1**, **2**, **3** and **4** attached to the Proposed Order, pursuant to sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, Local Rule 30071-1 and the orders establishing Bar Dates, as applicable, and (b) respectfully requests entry of the Proposed Order attached as **Exhibit A**, disallowing, expunging or reclassifying the amended claims, duplicate claims, no liability claims, and misclassified claims shown on **Schedules 1**, **2**, **3** and **4** in their entirety, as set forth therein.

## OBJECTION

13.     Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a

5

party in interest . . . objects." 11 U.S.C. §502(a). Once an objection to a claim is filed, the Court, after notice and a hearing, shall determine the allowed amount of the claim. 11 U.S.C. §502(b).

14.      Section 502(b)(1) of the Bankruptcy Code provides, in part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." *Id.*   While a properly filed proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party presents evidence to rebut a claim's *prima facie* validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence.  *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992). The burden of persuasion with respect to the claim is always on the claimant.  *Id.* at 174.  The failure to allege facts and to provide sufficient support for a claim deprives the claim of *prima facie* validity.

15.      For the reasons set forth below, and based upon the Declaration, there is ample evidence to rebut the *prima facie* validity of each claim subject to this First Omnibus Objection.

**A.      Amended and Superseded Claims**

16.      The Third Circuit has held that in the absence of prejudice, bankruptcy courts should allow amendments to proofs of claim to cure a defect in a claim as filed or to describe the claim with greater particularity.  *See In re Edison Bros. Stores*, 2002 Bankr. LEXIS 1228 at *10 (Bankr. D. Del. May 15, 2002) (stating that amendments are to be allowed where the original claim prompted notice to the court of the existence, nature, and amount of the claim, and are not allowed when they constitute the assertion of an entirely new claim).  Amendments relate back to the date of the filing of the original claim.  *See In re Metro Transp. Co.*, 117 B.R. 143, 147 (Bankr. E.D. Pa. 1990).

6

17.    Based on the review of the proofs of claim identified on Schedule 1 (the "Amended and Superseded Claims") to the Proposed Order, the Liquidation Trustee has determined that they have been amended and superseded by a later filed claim, filed by the same claimant for the same liability.  The Liquidation Trustee therefore seeks to disallow and expunge the Amended and Superseded Claims, which have been superseded by the later filed Surviving Claim also identified on Schedule 1.

18.    Unless the Amended and Superseded Claims are disallowed, the claimants listed on Schedule 1 will receive an excess recovery from the Debtors' Estates.  The claimants affected by the First Omnibus Objection will not be prejudiced if the Amended and Superseded Claims are expunged, because each will retain the corresponding Surviving Claim against the Estates that is identified on Schedule 1.[2]

**B.    Duplicate Claims**

19.    Based on the above-described review of the proofs of claim, the Liquidation Trustee has determined that the proofs of claim identified as duplicate claims on Schedule 2 (the "Duplicate Claims") to the Proposed Order replicate other proofs of claim filed by the same claimants asserting claims for the same liabilities in the same amounts and priorities.[3]

20.    Accordingly, the Liquidation Trustee seeks entry of the Proposed Order disallowing and expunging the Duplicate Claims listed on Schedule 2 to the Proposed Order in their entirety.  Expunging the Duplicate Claims will ensure that the claimants do not receive a "double recovery" on account of their claims.  The Liquidation Trustee notes that the claimants

---

[2] The Liquidation Trustee reserves all rights to object to the Surviving Claims on any grounds.

[3] The claims at issue here were either asserted on account of the same liability against the same Debtor or multiple Debtors, which has given rise to a Duplicate Claim in light of the substantive consolidation of the Debtors' estates. *See* Local Rule 3007-1(d)(i) ("a claim filed against two different debtors is not a duplicate claim unless the cases have been substantively consolidated by order of the Court").

will not be prejudiced if the Duplicate Claims are disallowed and expunged, because the

claimants will retain a surviving claim, also identified on <u>Schedule 2</u> to the Proposed Order, to

the extent not objectionable on other grounds.[4]

### C.    No Liability Claims

21.    The Liquidation Trustee has identified the proofs of claim listed on <u>Schedule 3</u>

(the "<u>No Liability Claims</u>") to the Proposed Order for which the Debtors' estates have no

liability.  In particular, the Liquidation Trustee and/or his advisors reviewed each of the No

Liability Claims and all supporting information and documentation provided therewith, and

made reasonable efforts to research each claim in the Debtors' Books and Records.  For this

reason, as well as any supplemental explanation shown in the "Reason for Disallowance" column

of <u>Schedule 3</u> to the Proposed Order, the Liquidation Trustee has determined that each of the No

Liability Claims has no basis in the Debtors' books and records and, accordingly, requests that

the No Liability Claims identified on <u>Schedule 3</u> to the Proposed Order be disallowed and

expunged in their entirety.

