## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TWC Liquidation Trust, LLC,[1] | ) | Case No. 18-10601 (MFW) |
| | ) | |
| Debtor. | ) | **Hearing Date: May 24, 2022 at 10:30 a.m. (ET)** |
| | ) | **Objection Deadline: May 17, 2022 at 4:00 p.m. (ET)** |
| | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

### LIQUIDATION TRUSTEE'S OBJECTION TO CLAIM OF REDROVER CO. LTD, BY ITS AGENT, FINTAGE, AND DECLARATION IN SUPPORT THEREOF

> **THIS OBJECTION SEEKS TO RECLASSFY A CLAIM.  THE CLAIMANT RECEIVING THIS OBJECTION SHOULD REVIEW THE OBJECTION, AND IF DESIRED, FILE A RESPONSE BY THE OBJECTION DEADLINE CONSISTENT WITH THE INSTRUCTIONS SET FORTH IN THE OBJECTION.  THE RELIEF SOUGHT IN THIS OBJECTION IS WITHOUT PREJUDICE TO THE LIQUIDATING TRUSTEE'S RIGHT TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS TO THE CLAIM LISTED IN THE SCHEDULES ATTACHED TO THIS OBJECTION.**

Dean A. Ziehl (the "Liquidation Trustee"), solely in his capacity as Liquidation Trustee of the TWC Liquidation Trust (the "Trust") formed pursuant to the *Fifth Amended Joint Chapter 11 Plan of Liquidation* of The Weinstein Company Holdings LLC and its affiliated debtors (collectively, the "Debtors"), by any through his undersigned counsel, submits this objection (the "Objection") seeking entry of an order, substantially in the form attached as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of Local Rules for the United States Bankruptcy Court District of Delaware (the "Local Rules") reclassify the claim of Redrover Co. Ltd, through its agent,

---

[1] The mailing address for TWC Liquidation Trust, LLC is c/o Dean Ziehl, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067.

Fintage (the "Claim") to a general unsecured claim as set forth therein.  In support of this

Objection, the Liquidation Trustee relies on the *Declaration of Robert Peck in Support Thereof*

(the "Declaration"), attached as **Exhibit C**, and respectfully states as follows:

## JURISDICTION

1.      The Court has jurisdiction to consider and determine this matter under 28 U.S.C.

§§ 157 and 1334 and the Plan.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue is

proper under 28 U.S.C. §§ 1408 and 1409.  The Liquidation Trustee consents to the entry of a

final order by the Court in connection with this First Omnibus Objection to the extent that it is

later determined that the Court, absent the consent of the parties, cannot enter final orders or

judgments consistent with Article III of the United States Constitution.

2.      The bases for the relief requested are sections 105(a) and 502(b) of the Bankruptcy

Code, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1.

## BACKGROUND

**A.      General Background**

3.      On March 19, 2018 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code.

4.      On January 26, 2021, the Court entered an order [Docket No. 3203] confirming

the *Fifth Amended Joint Chapter 11 Plan of Liquidation* [Docket Nos. 3182 and 3195] (the

"Plan"), which became effective on February 18, 2021 (the "Effective Date").  Pursuant to the

Plan and the accompanying Liquidation Trust Agreement, the Liquidation Trustee is appointed as

successor-in-interest to, and the representative of, the Debtors' estates for the retention,

enforcement, settlement, or adjustment of all claims and rights, known and unknown, and all

interests belonging to the Debtors or their estates that arose prior to the Effective Date, except in connection with any proceeding relating to Sexual Misconduct Claims as defined in the Plan.

**B.      Dismissal of Certain Debtors' Chapter 11 Cases**

5.      On April 20, 2021, the Liquidation Trustee filed *The TWC Liquidation Trust's Motion for Entry of Order and Final Decree Closing Certain of the Chapter 11 Cases, Waiving Requirement of Further Post-Confirmation Reporting in Chapter 11 Cases to be Closed and Request For Change in Caption* [Docket No. 3330] which requested closing fifty-four (54) of the fifty-five (55) Debtors.  On May 25, 2021, this Court entered the *Order and Final Decree Closing Certain of the Chapter 11 Cases, Waiving Requirement of Further Post-Confirmation Reporting in Chapter 11 Cases to be Closed and Changing Case Caption* [Docket No. 3356].

