DEPARTMENT OF TAXATION,
STATE OF HAWAII
P.O. Box 259
Honolulu, HI 96809
Attn: Bankruptcy Unit
Telephone: (808) 543-6820
x. 4017

FILED
2022 MAY -9 AM 11:22
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | CASE NO. 18-10601 (MFW)<br>(Chapter 11) |
| TWC Liquidation Trust, LLC, | *Re: Docket Entry No. 3470-1* |
| Debtor. | Response Deadline:<br>Date: May 17, 2022<br>Time: 4:00 p.m. (EST) |
| | Hearing:<br>Date: May 24, 2022<br>Time: 10:30 a.m. (EST) |

853502

DECLARATION OF NOOR ZAINAL ABIDIN REGARDING DEPARTMENT OF TAXATION, STATE OF HAWAII'S RESPONSE TO LIQUIDATION TRUSTEE'S FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN: (A) AMENDED AND SUPERSEDED CLAIMS; (B) DUPLICATE CLAIMS; (C) NO LIABILITY CLAIMS; AND (D) MISCLASSIFIED CLAIMS; EXHIBITS A - D

NOOR ZAINAL-ABIDIN, pursuant to 28 U.S.C. § 1746 declares:

1. I am a Delinquent Tax Collection

Assistant II, Collection Division, for the First Taxation District (Oahu), Department of Taxation, State of Hawaii (also known as "Hawaii State Tax Collector"). As such, I am authorized and empowered to compute and collect all general excise, income, and other tax liabilities due the State of Hawaii, to file tax liens upon property and rights to property belonging to any person liable to pay tax, to monitor payment of the Debtors' outstanding tax liabilities, to file proofs of claim for outstanding tax liabilities of THE WEINSTEIN COMPANY HOLDINGS LLC (the "Debtor"), and to enforce such claims, liens, and other rights of the State of Hawaii in respect thereof.

2. As part of my duties, I have been assigned to monitor the above-captioned bankruptcy case to determine whether obligations regarding tax liabilities are being satisfied.

3. I have reviewed the records of the Department of Taxation, State of Hawaii (hereinafter "Hawaii"), relating to the Debtor and am competent to

testify as to the matters stated herein upon my personal knowledge.

4. Response to the Liquidating Trustee's Objection to Claim No. 159.

a. The Liquidating Trustee filed an objection to Hawaii's Claim for state taxes, for which Hawaii filed a proof of claim on January 31, 2019. The total amount of the proof of claim for general excise taxes is unknown because the Debtor did not file all the proper general excise tax returns for taxable years 2014 through 2017. A true and accurate copy of the proof of claim is attached hereto as Exhibit A.

b. The Debtor is required to report and to pay general excise taxes on Hawaii-sourced business income, if any, pursuant to Hawaii Revised Statutes § 237-3 (2017). A true and accurate copy of Haw. Rev. Stat. § 237-3 is attached hereto as Exhibit B.

c. The Debtor is required to make annual general excise tax returns for each taxable year pursuant to Haw. Rev. Stat. sec. 237-33 (2017). A true

and accurate copy of Haw. Rev. Stat. sec. 237-33 is attached hereto as Exhibit C.

d. The Debtor is required to report the county surcharge on its annual general excise tax returns for each taxable year pursuant to Haw. Rev. Stat. sec. 237-8.6 (2017). A true and accurate copy of Haw. Rev. Stat. sec. 237-8.6 is attached hereto as Exhibit D.

e. Any Hawaii tax liabilities that the Debtor owes on pre-petition, non-filed returns are entitled to priority status pursuant to Bankruptcy Code sec. 507(a)(8)(A).

5. To date, Hawaii has not received the above-mentioned general excise tax returns.

6. The Debtor has not provided any documentation to support adjustment of Hawaii's claims. "A claim filed pursuant to § 501 enjoys prima facie validity." <u>In the Matter of Missionary Baptist Found. of Amer.</u>, 712 F.2d 206, 212 (5th Cir. 1983); Fed. Bankr. R. 3001(f)(1). Unless the Debtor can provide proof

that the amounts in Hawaii's Proof of Claim is erroneous, Hawaii's claim is valid and should be allowed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii, MAY - 6 2022.

