# Exhibit 1 to Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TWC Liquidation Trust[1] | ) | Case No. 18-10601 (MFW) |
| | ) | |
| Debtor. | ) | |
| | ) | |

### STIPULATION BY AND AMONG
### TWC LIQUIDATION TRUST AND NBCUNIVERSAL MEDIA, LLC REGARDING
### SETTLEMENT OF ADMINISTRATIVE CLAIMS

This stipulation (the "Stipulation) is made and entered into by and between (a) Dean A. Ziehl (the "Liquidation Trustee"), solely in his capacity as Liquidation Trustee of the TWC Liquidation Trust formed pursuant to the *Fifth Amended Joint Chapter 11 Plan of Liquidation* of The Weinstein Company Holdings LLC and its affiliated debtors (collectively, the "Debtors"), on the one hand, and (b) NBCUniversal Media, LLC (the "NBCU"), on the other hand.  For purposes of this Stipulation, the Liquidation Trustee and NBCU are each a "Party" and collectively, the "Parties."  The Parties hereby stipulate and agree as follows:

### RECITALS

A.      On March 19, 2018 (the "Petition Date"), the Debtors commenced voluntary chapter 11 cases in the United States Bankruptcy Court for the District of Delaware (the "Court").

B.      Prior to the Petition Date, the Debtors assigned certain passive income streams associated with the television series *Six Million Dollar Man* ("SBDM") to Warner Bros. Pictures ("WB Pictures").

---

[1]    The mailing address for TWC Liquidation Trust, LLC is c/o Dean Ziehl, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067.

C.      On or about September 12, 2018, NBCU inadvertently paid $47,696.00 (the "September Inadvertent Payment") to Six Billion Dollar Man SPV LLC ("SBDM SPV"), a non-debtor subsidiary of the Debtors, instead of WB Pictures.

D.      On or about October 2, 2018, NBCU inadvertently paid $47,797.00 (the "October Inadvertent Payment" and together with the September Inadvertent Payment, the "Inadvertent Payments") to SBDM SPV, instead of WB Pictures.

E.      Upon information and belief, SBDM SPV distributed the Inadvertent Payments to the Debtors during the pendency of their chapter 11 cases.

F.      On February 14, 2019, NBCU filed administrative proof of claim number 60023 (the "Administrative Claim") against The Weinstein Company Holdings LLC on account of the Inadvertent Payment.

G.      On January 26, 2021, the Court entered an order [Docket No. 3203] confirming the *Fifth Amended Joint Chapter 11 Plan of Liquidation* [Docket Nos. 3182 and 3195] (the "Plan"), which became effective on February 18, 2021 (the "Effective Date").  Pursuant to the Plan and the accompanying Liquidation Trust Agreement, the Liquidation Trustee is appointed as successor-in-interest to, and the representative of, the Debtors' estates for the retention, enforcement, settlement, or adjustment of all claims and rights, known and unknown, and all interests belonging to the Debtors or their estates that arose prior to the Effective Date, except in connection with any proceeding relating to Sexual Misconduct Claims as defined in the Plan.

H.      The Parties have met and conferred regarding the Administrative Claim and desire to enter into this Stipulation to avoid the burden and expense associated with litigation.

DOCS_SF:107339.2

## STIPULATION

**NOW, THEREFORE**, it is hereby stipulated and agreed to by and among the Parties as follows:

1.    The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation.

2.    <u>Effective Date</u>.  The Stipulation shall be effective upon entry by the Court of an order approving this Stipulation (the "<u>Effective Date</u>").

3.    <u>Allowed Administrative Claim</u>.  The Administrative Claim shall be reduced and allowed in the amount of $47,246.50 (the "<u>Allowed Administrative Claim</u>").

4.    <u>Payment of Allowed Administrative Claim</u>.  The Debtors shall pay the Allowed Administrative Claim by wire to NBCU within seven (7) calendar days of the Effective Date (with wire instructions to be provided by NBCU).

5.    <u>Release of Claims by NBCU</u>.  Upon the Effective Date, NBCU and each of its affiliates, subsidiaries, predecessors, successors, assigns, officers, directors, employees, past, present, and future (collectively, the "<u>NBCU Releasors</u>"), irrevocably waive, release, and discharge all claims, obligations, suits, judgments, remedies, damages, demands, debts, rights, causes of action, and liabilities against the Debtors, the Debtors' bankruptcy estates, and their respective present and former employees, agents, attorneys, consultants, financial advisors, and insurers (each in their capacity as such) (collectively, the "<u>Debtor Released Parties</u>") related to the Administrative Claim, SBDM, or the Inadvertent Payments that the NBCU Releasors have, may have, or are entitled to assert, whether known or unknown, liquidated or unliquidated, fixed or contingent, foreseen or unforeseen, matured or unmatured, in law, equity, or otherwise, against the

Debtor Released Parties; *provided, however*, nothing herein shall be deemed to be a release of any rights, claims, or obligations of any Party arising under or in connection with this Stipulation.

6.    <u>Release of Claims by Estates</u>.    Upon the Effective Date, the Debtors and their bankruptcy estates irrevocably waive, release, and discharge all claims, obligations, suits, judgments, remedies, damages, demands, debts, rights, causes of action, and liabilities against the NBCU Releasors related to the Administrative Claim, SBDM, or the Inadvertent Payments that the Debtors and their bankruptcy estates have, may have, or are entitled to assert, whether known or unknown, liquidated or unliquidated, fixed or contingent, foreseen or unforeseen, matured or unmatured, in law, equity, or otherwise, against the NBCU Releasors; *provided, however*, nothing herein shall be deemed to be a release of any rights, claims, or obligations of any Party arising under or in connection with this Stipulation.

7.    This Stipulation and any order approving it shall be binding on the parties and their successors and assigns.

8.    The Parties participated collectively in the drafting of this Stipulation, and accordingly, the drafting of this Stipulation shall not to be attributed solely to any one Party.

9.    The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation.

DOCS_SF:107339.2

May 3, 2022                    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Colin R. Robinson (DE Bar No. 5524)
Jason H. Rosell
Gail S. Greenwood
919 North Market Street, 17th Floor
Wilmington, DE 19899 (Courier 19801)
Tel: 302-652-4100
Email: crobinson@pszjlaw.com
    jrosell@pszjlaw.com
    ggreenwood@pszjlaw.com

*Attorneys for Dean A. Ziehl, solely in his capacity*
*as Liquidation Trustee of the TWC Liquidation*
*Trust*

May 3, 2022                    NBCUNIVERSAL MEDIA, LLC

Marysa Lin
100 Universal City Plaza
1280 Building, Floor 9
Universal City, CA 91608
Tel: 818-777-1023
Email: marysa.lin@nbcuni.com

*Senior Counsel, NBCUniversal Media, LLC*

5