## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TWC Liquidation Trust, LLC,[1] | ) | Case No. 18-10601 (MFW) |
| | ) | |
| Debtor. | ) | **Hearing Date: July 27, 2022 at 10:30 a.m.** |
| | ) | **Objection Deadline: July 20, 2022 at 4:00 p.m. (ET)** |
| _____ | ) | |

## LIQUIDATION TRUSTEE'S OBJECTION TO CLAIM
## OF WANDA PICTURES (HONG KONG) CO., LTD.

---

**THIS OBJECTION SEEKS TO DISALLOW A CLAIM. THE CLAIMANT RECEIVING THIS OBJECTION SHOULD REVIEW THE OBJECTION, AND IF DESIRED, FILE A RESPONSE BY THE OBJECTION DEADLINE CONSISTENT WITH THE INSTRUCTIONS SET FORTH IN THE OBJECTION. THE RELIEF SOUGHT IN THIS OBJECTION IS WITHOUT PREJUDICE TO THE LIQUIDATING TRUSTEE'S RIGHT TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS TO THE CLAIM.**

---

Dean A. Ziehl (the "Liquidation Trustee"), solely in his capacity as Liquidation Trustee of the TWC Liquidation Trust (the "Trust") formed pursuant to the *Fifth Amended Joint Chapter 11 Plan of Liquidation* of The Weinstein Company Holdings LLC and its affiliated debtors (collectively, the "Debtors"), by any through his undersigned counsel, submits this objection (the "Objection") seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 502 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of Local Rules for the United States Bankruptcy Court District of Delaware (the "Local Rules") disallowing the claim of Wanda Pictures (Hong Kong) Co., Ltd. (the "Claim") on the basis that such Claim was secured by collateral that reverted to the claimant on

---

[1]   The mailing address for TWC Liquidation Trust, LLC is c/o Dean Ziehl, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067.

the Effective Date (defined below) in full satisfaction of the Claim and claimant has not asserted

any deficiency claim.  In support of this Objection, the Liquidation Trustee respectfully states as

follows:

## JURISDICTION

1.      The Court has jurisdiction to consider and determine this matter under 28 U.S.C.

§§ 157 and 1334 and the Plan.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue is

proper under 28 U.S.C. §§ 1408 and 1409.  The Liquidation Trustee consents to the entry of a final

order by the Court in connection with this Objection to the extent that it is later determined that

the Court, absent the consent of the parties, cannot enter final orders or judgments consistent with

Article III of the United States Constitution.

2.      The bases for the relief requested are sections 105(a) and 502(b) of the Bankruptcy

Code, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1.

## BACKGROUND

A.      **General Case Background**

3.      On March 19, 2018 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code.

4.      On May 9, 2018, the Bankruptcy Court approved the Debtors' sale of substantially

all of their assets to Lantern Entertainment LLC (n/k/a Spyglass Media Group, LLC) ("Lantern

Entertainment") for approximately $310 million pursuant to section 363 of the Bankruptcy Code.

The sale to Lantern Entertainment closed on July 13, 2018.

5.      On January 26, 2021, the Court entered an order [Docket No. 3203] confirming the

*Fifth Amended Joint Chapter 11 Plan of Liquidation* [Docket Nos. 3182 and 3195] (the "Plan"),

which became effective on February 18, 2021 (the "Effective Date").  Pursuant to the Plan and the

2

accompanying Liquidation Trust Agreement, the Liquidation Trustee is appointed as successor-in-interest to, and the representative of, the Debtors' estates for the retention, enforcement, settlement, or adjustment of all claims and rights, known and unknown, and all interests belonging to the Debtors or their estates that arose prior to the Effective Date, except in connection with any proceeding relating to Sexual Misconduct Claims as defined in the Plan.

**B.**     **The Relevant Bar Dates**

6.     On December 27, 2018, this Court entered an *Order (I) Establishing Deadlines for Filing Proofs of Claim, (II) Establishing Deadlines for Filing Requests for Payment of Postpetition Administrative Expenses, (III) Approving Form and Manner of Notice Thereof, and (IV) Granting Related Relief* [Docket No. 1890], which collectively established February 15, 2019 at 5:00 p.m. (Eastern Time) as the general bar date (the "General Bar Date"), the bar date for governmental units (the "Government Bar Date"), and as the deadline for parties to file applications for allowance of administrative expense claims that arose on or after the Petition Date through and including December 31, 2018 (the "Initial Administrative Claims Bar Date").   Pursuant to the Plan and following the filing of the *Notice of Effective Date and Entry of Order Confirming Plan Proponents' Fifth Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 3258], April 5, 2021 at 5:00 p.m. (Eastern Time) was established as the supplemental bar date for applications for allowance of administrative expense claims that arose on or after the Initial Administrative Claims Bar Date.

