## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | **)** | Chapter 11 |
| | **)** | |
| TWC Liquidation Trust, LLC,[1] | **)** | Case No. 18-10601 (MFW) |
| | **)** | |
| Debtor. | **)** | **Ref. Docket No. 3470, 3564 and 3566** |

## SUPPLEMENTAL ORDER SUSTAINING LIQUIDATION TRUSTEE'S FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN: (A) AMENDED AND SUPERSEDED CLAIMS; (B) DUPLICATE CLAIMS; (C) NO LIABILITY CLAIMS; AND (D) MISCLASSIFIED CLAIMS

Upon consideration of the *Liquidation Trustee's First Omnibus Objection (Non-Substantive) to Certain: (A) Amended and Superseded Claims; (B) Duplicate Claims; (C) No Liability Claims; and (D) Misclassified Claims* (the "First Omnibus Objection");[2] and the Court having considered the Declaration and the *Supplemental Declaration of Kyle Herman in Support of Liquidation Trustee's First Omnibus Objection (Non- Substantive) to Certain: (A) Amended and Superseded Claims; (B) Duplicate Claims; (C) No Liability Claims; and (D) Misclassified Claims* [Docket No. 3564] (the "Supplemental Declaration") in support of thereof; and the Court having found that it has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the Plan; and the Court having found that this a core proceeding under 28 U.S.C. § 157(b); and the Court having found that venue is proper under 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Liquidation Trustee provided appropriate notice of the First Omnibus Objection and the Supplemental Declaration and the opportunity for a hearing under the circumstances and that no further notice need be given; and the Court having reviewed the First Omnibus Objection, the remaining claims listed on **Schedule 3** attached hereto, and any

---

[1] The mailing address for TWC Liquidation Trust, LLC is c/o Dean Ziehl, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067.

[2] Capitalized terms not otherwise defined shall have the meanings ascribed to them in the First Omnibus Objection.

responses filed to the First Omnibus Objection; and upon the record herein, and after due deliberation thereon, and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      Any response to the First Omnibus Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled.

2.      The official claims register in these chapter 11 cases shall be modified in accordance with this Order.

3.      The remaining No Liability Claims listed on **Schedule 3** attached to this Order are hereby disallowed and expunged in their entirety.

4.      The Liquidation Trustee's right to amend, modify or supplement the First Omnibus Objection, to file additional objections to any other claims (filed or not) which may be asserted, and to seek further reduction of any claim to the extent such claim has been paid, or for any other reasons, are reserved and preserved.

5.      All rights of the Liquidation Trustee to object to any claim at a later date, including the claims that are the subject of this First Omnibus Objection, on any basis whatsoever, substantively or non-substantively, are reserved and preserved.

6.      The Liquidation Trustee further reserves all rights to use any available defenses under section 502 of the Bankruptcy Code, or otherwise, to setoff or recoup against or otherwise reduce all or any part of any claim.  Further, any and all affirmative claims are specifically reserved and preserved and are not adversely affected by this Order.

7.      Each claim and the applicable objection thereto as set forth on **Schedules 3** to this Order constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate Order with respect to each of the claims.

8.      The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

9.      The Liquidation Trustee is authorized to take all actions necessary to effectuate

the relief granted pursuant to this Order and to seek additional relief as is necessary in the future.

10.     The Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation or interpretation of this Order.

**Dated: January 9th, 2023**
**Wilmington, Delaware**

_____
**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**

3