# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TWC LIQUIDATION TRUST,[1] | ) | Case No. 18-10601 (MFW) |
| | ) | |
| Debtor. | ) | **Hearing Date: June 21, 2023 at 3:00 p.m. (ET)** |
| | ) | **Objection Deadline: May 16, 2023 at 4:00 p.m. (ET)** |

## OBJECTION OF THE TWC LIQUIDATION TRUST TO CLAIM NOS. 80062, 80063, AND 80064 FILED BY FIRST REPUBLIC BANK

> **THIS OBJECTION SEEKS TO DISALLOW CERTAIN CLAIMS. THE CLAIMANT RECEIVING THIS OBJECTION SHOULD REVIEW THE OBJECTION, AND IF DESIRED, FILE A RESPONSE BY THE RESPONSE DEADLINE CONSISTENT WITH THE INSTRUCTIONS SET FORTH IN THE OBJECTION. THE RELIEF SOUGHT IN THIS OBJECTION IS WITHOUT PREJUDICE TO THE TWC LIQUIDATION TRUST'S RIGHT TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS TO THE CLAIMS.**

Dean A. Ziehl (the "<u>Liquidation Trustee</u>"), solely in his capacity as Liquidation Trustee of the TWC Liquidation Trust formed pursuant to the *Fifth Amended Joint Chapter 11 Plan of Liquidation* of The Weinstein Company Holdings LLC and its affiliated debtors (collectively, the "<u>Debtors</u>"), hereby files this objection (the "<u>Objection</u>") seeking the entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Proposed Order</u>"), pursuant to section 502 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), deeming claim numbers 80062, 80063, and 80064 filed by First Republic Bank ("<u>First Republic</u>") satisfied in full and not entitled to any further distributions from

---

[1] The mailing address for the TWC Liquidation Trust is c/o Dean Ziehl, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067.

the TWC Liquidation Trust. In support this Objection, the Liquidation Trustee relies on the record of these chapter 11 cases and respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and the Liquidation Trustee consents, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1.

## RELEVANT BACKGROUND

A. **Prepetition Polaroid Film Financing Agreement**

4. Prior to the commencement of these chapter 11 cases, the Debtors were obligated to First Republic under that certain *Loan and Security Agreement*, dated as of April 14, 2017 (the "Polaroid Credit Agreement"), between First Republic, as lender, and debtor TWC Polaroid SPV, LLC ("TWC Polaroid"), as borrower.

5. TWC Polaroid's obligations under the Polaroid Credit Agreement were secured by substantially all of the assets of TWC Polaroid, including cash held by First Republic as well as all of the Debtors' right, title, and interest in and to the motion picture entitled "Polaroid" (the

"Film"), including, without limitation, copyright interests, distribution agreements, and all rights to tax incentives related to the Polaroid motion picture (the "Project Collateral").

**B.  The Chapter 11 Cases**

6. On March 19, 2018 (the "Petition Date"), the Debtors commenced voluntary chapter 11 cases in the United States Bankruptcy Court for the District of Delaware (the "Court").

7. On May 9, 2018, the Court entered an *Order (I) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests, Encumbrances and Other Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and (III) Granting Related Relief* [Docket No. 846] ("Sale Order"), which, among other matters, authorized the Debtors to consummate the sale ("Sale") of substantially all of their assets to Spyglass Media Group, LLC f/k/a Lantern Entertainment LLC ("Spyglass"). However, neither the Film nor the Project Collateral was purchased by Spyglass.

8. The closing of the Sale occurred on July 13, 2018.

9. On December 3, 2018, the Court entered an *Order (I) Vacating Docket Number 1574, (II) Lifting Automatic Stay for Cause With Respect to Producing Services Agreement, and (III) Enforcing Terms of Sale order and Oral Ruling on Lift Stay Motion* [Docket No. 1802] (the "Stay Relief Order"). Pursuant to the Stay Relief Order, the Court, among other things, lifted the automatic stay of section 362 of the Bankruptcy Code with respect to the Film and Project Collateral. As a result, First Republic was authorized to exercise its state law remedies with respect to the Film and Project Collateral.

10. Upon information and belief, First Republic exercised its state law remedies to license the Film to third parties (the "Licensing Activities"), but never foreclosed on the Film or Project Collateral and never took title or ownership to the Film or Project Collateral.

3

11. On or about February 14, 2019, First Republic filed the following proofs of claim (collectively, the "Proofs of Claim") asserting secured claims against the Debtors relating to the Polaroid Credit Agreement and related obligations:

| Claim No. | Debtor | Amount |
|---|---|---|
| 80062 | TWC Polaroid SPV, LLC | $5,337,853.00 |
| 80063 | The Weinstein Company LLC | $5,337,853.00 |
| 80064 | Weinstein Global Film Corp. | $5,337,853.00 |

12. On January 26, 2021, the Court entered an order [Docket No. 3203] confirming the *Fifth Amended Joint Chapter 11 Plan of Liquidation* [Docket Nos. 3182 and 3195] (the "Plan"), which became effective on February 18, 2021 (the "Plan Effective Date"). Pursuant to the Plan and the accompanying Liquidation Trust Agreement, the Liquidation Trustee is appointed as successor-in-interest to, and the representative of, the Debtors' estates for the retention, enforcement, settlement, or adjustment of all claims and rights, known and unknown, and all interests belonging to the Debtors or their estates that arose prior to the effective date of the Plan, except in connection with any proceeding relating to Sexual Misconduct Claims as defined in the Plan.

