**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TWC LIQUIDATION TRUST, | ) Case No. 18-10601 (MFW) |
| | ) |
| Debtor. | ) |
| | ) **Re: Docket No. 3607** |
| | ) |

**DECLARATION OF KYLE HERMAN IN SUPPORT OF OBJECTION OF  THE TWC
LIQUIDATION TRUST TO CLAIM NOS. 20167, 80065, 80067, 80068, 80069, AND 80070
<u>FILED BY BANK OF AMERICA, N.A.</u>**

I, Kyle Herman, make this declaration under 28 U.S.C. § 1746 and state as follows:

1.      I am older than 21 years of age and suffer no legal disability.  I am competent to make this declaration.

2.      I submit this declaration for all permissible purposes under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence in support of the *Objection of the TWC Liquidation Trust to Claim Nos. 20167, 80065, 80066, 80067, 80068, 80069 and 80070 Filed by Bank of America, N.A.* (the "<u>Objection</u>").[1]  I have read the Motion and I am generally familiar with the information contained therein.

3.      I am a principal of Exigent Partners, financial advisor to the Liquidation Trustee.  I have served in this position since February 18, 2021.  Among my responsibilities in this position, I am responsible for the Liquidation Trustee's review and analysis of expenses and payments in these chapter 11 cases.  Other individuals involved in this process act either (a) at

---

[1]      A capitalized term used but not defined herein shall have the meaning ascribed to it in the Objection.

my direction and under my supervision; or (b) with my advice, consultation, and coordination.  I am familiar with the review and analysis of the relevant filings and books and records concerning the matters addressed herein.

4.      Except as otherwise indicated, my statements in this declaration are based on my personal experience and knowledge as described above, my discussions (if any, as applicable) with relevant individuals, and my review of relevant documents, including, without limitation, the proofs of claim and any applicable books and records, or summaries of them prepared for my review in connection with the Motion.  If called to testify, I could and would testify as stated herein.

5.      This declaration is intended to support the relief requested in the Objection, the entry of the Proposed Order: (i) deeming the Satisfied Claims satisfied in full and not entitled to any further distribution from the TWC Liquidation Trust; and (ii) authorizing the claims agent to reflect in the official claims register maintained in these chapter 11 cases that the Satisfied Claims have been paid in full and are not entitled to any additional distribution from the TWC Liquidation Trust.

6.      On August 3, 2018, the Court entered an order approving the *Stipulation Among Debtors, the Official Committee of Unsecured Creditors and Bank of America, N.A., as Administrative Agent, Providing for Payment of Certain Secured Obligations* [Docket No. 1299-1] (the "BOA Stipulation").

7.      Pursuant to the BOA Stipulation, the Debtors paid "in full in cash any and all outstanding Obligations (including, without limitation, default interest, fees and expenses, professional fees, costs and expenses and all other amounts owing under the Credit Agreement) in accordance with a payoff letter [] provided by [Bank of America] and agreed to by the Debtors

-2-

and the Committee." BOA Stipulation at ¶ 1.  The Debtors paid Bank of America the Payoff

Amount in accordance with the BOA Stipulation.

8.     Pursuant to the BOA Stipulation, the Debtors also established a $250,000

professional fee reserve, for the benefit of Bank of America, in the event that the Debtors or the

Official Committee of Unsecured Creditors (the "Committee") sought a surcharge against the

proceeds of the Sale pursuant to section 506(c) of the Bankruptcy Code:

> Authorized Payment. . . . Concurrent with the payment of the Payoff
> Amount, the Debtors shall deposit $250,000 into the PR Collection
> Account (the "Professional Fee Reserve") to be held in reserve for
> payment of all fees and expenses of Professionals for the Secured Parties
> in accordance with the terms of Section 10.04 of the Credit Agreement to
> the extent related to an Objection or the Surcharge Right; *provided*,
> *however*, that any amounts of the Professional Fee Reserve not so applied
> as of the Reserve Repayment Date (as defined below) shall be repaid to
> the Debtors. The "Reserve Repayment Date" shall mean the later of (i) the
> End Date and (ii) the date on which any surcharge claim asserted pursuant
> to section 506(c) of the Bankruptcy Code by the Debtors' estates against
> the Secured Parties shall be determined on a final non-appealable basis (or
> the date on which the Surcharge Right shall be irrevocably waived by the
> Debtors, their estates and the Committee).
>
> . . .
>
> Reservation of Surcharge Rights. Notwithstanding the foregoing, the
> Debtors and the Committee shall not object to the payment of the Payoff
> Amount pursuant to this Stipulation; *provided*, *however*, the Debtors and
> the Committee reserve their right to seek a surcharge of any amounts paid
> pursuant to this Stipulation pursuant to section 506(c) of the Bankruptcy
> Code (the "Surcharge Right"). The Surcharge Right shall not be subject to
> the Objection Deadline; *provided*, *however*, that the Surcharge Right shall
> be exercised prior to the confirmation of a plan of liquidation in the
> Debtors' bankruptcy cases and if not asserted at such time, shall be
> deemed to have been irrevocably waived by the Debtors, their estates and
> the Committee.

BOA Stipulation at ¶¶ 1 and 4.  Neither the Debtors nor the Committee (nor any other

party) ever exercised or sought to exercise their Surcharge Rights.  Accordingly, it was

not necessary to utilize the Professional Fee Reserve.

DOCS_DE:243943.2 92767/002

9.    On or about February 14, 2019, Bank of America filed the following proofs of claim (collectively, the "Proofs of Claim") asserting secured claims against the Debtors relating to the Credit Agreement and related obligations:

| Claim No. | Debtor | Amount |
|---|---|---|
| 20167 | Small Screen Productions LLC | $19,119,017.67 |
| 80065 | TWC Waco SPV, LLC | $19,119,017.67 |
| 80066 | Weinstein Television LLC | $19,119,017.67 |
| 80067 | The Weinstein Company LLC | $19,119,017.67 |
| 80068 | The Weinstein Company Holdings LLC | $19,119,017.67 |
| 80069 | Small Screen Trades LLC | $19,119,017.67 |
| 80070 | Small Screen Productions LLC | $19,119,017.67 |

10.    The Proofs of Claim should be deemed satisfied in full as Bank of America is not entitled to any further distribution from the TWC Liquidation Trust for the following reasons.  First, all obligations, including the Payoff Amount, owed to Bank of America in accordance with the BOA Stipulation were paid by the Debtors.  Second, the Professional Fee Reserve was not utilized as there was never a surcharge action and the reserved funds were later disbursed.  Finally, all of Debtors' bank accounts at Bank of America were closed.

I declare under penalty of perjury that the foregoing statements are true and correct.

Dated:  July 26, 2023

  /s/ Kyle Herman
    Kyle Herman

-4-