# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TWC LIQUIDATION TRUST, | ) | Case No. 18-10601 (MFW) |
| | ) | |
| Debtor. | ) | |
| | ) | **Re: Docket No. 3602** |
| | ) | |

## DECLARATION OF KYLE HERMAN IN SUPPORT OF OBJECTION OF TWC LIQUIDATION TRUST TO CLAIM NOS. 80062, 80063, AND 80064 FILED BY FIRST REPUBLIC BANK

I, Kyle Herman, make this declaration under 28 U.S.C. § 1746 and state as follows:

1. I am older than 21 years of age and suffer no legal disability. I am competent to make this declaration.

2. I submit this declaration for all permissible purposes under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence in support of the *Objection of the TWC Liquidation Trust to Claim Nos. 80062, 80063, and 80064 Filed by First Republic Bank* [Docket No. 3602] (the "Objection").[1] I have read the Objection and I am generally familiar with the information contained therein.

3. I am a principal of Exigent Partners, financial advisor to the Liquidation Trustee. I have served in this position since February 18, 2021. Among my responsibilities in this position, I am responsible for the Liquidation Trustee's review and analysis of expenses and payments in these chapter 11 cases. Other individuals involved in this process act either (a) at

---

[1] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Objection.

my direction and under my supervision; or (b) with my advice, consultation, and coordination. I am familiar with the review and analysis of the relevant filings and books and records concerning the matters addressed herein.

4. Except as otherwise indicated, my statements in this declaration are based on my personal experience and knowledge as described above, my discussions (if any, as applicable) with relevant individuals, and my review of relevant documents, including, without limitation, the proofs of claim and any applicable books and records, or summaries of them prepared for my review in connection with the Motion. If called to testify, I could and would testify as stated herein.

5. This declaration is intended to support the relief requested in the Objection – the entry of the Proposed Order: (i) deeming the Satisfied Claims satisfied in full and not entitled to any further distribution from the TWC Liquidation Trust; and (ii) authorizing the claims agent to reflect in the official claims register maintained in these chapter 11 cases that the Satisfied Claims have been satisfied and are not entitled to any distribution from the TWC Liquidation Trust.

6. The Debtors and First Republic Bank ("First Republic") were parties to that certain *Loan and Security Agreement*, dated as of April 14, 2017 (the "Polaroid Credit Agreement"), between First Republic, as lender, and debtor TWC Polaroid SPV, LLC ("TWC Polaroid"), as borrower. First Republic held a security interest in substantially all of the assets of TWC Polaroid, including cash held by First Republic as well as all of the Debtors' right, title, and interest in and to the motion picture entitled "Polaroid" (the "Film"), including, without limitation, copyright interests, distribution agreements, and all rights to tax incentives related to the Polaroid motion picture (the "Project Collateral").

-2-

7. The Film and Project Collateral were not part of the sale of substantially all of the Debtors' assets to Spyglass Media Group, LLC f/k/a Lantern Entertainment LLC.

8. In December 2018, the Court entered an *Order (I) Vacating Docket Number 1574, (II) Lifting Automatic Stay for Cause With Respect to Producing Services Agreement, and (III) Enforcing Terms of Sale order and Oral Ruling on Lift Stay Motion* [Docket No. 1802] (the "Stay Relief Order"). Pursuant to the Stay Relief Order, the Court, among other things, lifted the automatic stay of section 362 of the Bankruptcy Code with respect to the Film and Project Collateral. As a result, First Republic was authorized to exercise its state law remedies with respect to the Film and Project Collateral.

9. Upon information and belief, First Republic exercised its state law remedies to license the Film to third parties (the "Licensing Activities"), but never foreclosed on the Film or Project Collateral and never took title or ownership to the Film or Project Collateral.

10. Following confirmation of the Plan, all of the Debtors' residual rights, title, and interest in the Film and Project Collateral transferred to the TWC Liquidation Trust.

11. On or about February 14, 2019, First Republic filed the following proofs of claim (collectively, the "Proofs of Claim") asserting secured claims against the Debtors relating to the Polaroid Credit Agreement and related obligations:

| Claim No. | Debtor | Amount |
|---|---|---|
| 80062 | TWC Polaroid SPV, LLC | $5,337,853.00 |
| 80063 | The Weinstein Company LLC | $5,337,853.00 |
| 80064 | Weinstein Global Film Corp. | $5,337,853.00 |

12. Post-Confirmation, the Liquidation Trustee, with the consent of First Republic, completed the sale of all of the TWC Liquidation Trust's interests in the Film and

-3-

Project Collateral to SP Passive Income Investors, LLC (the "Polaroid Purchaser"). In connection with the sale of the Film and Project Collateral, First Republic entered into that certain *"Polaroid" Release*, pursuant to which First Republic released any liens it may have had relating to the Film and Project Collateral.

13. The Liquidation Trustee attempted to consensually resolve satisfaction of the Proofs of Claim but First Republic never confirmed the Proofs of Claim could be deemed satisfied, likely due in large part to the recent events involving its purchase by JPMorgan Chase Bank. Accordingly, the Objection was necessary to obtain the appropriate relief on behalf of the Debtors' estates.

14. The Proofs of Claim should be deemed satisfied in full as First Republic is not entitled to any distribution from the TWC Liquidation Trust for the following reasons. First, First Republic, upon information and belief, exercised its state law remedies and licensed the Film to third parties and had the right to do so with the Project Collateral. Second, as part of the sale to Polaroid Purchaser, First Republic released any liens it may have had remaining relating to the Film and Project Collateral. Thus, First Republic has exercised its rights with respect to the Film and Project Collateral and should not be permitted to retain claims against the Debtors' estates.

I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: August 18, 2023

                                             */s/ Kyle Herman*
                                             Kyle Herman