### D.    Misclassified Claims

22.    The Liquidation Trustee has identified the Misclassified Claims, listed on

<u>Schedule 4</u> to the Proposed Order, as claims that have been asserted in the wrong classification

or priority (in whole or in part).  The Liquidation Trustee and/or his advisors have reviewed the

Misclassified Claims and the supporting information and documentation provided therewith,

have made reasonable efforts to research each such Misclassified Claim in the Debtors' Books

and Records, and based on such research and review, either: (i) find no basis for the priority

---

[4] As the claims reconciliation process is ongoing, the Liquidation Trustee reserves and preserves all rights to object to any proofs of claim, including but not limited to any such surviving claims, on any grounds and file subsequent substantive or non-substantive objections based upon such grounds.

status asserted in the Misclassified Claims, or (ii) find no basis for a *portion* of the priority status

asserted in the Misclassified Claims.  For this reason, as well as any supplemental explanation

shown in the "Reason for Reclassification" column on <u>Schedule 4</u>, the Liquidation Trustee has

determined that the Misclassified Claims should be reclassified as shown on <u>Schedule 4</u>, in the

column titled "Modified Priority" and, accordingly, requests that the Misclassified Claims

identified on <u>Schedule 4</u> be reclassified as set forth thereon.

## <u>RESPONSES TO OMNIBUS OBJECTIONS</u>

23.     To contest any objection set forth herein, a claimant must file and serve a written

response to this First Omnibus Objection (a "<u>Response</u>") so that it is received no later than May

17, 2022 at 4:00 p.m. (ET) (the "<u>Response Deadline</u>").  Every Response must be filed with the

Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824

North Market Street, Wilmington, Delaware 19801, and served upon the following entities, so

that the Response is received no later than the Response Deadline, at the following address:

> Pachulski Stang Ziehl & Jones LLP
> 919 N. Market Street, 17th Floor
> Wilmington, DE  19801
> Attn:   Andrew W. Caine, Esq.
>         Jason H. Rosell, Esq.
>         Colin R. Robinson, Esq.

24.     Every Response to this First Omnibus Objection must contain, at a minimum, the

following information:

  i.    A caption setting forth the name of the Court, the name of the Debtors, the
        case number, and the title of the objection to which the Response is directed;

  ii.   The name of the claimant, his/her/its claim number, and a description of the
        basis for the amount of the claim;

  iii.  The specific factual basis and supporting legal argument upon which the party
        will rely in opposing this First Omnibus Objection;

     iv.    Any supporting documentation, to the extent it was not included with the proof of claim previously filed with the clerk or claims agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim; and

     v.    The name, address, telephone number, email address and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Liquidation Trustee should communicate with respect to the claim or the First Omnibus Objection and who possesses authority to reconcile, settle or otherwise resolve the objection to the disputed claim on behalf of the claimant.

25.    If the claimant fails to file and serve a timely response by the Response Deadline, the Liquidation Trustee will present to the Court an appropriate order disallowing, reclassifying or reducing such claimant's claim, as set forth in Schedules 1, 2, 3 and 4 to the Proposed Order, without further notice to the claimant.

## REPLIES TO RESPONSES

26.    Consistent with Local Rule 9006-1(d), the Liquidation Trustee may, at its option, file and serve a reply to a Response no later than 4:00 p.m. (ET) one (1) day prior to the deadline for filing the agenda for any hearing to consider this Fist Omnibus Objection.

## SEPARATE CONTESTED MATTERS

27.    To the extent that a Response is filed regarding any claim listed in this First Omnibus Objection and the Liquidation Trustee is unable to resolve the Response consensually, the objection by the Liquidation Trustee to each such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this First Omnibus Objection shall be deemed a separate order with respect to each claim.

## RESERVATION OF RIGHTS

28.    The rights of the Liquidation Trustee to object in the future to any of the claims that are the subject of this First Omnibus Objection on any ground, and to file further substantive

DOCS_DE:237900.4 92767/002

or non-substantive objections based upon any such grounds, are fully reserved and preserved. The Liquidation Trustee also fully reserves the right to amend, modify and/or supplement this First Omnibus Objection, including, without limitation, to object to amended or newly-filed claims.

29.     Notwithstanding anything contained in this First Omnibus Objection or the attached exhibits or schedules, nothing herein shall be construed as a waiver of any rights that the Liquidation Trustee may have to exercise rights of setoff or recoupment against the holders of any claims.

## **NOTICE**

30.     Notice of this First Omnibus Objection shall be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) each claimant whose claim is subject to this First Omnibus Objection; and (iii) all entities requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Liquidation Trustee respectfully submits that no further notice is necessary.

## **COMPLIANCE WITH LOCAL RULE 3007-1**

31.     The Liquidation Trustee respectfully submits that this First Omnibus Objection substantially complies with Local Rule 3007-1.  To the extent that the First Omnibus Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Liquidation Trustee believes that such deviations are not material and respectfully requests that any such requirement be waived.

## **NO PRIOR REQUEST**

32.     No prior request for the relief sought herein has been made by the Liquidation Trustee to this or any other court.

## <u>CONCLUSION</u>

WHEREFORE, the Liquidation Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached as <u>Exhibit A</u>, granting the relief requested and such additional relief as is appropriate.

Date:   April 22, 2022

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*

Andrew W. Caine (admitted *pro hac vice*)
Jason H. Rosell (admitted *pro hac vice*)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-4100
Email: acaine@pszjlaw.com
       jrosell@pszjlaw.com
       crobinson@pszjlaw.com

*Attorneys for Dean A. Ziehl, solely in his capacity as Liquidation Trustee of the TWC Liquidation Trust*