**C.      The Bar Dates**

6.      On December 27, 2018, this Court entered an *Order (I) Establishing Deadlines for Filing Proofs of Claim, (II) Establishing Deadlines for Filing Requests for Payment of Postpetition Administrative Expenses, (III) Approving Form and Manner of Notice Thereof, and (IV) Granting Related Relief* [Docket No. 1890], which collectively established February 15, 2019 at 5:00 p.m. (Eastern Time) as the general bar date (the "General Bar Date"), the bar date for governmental units (the "Government Bar Date"), and as the deadline for parties to file applications for allowance of administrative expense claims that arose on or after the Petition Date through and including December 31, 2018 (the "Initial Administrative Claims Bar Date"). Pursuant to the Plan and following the filing of the *Notice of Effective Date and Entry of Order Confirming Plan Proponents' Fifth Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 3258], April 5, 2021 at 5:00 p.m. (Eastern Time) was established as the supplemental bar date for

applications for allowance of administrative expense claims that arose on or after the Initial Administrative Claims Bar Date.

7.      On September 9, 2020, this Court entered an *Order (I) Establishing Deadlines for Filing Proofs of Claim Solely With Respect to Tort Claims, (II) Approving Form and Manner of Notice Thereof, and (III) Granting Related Relief* [Docket No. 2966], which established: October 31, 2020 at 5:00 p.m. (Eastern Time) as the deadline for entities or persons, including, but not limited to, (a) former employees or independent contractors of the Debtors (the "Employees"), (b) known parties to litigation with any of the Debtors relating to a Tort Claim (as defined below), and (c) known parties who have threatened the Debtors with litigation premised upon a Tort Claim (parties in clauses (b) and (c), together, the "Litigation Parties"), to file a proof of claim solely in respect of any Tort Claims (the deadline by which such claims must be filed, the "Tort Claims Bar Date").

**D.      The Claims Reconciliation Process**

8.      In the ordinary course of business, the Debtors maintained books and records (the "Books and Records") that reflect, *inter alia*, the Debtors' liabilities and the amounts owed to their creditors.  Section 6.2 of the Plan provides for the Liquidation Trustee's access to and/or possession of the Books and Records.

9.      The Debtors' register of claims, prepared by Epiq Bankruptcy Solutions, LLC, reflects that, as of the date hereof, approximately 1033 proofs of claim have been filed in the Debtors' chapter 11 cases.

10.     Since the Effective Date, the Liquidation Trustee and his counsel and advisors, have been, among other things, in the process of reviewing and reconciling proofs of claim filed against the Debtors in these chapter 11 cases. The Liquidation Trustee and his advisors have

been reviewing and analyzing claims with a view toward reconciling all claims for which the Liquidation Trustee is responsible.  This process includes identifying categories of claims that may be targeted for disallowance and expungement, reduction and/or reclassification.

11.     As a result of this review, the Liquidation Trustee anticipates filing objections to numerous claims in order to reduce the number of claims, and to avoid possible "double recovery" or otherwise improper recovery by claimants.

## RELIEF REQUESTED

12.     By this Objection and for the reasons described more fully below, the Liquidation Trustee objects to the Claim and respectfully requests entry of the Proposed Order attached as **Exhibit A**, reclassifying the Claim as a general unsecured claim.

## OBJECTION

13.     Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. §502(a).  Once an objection to a claim is filed, the Court, after notice and a hearing, shall determine the allowed amount of the claim.  11 U.S.C. §502(b).

14.     Section 502(b)(1) of the Bankruptcy Code provides, in part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  *Id.*   While a properly filed proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party presents evidence to rebut a claim's *prima facie* validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence.  *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992). The burden of persuasion with respect to the claim is always on the claimant.  *Id.* at 174.  The

failure to allege facts and to provide sufficient support for a claim deprives the claim of *prima facie* validity.

15.     For the reasons set forth below, and based upon the Declaration, there is ample evidence to rebut the *prima facie* validity of the Claim.

### A.     The Claim and Background Facts.

16.     The Claim was filed on February 15, 2019 as a secured claim in the amount of $524,336, and was designated as Claim No. 80074 by the Claims Agent. (A true and correct copy of the Claim is attached hereto as **Exhibit B**.)  The stated basis for the Claim is that the Debtors held collected royalty payments for the "Nut Job" films in trust for the claimant.