NOOR ZAINAL ABIDIN

DEPARTMENT OF TAXATION,
STATE OF HAWAII
P.O. Box 259
Honolulu, HI 96809
Attn: Bankruptcy Unit
Telephone: (808) 543-6820
x. 4017

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TWC Liquidation Trust, LLC,<br><br>Debtor. | CASE NO. 18-10601 (MFW)<br>(Chapter 11)<br><br>*Re: Docket Entry No. 3470-1*<br><br>Response Deadline:<br>Date: May 17, 2022<br>Time: 4:00 p.m. (EST)<br><br>Hearing:<br>Date: May 24, 2022<br>Time: 10:30 a.m. (EST) |

853502

EXHIBIT A

Proof of Claim Dated January 28, 2019

DEPARTMENT OF TAXATION,
STATE OF HAWAII
P.O. Box 259
Honolulu, HI 96809
Attn: Bankruptcy Unit
Telephone: (808) 543-6820
x. 4017

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TWC Liquidation Trust, LLC,<br><br>Debtor. | CASE NO. 18-10601 (MFW)<br>(Chapter 11)<br><br>*Re: Docket Entry No. 3470-1*<br><br><u>Response Deadline</u>:<br>Date: May 17, 2022<br>Time: 4:00 p.m. (EST)<br><br><u>Hearing</u>:<br>Date: May 24, 2022<br>Time: 10:30 a.m. (EST) |

853502

EXHIBIT B

Haw. Rev. Stat. § 237-3

**§237-3 "Gross income", "gross proceeds of sale", defined.** (a) "Gross income" means the gross receipts, cash or accrued, of the taxpayer received as compensation for personal services and the gross receipts of the taxpayer derived from trade, business, commerce, or sales and the value proceeding or accruing from the sale of tangible personal property, or service, or both, and all receipts, actual or accrued as hereinafter provided, by reason of the investment of the capital of the business engaged in, including interest, discount, rentals, royalties, fees, or other emoluments however designated and without any deductions on account of the cost of property sold, the cost of materials used, labor cost, taxes, royalties, interest, or discount paid or any other expenses whatsoever. Every taxpayer shall be presumed to be dealing on a cash basis unless the taxpayer proves to the satisfaction of the department of taxation that the taxpayer is dealing on an accrual basis and the taxpayer's books are so kept, or unless the taxpayer employs or is required to employ the accrual basis for the purposes of the tax imposed by chapter 235 for any taxable year in which event the taxpayer shall report the taxpayer's gross income for the purposes of this chapter on the accrual basis for the same period.

"Gross proceeds of sale" means the value actually proceeding from the sale of tangible personal property without any deduction on account of the cost of property sold or expenses of any kind.

(b) The words "gross income" and "gross proceeds of sales" shall not be construed to include: gross receipts from the sale of securities as defined in 15 United States Code section 78c or similar laws of jurisdictions outside the United States, contracts for the sale of a commodity for future delivery and other agreements, options, and rights as defined in 7 United States Code section 2 that are permitted to be traded on a board of trade designated by the Commodities Futures Trading Commission under the Commodity Exchange Act, or evidence of indebtedness or, except as otherwise provided, from the sale of land in fee simple, improved or unimproved, dividends as defined by chapter 235; cash discounts allowed and taken on sales; the proceeds of sale of goods, wares, or merchandise returned by customers when the sale price is refunded either in cash or by credit; or the sale price of any article accepted as part payment on any new article sold, if the full sale price of the new article is included in the "gross income" or "gross proceeds of sales"; gross receipts from the sale or transfer of materials or supplies, interest on loans, or the provision of engineering, construction, maintenance, or managerial services by one "member" of an "affiliated public service company group" to another "member" of the same group as such terms are defined in section 239-2. Accounts found to be worthless and actually charged off for income tax purposes may be deducted, at corresponding periods, from gross proceeds of sale, or gross income, within this chapter, so far as they reflect taxable sales made, or gross income earned, after July 1, 1935, but shall be added to gross proceeds of sale or gross income when and if afterwards collected.

(c) For purposes of the tax imposed by this chapter, a taxpayer under section 237-13(3) may report on a cash basis; provided the taxpayer notifies the department of taxation of the basis upon which the tax imposed by this chapter is to be reported. [L 1935, c 141, pt of §1; am L 1941, c 265, §1(a); RL 1945, §5444; RL 1955, §117-3; am L Sp 1957, c 1,

§3(a); am L Sp 1959 2d, c 1, §16; HRS §237-3; am L 1977, c 26, §2; gen ch 1985; am L 1988, c 295, §2; am L 1989, c 118, §1; am L 1997, c 178, §3; am L 2000, c 262, §2]

**Attorney General Opinions**

With the exception of pre-bid costs, all items entering into the total contract price of a Capehart project contractor constitute gross income subject to general excise taxation. Att. Gen. Op. 61-85.

Interest income from agreement of sale not exempt as income from "sale of land". Att. Gen. Op. 62-1.

Taxability of out-of-state travel agency conducting local tours and of local travel agent conducting out-of-state tours. Att. Gen. Op. 65-6.

**Case Notes**

"Gross income" defined. 34 H. 269 (1937).

Exemption from gross income, "sale of real property". 44 H. 584, 358 P.2d 539 (1961).

Sale defined. 44 H. 584, 358 P.2d 539 (1961).