## RELIEF REQUESTED

7.     By this Objection and for the reasons described more fully below, the Liquidation Trustee objects to the Claim and respectfully requests entry of the Proposed Order, attached hereto as **Exhibit A**, disallowing the Claim.

3

## OBJECTION

8.    Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Once an objection to a claim is filed, the Court, after notice and a hearing, shall determine the allowed amount of the claim.  11 U.S.C. § 502(b).

9.    Section 502(b)(1) of the Bankruptcy Code provides, in part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." *Id.*   While a properly filed proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party presents evidence to rebut a claim's *prima facie* validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence.  *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992). The burden of persuasion with respect to the claim is always on the claimant.  *Id.* at 174.  The failure to allege facts and to provide sufficient support for a claim deprives the claim of *prima facie* validity.

10.    For the reasons set forth below, there is ample evidence to rebut the *prima facie* validity of the Claim.

### A.    The Claim and Relevant Background Facts

11.    The Claim was filed on February 14, 2019, as a secured claim in the amount of $16,337,421, and was designated as Claim No. 188 by the Claims Agent.  A true and correct copy of the Claim is attached hereto as **Exhibit B**.  The stated basis for the Claim is that (a) Debtor The Weinstein Company, LLC ("TWC") and Wanda Pictures (Hong Kong) Co., Ltd. ("Claimant") were parties to a *Financing and Distribution Agreement* dated as of January 28, 2014 (the "Financing and Distribution Agreement") pursuant to which Claimant extended funding to TWC

in connection with the production of motion picture "Southpaw" (the "<u>Film</u>"), (b) as of the Petition Date, the amount of $16,337,421 was due and owing under the Financing and Distribution Agreement, and (c) the debt is secured by a lien on certain foreign distribution rights in the Film pursuant to a prepetition Security Agreement (the "<u>Security Agreement</u>") with TWC and its subsidiary Debtor Check Hook LLC ("<u>Check Hook</u>").[2]

12.    The Financing and Distribution Agreement was ***not*** assumed and assigned to Lantern Entertainment[3] and has, therefore, been rejected by the Debtors by operation of the Plan and section 365(a) of the Bankruptcy Code.[4] To the extent that Claimant's alleged collateral has not already reverted to Claimant, the Liquidation Trustee is prepared to convey such rights in accordance with its discretion under the Plan.[5] Claimant's secured claim, therefore, should be deemed to be satisfied in full.

13.    Additionally, if the value of the collateral does not equal or exceed the full amount of the debt, Claimant has failed to assert or substantiate any deficiency claim that would be entitled to a distribution as a general unsecured claim. As noted above, in its proof of claim, Claimant asserts only a secured claim for the full amount of the debt.[6] Claimant has not asserted an unsecured claim for any portion of the debt in its proof of claim,[7] nor has Claimant furnished any information

---

[2]    Security Agreement, Ex. A (defining Claimant's collateral as film distribution rights in territories throughout the world other than the United States and mainland China).

[3]    *See Notice of Filing of List of Assumed Contracts Pursuant to Sale Order* filed by the Debtors on September 5, 2018 [Docket No. 1457], which does not list the Financing and Distribution Agreement as assumed and assigned contract.

[4]    *See* Plan § 8.1 (executory contracts not previously assumed, assumed and assigned, or rejected deemed rejected upon effective date of the Plan); *Notice of Filing of List of Assumed Contracts Pursuant to Sale Order* filed by the Debtors on September 5, 2018 [Docket No. 1457], which does not list the Financing and Distribution Agreement as assumed and assigned contract.

[5]    Plan § 3.12.2 provides, *inter alia*, that at the election of the Liquidation Trustee the conveyance of the collateral to the secured creditor shall be deemed to be in full satisfaction of the secured claim.

[6]    *See* Proof of Claim Cover Sheet ¶ 9 listing the "amount of the secured debt" as "$16,337,421".