13. On the Plan Effective Date, all of the Debtors' residual rights, title, and interest in the Film and Project Collateral transferred to the TWC Liquidation Trust.[2]

C. **Post-Confirmation Sale of Polaroid**

14. On August 4, 2022, the Liquidation Trustee entered into that certain *TWC Library Purchase Agreement* (the "Polaroid APA") with SP Passive Income Investors, LLC (the "Polaroid

---

[2] Despite the entry of the Stay Relief Order, FRB did not foreclose on the Film or Project Collateral. As a result, as of the Plan Effective Date, title to the Film and Project Collateral remained property of the Debtors' estates.

DOCS_SF:108796.1

Purchaser"). Pursuant to the Polaroid APA, the Liquidation Trustee sold, ***with the consent of First Republic*** , among other things, all of the TWC Liquidation Trust's interests in the Film and Project Collateral to the Polaroid Purchaser (the "Polaroid Sale").

15. In connection with the Polaroid APA, the TWC Liquidation Trust, Polaroid Purchaser, and First Republic entered into that certain *"Polaroid" Release*, pursuant to which First Republic released any liens it may have had relating to the Film and Project Collateral.

16. Upon information and belief, as a result of the Licensing Activities and subsequent Polaroid Sale, the Proofs of Claim should be deemed satisfied in full and not entitled to any further distributions from the TWC Liquidation Trust. Unfortunately, recent events have derailed the Liquidation Trustee's efforts to consensually resolve the Proofs of Claim with First Republic, thus necessitating the need for this Objection.

## **RELIEF REQUESTED**

17. By this Objection, the Liquidation Trustee objects to Claim Nos. 80062, 80063, and 80064 (collectively, the "Satisfied Claims") and respectfully requests the entry of the Proposed Order (i) deeming the Satisfied Claims satisfied in full and not entitled to any further distribution from the TWC Liquidation Trust and (ii) authorizing the claims agent to reflect in the official claims register maintained in these chapter 11 cases that the Satisfied Claims have been paid in full and are not entitled to any additional distribution from the TWC Liquidation Trust.

## **BASIS FOR RELIEF**

18. Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a bankruptcy estate only to the extent that it has a "right to payment" for the asserted liabilities. 11 U.S.C. §§ 101(5) and (10). By contrast, there is no right to payment – and therefore no claim – to the extent that the asserted liabilities have been paid. Because First Republic has no right to payment for the Satisfied Claims and because the obligations asserted in the Satisfied Claims have

5

been paid or otherwise satisfied, the (i) Satisfied Claims should be deemed satisfied in full and not entitled to any further distribution from the TWC Liquidation Trust and (ii) the claims agent appointed in these chapter 11 cases should be authorized to reflect in its records that the Satisfied Claims have been satisfied in full and are not entitled to any additional distributions.

19. The Satisfied Claims that are subject to this Objection assert obligations that were satisfied in full from the Licensing Activities and/or Polaroid Sale. Accordingly, neither the Debtors' estates nor the TWC Liquidation Trust have any further obligation to First Republic on account of the Satisfied Claims. Accordingly, the Liquidation Trustee respectfully requests the entry of the Proposed Order deeming the Satisfied Claims satisfied in full and not entitled to any further distribution.

## **RESERVATION OF RIGHTS**

20. The Liquidation Trustee reserve the right to object to each of the Satisfied Claims on any and all factual or legal grounds. Without limiting the generality of the foregoing, the Liquidation Trustee specifically reserves the right to amend this Objection, file additional papers in support of this Objection, file a subsequent objection on any ground to any of the Satisfied Claims, or take other appropriate actions to (i) respond to any allegation or defense that may be raised in a response filed by or on behalf of First Republic, (ii) further object to any Satisfied Claim for which First Republic provides (or attempts to provide) additional documentation or substantiation, or (iii) further object to any Satisfied Claim based on additional information that may be discovered upon further review by the Liquidation Trustee or through discovery pursuant to the applicable provisions of Part VII of the Bankruptcy Rules.

## NOTICE

21.     The Liquidation Trustee will serve copies of this Objection on: (i) the Office of the United States Trustee, (ii) counsel to First Republic, and (iii) those parties that have requested service under Bankruptcy Rule 2002.

## NO PRIOR REQUEST

22.     No prior application for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Liquidation Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto: (i) deeming the Satisfied Claims satisfied in full and not entitled to any further distribution; (ii) authorizing the claims agent to reflect in the official claims register maintained in these chapter 11 cases that the Satisfied Claims have been paid in full and are not entitled to any additional distribution; and (ii) granting such other and further relief as the Court may deem proper.

Dated:  May 2, 2023                     PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Jason H. Rosell (admitted *pro hac vice*)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
Wilmington, DE 19899 (Courier 19801)
Tel: 302-652-4100
Email: jrosell@pszjlaw.com
           crobinson@pszjlaw.com

*Counsel to Dean A. Ziehl, solely in his capacity as Liquidation Trustee of the TWC Liquidation Trust*