17.     As set forth in the attached Declaration of Robert Peck, the Debtors' former EVP of Accounting and Controller, the Liquidation Trustee's advisors reviewed the Claim and all supporting information and documentation provided therewith, and investigated and reviewed the Debtors' Books and Records with respect to the Claim and underlying transactions.  Based on this review, the Liquidation Trustee has determined that any and all funds received by the Debtors with respect to this project referenced in the Claim were commingled with other operational funds in the Debtors' operations accounts, and were not segregated or otherwise designated to be held apart or in trust for any party. As there is no basis or evidence for the asserted secured claim, the Liquidation Trustee seeks to reclassify the Claim in its entirety as a general unsecured claim.

### RESPONSE TO OBJECTION

18.     To contest any objection set forth herein, the claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than April 6, 2022 at 4:00 p.m. (ET) (the "Response Deadline").  The Response must be filed with the Office of the

Clerk of the United States Bankruptcy Court for the District of Delaware: 824 North Market

Street, Wilmington, Delaware 19801, and served upon the following entities, so that the

Response is received no later than the Response Deadline, at the following address:

> Pachulski Stang Ziehl & Jones LLP
> 919 N. Market Street, 17th Floor
> Wilmington, DE  19801
> Attn:   Andrew W. Caine, Esq.
>           Jason H. Rosell, Esq.
>           Colin R. Robinson, Esq.

19.     A Response to this Objection must contain, at a minimum, the following

information:

> i.     A caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the objection to which the Response is directed;
>
> ii.     The name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;
>
> iii.     The specific factual basis and supporting legal argument upon which the party will rely in opposing this First Omnibus Objection;
>
> iv.     Any supporting documentation, to the extent it was not included with the proof of claim previously filed with the clerk or claims agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim; and
>
> v.     The name, address, telephone number, email address and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Liquidation Trustee should communicate with respect to the claim or the First Omnibus Objection and who possesses authority to reconcile, settle or otherwise resolve the objection to the disputed claim on behalf of the claimant.

20.     If the claimant fails to file and serve a timely response by the Response Deadline,

then the Liquidation Trustee will ask the Court to enter the Proposed Order disallowing the

Claim, without further notice to the claimant.

## **REPLY TO RESPONSE**

21.     Consistent with Local Rule 9006-1(d), the Liquidation Trustee may, at its option,

file and serve a reply to a Response no later than 4:00 p.m. (ET) one (1) day prior to the deadline for filing the agenda for any hearing to consider this Objection.

## RESERVATION OF RIGHTS

22.     The rights of the Liquidation Trustee to object in the future to any of the claims that are the subject of this Objection on any ground, and to file further substantive or non-substantive objections based upon any such grounds, are fully reserved and preserved.  The Liquidation Trustee also fully reserves the right to amend, modify and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims.

23.     Notwithstanding anything contained in this Objection or the attached exhibits or schedules, nothing herein shall be construed as a waiver of any rights that the Liquidation Trustee may have to exercise rights of setoff or recoupment against the holders of any claim.

## NOTICE

24.     Notice of this Objection shall be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) the claimant of the Claim; and (iii) all entities requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Liquidation Trustee respectfully submits that no further notice is necessary.

## COMPLIANCE WITH LOCAL RULE 3007-1

25.     The Liquidation Trustee respectfully submits that this Objection substantially complies with Local Rule 3007-1.  To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Liquidation Trustee believes that such deviations are not material and respectfully requests that any such requirement be waived.

**NO PRIOR REQUEST**

26.     No prior request for the relief sought herein has been made by the Liquidation

Trustee to this or any other court.

**CONCLUSION**

WHEREFORE, the Liquidation Trustee respectfully requests that the Court enter

the Proposed Order, substantially in the form attached as Exhibit A, granting the relief requested

and such additional relief as is appropriate.

Date:   April 22, 2022

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*

Andrew W. Caine (admitted *pro hac vice*)
Jason H. Rosell (admitted *pro hac vice*)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-4100
Email: acaine@pszjlaw.com
        jrosell@pszjlaw.com
        crobinson@pszjlaw.com

*Attorneys for Dean A. Ziehl, solely in his capacity
as Liquidation Trustee of the TWC Liquidation
Trust*