Payments by manufacturers and other sellers to retailers under cooperative merchandising or advertising agreements are payments for services and constitute gross income. 51 H. 281, 458 P.2d 664 (1969).

Interest received on agreement of sale of land does not come within "gross receipts from the sale of land in fee simple". 52 H. 279, 474 P.2d 538 (1970).

Interest income received by a nondomiciliary vendor from sales of Hawaiian land found not within exemptions. 57 H. 436, 559 P.2d 264 (1977).

Taxability of transactions between joint venture and its member. 59 H. 307, 582 P.2d 703 (1978).

Cited: 40 H. 722, 728 (1955), 56 H. 321, 536 P.2d 91 (1975).

Previous Chapter 237 Next

DEPARTMENT OF TAXATION,
STATE OF HAWAII
P.O. Box 259
Honolulu, HI 96809
Attn: Bankruptcy Unit
Telephone: (808) 543-6820
x. 4017

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TWC Liquidation Trust, LLC,<br><br>Debtor. | CASE NO. 18-10601 (MFW)<br>(Chapter 11)<br><br>*Re: Docket Entry No. 3470-1*<br><br>Response Deadline:<br>Date: May 17, 2022<br>Time: 4:00 p.m. (EST)<br><br>Hearing:<br>Date: May 24, 2022<br>Time: 10:30 a.m. (EST) |

853502

EXHIBIT C

Haw. Rev. Stat. sec. 237-33

**§237-33 Annual return, payment of tax.** On or before the twentieth day of the fourth month following the close of the taxable year, each taxpayer shall make a return showing the value of products, gross proceeds of sales or gross income, and compute the amount of tax chargeable against the taxpayer in accordance with this chapter and deduct the amount of monthly payments (as hereinbefore provided), and transmit with the taxpayer's report a remittance in the form required by section 237-31 covering the residue of the tax chargeable against the taxpayer. The return shall be signed by the taxpayer, if made by an individual, or by the president, vice-president, secretary, or treasurer of a corporation, if made on behalf of a corporation. If made on behalf of a partnership, firm, society, unincorporated association, group, hui, joint adventure, joint stock company, corporation, trust estate, decedent's estate, trust, or other entity, any individual delegated by the entity shall sign the same on behalf of the taxpayer. If for any reason it is not practicable for the individual taxpayer to sign the return, it may be done by any duly authorized agent. The department, for good cause shown, may extend the time for making the return on the application of any taxpayer and grant such reasonable additional time within which to make the same as may, by it, be deemed advisable.

Section 232-2 applies to the annual return, but not to a monthly return. [L 1935, c 141, pt of §6; am L 1941, c 265, §4; am L 1943, c 4; RL 1945, §5464; am L 1945, c 253, §7; RL 1955, §117-28; am L 1957, c 34, §10; am L Sp 1959 2d, c 1, §16; am L 1965, c 75, §1; am L 1967, c 37, §1; HRS §237-33; am L 1980, c 237, §1; gen ch 1985; am L 2021, c 117, §11]

Previous Chapter 237 Next

DEPARTMENT OF TAXATION,
STATE OF HAWAII
P.O. Box 259
Honolulu, HI 96809
Attn: Bankruptcy Unit
Telephone: (808) 543-6820
x. 4017

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TWC Liquidation Trust, LLC,<br><br>Debtor. | CASE NO. 18-10601 (MFW)<br>(Chapter 11)<br><br>*Re: Docket Entry No. 3470-1*<br><br>Response Deadline:<br>Date: May 17, 2022<br>Time: 4:00 p.m. (EST)<br><br>Hearing:<br>Date: May 24, 2022<br>Time: 10:30 a.m. (EST) |

853502

EXHIBIT D

Haw. Rev. Stat. sec. 237-8.6

**§237-8.6 County surcharge on state tax; administration.** *[Section repealed December 31, 2030. L Sp 2017, c 1, §6.]* (a) The county surcharge on state tax, upon the adoption of county ordinances and in accordance with the requirements of section 46-16.8, shall be levied, assessed, and collected as provided in this section on all gross proceeds and gross income taxable under this chapter. No county shall set the surcharge on state tax at a rate greater than one-half per cent of all gross proceeds and gross income taxable under this chapter. All provisions of this chapter shall apply to the county surcharge on state tax. With respect to the surcharge, the director of taxation shall have all the rights and powers provided under this chapter. In addition, the director of taxation shall have the exclusive rights and power to determine the county or counties in which a person is engaged in business and, in the case of a person engaged in business in more than one county, the director shall determine, through apportionment or other means, that portion of the surcharge on state tax attributable to business conducted in each county.