[7]    *Id.*

DOCS_DE:239528.1 92766/002

with respect to the value of the foreign distribution rights that would enable the Liquidation Trustee to calculate a deficiency claim, if any.[8]

14.     Accordingly, for the foregoing reasons, the Claim should be disallowed in its entirety.[9]

## RESPONSE TO OBJECTION

15.     To contest any objection set forth herein, the claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than June 30, 2022 at 4:00 p.m. (ET) (the "Response Deadline").  The Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 North Market Street, Wilmington, Delaware 19801, and served upon the following entities, so that the Response is received no later than the Response Deadline, at the following address:

> Pachulski Stang Ziehl & Jones LLP
> 919 N. Market Street, 17th Floor
> Wilmington, DE  19801
> Attn:   Andrew W. Caine, Esq. (acaine@pszjlaw.com)
>         Jason H. Rosell, Esq. (jrosell@pszjlaw.com)
>         Colin R. Robinson, Esq. (crobinson@pszjlawcom)

16.     A Response to this Objection must contain, at a minimum, the following information:

> i.     A caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the objection to which the Response is directed;

---

[8]     The Liquidation Trustee has reached out to counsel for the Claimant to determine whether Claimant has marketed or transferred the foreign distribution rights and/or whether the film may have been released or slated for release somewhere in the world, and has not received any substantive response.

[9]     *See, e.g.*, *United States v. Oscher (In re J.H. Inv. Servs.)*, 452 Fed. Appx. 858, 861-62 (11th Cir. 2011) (IRS's failure to include a value for the amount of an unsecured claim in its proof of claim foreclosed any distribution on account of its deficiency claim, noting that under Rule 3001, a proof of claim must "conform substantially to the appropriate Official Form" such that leaving blank the line for the amount of an unsecured claim on the Official Form is tantamount to abandoning the deficiency claim).

DOCS_DE:239528.1 92766/002

    ii.    The name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

    iii.    The specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

    iv.    Any supporting documentation, to the extent it was not included with the proof of claim previously filed with the clerk or claims agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim; and

    v.    The name, address, telephone number, email address and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Liquidation Trustee should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle or otherwise resolve the objection to the disputed claim on behalf of the claimant.

17.    If the claimant fails to file and serve a timely response by the Response Deadline, then the Liquidation Trustee will ask the Court to enter the Proposed Order disallowing the Claim, without further notice to the claimant.

## REPLY TO RESPONSE

18.    Consistent with Local Rule 9006-1(d), the Liquidation Trustee may, at its option, file and serve a reply to a Response no later than 4:00 p.m. (ET) one (1) day prior to the deadline for filing the agenda for any hearing to consider this Objection.

## RESERVATION OF RIGHTS

19.    The rights of the Liquidation Trustee to object in the future to any of the claims that are the subject of this Objection on any ground, and to file further substantive or non-substantive objections based upon any such grounds, are fully reserved and preserved.  The Liquidation Trustee also fully reserves the right to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims.

20.    Notwithstanding anything contained in this Objection or the attached exhibits or schedules, nothing herein shall be construed as a waiver of any rights that the Liquidation Trustee

may have to exercise rights of setoff or recoupment against the holders of any claim.

## NOTICE

21.    Notice of this Objection shall be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) the Claimant; and (iii) all entities requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Liquidation Trustee respectfully submits that no further notice is necessary.

## COMPLIANCE WITH LOCAL RULE 3007-1

22.    The Liquidation Trustee respectfully submits that this Objection substantially complies with Local Rule 3007-1.  To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Liquidation Trustee believes that such deviations are not material and respectfully requests that any such requirement be waived.

## NO PRIOR REQUEST

23.    No prior request for the relief sought herein has been made by the Liquidation Trustee to this or any other court.

## CONCLUSION

WHEREFORE, the Liquidation Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested and such additional relief as is appropriate.

*[Remainder of page intentionally left blank]*

DOCS_DE:239528.1 92766/002

Date:   June 16, 2022

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*

Andrew W. Caine (admitted *pro hac vice*)
Jason H. Rosell (admitted *pro hac vice*)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-4100
Email: acaine@pszjlaw.com
         jrosell@pszjlaw.com
         crobinson@pszjlaw.com

*Attorneys for Dean A. Ziehl, solely in his capacity*
*as Liquidation Trustee of the TWC Liquidation*
*Trust*