(b) Each county surcharge on state tax that may be adopted or extended pursuant to section 46-16.8 shall be levied beginning in a taxable year after the adoption of the relevant county ordinance; provided that no surcharge on state tax may be levied:

(1) Prior to:
   (A) January 1, 2007, if the county surcharge on state tax was established by an ordinance adopted prior to December 31, 2005;
   (B) January 1, 2019, if the county surcharge on state tax was established by the adoption of an ordinance after June 30, 2015, but prior to June 30, 2018; or
   (C) January 1, 2020, if the county surcharge on state tax was established by the adoption of an ordinance on or after June 30, 2018, but prior to March 31, 2019; and
(2) After December 31, 2030.

(c) The county surcharge on state tax, if adopted, shall be imposed on the gross proceeds or gross income of all written contracts that require the passing on of the taxes imposed under this chapter; provided that if the gross proceeds or gross income are received as payments beginning in the taxable year in which the taxes become effective, on contracts entered into before June 30 of the year prior to the taxable year in which the taxes become effective, and the written contracts do not provide for the passing on of increased rates of taxes, the county surcharge on state tax shall not be imposed on the gross proceeds or gross income covered under the written contracts. The county surcharge on state tax shall be imposed on the gross proceeds or gross income from all contracts entered into on or after June 30 of the year prior to the taxable year in which the taxes become effective, regardless of whether the contract allows for the passing on of any tax or any tax increases.

(d) No county surcharge on state tax shall be established on any:

(1) Gross income or gross proceeds taxable under this chapter at the one-half per cent tax rate;
(2) Gross income or gross proceeds taxable under this chapter at the 0.15 per cent tax rate; or
(3) Transactions, amounts, persons, gross income, or gross proceeds

exempt from tax under this chapter.

(e) The director of taxation shall revise the general excise tax forms to provide for the clear and separate designation of the imposition and payment of the county surcharge on state tax.

(f) The taxpayer shall designate the taxation district to which the county surcharge on state tax is assigned in accordance with rules adopted by the director of taxation under chapter 91. The taxpayer shall file a schedule with the taxpayer's periodic and annual general excise tax returns summarizing the amount of taxes assigned to each taxation district.

(g) The penalties provided by section 231-39 for failure to file a tax return shall be imposed on the amount of surcharge due on the return being filed for the failure to file the schedule required to accompany the return. In addition, there shall be added to the tax an amount equal to ten per cent of the amount of the surcharge and tax due on the return being filed for the failure to file the schedule or the failure to correctly report the assignment of the general excise tax by taxation district on the schedule required under this subsection.

(h) All taxpayers who file on a fiscal year basis whose fiscal year ends after December 31 of the year prior to the taxable year in which the taxes become effective, shall file a short period annual return for the period preceding January 1 of the taxable year in which the taxes become effective. Each fiscal year taxpayer shall also file a short period annual return for the period starting on January 1 of the taxable year in which the taxes become effective, and ending before January 1 of the following year. [L 2005, c 247, §§3, 9; am L 2015, c 240, §§5, 7; am L Sp 2017, c 1, §3; am L 2018, c 11, §2]

Previous Chapter 237 Next

DEPARTMENT OF TAXATION,
STATE OF HAWAII
P.O. Box 259
Honolulu, HI 96809
Attn: Bankruptcy Unit
Telephone: (808) 543-6820
x. 4017

FILED
2022 MAY -9 AM 11:22
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TWC Liquidation Trust, LLC,<br><br>Debtor. | CASE NO. 18-10601 (MFW)<br>(Chapter 11)<br><br>*Re: Docket Entry No. 3470-1*<br><br>Response Deadline:<br>Date: May 17, 2022<br>Time: 4:00 p.m. (EST)<br><br>Hearing:<br>Date: May 24, 2022<br>Time: 10:30 a.m. (EST) |

853502

CERTIFICATE OF SERVICE

I hereby certify that on MAY - 6 2022, a copy of DECLARATION OF NOOR ZAINAL ABIDIN REGARDING DEPARTMENT OF TAXATION, STATE OF HAWAII'S RESPONSE TO LIQUIDATION TRUSTEE'S FIRST OMNIBUS OBJECTION (NON-

SUBSTANTIVE) TO CERTAIN: (A) AMENDED AND SUPERSEDED CLAIMS; (B) DUPLICATE CLAIMS; (C) NO LIABILITY CLAIMS; AND (D) MISCLASSIFIED CLAIMS; EXHIBITS A - D was duly served by depositing same in the United States mail, postage prepaid, addressed as follows:

ANDREW W. CAINE, ESQ.
JASON H. ROSELL, ESQ.
COLIN R. ROBINSON, ESQ.
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)

Attorneys for Dean A. Ziehl, solely in his capacity as Liquidation Trustee of the TWC Liquidation Trust

DATED: Honolulu, Hawaii, MAY - 6 2022.

NOOR ZAINAL ABIDIN